

Maurice B. VerStandig, Esq.
Sender's Direct Dial: (301)444-4600
Sender's E-mail: mac@mbvesq.com

May 28, 2024

<u>**VIA ELECTRONIC MAIL**</u>
1416 Eastern Ave NE LLC
945 Longfellow St NW LLC
2501 Naylor Rd SE LLC
4303-4313 Wheeler Rd SE LLC
4263 6th St SE Apartments, LLC
4935 NHB Ave NE, LLC
3968 MLK LLC
4010 9th Street SE LLC
2440 S St SE, LLC
4400 Hunt Pl NE, LLC
c/o Ali "Sam" Razjooyan
sam.razjooyan@gmail.com

### Re: Engagement of the VerStandig Law Firm, LLC

Dear Sam:

Thank you for engaging The VerStandig Law Firm, LLC (the "Firm") to represent each of the above-referenced entities (collectively, the "Business," defined to include each entity individually, all entities collectively, and all combinations thereof) as legal counsel. I look forward to personally working with you and appreciate the confidence you are placing in my law firm. In an effort to ensure we are in agreement concerning the scope and details of this representation, please review the following terms and, if you find the same agreeable, return a countersigned copy of this letter to my attention.

1.      **Scope of Services**. The Firm will represent the Business as general reorganization counsel in connection with the filing of chapter 11 bankruptcy cases, on behalf of each Business, in the United States Bankruptcy Court for the District of Columbia. The Firm's representation will be limited to these bankruptcy cases and their administration, inclusive of any adversary proceedings. The representation is expressly contingent upon the court granting an application, made by the Firm, to serve as the Business' counsel; if such an application is not granted, this agreement will be void.

2.      **Billable Time and Time Entry.** Time spent working on Business' matter will be billed at the partner rate of Four Hundred Ninety Five Dollars and No Cents ($495.00) per hour, the associate rate of Two Hundred Twenty Five Dollars and No Cents ($225.00) per hour, and the paralegal rate of One Hundred Dollars and No Cents ($100.00) per hour, with all time recorded in

**9812 Falls Road**
**#114-160**
**Potomac, Maryland 20854**

**1452 W. Horizon Ridge Pkwy**
**#665**
**Henderson, Nevada 89012**



increments of one-tenth (1/10) of an hour and all time entries rounded up to the next increment of one-tenth (1/10) of an hour. The Firm's rates may change from time to time, and should such a change occur you will be notified of the same in writing at least one month before the changed rate goes into effect. The foregoing notwithstanding, where time is spent for the benefit of more than one of the Businesses, the Firm may split such time between the benefiting Business and, in so doing, bill in an increment of less than one-tenth of an hour.

3. **Billable Events.** Any and all activities conducted by the professional members of our staff, including, but not limited to, the making and receipt of telephone calls; drafting and review of correspondence and electronic mail; preparation and review of pleadings, papers, agreements and memoranda; fact investigation; legal research; reading and analyzing written materials; preparation for meetings and court appearances; conferences with you, experts, courthouse personnel, and/or other attorneys; and analysis of pertinent issues, will be considered as billable time.

4. **Expenses**. During the course of our representation, the Firm may be required to incur certain expenses on the Business' behalf, and the nature of and extent of such expenses will vary with the nature of the representation.  The Firm will be entitled to reimbursement for necessary and reasonable costs and expenses incurred in connection with our work in this matter. Examples of these costs and expenses include, but are not limited to, filing fees, postage and overnight delivery fees, binding fees, charges correlative to the retrieval of documents, research charges, photocopy charges, courier charges, process server charges, and parking.

5. **Statements and Payments.** The Firm will deposit a retainer (as discussed below) and all fees incurred in its attorney escrow account and, upon application and court order approving the Firm's compensation, will apply the retainer to fees and costs billed. The funds held in the Firm's trust account shall be security for the payment of fees and expenses incurred on behalf of the Business.

6. **Retainer**. The Businesses have caused to be paid a retainer in the amount of **Fifty Thousand Dollars and No Cents ($50,000.00)**, of which Five Thousand Dollars and No Cents ($5,000.00) shall be allocated to each Business, *provided, however*, that should any monies remain in trust for one Business, while there are funds insufficient to pay the fees of any one or more other Business(es), the excess funds may be applied to such other Business(es) as the Firm may elect.

7. **Division of Responsibilities.** The Firm will endeavor to consult with the Business throughout the progression of this matter and to ensure you remain informed as to all key aspects of the matter. The Firm will not, however, seek your review of, or input on, every document that is prepared or filed, or in connection with every element of case management or trial strategy.

**9812 Falls Road**          **1452 W. Horizon Ridge Pkwy**
**#114-160**                          **#665**
**Potomac, Maryland 20854**     **Henderson, Nevada 89012**



8.        **Duration and Termination.** It is impossible to project the amount of time that will be devoted by the Firm to your needs.  However, if at any time you decide that you desire that we cease further activity on the Business' behalf, you should notify the Firm in writing and, upon leave of court to terminate our attorney-client relationship, copies of all pertinent papers in the Business' file will be turned over to you or to any attorney of your selection.

9.        **Withdrawal.** The Firm and I may withdraw as counsel, terminate this agreement, and be relieved of the responsibility of performing further work on the Business' behalf, by notifying you in writing.  Reasons for such termination may include, but are not limited to, failure to pay fees or expenses under the terms of this agreement in a timely manner, failure to cooperate with the Firm in preparation and/or prosecution of the Business' legal needs, and/or reasons mandated by the rules of professional conduct governing lawyers. You agree to execute such documents as will permit the Firm to withdraw from representing Business.

10.        **File Retention.** After the Firm's representation of the Business has ended, whether or not you have requested the Business' file or any part of it, the Firm may request that you or an authorized representative pick up the Business' files or documents that have been produced during the course of the representation. Absent circumstances where the Firm specifically agrees, in writing, to hold certain documents for the Business, you agree to retrieve all documents within ninety (90) days of the termination or expiration of your matter. If you do not want us to return these to you, please be advised that we may destroy all paper copies other than those original paper copies that we determine, in our sole and absolute judgment, must be maintained. In addition, if we have not heard back from you after the ninety (90) day period has passed, the Firm will assume that you have no objections to the destruction of the Business' files or documents. The foregoing notwithstanding, the Firm may create an electronic copy of part or all of the file, including the Firm's work product, and may, at its sole election, retain the same in perpetuity.

11.        **Publicity.** While the Firm will hold in confidence all aspects of this matter protected by the attorney/client privilege, absent your express consent to the contrary, you do hereby grant the Firm approval to advertise the mere fact that it does – or has – served as the Business' counsel.

12.        **Disputes**. Should any disputes arise between the Business and the Firm, we will work to resolve the same amicably and cordially. However, should it become necessary for any legal action to be taken, whether in connection with the collection of fees or in connection with any other matter included in this agreement or related to the subject matter of this agreement, the Business agrees that the sole venue for such action shall be the bankruptcy court where the Business' case is filed.

13.        **Modification.** This agreement may not be modified except in a writing executed in a manner of equal or greater dignity than that with which this agreement is itself executed.

9812 Falls Road                          1452 W. Horizon Ridge Pkwy
#114-160                                              #665
Potomac, Maryland 20854              Henderson, Nevada 89012



14.  **Previous Agreements.** This agreement supersedes any and all previous agreements governing your legal representation.

15.  **Court Approval.** As noted above, this agreement is expressly contingent upon the Firm's application to represent the Business as general reorganization counsel being approved by the bankruptcy court. If that application is not approved, this agreement shall be void. To the extent any provision of this agreement conflicts with the terms upon which the application is approved or any governing law, the terms and/or governing law shall control. If any provision of this agreement is found to be unenforceable, the rest of this agreement shall nonetheless survive as though the unenforceable provision was not a part of this agreement.

Please countersign this letter in the space provided below for your signature to acknowledge acceptance of the terms and conditions of this engagement.

*[Continued on Following Page]*

**9812 Falls Road**                          **1452 W. Horizon Ridge Pkwy**
**#114-160**                                **#665**
**Potomac, Maryland 20854**            **Henderson, Nevada 89012**



On behalf of the Firm, and holding aside the formality of this letter, we look forward to working with you.

Sincerely,

Maurice "Mac" VerStandig, Esq.
*For the Firm*

Read and Accepted:

**1416 EASTERN AVE NE LLC**
**945 LONGFELLOW ST NW LLC**
**2501 NAYLOR RD SE LLC**
**4303-4313 WHEELER RD SE LLC**
**4263 6TH ST SE APARTMENTS, LLC**
**4935 NHB AVE NE, LLC**
**3968 MLK LLC**
**4010 9TH STREET SE LLC**
**2440 S ST SE, LLC**
**4400 HUNT PL NE, LLC**

[SEAL]

**By: Ali "Sam" Razjooyan**
**Their: Authorized Agent**

**5-28-24**
_____
**Date**

**9812 Falls Road**
**#114-160**
**Potomac, Maryland 20854**

**1452 W. Horizon Ridge Pkwy**
**#665**
**Henderson, Nevada 89012**