Document    Page 1 of 4

Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for*
*1416 Eastern Ave NE LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 1416 EASTERN AVE NE LLC | ) | Case No. 24-180-ELG |
| | ) | |
| Debtor. | ) | (Chapter 11) |
| _____ | ) | |

**MOTION TO SHORTEN TIME**

Comes now 1416 Eastern Ave NE LLC ("1416EANL" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 9013-2, and moves this Honorable Court to shorten the response time for the Debtor's Verified Motion (i) to Sell Eponymous Real Property; and (ii) For Authority – But Not Obligation – to Assume and Assign All Executory Contracts (the "Sale Motion"), filed by 1416EANL of even date herewith, and in support thereof states as follows:

**I.    Introduction**

The Debtor is seeking to consummate a pre-petition contract (the "Contract"), for the sale of 1416EANL's eponymous real estate asset, that will result in the payment of all creditors in full and a large distribution to equity. The proposed purchaser has indicated that it is ready, willing, and able to close, having already posted an earnest money deposit of $50,000.00 pre-petition. And the Debtor thusly believes it appropriate to have the Contract ratified – and correlative procedures established for the assumption and assignment, or rejection, of leases and executory contracts – in

as expedient a manner as possible, so as to ensure the Buyer's feet not experience any unseasonable summer chills prior to closing.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged this Honorable Court shorten time such that (i) any opposition to the Sale Motion come due by 5:00 pm prevailing Eastern Time on Monday, June 3, 2024; and (ii) a hearing thereupon be held at 10:00 am prevailing Eastern Time on Tuesday, June 4, 2024.[1]

**II.     Standard**

The Federal Rules of Bankruptcy Procedure expressly allow, *inter alia*, "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

The Local Rules of this Honorable Court, in turn, provide a specific procedure for the shortening of time and for the noticing of an expedited hearing:

> If a movant requests that the time for filing objections should be shortened and/or that a more expedited hearing is needed, the movant shall contemporaneously file a separate motion (a "Motion to Shorten") requesting that the court shorten the time to object and/or requesting that the Court set an expedited hearing (an "Expedited Hearing Motion"). The Motion shall include statements explaining why the underlying substantive motion requires an expedited ruling by the Court and any time restrictions or other relevant information. A notice of the underlying substantive motion(s) shall not be filed until the Court rules on the Motion to Shorten or Expedited Hearing Motion.

Local Rule 9013-2(a).

---

[1] This Honorable Court has one matter on its docket at 10:00 am on June 4, 2024, being an unrelated dispute between unrelated parties in an unrelated case. Counsel for both such parties have graciously indicated that they do not object to the already-scheduled matter being heard behind an emergency sales motion in this case. Such graciousness notwithstanding, it does merit notation that undersigned proposed counsel is one of the two lawyers in that case.

2

### III.   Argument: Time Should be Shortened

Single asset real estate cases are designed to move expediently, and the Debtor is looking to do just that. But even aside from the usual interests in minimizing administrative expenses and curtailing an entity's stay in bankruptcy, the shortening of time is appropriate *sub judice* to ensure the proposed asset sale can close in a prompt and expedient manner. There is no reason to believe the buyer is experiencing any anxiety, but there are also plentiful reasons to ensure the buyer not have three additional weeks to ponder its life choices.

Though there is scant case law on the burden, "the 'cause shown' standard is not a particularly high bar…" *Sovereign Int'l, Inc. v. Minturn*, 2020 WL 3124315, at *3 (W.D. Mo. 2020). The "cause shown" standard has prevailed since the Bankruptcy Act, when the rigor "was designed to 'prevent waste and deterioration (of the bankrupt estate) and to avoid unnecessary delay.'" *In re Park Distributors, Inc.*, 176 F. Supp. 38, 42 (S.D. Cal. 1959) (quoting H.R. Rep. No. 1409, 75th Cong., 1st sess., at 13 (1937)). *See also, In re Gen. Insecticide Co.*, 403 F.2d 629, 630 (2d Cir. 1968) (applying *Park Distributors*).

Here, the ability of the Debtor to pay all claims, in full, with the contractual proceeds weights heavily in favor of shortening time. This creates a construct whereby no prejudice will be occasioned by any party but, should time not be shortened, some risk – even if a minimal risk – will subsume this promising sale. That risk of the buyer walking away is accordingly the precise harm spoken of by the *Park Distributors* Court and embraced by the modern contours of Rule 9006.

### IV.   Conclusion

WHEREFORE, 1416EANL respectfully prays this Honorable Court (i) order any opposition or objection to the Sale Motion be filed at or before 5:00 pm prevailing Eastern Time

3

on Monday, June 3, 2024; (ii) convene a hearing thereupon at 10:00 am prevailing Eastern Time on Tuesday, June 4, 2024, via hybrid means (with the Debtor's manager and proposed counsel appearing in-person); and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 31, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig