**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W.**
**Washington, DC 20001**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of** )<br>)<br>**1416 EASTERN AVE., NE, LLC,** )<br>)<br>Debtor and Debtor-in-Possession. )<br>)<br>) | **Case No. 24-00180**<br><br>**Chapter 11** |

### OBJECTIONS OF THE DISTRICT OF COLUMBIA TO DEBTOR'S VERIFIED MOTION (i) TO SELL EPONYMOUS REAL PROPERTY; AND (ii) FOR AUTHORITY – BUT NOT OBLIGATION – TO ASSUME AND ASSIGN ALL LEASES AND EXECUTORY CONTRACTS

**COMES NOW** the District of Columbia ("District"), through the Office of the Attorney General for the District of Columbia, and files its Objections to Debtor's Verified Motion (i) To Sell Eponymous Real Property; and (ii) For Authority – But Not Obligation – To Assume and Assign All Leases and Executory Contracts ("Debtor's Motion to Sell"). In support thereof, the District states as follows:

### I. JURISDICTION

(1) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1104, *et seq.* This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

(2) The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District files this action through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(3) Debtor 1416 Eastern Ave. NE, LLC ("Debtor") is located at 1416 Eastern Avenue, NE, Washington, DC 20019. Debtor is a single asset real estate limited liability company organized under the laws of the District of Columbia with a principal place of business located in the District. Since 2021, Debtor has owned a 100 percent fee simple interest in the Property which is an apartment building with 6 units.

## III. STATEMENT OF FACTS

### Preliminary Statement

(4) On Friday, May 29, 2024, Debtor filed its petition seeking bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Within two days. Debtor filed its Motion to Sell requesting an expedited hearing with any Objections due on Monday, June 3, 2024, by 5:00 p.m. and a hearing set for Tuesday, June 4, 2024, at 10:00 a.m.

(5) Such a limited opportunity to permit creditors and/or parties in interest to object results in the denial of due process that should be accorded such parties in a single asset real estate case where the only asset is the real property. Further, questions exist concerning the authority of a manager to file a petition in bankruptcy without a resolution of the members of the limited

liability company or the merits of this transaction. Accordingly, the District objects to Debtor's Motion to Sell and believes that an opportunity to investigate this proposed sale is appropriate.

## IV. ARGUMENT

(6) Questions abound concerning the good faith filing of this bankruptcy and Debtor's Motion to Sell. According to the Chapter 11 petition, Ali Razjooyan is identified as the manager of the Debtor. The Resolution authorizing Debtor's filing of its bankruptcy has identified Mr. Razjooyan as "the duly authorized manager" who is accorded authority to sign bankruptcy petitions. Docket Entry No. 1 at 5.

(7) In the Purchase and Sale Agreement ("PSA") dated May 1, 2024, and appended to Debtor's Motion to Sell, Mr. Sadegh Jafari is identified as the Member of the Debtor. Motion to Sell, Exhibit A, Docket Entry No. 8-1 at 13 and 14.

(8) Debtor's Motion to Sell states that the "Buyer is not an insider of the Debtor, is not controlled by any family members of the Debtor's principal, and has no legal relationship with the Debtor other than that created by the Contract." Docket Entry No. 1 at 3.

(9) District licensing records for the Debtor show no connection to Mr. Razjooyan. The Debtor was organized on February 8, 2021, by Mitra Dadashzadeh and Sadegh Jafari. On June 14, 2023, the Debtor submitted a periodic report identifying only Mitra Dadashzadeh and Sadegh Jafari as the governors of the Debtor. On June 20, 2023, the Debtor submitted a Reinstatement Form, once again identifying only Mitra Dadashzadeh and Sadegh Jafari as the governors of the Debtor. Where the two forms had spaces to identify a "Governor or Authorized Person," no information was provided. No other governor or authorized person was identified in any District filing, and Mr. Razjooyan is not listed on any entity documents filed with the District.

Accordingly, Mr. Razjooyan has established no basis under which he has authority to put this entity into bankruptcy or contract to sell the Property.

(10) The proposed sale concerns a residential building that is occupied by tenants. The tenants are creditors to the bankruptcy, which was filed on Wednesday, May 29, 2024. The Motion to Sell was filed on Friday, May 31, 2024, with objections due the next business day, June 3. The tenants are lay people who receive notices through U.S. Mail. Accordingly, it is unlikely that the tenants have received notice of the bankruptcy at this time, let alone the Motion to Sell and attendant rushed objection deadline. Given that the proposed sale affects the ownership of the Property at which they live and where they have potential claims as creditors, at the very least this process needs to be halted to give the tenants the right to be notified and to object.

(11) The Purchase and Sale Agreement itself has provisions that are facially false, calling into question the viability of the Agreement. For example, section 5.E. of the Agreement states that the Seller is not in bankruptcy. This is, of course, now untrue.

WHEREFORE, the District of Columbia objects to Debtor's Motion to Shorten Time and Debtor's Motion to Sell

Date:  June 3, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

DAVID FISHER
Deputy Attorney General, Commercial Division

      /s/ William Burk
William Burk, Section Chief,
Land Acquisition and Bankruptcy

                                                          /s/ Nancy L. Alper
                                    NANCY L. ALPER (DC Bar 411324)
                                    Senior Assistant Attorney General
                                    400 6th Street, N.W.
                                    Washington, DC  20001
                                    (202) 724-8122
                                    Nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objections of the District of Columbia to *Debtor's Verified Motion (i) To Sell Eponymous Real Property; and (ii) For Authority – But Not Obligation – To Assume and Assign All Leases and Executory Contracts* was filed and served electronically through the Court's electronic case filing system, this 3rd day of June, 2024.

                                                          /s/ Nancy L. Alper
                                                           Nancy L. Alper