Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) Chapter 11 |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

### EXPEDITED MOTION FOR INTERIM
### AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern

NE LLC, *et al.* ("Debtors"), by and through his undersigned attorneys, Stinson LLP, files this

*Expedited Motion for Interim and Final Orders Authorizing Use of Cash Collateral* (the

"Motion"), and in support thereof, states as follows:

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

#192351036v1<CORE> - Motion to Approve Use of Cash Collateral [1416 Eastern Ave et al] revised2
CORE/3516991.0007/192351036.1

## **Bankruptcy Rule 4001 Introductory Statement**

1. Interim relief is necessary ahead of final approval because the Trustee requires the immediate use of Cash Collateral (defined below) to maintain business operations which includes operating the apartment complexes located at the following addresses in Washington, DC:

- 1416 Eastern Ave., NE
- 945 Longfellow St., NW
- 2501 Naylor Rd., SE
- 4305 Wheeler Rd., SE
- 4263-67 6th St, SE
- 4935 Nannie Helen Burroughs Ave., NE
- 3968 Martin Luther King Jr Ave., SE
- 4010 9th St., SE
- 2440 S St., SE
- 4400 Hunt Pl., NE

(together the "Properties").

2. Numerous payments are required to be made for each of the Properties to support their operation through December 2024 and beyond. The Trustee will provide notice of this Motion to its secured lender and to each of the Debtors' twenty largest unsecured creditors, by Federal Express and/or facsimile and/or e-mail, upon the scheduling of a hearing concerning the interim relief.

3. The rental income generated at each Property serves as the cash collateral of the Debtors' secured creditor, TD Bank, N.A., pursuant to Deeds of Trust between the individual Debtors and TD Bank. *See Infra.* at ¶ 20.

4. As outlined below, the use of cash collateral in the form of existing cash and rents generated from the Properties to maintain the Properties is in the best interest of all creditors, tenants, regulatory agencies and parties in interest.

5. By this Motion, the Trustee requests the entry of interim and final orders authorizing the Trustee to, *inter alia*, use the cash collateral of the Secured Creditor pursuant to Section 363 of 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and generally in accordance with the preliminary budgets prepared for each of the Debtors (the "Budgets"). Copies of the ten (10) individual Budgets are attached hereto as **Exhibit A**. The proposed Budgets have been shared with TD Bank, the secured creditor for each of the properties (the "Secured Creditor").

6. The Budgets contain monthly estimates of the income and expenses for each of the Properties for a four-month period from September 2024 through December 2024.

7. The Budgets were prepared by the Trustee with assistance from the Trustee's employed property management company for the Properties, Noble Realty Advisors, LLC ("Noble"). Noble's employment on behalf of the Trustee for management at the properties was only recently approved on September 3, 2024. [ECF Dkt. No. 87].

8. Both Noble and the Trustee are in the process of evaluating the Properties and obtaining the historical financial data for each Property. The Budgets should be viewed as preliminary Budgets, as it will likely take Noble 30-90 days to develop a more accurate picture of the operational values for the Property. The budgeted monthly rental income values for the Properties are particularly uncertain at this time.

9. The Budgets were prepared based on income levels representing the total income that each Property should generate based on individual rent amounts included on rent rolls for each Property, with adjustments to account for non-occupied vacant units. However, preliminary

inspections of the Properties and bank statements associated with each Debtor indicate that actual monthly rent received at each Property is considerably less than the full rent income provided for in the rent rolls provided by the Debtors and used as the stated income in the Budgets.[2]

10. The Trustee, with Noble, will work to refine Budget projections as they obtain more data and will also adjust operational expenses as best as possible based on received monthly deposits actually received at each Property. It is likely that the Trustee will need to make use of the full extent of cash collateral being generated at the Properties.

11. Even with the likely inflated income levels included in the Budgets based on the Debtors' supplied rent rolls, many of the Properties reflect month to month operational losses through the Budget period. In order to account for such insufficient income provided for in the Budgets, the Trustee is evaluating available options including the potential to seek financing to cover the operational losses at the properties from by the secured Creditor to allow the trustee to adequately operate the properties in the bankruptcy will pursuing a likely sale.

12. The material provisions of the proposed use of cash collateral (the "Cash Collateral"), are set forth in the following sections of the proposed interim order (the "Interim Order"), granting the relief sought herein:

(a) <u>Debtors</u>:
    i.   1416 Eastern Ave NE LLC (Case No. 24-00180-ELG)
    ii.  945 Longfellow St NW LLC (Case No. 24-00181-ELG)
    iii. 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG)
    iv.  4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG)

---

[2] As an example, for the 4303-13 Wheeler Rd SE Property, the preliminary Budget lists monthly income generated at that property of $42,323/month based on received rent rolls from the debtor ($76,807 rent income minus $34,484 in vacancy loss). A preliminary review of the limited currently available bank statements in the trustee's possession, however, show average monthly deposits for the property of only $19,073 over the last three months. Income received in July 2024 was only $11,447. All Properties show the majority of the limited income being deposited into the property accounts from Housing Assistance payment providers, with the little to no rent deposits from payments supplied directly by tenants.

      v.    4263 6th St SE Apartments LLC (Case No. 24-00184- ELG)
     vi.    4935 NHB Ave NE LLC (Case No. 24-00185-ELG)
    vii.    3968 MLK LLC (Case No. 24-00186-ELG)
   viii.    4010 9th St SE LLC (Case No. 24-00187-ELG)
     ix.    2440 S St SE LLC (Case No. 24-00188-ELG)
      x.    4400 Hunt Pl NE LLC (Case No. 24-00189-ELG)

(b) <u>Secured Creditor.</u> TD Bank, N.A.

(c) <u>Use of Cash Collateral.</u> The Trustee proposes the interim use of the Secured Creditor's cash collateral to the extent and in the amounts set forth in the Budgets. The duration of the Budget is four (4) months (September 2024 to December 2024). The proposed interim order approves the use of cash collateral through the date set for consideration of final approval for use of the cash collateral (to be set at the interim hearing).

(d) <u>Adequate Protection.</u> The Secured Creditor shall be provided with the following adequate protection under the Interim Order: a replacement lien on all of the post-petition assets of the Debtors pursuant to § 361 of the Bankruptcy Code to the extent of diminution in the value of the Secured Creditor's interest in Cash Collateral as of the Petition Date. The replacement lien shall not attach to any causes of action of the Debtor arising under Chapter 5 of the Bankruptcy Code. *See* Interim Order at ¶ 5. At this time, the Trustee does not intend to supply monthly adequate protection payments pursuant to 11 U.S.C. 362(d)(3)(B).

(e) <u>Waiver of Applicable Non-bankruptcy Law Relating to Perfection on Property of the Estate.</u> The Interim Order is deemed to be sufficient and conclusive evidence of the priority, perfection, and validity of the post-petition liens and security interests granted therein, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the subject collateral, or other act to validate or perfect such security interest or lien.

(f) <u>Relief from the Automatic Stay.</u> The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated to the extent necessary to permit the Secured Creditor to perform any act authorized or permitted under the Interim Order, including, without limitation, to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Secured Creditor's collateral. *See* Interim Order at ¶ 7.

**Jurisdiction**

13. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 11 U.S.C § 157(b). Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

14. The relief sought by this Motion is based upon sections 105(a), 361, 362, and 363(c) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001 and 9014.

**The Chapter 11 Proceeding**

15. The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. 64].

16. On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Debtors' estates.

17. On May 31, 2024, the Debtors filed the *Verified Motion (I) To Sell Eponymous Real Property; and (II) For Authority – But Not Obligation – To Assume and Assign All Leases and Executory Contracts* [ECF Dkt. No. 8].

18. The Trustee is currently in the process of hiring a broker to evaluate the sale potential and marketing of the Properties.

**Prepetition Obligations**

19. The Debtors' existing pre-petition indebtedness is comprised of Deeds of Trust to the Secured Creditor in the total amount of $28,167,362 between the ten Properties (the "Deeds of

Trust"), certain utility liens from the DC Water and Sewer Authority, obligations to the DC Gov't Office of Tax Revenue and the IRS, and certain unsecured obligations to other creditors.

20.  The Debtors' debt to Secured Creditor is evidenced by the following Deeds of Trust:

| Debtor/Trustor | Trustee | Secured Party | Date | Document No. | Secured Amount |
|---|---|---|---|---|---|
| 2440 S St SE LLC | Commerce Southern Corp. | TD Bank, N.A. | 4/30/2021 | 2021062490 | $2,940,000 |
| 945 Longfellow St NE, LLC | Commerce Southern Corp. | TD Bank, N.A. | 8/30/2022 | 2022090841 | $4,050,000 |
| 2501 Naylor Rd SE LLC | Commerce Southern Corp. | TD Bank, N.A. | 1/3/2020 | 2019087398 | $1,750,000 |
| 4303-4313 Wheeler Rd SE LLC | Commerce Southern Corp. | TD Bank, N.A. | 2/15/2022 | 2022021132 | $10,000,000 |
| 4400 Hunt Pl NE LLC | Commerce Southern Corp. | TD Bank, N.A. | 12/30/2020 | 2021001210 | $3,096,562 |
| 1416 Eastern Ave NE LLC | Commerce Southern Corp. | TD Bank, N.A. | 3/22/2022 | 2022032012 | $910,800 |
| 4263 6TH ST SE Apartments LLC | Commerce Southern Corp. | TD Bank, N.A. | 1/27/2021 | 2021012173 | $975,000 |
| 4935 NHB Ave NE LLC | Commerce Southern Corp. | TD Bank, N.A. | 8/29/2019 | 2019096113 | $880,000 |
| 3968 MLK LLC | Commerce Southern Corp. | TD Bank, N.A. | 8/30/2021 | 2021118164 | $1,005,000 |
| 4010 9th Street SE LLC | Commerce Southern Corp. | TD Bank, N.A. | 6/30/2020 | 2020086074 | $2,560,000 |
| **TOTAL** | | | | | **$28,167,362** |

Each of the Deeds of Trusts is attached hereto as **Exhibit B.**  Pursuant to the Deeds of Trust, the Debtors have pledged rents to the Secured Creditor as collateral for the underlying Notes.

## Relief Requested

21.  The Trustee requires the use of the Cash Collateral in order to continue to operate, preserve and maintain the Properties in accordance with the Bankruptcy Code, and to comply with its duties as a Trustee over the Debtors' estates.  Unless the Trustee is permitted to use the Cash Collateral, the Debtor estates, their creditors, and their tenants will be irreparably harmed because

the Trustee will be unable to operate and manage the Properties and preserve and maintain their going concern value. The Trustee requires the use of Cash Collateral for the payment of, among other things, operating expenses including management fees, utilities expenses, maintenance and security expenses, U.S. Trustee Fees, professional fees for legal or accounting expenses, fees for the Trustee Commission, any other fees associated with maintenance of the Properties, and other expenses as more fully set forth in the Budgets. The Trustee's use of Cash Collateral to operate the Debtor businesses will protect the value of the Properties and protect the tenants residing at the Properties, until the Trustee is able to complete such sales or develop another acceptable plan.

## **Legal Basis for Use of Cash Collateral**

22. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use cash collateral unless the entity with an interest in the cash collateral consents or the court authorizes such use. Further, pursuant to section 363(c) of the Bankruptcy Code and Bankruptcy Rule 4001(b), the Court may conduct a preliminary hearing and authorize the use of cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing on the merits of the Motion.

23. The Trustee seeks the entry of interim and then final orders allowing the use of cash collateral to avoid irreparable harm. The Trustee's use of the Cash Collateral consisting of existing cash and the post-petition rents from the operation of the debtor apartment businesses in accordance with the Budgets is fair and reasonable, and will enable the Trustee to continue operations and pursue the sale of the Properties.

24. The Trustee has shared its Motion including the proposed Budgets with the Secured Creditor.

**The Proposed Adequate Protection Should be Authorized**

25.     Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used ... or proposed to be used ... by the trustee, the court, with or without a hearing, shall prohibit or condition such use ... as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  Section 361 of the Bankruptcy Code sets forth the forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361.  What constitutes adequate protection must be decided on a case-by-case basis. *See In re O'Connor,* 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir. 1985).  The requirement is intended to protect a secured creditor from the diminution of the value of its interest in the particular collateral during the period of use. *See In re Swedeland Bev. Group, Inc.,* 16 F.3d 552, 564 (3d Cir. 1994) (recognizing that new protections might be sufficient for "the whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy") (citation omitted).

26.     The adequate protection provided under the proposed Interim Order granting a replacement lien on all the post-petition assets of the Debtor pursuant to § 361 of the Bankruptcy Code, to the extent of any diminution in the value of the Secured Creditor's interest in Cash Collateral is fair, reasonable, and sufficient to satisfy the requirements of § 363(c)(2) and § 363(e) of the Bankruptcy Code. Any replacement lien shall be first and senior in priority to all other interests and liens of every kind, nature and description, whether created consensually, by an order of the Court or otherwise, including, without limitation, liens or interests granted in favor of third parties in conjunction with Sections 363, 364 or any other section of the Bankruptcy Code or other

applicable law. The Secured Creditor's replacement liens will not attach to Chapter 5 causes of action or the proceeds of Chapter 5 causes of action.

27. Additional adequate protection is provided to the collateral of the Secured Creditor by the continued operations of the Property. Should the Trustee be unable to continue operating the Property, their condition is likely to deteriorate and may additionally lead to potential infractions or citations by the DC Government and may affect the sale value of the Properties and other claims of the bankruptcy estates. The proposed use of the Cash Collateral includes expenses for maintaining the Property, which will protect the value of the Secured Creditor's collateral and will allow for the Trustee to pursue potential sale for the highest value available.

### The Automatic Stay Should Be Modified on a Limited Basis

28. The relief requested herein contemplates a modification of the automatic stay, to the extent applicable, to permit the Trustee to grant the security interests and liens described above with respect to the Secured Creditor and to perform such acts as may be requested to assure the perfection and priority of such security interests and liens.

29. Stay modifications of this kind are ordinary and standard features for the use of cash collateral, and in the Trustee's business judgment, are reasonable and fair under the present circumstances.

### Interim Approval Should Be Granted

30. Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral or obtain credit, respectively, may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

31. Pursuant to Bankruptcy Rules 4001(b) and (c), the Trustee requests that the Court conduct a preliminary hearing on the Motion and (a) authorize the Trustee to use Cash Collateral on an interim basis, pending entry of a final order, in order to maintain and finance the ongoing operations of the Debtors, and avoid immediate and irreparable harm to the Debtors' estates and all parties in interest, and (b) schedule a hearing to consider entry of a final order.

32. The Trustee requires the use of its cash and the rents to continue to operate. Absent authorization from the Court to use cash collateral on an interim basis pending a final hearing on the Motion, the Debtors will be immediately and irreparably harmed. The availability of Cash Collateral to the Trustee, with the consent of the Secured Creditor, will allow the Trustee to continue to operate and maintain the Properties as required by D.C. law until a sale may be reached. Failure to meet these obligations likely would have a negative impact on the value of the Properties to the detriment of all parties in interest. Accordingly, the interim relief requested is critical to preserving and maintaining the going concern value of the Debtors' Properties.

## Notice

33. Upon the Court scheduling a hearing date concerning granting the interim relief, notice of this motion will be provided to (a) the Office of the United States Trustee; (b) the Debtors; (c) the Debtors' twenty largest unsecured creditors (as no official committee of unsecured creditors has been appointed); (d) the Secured Creditor; and (e) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. The Trustee will further provide notice of any hearing concerning granting of final relief upon the scheduling of a hearing for that purpose. The Trustee submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

**Conclusion**

34. WHEREFORE, the Trustee requests that the Court (a) enter an Order authorizing the interim use of Cash Collateral, substantially in the form submitted herewith, granting the relief requested in this Motion; (b) schedule a final hearing on the Motion; (c) enter an Order authorizing the final use of cash collateral as requested in the Motion; and (d) grant such other and further relief as is just and appropriate under the circumstances.

Dated: September 19, 2024

Respectfully submitted,

/s/ Joshua W. Cox
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for*
*Marc E. Albert, Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I did serve a copy of the foregoing on September 19, 2024, electronically via the Court's ECF system, and by first class mail, postage prepaid, upon the following:

| | |
|---|---|
| William C. Johnson, Jr.<br>The Johnson Law Group, LLC<br>6305 Ivy Lane,<br>Suite 630<br>Greenbelt, MD 20770 | Emil Hirsch<br>Carlton Fields Jorden Burt, P.A.<br>1025 Thomas Jefferson Street, NW<br>Ste 400 West<br>Washington, DC 20007 |
| Nancy L. Alper<br>Office of Attorney General For D.C.<br>400 6th Street, NW<br>9th Floor<br>Washington, DC 20001 | Laura C. Beckerman<br>D.C. Office of the Attorney General<br>400 6th Street, NW<br>Ste 10th Floor<br>Washington, DC 20001 |
| Stephon Woods<br>Office of the Attorney General for the District of Columbia<br>400 6th St NW<br>Suite 9100<br>Washington, DC 20001 | Michael D. Nord<br>Elizabeth Drayden Peters<br>Gebhardt & Smith LLP<br>One South Street<br>Suite 2200<br>Baltimore, MD 21202 |
| Kristen S. Eustis<br>Office of the United States Trustee<br>1725 Duke Street<br>Ste 650<br>Alexandria, VA 22314 | Department of Buildings<br>1100 4th Street, SW<br>Washington, DC 20024 |
| Department of Consumer and Regulatory Af.<br>1100 4th St SW<br>Washington, DC 20024 | Pepco<br>P.O. Box 13608<br>Philadelphia, PA 19101 |
| District of Columbia Water and Sewer Aut.<br>1385 Canal Street, SE<br>Washington, DC 20003 | Pro Painting & Remodeling Inc.<br>15105 Jennings Ln.<br>Bowie, MD 20721 |
| Massey Property Investors LLC<br>12320 Quilt Patch Ln.<br>Bowie, MD 20720 | TD Bank, N.A.<br>5900 N. Andrews Ave., Suite 200<br>Fort Lauderdale, FL 33309 |
| Washington Gas and Light Company<br>1000 Maine Ave SW 7th Floor<br>Washington, DC 20024 | US Realty LLC<br>2300 N ST NW, STE 300-RLK<br>Washington, DC 20037 |

DC Office of Tax and Revenue
1101 4th St., SW #270
Washington, DC 20024

DC Department of Health
899 North Capitol Street, NE 1st Floor
Washington, DC 20002

DC Department of Health
899 North Capitol Street, NE 1st Floor
Washington, DC 20002

*/s/ Joshua W. Cox*
Joshua W. Cox