Doc #: 2022032012
03/23/2022 08:39 AM

**Return To:** TD Bank N.A., Attn:
Collateral
PO Box 487
Cherry Hill, NJ 08003

R EFINANCE DEED OF TRUST SECURING $910,800.00
Deed of Trust dated April 23,2021 as Instrument No. 2021057272

# Deed of Trust, Security Agreement and Assignment of Leases and Rents

## This Instrument is also used as a Financing Statement.

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this *"Deed of Trust"*) is entered into as of March 22, 2022, among 1416 Eastern Ave NE LLC, a District of Columbia limited liability company, with an address of 1416 Eastern Avenue NE, Washington, DC 20019 (the *"Trustor"*), Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, VA 22182 (the *"Trustee"*) for the use and benefit of TD Bank, N.A., a National Association, with an address of 1701 Route 70 East, Cherry Hill, NJ 08034 (the *"Beneficiary"*).

The real property which is the subject matter of this Deed of Trust has the following address(es): 1416 Eastern Ave NE, Washington, DC 20019 (the *"Address(es)"*).

## 1. Deed of Trust, Obligations and Future Advances

**1.1 Deed of Trust.** For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the Property described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to Beneficiary and all obligations respecting that certain Term Note, dated March 22, 2022, by 1416 Eastern Ave NE LLC in favor of Beneficiary in the original principal amount of $910,800.00 (the *"Note"*; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the *"Loan Documents"*), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

**1.2 Security Interest in Property.** As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the *Uniform Commercial Code of District of Columbia* (the *"Uniform Commercial Code"*) as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 1 of 18

Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

**1.3 Collateral Assignment of Leases and Rents.** The Trustor hereby irrevocably and unconditionally assigns to Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property. This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

**1.4 Conditions to Grant.** Trustee shall have and hold the above granted Property unto and to the use and benefit of Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents (as hereinafter defined) and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

**1.5 Property.** The term *"Property"*, as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the *Uniform Commercial Code*, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the *"Leases"*); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

**1.6 Obligations.** The term *"Obligation(s)"*, as used in this Deed of Trust, shall mean, without limitation, all loans, advances, indebtedness, notes, liabilities and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to Beneficiary or any Beneficiary Affiliate (as hereinafter defined) at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of $910,800.00 of the amounts outstanding pursuant to the terms

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 2 of 18

of the Loan Documents as set forth herein. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to Beneficiary from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses (including reasonable attorney's fees) of enforcement of Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith.

**1.7 Cross-Collateral and Future Advances.** It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2. Representations, Warranties, Covenants

**2.1 Representations and Warranties.** The Trustor represents and warrants that:

(A) This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(B) The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than as set forth in detail in Exhibit B hereto (the *"Permitted Encumbrances"*);

(C) The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(D) As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by Beneficiary; and

(E) Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

**2.2 Recording; Further Assurances.** The Trustor covenants that it shall, at its sole cost and expense and upon the request of Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of Beneficiary in the Property and the rights of Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to Beneficiary such documents, and take or cause to be taken, all such other or further action, as Beneficiary may request in order to effect and confirm or vest more securely in Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to Beneficiary the security interest in, the Property or to comply with applicable statute or law. To the extent permitted by applicable law, Trustor authorizes Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time

in any jurisdiction. Beneficiary may at any time and from time to time file financing statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the *Uniform Commercial Code* for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by Beneficiary. Trustor agrees to furnish any such information to Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as Beneficiary may reasonably request for Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for Beneficiary, and (ii) otherwise to insure the continued perfection and priority of Beneficiary's security interest in any of the Property and the preservation of its rights therein. Trustor hereby constitutes Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

**2.3 Restrictions on the Trustor.** The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of Beneficiary in each instance:

(A) Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(B) Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule (*"Hazardous Substances"*); or

(C) Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien. The Trustor further agrees to give Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same. The Trustor agrees to defend its title to the Property and Beneficiary's interest therein against the claims of all persons and, unless Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or Beneficiary's interest hereunder.

**2.4 Operation of Property.** The Trustor covenants and agrees as follows:

(A) The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                          2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 4 of 18

any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

(B) The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to Beneficiary, provide deductible amounts acceptable to Beneficiary, name Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least thirty (30) days prior written notice to Beneficiary. Such policies shall include (i) a mortgage endorsement determined by Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as Beneficiary may request. The Trustor will furnish to Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(C) Trustor will not enter into or modify the Leases in any material respect without the prior written consent of Beneficiary, execute any assignment of the Leases except in favor of Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(D) Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit Beneficiary and Beneficiary's agents, employees and representatives, at such reasonable times as Beneficiary may request, to enter and inspect the Property and such books and records;

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                                                    2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 5 of 18

(E) Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof; and

(F) Trustor shall not use or occupy the Property or allow any other party to use or occupy the Property in any manner that would constitute a violation of any state and/or Federal laws involving controlled substances, even in a jurisdiction that allows such use by state or local law or ordinance. If Trustor becomes aware of such a violation, Trustor shall take all actions allowed by law to terminate the violating activity. Violation of this paragraph is a material breach of this Deed of Trust and constitutes an Event of Default.

**2.5 Payments.** The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by Beneficiary, the Trustor shall deposit from time to time with Beneficiary sums determined by Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at Beneficiary's request, provides Beneficiary with adequate cash security, in Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to Beneficiary the receipted real estate tax bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by Beneficiary. If Trustor shall fail to pay such sums, Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

**2.6 Notices; Notice of Default.** The Trustor will deliver to Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

**2.7 Takings.** In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a *"Taking"*), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to Beneficiary, describing the nature and extent thereof. Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

to such awards or claims, by settlement, judicial decree or otherwise, in trust for Beneficiary and immediately pay the same to Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to Beneficiary in amounts not exceeding the Obligations. Beneficiary may apply such amounts to the Obligations in such order as Beneficiary may determine.

**2.8 Insurance Proceeds.** The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to Beneficiary and, at the option of Beneficiary, be applied to the Obligations in such order as Beneficiary may determine; provided, however, that if Beneficiary shall require repair of the Property, Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for Beneficiary and promptly paid to it.

## 3. Certain Rights of Beneficiary

**3.1 Legal Proceedings.** Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

**3.2 Appraisals/Assessments.** Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

**3.3 Financial Statements.** Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by Beneficiary.

**3.4 Substitution of Trustee.** The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder. Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder. Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee. The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

**3.5 Leases and Rent Roll.** The Trustor shall deliver to Beneficiary (i) during each calendar year and at such other times as Beneficiary shall request a rent roll for the Property, in form acceptable to Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as Beneficiary shall request executed copies of all the Leases.

## 4. Defaults and Remedies

**4.1 Events of Default.** *"Event of Default"* shall mean the occurrence of any one or more of the following events:

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                     2022032122.1.0.4068-J20210526Y

4858526-9001

03/2021
Page 7 of 18

(A) default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(B) failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(C) the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(D) failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to Beneficiary continuing for 15 days;

(E) default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(F) any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by Beneficiary to have been false or misleading in any material respect when made;

(G) if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the division, merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(H) the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

(I) the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the *Bankruptcy Code* 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(J) the service upon Beneficiary of a writ in which Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(K) a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(L) any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(M) the termination or revocation of any guaranty of the Obligations; or

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 8 of 18

(N) the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to Beneficiary has been or may be impaired.

**4.2 Remedies.** On the occurrence of any Event of Default Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(A) Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an Event of Default has occurred hereunder;

(B) Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by Beneficiary upon the Property for any reason shall not cause Trustee or Beneficiary to be a mortgagee in possession, except upon the express written declaration of Beneficiary;

(C) With or without taking possession, receive and collect all rents, income, issues and profits (*"Rents"*) from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints Beneficiary as its true and lawful attorney with the power for Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. Beneficiary shall be liable to account only for such Rents actually received by Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from Beneficiary, to pay all amounts due the Trustor under the Leases to Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(D) In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a *"Portion"*), Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such Portion without impairing its

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022032122 1.0.4068-J20210526Y

4858528-9001

03/2021
Page 9 of 18

right to foreclose subsequently upon any other Portion or the entirety of the Property from time to time thereafter. In addition, Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(E) Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given Beneficiary "control" over the Property or cause Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(F) Take such other actions or proceedings as Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the *Uniform Commercial Code* or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances.

**4.3 Advances.** If the Trustor fails to pay or perform any of its obligations respecting the Property, Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property. Any amounts paid by Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

**4.4 Cumulative Rights and Remedies.** All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                     2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 10 of 18

manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other. The Trustor further agrees that Trustee and Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

**4.5 Trustor's Waiver of Certain Rights.** To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

**4.6 Transfer of Title.** Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

**4.7 Effect of Sale.** Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns. The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

**4.8 Reconveyance.** Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust. Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5. Miscellaneous

**5.1 Costs and Expenses.** To the extent permitted by applicable law, the Trustor shall pay to Trustee and Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and charges) incurred by the Trustee and Beneficiary in connection with Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the

4858528-9001

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                        2022032122.1.0.4068-J20210526Y

03/2021
Page 11 of 18

Obligations and secured by this Deed of Trust, and Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

**5.2 Indemnification Regarding Leases.** The Trustor hereby agrees to defend, and does hereby indemnify and hold Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys and any Beneficiary Affiliate and its directors, officers, employees, agents and attorneys (each an *"Indemnitee"*) harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of Beneficiary to perform any obligations under the Leases. It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

**5.3 Indemnification Regarding Hazardous Substances.** The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property. The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to Beneficiary including repayment of all Obligations.

**5.4 Indemnitee's Expenses.** If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by Beneficiary in favor of the Trustor.

**5.5 Waivers.** The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof. No delay or omission of Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as *"Beneficiary's Rights and Remedies"*) hereunder shall constitute a waiver thereof; and no waiver by Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand. No term or provision hereof shall be waived, altered or modified except with the prior written consent of Beneficiary, which consent makes explicit reference to this Deed of Trust. Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between Beneficiary and the Trustor at any time (whether before, during or after the effective

4858528-9001

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.            2022032122.1.0.4068-J20210526Y

03/2021
Page 12 of 18

date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of Beneficiary's Rights and Remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of Beneficiary's Rights and Remedies under any such other agreement or transaction) but all Beneficiary's Rights and Remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by Beneficiary at such time or times and in such order of preference as Beneficiary in its sole discretion may determine.

**5.6 Waiver of Homestead.** To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

**5.7 Joint and Several.** If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term *"Trustor"* shall include each as well as all of them.

**5.8 Severability.** If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

**5.9 Complete Agreement.** This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersede all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

**5.10 Binding Effect of Agreement.** This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid. Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of Beneficiary; and Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral. Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

**5.11 Notices.** Any notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer or agent of Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party.

**5.12 Governing Law.** This Deed of Trust shall be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the District of Columbia.

**5.13 Reproductions.** This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to Beneficiary may be reproduced by Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022032122 1.0.4068-J20210526Y

4858528-9001

03/2021
Page 13 of 18

admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

**5.14 Beneficiary Affiliates.** The term *"Beneficiary Affiliate"* as used in this Deed of Trust shall mean any Affiliate of Beneficiary or any lender acting as a participant under any loan arrangement between Beneficiary and the Trustors. The term *"Affiliate"* shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above. For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise. Control may be by ownership, contract, or otherwise.

**5.15 Jurisdiction and Venue.** The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or municipal court sitting in District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust. The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

**5.16 JURY WAIVER.**

TRUSTOR AND BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED. TRUSTOR CERTIFIES THAT NEITHER BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

**5.17 Electronic Transmission Consent.** Each person signing this document (a *"party"*) explicitly consents to the electronic delivery of the terms of the agreement evidenced by this document. Each party agrees that their present intent to be bound by the agreement evidenced by this document may be evidenced by transmission of digital images of signed signature pages via facsimile, email, SMS or other digital transmission and affirms that such transmission indicates a present intent to be bound by the terms of the agreement evidenced by this document and is deemed to be valid execution and delivery as though an original ink or electronic signature. Each party shall deliver original executed signature pages to this document to Lender, but any failure

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                                    2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 14 of 18

to do so shall not affect the enforceability of the agreement evidenced by this document. An electronic image of this document (including signature pages) shall be as effective as an original for all purposes.

## Signatures

Executed as of March 22, 2022.

**Trustor**

**1416 Eastern Ave NE LLC**
*a District of Columbia limited liability company*
*1416 Eastern Avenue NE*
*Washington, DC 20019*

| | |
|---|---|
| _____ | 03/22/2022 |
| **Sadegh Jafari** | **Date** |
| *Member* | |

| | |
|---|---|
| _____ | 03/22/2022 |
| **Mitra Dadashzadeh** | **Date** |
| *Member* | |

**Acknowledgment**

XXDistrict of Columbia   STATE OF MARYLAND, COUNTY OF MONTGOMERY

This record was acknowledged before me on __March 22, 2022__ by Sadegh Jafari , Member of 1416 Eastern Ave NE LLC, a District of Columbia limited liability company on behalf of the limited liability company.

_____
*Notary Public*

Kos N Johns
_____
*(Print Name)*

My commission expires: _____5/19/2025_____

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 15 of 18

**Acknowledgment**

~~DISTRICT OF COLUMBIA~~ STATE OF MARYLAND, COUNTY OF MONTGOMERY

This record was acknowledged before me on ___March 22, 2022___ by Mitra Dadashzadeh , Member of 1416 Eastern Ave NE LLC, a District of Columbia limited liability company on behalf of the limited liability company.

_____
*Notary Public*



Kos N. Johns
_____
*(Print Name)*

My commission expires: ___5/19/2025_____

---

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

Legal Description

## EXHIBIT "A"
## Property Description

**Lot numbered Sixty Three (63), in Square numbered Fifty One Hundred Seventy One (5171), in a subdivision made by J & M Realty Corporation as per plat recorded in Liber 132 at Folio 149 among the Records of the Office of the Surveyor for the District of Columbia.**

**Property Address known as: 1416 Eastern Avenue, NE, Washington, DC 20019**

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.

4858528-9001

03/2021
Page 17 of 18

2022032122.1.0.4068-J20210526Y

Laser Generated by ©Display Systems, Inc. 2022 (863) 763-5555 netForm MDALG

## EXHIBIT "B"

### Permitted Encumbrances

None

Real Estate Security Instrument-Commercial
© 2021 Wolters Kluwer Financial Services, Inc.
All rights reserved.                    2022032122.1.0.4068-J20210526Y

4858528-9001

03/2021
Page 18 of 18

```
Doc #: 2022032012
Filed & Recorded
03/23/2022 08:39 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
    RECORDING FEES          $150.00
    SURCHARGE               $6.50
    RECORDATION TAX FEES    $3,226.25
TOTAL:                      $3,382.75
```

Doc #: 2032090841
08/31/2022 11:03 AM

LOAN # 4917084-9001

## DEED OF TRUST AND SECURITY AGREEMENT

Deed of Trust recorded August 25, 2021 as Instrument No. 2021115139

### Dated: August 30, 2022

REFINANCE DEED OF TRUST Securing $4,050 000.00

### in the amount of
### $4,050,000.00

### FROM

### 945 LONGFELLOW ST LLC,
a District of Columbia limited liability company, as **Grantor**

### TO

### Commerce Southern Corp.,
a Virginia Corporation, as **Trustee**

### FOR THE BENEFIT OF

### TD BANK, N.A., Beneficiary
a national banking association

This document serves as a Fixture Filing under the District of Columbia Uniform
Commercial Code.

### LOCATION OF PROPERTY:

| | |
|---|---|
| Street Address: | 945 Longfellow Street N.W. |
| City/Town: | Washington |
| State: | District of Columbia |
| Square/Lot No: | 2991 033 |

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No.   22-077
Tax Account No. SQ 2991 Lot 33

After recording, please return to:

Andrea C. Davison, Esq.
Bean Kinney & Korman PC
2311 Wilson Blvd., Suite 500
Arlington, Virginia 22201

1

**THIS DEED OF TRUST AND SECURITY AGREEMENT** (the "**Deed of Trust**"), made as of the date stated above, given by **945 LONGFELLOW ST NW LLC**, a District of Columbia limited liability company, as assignor, having its principal place of business at 115 Bytham Ridge Lane, Potomac, Maryland, 20854 ("**Grantor**"), in favor of Commerce Southern Corp., a Virginia Corporation, having an address at 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "**Trustee**"), for the benefit of TD BANK, N.A., a national banking association, having an office at 4061 Powder Mill Road, #420, Calverton, Maryland 20705 ("**Beneficiary**").

## W I T N E S S E T H :

**WHEREAS**, Grantor is the owner of, that certain parcel of real property commonly known as 945 Longfellow Street N.W., Washington, District of Columbia, as more particularly described in Schedule A attached hereto and made a part hereof;

**WHEREAS**, concurrently herewith, Grantor is borrowing from Beneficiary the principal sum of Four Million Fifty Thousand and 00/100 Dollars ($4,050,000.00) (the "**Mortgage Amount**") and, in connection therewith, Grantor has executed and delivered to Beneficiary that certain (a) Deed of Trust Loan Note, dated of even date herewith, made by Grantor, as borrower, in favor of Beneficiary, as lender, in the original principal amount of $4,050,000.00 (such Deed of Trust Loan Note, as the same may be hereafter amended, modified, restated, renewed, replaced, supplemented or extended, being hereinafter called the "**Note**") and (b) Loan Agreement, dated of even date herewith, between Grantor and Beneficiary (as the same may be hereafter amended, modified, restated, renewed, replaced, supplemented or extended being hereinafter called the "**Loan Agreement**"), which Note and Loan Agreement evidence certain indebtedness and other obligations of Grantor to Beneficiary; and

**WHEREAS**, to secure the payment of the indebtedness and other amounts under the Note and the Loan Agreement in the Deed of Trust Amount, together with interest thereon at the interest rate or rates set forth in the Note, and together with any other sums that may become due and payable hereunder or under the Note, the Loan Agreement or the other Loan Documents and under any Hedging Contract (as hereinafter defined), and to secure the performance by Grantor of its obligations hereunder, under the Note, the Loan Agreement and the other Loan Documents and any Hedging Contract, and all other Obligations (as hereinafter defined), Grantor has agreed to execute and deliver this Deed of Trust to Trustee for the use and benefit of Beneficiary.

## Certain Definitions

As used in this Deed of Trust, unless the context otherwise specifies or requires, the following terms shall have the meanings herein specified, such definitions to be applicable equally to the singular and to the plural forms of such terms.

"**Affiliate**" shall have the meaning set forth in the Loan Agreement.

"**Affiliate Counterparty**" shall have the meaning set forth in the Loan Agreement.

"**Agreements**" shall mean all agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications, warranties, guarantees, and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted at the Property or any part thereof, or relating to any of the Chattels, and all right, title and interest of Grantor therein and thereunder, including, without limitation, the right, upon the happening of an Event of Default hereunder, to receive and collect any sums payable to Grantor thereunder.

"**Chattels**" shall mean the Equipment, the Fixtures, the Personal Property and all other assets of Grantor.

"**Claim**" shall mean any action, claim, counterclaim, cross-claim, cause of action, suit, liability, demand, loss, expense, penalty, fine, judgment or other cost of any kind or nature whatsoever, including, without limitation, all fees, costs and expenses incurred in connection therewith of attorneys, consultants, contractors and experts.

"**Code**" shall mean the Uniform Commercial Code in effect in the State, as amended from time to time.

"**Default Rate**" shall have the meaning set forth in the Note.

"**Easements**" shall mean all easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights, mineral rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and/or the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interest, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Grantor of, in and to the Land and/or the Improvements and every part and parcel thereof, with the appurtenances thereto.

"**Equipment**" shall mean all "**equipment**," as such term is defined in Article 9 of the Code, now owned or hereafter acquired by Grantor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishing, and electronic data-processing and other office equipment now owned or hereafter acquired by Grantor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto.  Notwithstanding the foregoing, Equipment shall not include any

property belonging to tenants under leases at the Property, except to the extent that Grantor shall have any rights or interest therein.

"**Events of Default**" shall mean the events and circumstances described as such in Section 2.01 hereof.

"**Expenses**" shall have the meaning set forth in the Loan Agreement.

"**Fixtures**" shall mean all Equipment now owned, or the ownership of which is hereafter acquired, by Grantor which is so related to the Land and/or Improvements that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation at the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Property, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Grantor's interest therein) and all other utilities whether or not situated in Easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof. Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove pursuant to leases at the Property, except to the extent that Grantor shall have any right or interest therein.

"**Guarantor**" shall have the meaning set forth in the Loan Agreement.

"**Hedging Contract**" shall have the meaning set forth in the Loan Agreement.

"**Hedging Obligations**" shall have the meaning set forth in the Loan Agreement.

"**Improvements**" shall mean all structures, buildings, additions, extensions, modifications, and all other improvements of any kind whatsoever, and replacements of any of the foregoing, now or hereafter located at or upon the Land.

"**Intangibles**" shall mean all "general intangibles" (as such quoted term is defined in the Code) in any way relating to the Property, or any part thereof, and that Grantor owns, including, without limitation, all intellectual property, goodwill and books and records relating to the business operated or to be operated on the Property or any part thereof, together with all unearned premiums, accrued, accruing or to accrue under

-4-

all insurance policies now or hereafter obtained by Grantor insuring the Mortgaged Property and all rights and interest of Grantor thereunder.

"**Impound Account**" shall have the meaning set forth in Section 1.09(c).

"**Interest Rate**" shall have the meaning accorded such term in the Note.

"**Land**" shall mean the real property described in Schedule A attached hereto and by this reference made a part hereof, including, without limitation, all of the air space, easements, rights, privileges, royalties and appurtenances thereunto belonging or in anywise appertaining thereto, and all of the estate, right, title, interest, claim or demand whatsoever of Grantor therein and in the streets, alleys and ways adjacent thereto, either at law or in equity, in possession or expectancy, now or hereafter acquired.

"**Laws**" shall mean any federal, state or local law, statute, rule, regulation, ordinance, order, decree, directive, requirement, code, notice of violation or rule of common law, now or hereafter in effect, and in each case as amended, and any judicial or administrative interpretation thereof by a Governmental Authority or otherwise, including any judicial or administrative order, determination, consent decree or judgment.

"**Loan**" shall mean the loan from Beneficiary to Grantor evidenced by the Note and the Loan Agreement, which are being secured by, among other things, this Deed of Trust.

"**Loan Agreement**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Loan Documents**" shall have the meaning set forth in the Loan Agreement and shall include, without limitation, this Deed of Trust, the Note and the Loan Agreement and all other documents, agreements, instruments, certificates, title policies and the like securing and/or evidencing the Deed of Trust Amount and other Obligations and/or executed and/or delivered by or on behalf of Grantor in connection with the closing of the Loan or at any time thereafter (but excluding any Hedging Contract).

"**Deed of Trust Amount**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Mortgaged Property**" shall have the meaning accorded such term in the Granting Clause of this Deed of Trust.

"**Note**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Obligations**" shall have the meaning accorded such term in the Granting Clause of this Deed of Trust.

"**Person**" shall have the meaning set forth in the Loan Agreement.

"**Personal Property**" shall mean all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, contract rights, accounts, including, without limitation, all bank accounts maintained by or on behalf of Grantor, the Impound Account (as hereafter defined), if any, and any other accounts established pursuant to any of the Loan Documents or any Hedging Contract, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Code), other than Fixtures, which are now or hereafter owned by Grantor and which are located within or about the Property, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof, and the right, title and interest of Grantor in and to any of the Personal Property which may be subject to the lien of any security interest, as defined in the Code, superior to the lien of this Deed of Trust, and all proceeds and products of the foregoing.

"**Power of Sale**" shall mean the right, power and authority of Beneficiary to sell or cause the sale of the Mortgaged Property and/or a part or parts thereof, at public sale or auction, after any Event of Default and in accordance with and pursuant to any statute or law of the state or jurisdiction in which the Property are located permitting the sale of property subject to a mortgage or security agreement in a non-judicial foreclosure sale, as any such statute or law may be in effect on the date hereof, or may be hereinafter enacted and/or modified or amended, or any successor statute or statutes, and/or under and pursuant to any other laws or regulations now in effect and/or hereafter enacted, which provides for and/or enables the property encumbered by a mortgage to be sold by a Beneficiary and/or its respective agents and/or representatives in a public and/or private non-judicial sale.

"**Property**" shall mean, collectively, the Land and the Improvements.

"**State**" shall mean the District of Columbia.

All terms of this Deed of Trust not defined above shall have the respective meanings accorded such terms in this Deed of Trust. All capitalized terms used herein but not defined in this Deed of Trust shall have the meanings ascribed thereto in the Loan Agreement.

## Granting Clause

**NOW, THEREFORE**, Grantor, in consideration of the premises and in order to secure payment of the principal of the Note and the interest and any and all other sums payable on the Note, under this Deed of Trust or the other Loan Documents, and all Hedging Obligations as well as, without limitation, all loans, advances, indebtedness, notes, liabilities, and all other amounts, in each case, liquidated or unliquidated, owing by Grantor to Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by Grantor to Beneficiary, Affiliate Counterparty or any other Affiliate thereof; or are due indirectly by Grantor to

Beneficiary, Affiliate Counterparty or any other Affiliate thereof as endorser, guarantor or other surety, or as borrower of obligations due third Persons which have been endorsed or assigned to Beneficiary or any Affiliate Counterparty or any other Affiliate thereof, or otherwise), absolute or contingent, due or to become due, now existing or hereafter arising or contracted, including, without limitation, payment when due of all amounts outstanding respecting any of the Loan Documents or any Hedging Contract and the performance and observance of all the other provisions hereof, of the Note, the other Loan Documents and any Hedging Contract (all of such sums payable, indebtedness and obligations are hereinafter referred to, collectively, as the "**Obligations**"), hereby gives, grants, mortgages, bargains, sells, warrants, aliens, remises, releases, conveys, assigns, transfers, hypothecates, deposits, pledges, sets over and confirms , unto the Trustee **IN TRUST FOREVER**, in fee simple, with Power of Sale, for the benefit of the Beneficiary for itself and as agent for any Affiliate Counterparty or any other Affiliate holding any Obligations and their respective  successors and assigns, all of Grantor's estate, right, title and interest in, to and under any and all of the following described property (collectively, the "**Mortgaged Property**"), except for those permitted encumbrances and other matters set forth on Schedule B of the title insurance policy insuring the lien of this Deed of Trust (collectively, the "**Permitted Encumbrances**"), whether now owned or held or hereafter acquired:

      (a)    the Land;

      (b)    the Improvements;

      (c)    the Easements;

      (d)    the Chattels;

      (e)    the Intangibles;

      (f)    the Agreements;

      (g)    all awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain or condemnation (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

      (h)    all proceeds in respect of the Mortgaged Property under any insurance policies covering the Mortgaged Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Mortgaged Property;

      (i)    all refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Property as a result of tax appeal or any applications or proceedings for reduction or otherwise;

(j)     all leases and other agreements affecting the use, enjoyment or occupancy of the Property or any part thereof heretofore or hereafter entered into (collectively, the "**Leases**") and all right, title and interest of Grantor therein and thereunder, including, without limitation, cash, letters of credit or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, income, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases;

(k)     the right, in the name and on behalf of Grantor, to appear in and defend any action or proceeding brought with respect to the Mortgaged Property and to commence any action or proceeding to protect the interest of the Trustee and Beneficiary in the Mortgaged Property; and

(l)     all proceeds of any of the foregoing converted into cash, property, claims or otherwise.

**TO HAVE AND TO HOLD** unto Trustee and its successors and assigns, forever to its and their own proper use and behoof; and Grantor also does for itself, its successors and assigns, covenant with Beneficiary and the Trustee, and their successors and assigns, that at and until the ensealing of these presents, it is well seized of the Property in fee simple, and has good right to mortgage, bargain and sell the same and that the same are free from all encumbrances whatsoever except for the Permitted Encumbrances.

This Deed of Trust is intended to constitute a security agreement and financing statement under the Code as enacted in the State. This Deed of Trust shall also operate as a financing statement filed as a fixture filing in accordance with the applicable provisions of the Code.

This Deed of Trust is also intended to operate and be construed as an unconditional, absolute and present assignment of the Leases, Rents, issues and profits of the Mortgaged Property, and not an assignment in the nature of a pledge of the Leases, Rents, issues and profits or a mere grant of a security interest therein, Grantor hereby agreeing that Beneficiary is entitled to receive the Leases, Rents, issues and profits of the Mortgaged Property prior to an Event of Default and without entering upon or taking possession of the Mortgaged Property; provided however that Beneficiary shall not be obligated to perform or discharge any obligation of Grantor under any Lease, the assignment of Leases, Rents, issues and profits provided for in this Deed of Trust in no manner placing on Beneficiary any responsibility for (i) the control, care, management or repair of the Mortgaged Property, (ii) the carrying out of any of the terms and conditions of any Lease, (iii) any waste committed on the Mortgaged Property, or (iv) any dangerous or defective condition on the Mortgaged Property (whether known or unknown). Grantor further agrees that neither the foregoing assignment of Leases, Rents, issues and profits, nor the assignment provided for in the Assignment of Leases and Rents, nor the exercise of any of Trustee's or Beneficiary's rights and remedies in

Article II hereof shall be deemed to make Beneficiary a Beneficiary-in-possession or otherwise responsible or liable in any manner with respect to the Leases, the Mortgaged Property or the use, occupancy, enjoyment or operation of all or any portion thereof, unless and until Beneficiary, in person or by agent, assumes actual possession thereof. The appointment of any receiver for the Mortgaged Property by any court at the request of Beneficiary or by agreement with Grantor, or the entering into possession of any part of the Mortgaged Property by such receiver, shall not be deemed to make Beneficiary a Beneficiary-in-possession or otherwise responsible or liable in any manner with respect to the Leases, the Mortgaged Property or the use, occupancy, enjoyment or operation of all or any portion thereof.  So long as no Event of Default shall exist, however, and so long as Grantor is not in default of any obligation, covenant or agreement contained in any Lease, Grantor shall have a license, which license shall terminate automatically and without notice upon any Event of Default or a default by Grantor under any Lease to collect, but not prior to accrual, all Rents. Grantor agrees to collect and hold all rents in trust for Beneficiary and to use the Rents for the payment of the cost of operating and maintaining the Mortgaged Property and for the payment of the Expenses and other obligations of Grantor pursuant to the Loan Documents and any Hedging Contract before using the Rents for any other purpose.

## ARTICLE I

### Particular Covenants of Grantor

Grantor represents, warrants, covenants and agrees as follows:

SECTION 1.01      Grantor represents and warrants that it has a good and marketable title to an indefeasible fee estate in the Property subject to no lien, charge or encumbrance, other than the Permitted Encumbrances; that it will own the Chattels free and clear of liens and claims; that this Deed of Trust is and will remain a valid and enforceable first lien on the Mortgaged Property subject only to the exceptions referred to above or in Schedule A; that the execution and delivery of each of this Deed of Trust, the Note, the other Loan Documents and the Hedging Contracts have been duly authorized by Grantor and that there is no provision in any document relating to Grantor that evidences or establishes the existence of Grantor requiring further consent for such action by any other Person; that it is duly organized, validly existing and is in good standing under the laws of the state of its organization; that it has (i) all necessary licenses, authorizations, registrations, permits and/or approvals and (ii) full power and authority to own its properties and carry on its business as presently conducted by it and the execution and delivery by it of and performance of its obligations under this Deed of Trust, the Note and the other Loan Documents or any Hedging Contract will not result in Grantor being in default under any provisions of any document that evidences or establishes the existence of Grantor or of any mortgage, credit or other agreement to which Grantor is a party or by which it is bound or that affects Grantor or the Property, or any part thereof; that it will preserve such title, and will forever warrant and defend the same unto Beneficiary and its successors and assigns, and will forever warrant and

defend the validity and priority of such lien hereof against the claims of all Persons and parties whomsoever, subject only to the Permitted Encumbrances.

SECTION 1.02        (a) Grantor will, at the sole cost and expense of Grantor, and without expense to Beneficiary or Trustee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as Beneficiary or Trustee shall from time to time reasonably require, for the better assuring, conveying, mortgaging, assigning, transferring and confirming unto Beneficiary or Trustee the property and rights hereby conveyed, mortgaged or assigned or intended now or hereafter so to be, or that Grantor may be or may hereafter become bound to convey, mortgage or assign to Beneficiary or Trustee, or for more effectively carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering or recording this Deed of Trust and, on demand, will execute and deliver and hereby authorizes Beneficiary or Trustee , as appropriate, to execute and record in the name of Grantor to the extent it may be lawful to do so, chattel mortgages or comparable security instruments to evidence more effectively the lien hereof upon the Mortgaged Property or any part thereof.  Grantor will also, at Beneficiary's request, sign any affidavits or other documents or instruments which may be necessary to maintain the priority of the lien of this Deed of Trust with respect to the Mortgaged Property or any part thereof, or to release or enforce such lien, including but not limited to any amendments, corrections, deletions or additions to this Deed of Trust.

(b)        Grantor expressly agrees, intending that Beneficiary rely thereon, that this Deed of Trust shall also constitute a **"security agreement,"** as such term is defined in the Code with respect to the Chattels, Intangibles and other Mortgaged Property. Grantor further expressly agrees, intending that Beneficiary rely thereon, that this Deed of Trust, to the extent permitted by law, shall also constitute a **"financing statement,"** and a **"fixture filing"** as each such term is defined in the Code with respect to the Fixtures (and for purposes thereof, Grantor confirms (i) the addresses of Grantor (Debtor) and Beneficiary (Secured Party) are set forth above, (ii) this Deed of Trust is to be filed for recording in appropriate public records of the county or counties where the Mortgaged Property is located, (iii) Grantor is the record owner of the Mortgaged Property, (iv) Grantor's state of organization the District of Columbia; and (v) Grantor's exact legal name is as set forth on Page 1 of this Deed of Trust;  By its execution of this Deed of Trust, Grantor hereby authorizes Beneficiary to file and/or record this Deed of Trust as a security instrument and fixture filing with respect to the Mortgaged Property or any part thereof, and authorizes Beneficiary to file one or more financing statements, amendments, fixture filings, renewals or continuation statements with respect to the Mortgaged Property or any part thereof, and authorizes Beneficiary to file any other document or instrument as may from time to time be permitted under the Code or which Beneficiary may otherwise deem desirable in connection with the Mortgaged Property or any part thereof.  If requested by Beneficiary, Grantor agrees to sign all such financing statements, amendments, renewal or continuation statements and other instruments and documents or, at Beneficiary's option, Beneficiary is hereby authorized by

-10-

Grantor to sign all such financing statements, amendments, renewals or continuation statements, documents and instruments in Grantor's name as Grantor's attorney-in-fact.    The foregoing authorization includes Grantor's irrevocable authorization for Beneficiary at any time and from time to time to file any initial financing statements and amendments thereto that indicate the Chattels (a) as "all assets" of Grantor or words of similar effect, regardless of whether any particular asset comprised in the Chattels falls within the scope of the Code of the State or the jurisdiction where the initial financing statement or amendment is filed, or (b) as being of an equal or lesser scope or with greater detail.

SECTION 1.03    (a) Grantor forthwith upon the execution and delivery of this Deed of Trust, and thereafter from time to time, will cause this Deed of Trust, and any other security instrument creating a lien or evidencing the lien hereof upon the Chattels and/or the Intangibles and each instrument of further assurance to be filed, registered and/or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect the lien hereof upon, and the interest of Beneficiary in, the Mortgaged Property.

(b)    Grantor will pay all filing, registration or recording fees, taxes and other charges, and all costs and expenses incident to the execution, acknowledgment, delivery and recording and/or filing of this Deed of Trust, the other Loan Documents, any mortgage supplemental hereto, any security instrument with respect to the Chattels or the Intangibles, and any instrument of further assurance, and all Federal, state, county and municipal stamp taxes and other taxes, duties, impositions, assessments and charges arising out of or in connection with the execution and delivery of the Note, this Deed of Trust or any mortgage supplemental hereto, any security instrument with respect to the Chattels and/or the Intangibles, any other Loan Document or any instrument of further assurance.

(c)    Upon Grantor's full satisfaction of the Obligations, and termination of all obligations, if any, of Beneficiary to make future advances under the Note, at Grantor's request and at Grantor's sole cost and expense (including, without limitation, the payment of all reasonable legal fees and disbursements), Beneficiary shall execute and deliver to Grantor a release of the lien of this Deed of Trust and termination statements as to any Uniform Commercial Code financing statements filed by Beneficiary in respect of the Mortgaged Property. Grantor shall be responsible for the recordation and filing of such release and termination statements, and the cost thereof.

SECTION 1.04    Grantor will punctually pay the principal and interest and all other sums to become due in respect of the Note, the Loan Documents and any Hedging Contract at the time and place and in the manner specified in the Note, the Loan Documents and any Hedging Contract, and all such principal and interest due in respect of the Note and the Loan Documents and amounts due under any Hedging Contract are hereby deemed an obligation due under this Deed of Trust.

SECTION 1.05    Grantor will, so long as it is the owner of the Mortgaged Property or any part thereof, do all things necessary to preserve and keep in full force and effect its existence, franchises, rights and privileges as a business or entity under the laws of the state of its organization and will comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental authority or court applicable to Grantor or to the Mortgaged Property or any part thereof.

SECTION 1.06    All right, title and interest of Grantor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to, the Mortgaged Property hereafter acquired by, or released to, Grantor, or constructed, assembled or placed by Grantor on the Property or any part thereof, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further mortgage, conveyance, assignment or other act by Grantor, shall become subject to the lien of this Deed of Trust as fully and completely, and with the same effect, as though now owned by Grantor and specifically described in the Granting Clause hereof, but at any and all times Grantor will execute and deliver to Beneficiary any and all such further assurances, mortgages, conveyances or assignments thereof as the Beneficiary may require for the purpose of expressly and specifically subjecting the same to the lien of this Deed of Trust.

SECTION 1.07    (a) Grantor, from time to time when the same shall become due and payable, will pay and discharge all taxes of every kind and nature, all general and special assessments, levies, permits, inspection and license fees, all water and sewer rents and charges, and all other public charges whether of a like or different nature, imposed upon or assessed against the Mortgaged Property, or any part thereof, or upon the revenues, rents, issues, income and profits of the Mortgaged Property, or any part thereof, or arising in respect of the occupancy, use or possession thereof (collectively, the "**Impositions**"). Grantor will, upon the request of Beneficiary, deliver to Beneficiary receipts evidencing the payment of all such Impositions, or any part thereof, or the revenues, rents, issues, income or profits thereof.

(b)    Grantor will pay, from time to time when the same shall become due, all lawful claims and demands of mechanics, materialmen, laborers and others, which claims and demands, if unpaid, might result in, or permit the creation of, a lien on the Mortgaged Property or any part thereof, or on the revenues, rents, issues, income and profits arising therefrom and in general will do or cause to be done everything necessary so that the lien of this Deed of Trust shall be fully preserved, at the sole cost and expense of Grantor, without expense to Beneficiary.

(c)    Nothing in this Section 1.07 shall require the payment or discharge of any obligation imposed upon Grantor by this Section so long as Grantor shall in good faith and at its own cost and expense contest the same in accordance with the Loan Agreement by appropriate legal proceedings that shall operate to prevent the collection thereof or other realization thereon and the sale or

forfeiture of the Property or any part thereof to satisfy the same; provided that during such contest Grantor shall, at the option of Beneficiary, provide security satisfactory to Beneficiary, assuring the discharge of Grantor's obligation hereunder and of any additional charge, penalty or expense arising from or incurred as a result of such contest; and provided further that if, at any time, payment of any obligation imposed upon Grantor by subsection (a) of this Section shall become necessary to prevent the delivery of a tax deed, or its equivalent, conveying the Property or any other part of the Mortgaged Property, or any part thereof, because of non-payment, then Grantor shall pay the same in sufficient time to prevent the delivery of such tax deed or its equivalent.

SECTION 1.08    Grantor will pay any and all taxes, charges, fees and/or levies by reason of Beneficiary's ownership of and interest in the Note, this Deed of Trust or the other Loan Documents or any Hedging Contract and/or resulting from the exercise by Beneficiary of any of its rights and/or remedies provided for under this Deed of Trust, except for income taxes.  The obligations assumed by Grantor pursuant to this Section 1.08 shall survive the exercise by Beneficiary of any of its rights and/or remedies under this Deed of Trust.

SECTION 1.09    (a) Grantor shall keep the Property and Chattels insured against such perils and hazards, and in such amounts and with such limits, as Beneficiary may from time to time require, and in any event will continuously maintain, at Grantor's sole cost and expense, the policies of insurance required under the terms of the Loan Agreement.

(b)    Grantor shall not take out separate insurance concurrent in form or contributing in the event of loss with that required to be maintained under this Section 1.09, unless Beneficiary is included thereon as a named insured with loss payable to Beneficiary under the standard mortgage endorsement.  Grantor shall immediately notify Beneficiary whenever any such separate insurance is taken out and shall promptly deliver to Beneficiary the policy or policies of such insurance.

(c)    Upon the request of Beneficiary, Grantor shall establish and maintain at all times while this Deed of Trust continues in effect an impound account (the "**Impound Account**") with Beneficiary for payment of real estate taxes and assessments and insurance on the Mortgaged Property and as additional security for the Obligations.  Upon the request of Beneficiary, Grantor shall deposit in the Impound Account an amount determined by Beneficiary to be necessary to ensure that there will be on deposit with Beneficiary an amount which, when added to the monthly payments subsequently required to be deposited with Beneficiary hereunder on account of real estate taxes, assessments and insurance premiums, will result in there being on deposit with Beneficiary in the Impound Account an amount sufficient to pay the next due annual installment of real estate taxes and assessments on the Mortgaged Property at least one (1) month prior to the delinquency date thereof (if paid in one installment) and the next due annual insurance premiums with respect to the

-13-

Mortgaged Property at least one (1) month prior to the delinquency date thereof (if paid in one installment). Commencing on the next monthly payment date under the Note and continuing thereafter on each monthly payment date under the Note, Grantor shall pay to Beneficiary, concurrently with and in addition to the monthly payment due under the Note and until the Obligations are fully paid and performed, deposits in an amount equal to one-twelfth (1/12) of the amount of the annual real estate taxes and assessments that will next become due and payable on the Mortgaged Property, plus one-twelfth (1/12) of the amount of the annual premiums that will next become due and payable on insurance policies which Grantor is required to maintain hereunder, each as estimated and determined by Beneficiary. So long as no default hereunder has occurred and is continuing, all sums in the Impound Account shall be held by Beneficiary in the Impound Account to pay said taxes, assessments and insurance premiums in one installment before the same become delinquent. Grantor shall be responsible for ensuring the receipt by Beneficiary, at least thirty (30) days prior to the respective due date for payment thereof, of all bills, invoices and statements for all taxes, assessments and insurance premiums to be paid from the Impound Account, and so long as no default hereunder has occurred and is continuing, Beneficiary shall pay the governmental authority or other party entitled thereto directly to the extent funds are available for such purpose in the Impound Account. In making any payment from the Impound Account, Beneficiary shall be entitled to rely on any bill, statement or estimate procured from the appropriate public office or insurance company or agent without any inquiry into the accuracy of such bill, statement or estimate and without any inquiry into the accuracy, validity, enforceability or contestability of any tax, assessment, valuation, sale, forfeiture, tax lien or title or claim thereof. The Impound Account shall not, unless otherwise explicitly required by applicable law, be or be deemed to be escrow or trust funds, but, at Beneficiary's option and in Beneficiary's discretion, may either be held in a separate account or be commingled by Beneficiary with the general funds of Beneficiary. No interest on funds contained in the Impound Account, if any, shall be paid by Beneficiary to Grantor. The Impound Account is solely for the protection of Beneficiary and entails no responsibility on Beneficiary's part beyond the payment of taxes, assessments and insurance premiums following receipt of bills, invoices or statements therefor in accordance with the terms hereof and beyond the allowing of due credit for the sums actually received. Upon assignment of this Deed of Trust by Beneficiary, any funds in the Impound Account shall be turned over to assignee and any responsibility of Beneficiary, as assignor, with respect thereto shall terminate. If the total funds in the Impound Account shall exceed the amount of payments actually applied by Beneficiary for the purposes of the Impound Account, such excess may be credited by Beneficiary on subsequent payments to be made hereunder or, at the option of Beneficiary, refunded to Grantor. If, however, the Impound Account shall not contain sufficient funds to pay the sums required when the same shall become due and payable, Grantor shall, within (10) days after receipt of written notice therefor, deposit with Beneficiary the full amount of any such deficiency. If Grantor shall fail to deposit with Beneficiary the full amount of such deficiency as

provided above, Beneficiary shall have the option, but not the obligation, to make such deposit, and all amounts so deposited by Beneficiary, together with interest thereon at the applicable Default Rate from the date so deposited by Beneficiary, until actually paid by Grantor, shall be immediately paid by Grantor on demand and shall be secured by this Deed of Trust.  If there is a default under this Deed of Trust which is not cured within any applicable grace or cure period, Beneficiary may, but shall not be obligated to, apply at any time the balance then remaining in the Impound Account against the Obligations in whatever order Beneficiary shall subjectively determine.  No such application of the Impound Account shall be deemed to cure any default hereunder.  Upon full payment of the Obligations in accordance with its terms or at such earlier time as Beneficiary may elect, the balance of the Impound Account then in Beneficiary's possession shall be paid over to Grantor and no other party shall have any right or claim thereto.

(d)    Grantor shall give Beneficiary prompt written notice of any damage to, or destruction of, the Improvements, or any part thereof, or of any other casualty or loss at or affecting the Property or the Chattels. Beneficiary's rights with respect to any insurance claim in respect of any such damage, destruction, casualty or loss shall be as provided in the Loan Agreement.  To the fullest extent permitted by applicable law, the proceeds of any insurance coming into the possession of Beneficiary in respect of any damage, destruction, casualty or loss shall not be deemed trust funds, and Beneficiary shall have the option, in its sole discretion, to apply any insurance proceeds it may receive pursuant hereto or otherwise to the payment of the Obligations, or to allow all or a portion of such proceeds to be used for the restoration of the Mortgaged Property in accordance with the terms of the Loan Agreement.

(e)    Grantor shall promptly commence and diligently continue to perform the repairs, restoration and rebuilding of the portion of the Improvements damaged or destroyed in accordance with the terms of the Loan Agreement.

SECTION 1.10    If Grantor shall fail to perform any of the covenants contained in Sections 1.01, 1.03, 1.05, 1.07, 1.08, 1.09, 1.12 or 1.20 hereof, Beneficiary may make advances to perform the same on its behalf upon ten (10) days' prior written notice to Grantor, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Grantor will repay on demand all sums so advanced on its behalf with interest at the Default Rate.  The provisions of this Section shall not prevent any default in the observance of any covenant contained in said Sections 1.01, 1.03, 1.05, 1.07, 1.08, 1.09, 1.12 or 1.20 from constituting an Event of Default. To the extent permitted by law, Beneficiary shall be subrogated to all right, title, lien or equity, notwithstanding any release of record, of all Persons to whom Grantor may have paid any monies as provided in this Section 1.10, provided, however, that nothing in this Section 1.10 shall be deemed or construed to relieve Grantor of the obligation to make any such payment.

SECTION 1.11    (a) Grantor will permit Beneficiary and its agents, accountants and attorneys to visit and inspect the Property and examine its records and

books of account and to discuss its affairs, finances and accounts with the officers of Grantor as provided in the Loan Agreement.

(b)    Grantor will deliver to Beneficiary the financial reports and statements as and when required pursuant to the Loan Agreement.

(c)    Grantor, within five (5) business days upon request in person, or within seven (7) business days upon request by mail, will furnish a written statement duly acknowledged of the amount due whether for principal or interest on the Note and whether any offsets, counterclaims or defenses exist against Beneficiary, or the Obligations, or any part thereof.

SECTION 1.12    Grantor will not commit any waste on the Mortgaged Property, or any part thereof, or make any change in the use of the Mortgaged Property, or any part thereof, that will in any way decrease the value of the Mortgaged Property or increase the risk of fire or other hazard or casualty arising out of construction or operation. Grantor will, at all times, maintain the Improvements in good operating order and condition and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements in connection therewith which are necessary or desirable to such end. The Improvements shall not be demolished or substantially altered, nor shall any Chattels be removed without the prior written consent of Beneficiary, except where appropriate replacements free of superior title, liens and claims are immediately made having value at least equal to the value of the removed Chattels.

SECTION 1.13    Grantor, immediately upon obtaining knowledge of the institution of any proceedings for the condemnation of the Property or Chattels or any part thereof, will notify Beneficiary of the pendency of such proceedings. Beneficiary's rights with respect to any such proceedings shall be as provided in the Loan Agreement (including, without limitation, Beneficiary's right to participate, and to be represented by counsel selected by Beneficiary, in such proceedings). Any award or compensation payable in connection with any such proceedings is hereby assigned to and shall be paid to Beneficiary, which assignment is in addition to and not in limitation of any security interest granted herein. The proceeds of any award or compensation shall be applied as provided in the Loan Agreement.

SECTION 1.14    (a) Grantor will not (i) execute an assignment of any Leases affecting the Property or any part thereon, or the Rents, or any part thereof, from the Property, except in favor of Beneficiary, or (ii) subject in all respects to the terms of the Loan Agreement, except where the lessee under any Lease is in default thereunder, terminate or consent to the cancellation or surrender of any such Lease, now existing or hereafter entered into, having an unexpired term of one (1) year or more, except that, subject in all respects to the terms of the Loan Agreement, any Lease may be cancelled provided that promptly after the cancellation or surrender thereof a new Lease is entered into with a new lessee having a credit standing, in the reasonable judgment of Beneficiary, at least equivalent to that of the lessee whose lease was cancelled, on substantially the same or better terms as the terminated or

-16-

cancelled Lease, or (iii) subject in all respects to the terms of the Loan Agreement, modify any such Lease so as to shorten the unexpired term thereof or so as to decrease the amount of the Rents payable thereunder, or (iv) subject in all respects to the terms of the Loan Agreement, accept prepayments of any installments of Rents to become due under such Leases, except prepayments in the nature of security for the performance of the lessees thereunder, or (v) subject in all respects to the terms of the Loan Agreement, in any other manner materially impair the value of the Mortgaged Property or the security of this Deed of Trust in the reasonable judgment of Beneficiary.

(b)    Subject in all respects to the terms of the Loan Agreement, Grantor will not execute any Lease of all or a substantial portion of the Property except for actual occupancy by the lessee thereunder, and will at all times promptly and faithfully perform, or cause to be performed promptly, all of the covenants, conditions and agreements contained in all Leases of the Property, or any part thereof, now or hereafter existing, on the part of the lessor thereunder to be kept and performed and will at all times do all things necessary to compel performance by the lessee under each Lease of all obligations, covenants and agreements by such lessee to be performed thereunder.  If any of such Leases provide for the giving by the lessee of an estoppel certificate with respect to the status of any such Leases, Grantor shall exercise its right to request such certificates within ten (10) days of any demand therefor by Beneficiary.

(c)    Grantor shall furnish to Beneficiary all information concerning lessees or occupants of the Property or Improvements as required under the Loan Agreement.

SECTION 1.15    Unless otherwise prohibited by applicable law, each Lease of the Property, or of any part thereof, shall provide that, in the event of the enforcement by Beneficiary of the remedies provided for by law or by this Deed of Trust, the lessee thereunder will, upon request of any Person succeeding to the interest of Grantor as a result of such enforcement, automatically become the lessee of said successor in interest, without change in the terms or other provisions of such Lease; provided, however, that said successor in interest shall not be bound by (i) any payment of rent or additional rent for more than one (1) month in advance, except prepayments in the nature of security for the performance by said lessee of its obligations under said Lease, or (ii) any amendment or modification of the Lease made without the consent of Beneficiary or such successor in interest.  Each such Lease shall provide that upon request by such successor in interest, such lessee shall execute and deliver an instrument or instruments confirming such attornment.

SECTION 1.16    Grantor hereby agrees that if in connection with the closing of the Loan (a) any of the Loan Documents or Hedging Contracts executed by Grantor misstates or inaccurately reflects the true and correct terms and provisions of the Loan or the Hedging Obligations or (b) Grantor failed to execute any documents or instruments that should have been executed by Grantor (regardless of whether said misstatement, inaccuracy or failure was due to the unilateral mistake of Beneficiary, the mutual mistake of Grantor and Beneficiary, or clerical error), then in such event, Grantor

-17-

shall, within ten (10) days of Beneficiary's request, and in order to correct any such misstatement, inaccuracy or failure, execute such new Loan Documents and/or Hedging Contracts as Beneficiary or any Affiliate Counterparty  or any other Affiliate of Beneficiary may deem necessary or desirable to remedy said inaccuracy, mistake or failure.

SECTION 1.17    Grantor will receive the advances secured by this Deed of Trust, and will hold the right to receive such advances, as a trust fund to be applied first for the purpose of paying the cost of contractors and materialmen for any improvements to the Property.

SECTION 1.18    Grantor agrees that it shall indemnify and hold Beneficiary, and any Affiliate Counterparty and any of its other Affiliates, Trustee and its Affiliates and their respective successors and assigns harmless against any loss or liability, cost or expense, including without limitation, any judgments, reasonable attorneys' fees, costs of appeal bonds and printing costs, arising out of or relating to any proceedings instituted by any contractor, subcontractor, materialman or other claimant alleging priority over the lien of this Deed of Trust by virtue of any work performed at the Property or materials provided to Grantor or any other party in connection with the Property.

SECTION 1.19    Grantor shall execute and deliver to the appropriate governmental authority any affidavit, instrument, document and/or filing required pursuant to any applicable statute, ordinance, rule and/or regulation in connection with the Property, the Note, the other Loan Documents and any Hedging Contract and/or the business and affairs of Grantor.

SECTION 1.20    Grantor expressly covenants and agrees to pay in full all Expenses required to be paid hereunder and under the Loan Agreement and any other Loan Document as and when provided herein or therein, as applicable.

SECTION 1.21    Intentionally Omitted.

SECTION 1.22    Grantor agrees as follows:

(a)    Grantor agrees that the Property shall at all times comply, to the extent applicable with the requirements of the Americans with Disabilities Act of 1990, as amended from time to time, the Fair Housing Amendments Act of 1988, as amended from time to time, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities, as amended from time to time (collectively, "**Access Laws**").

(b)    Notwithstanding any provisions set forth herein or in any other documents regarding Beneficiary's approval or alterations of the Property, Grantor shall not alter the Property in any manner that would increase Grantor's responsibilities for compliance with the applicable Access Laws without the prior

written approval of Beneficiary.   The foregoing shall apply to tenant improvements constructed by Grantor or by any of its tenants.  Beneficiary may condition any such approval upon receipt of a certificate of Access Laws compliance from an architect, engineer, or other Person reasonably acceptable to Beneficiary.

(c)    Grantor agrees to give prompt notice to Beneficiary of the receipt by Grantor of any complaints related to violations of any Access Laws and of commencement of any proceedings or investigations related to compliance with applicable Access Laws.

SECTION 1.23    Except as expressly permitted under the terms of the Loan Agreement, Grantor shall not, directly or indirectly, sell, convey, dispose of, alienate, hypothecate, lease, assign, pledge, mortgage, encumber or otherwise transfer (each a "**Transfer**" and, collectively, "**Transfers**") the Property, or any part thereof or interest therein (including, without limitation, any ownership interests, directly or indirectly, in Grantor), in any manner or way, whether voluntarily or involuntarily, and any such Transfer shall constitute an Event of Default hereunder giving Beneficiary the right, at its sole option, to declare any or all of the Obligations secured hereby immediately due and payable and to otherwise exercise any of its other rights and remedies contained in Article II hereof; and if such acceleration occurs during any period when a prepayment fee is payable pursuant to the provisions set forth in the Note, then, in addition, such prepayment fee shall then be immediately due and payable to the same extent as though Grantor were prepaying the entire Obligations secured hereby on the date of such acceleration.

SECTION 1.24    The parties hereto agree that all sums that may or shall become due and payable by Grantor to Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary in accordance with any Hedging Contract, whether or not such Hedging Contract is directly between Grantor and Beneficiary or between Grantor and any Affiliate Counterparty  or any other Affiliate of Beneficiary or any of their respective Affiliates, assignors or assignees, shall be secured by this Deed of Trust and shall constitute part of the Obligations secured hereby and the other Security Documents.  Subject to the terms of Section 2.02, the lien of this Deed of Trust insofar as it secures payment of sums that may or shall become due and payable by Grantor to Beneficiary or any Affiliate Counterparty  or any other Affiliate in accordance with any Hedging Contract is and shall continue to be equal in priority to the lien of this Deed of Trust insofar as it secures payment of the principal amount (but not interest (including interest at the Default Rate) consistent with Section 2.02 below) due under the Note.

(End of Article I)

## ARTICLE II

## Events of Default and Remedies

SECTION 2.01    The occurrence of any Default or Event of Default as defined in the Loan Agreement shall constitute a Default or Event of Default, as applicable, under this Deed of Trust.

Upon the occurrence of an Event of Default:

I.    Acceleration of the Obligations.    During the continuance of any such Event of Default, Beneficiary, by written notice given to Grantor, may declare the entire principal of the Note then outstanding (if not then due and payable), and all accrued and unpaid interest thereon, together with all other Obligations, to be due and payable immediately, notwithstanding anything to the contrary herein or in the Note, the other Loan Documents or any Hedging Contract;

II.    Possession of the Mortgaged Property.    During the continuance of any such Event of Default, with or without the appointment of a receiver, or an application therefor, Beneficiary personally, or by its agents or attorneys, may enter into and upon all or any part of the Property, and each and every part thereof, and may exclude Grantor, its agents and servants wholly therefrom; and having and holding the same, may use, operate, manage and control the Property and conduct the business thereof, either personally or by its superintendents, managers, agents, servants, attorneys or receivers; and upon every such entry, Beneficiary, at the expense of Grantor, from time to time, either by purchase, repairs or construction, may maintain and restore the Mortgaged Property, whereof it shall become possessed as aforesaid, may complete the construction of any of the Improvements and in the course of such completion may make such changes in the contemplated Improvements as it may deem desirable and may insure the same; and likewise, from time to time, at the expense of Grantor, Beneficiary may procure title reports, title insurance, surveys, appraisals and such other reports as Beneficiary, in its sole discretion, shall deem necessary, and make all necessary or proper repairs, replacements, renewals and such useful alterations, additions, betterments and improvements thereto and thereon as to it may deem advisable; and in every such case Beneficiary shall have the right to manage and operate the Property and to carry on the business thereof and exercise all rights and powers of Grantor with respect thereto either in the name of Grantor or otherwise as it shall deem best; and the license of Grantor to collect Rents shall be automatically and without notice revoked, and Beneficiary shall be entitled to collect and receive all earnings, revenues, rents, issues, profits and income of the Property and every part thereof, all of which shall for all purposes constitute property of Grantor; and in furtherance of such right Beneficiary may collect the Rents payable under all Leases of the Property directly from the lessees thereunder upon notice to each such lessee that an Event of Default exists hereunder accompanied by a demand on such lessee for the payment to Beneficiary of all Rents due and to become due under its Lease, and Grantor, for the benefit of Beneficiary and each such lessee hereby covenants and agrees that the lessee shall be under no duty to question the accuracy of Beneficiary's statement of default and shall unequivocally be authorized to pay said Rents to Beneficiary without regard to the truth of Beneficiary's statement of default and notwithstanding notices from Grantor disputing the existence of an Event of Default such that the payment of Rent by the lessee to Beneficiary pursuant to such a demand

shall constitute performance in full of the lessee's obligation under the Lease for the payment of Rents by the lessee to Grantor; and after deducting the expenses of conducting the business thereof and of all maintenance, repairs, renewals, replacements, alterations, additions, betterments and improvements and amounts necessary to pay for taxes, assessments, insurance and prior or other proper charges upon the Mortgaged Property, or any part thereof, as well as just and reasonable compensation for the services of Beneficiary and for all attorneys, counsel, agents, clerks, servants and other employees by it properly engaged and employed, Beneficiary shall apply the moneys arising as aforesaid, first to the payment of accrued interest under the Note, second, to the payment of the principal of the Note, when and as the same shall become payable, and finally to the payment of any other Obligations and sums required to be paid by Grantor under this Deed of Trust or the other Loan Documents or any Hedging Contract.

III.    Foreclosure and Other Remedies.  Trustee, if and as directed by Beneficiary, with or without entry, personally or by its agents or attorneys, insofar as applicable, may:

(1)    sell (and in the case of any default by any purchaser, resell) the Mortgaged Property, or any part thereof, to the extent permitted and pursuant to the procedures provided by law, and all estate, right, title and interest, claim and demand therein, and right of redemption thereof, at one or more sales as an entirety or in parcels, and at such time and place upon such terms and after such notice thereof as may be determined by Beneficiary or as required or permitted by law; or

(2)    institute proceedings for the complete or partial foreclosure of this Deed of Trust;

(3)    take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note, this Deed of Trust or the other Loan Documents or any Hedging Contract, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as Beneficiary or Trustee, as the case may be, shall elect; or

(4)    exercise any other right or remedy of a Beneficiary or secured party under the laws of the State.

IV.    Power of Sale.  Grantor hereby unconditionally and irrevocably gives, grants, sets over and confirms unto Trustee the Power of Sale, which Power of Sale may be unconditionally exercised at any time or times after an Event of Default and in connection therewith, Grantor hereby (a) consents to any one or more adjournments of the sale date which Trustee may grant, consent to and/or schedule, whether or not Grantor is notified of such adjournment and (b) waives any and all objections Grantor may have to the date of sale, the place of sale, the terms of sale and

any other matter selected by Beneficiary or Trustee. The sale by Trustee of less than the whole of the Mortgaged Property shall not exhaust the right to sell any remainder of the Mortgaged Property, and Trustee is specifically empowered to make a successive sale or sales until the whole of the Mortgaged Property shall be sold. If the proceeds of the sale of less than the whole of the Mortgaged Property is less than the aggregate of the Obligations or any other obligations secured hereby and payable under subsection (d) of Section 2.02, then this Deed of Trust and the lien hereof shall remain in full force and effect as to the unsold portion of the Mortgaged Property just as though no sale had been made.

V.    <u>Assent to Decree</u>. Grantor hereby assents to the passage of a decree for the sale of the Mortgaged Property, or any part thereof, by any court having jurisdiction, without notice to Grantor (except as expressly required by applicable law).

VI.    <u>Appointment of Receiver</u>. After the happening of any Event of Default and during its continuance, or upon the commencement of any proceedings to foreclose this Deed of Trust or to enforce the specific performance hereof or in aid thereof or upon the commencement of any other judicial proceeding to enforce any right of Beneficiary and Trustee, each of Trustee and Beneficiary shall be entitled, as a matter of right, if it shall so elect, without the giving of notice to any other party and without regard to the adequacy or inadequacy of any security for the Obligations, forthwith either before or after declaring the unpaid principal of the Note to be due and payable, to appoint a receiver or receivers in respect of the Property and/or other Mortgaged Property, and Grantor hereby consents to the appointment of such receiver or receivers.

VII.    <u>Rights of a Secured Party</u>. Trustee and Beneficiary, respectively, shall also have such other rights and/or remedies provided to a trustee and beneficiary and/or a secured party by the Code.

VIII.    <u>Other Remedies</u>. Beneficiary and Trustee each shall have the right, from time to time, to bring an appropriate action to recover any sums required to be paid by Grantor under the terms of this Deed of Trust, as they become due, without regard to whether or not any other obligations or liabilities shall be due, and without prejudice to the right of Beneficiary and Trustee thereafter to bring an action of a mortgage foreclosure, or any other action, for any default by Grantor existing at the time the earlier action was commenced. In addition, Beneficiary and Trustee each shall have the right to set-off all or any part of any amount due by Grantor to Beneficiary under any of the Loan Documents, against any indebtedness, liabilities or obligations owing by Beneficiary in any capacity to Grantor, including any obligation to disburse to Grantor any funds or other property on deposit with or otherwise in the possession, control or custody of Beneficiary.

SECTION 2.02    (a) Beneficiary may adjourn from time to time any sale by it to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales; and, except as otherwise provided by any applicable provision of law, Beneficiary, without further notice

or publication, may make such sale at the time and place to which the same shall be so adjourned.

(b)      Upon the completion of any sale or sales made by Trustee under or by virtue of this Article II, Trustee, or an officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold and shall execute and deliver to the appropriate governmental authority any affidavit, instrument, document and/or filing required pursuant to any applicable statute, ordinance, rule and/or regulation, of the State.    As long as the Obligations secured by this Deed of Trust remain unpaid, Trustee is hereby irrevocably appointed the true and lawful attorney of Grantor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose Trustee may execute all necessary instruments of conveyance, assignment and transfer, including, without limitation, any affidavit, instrument, document or filing required pursuant to any applicable statute, rule or regulation of the State, as the same may be amended from time to time, and may substitute one or more Persons with like power, Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof.    Nevertheless Grantor, if so requested by Trustee, shall ratify and confirm any such sale or sales by executing and delivering to Trustee or to such purchaser or purchasers all such instruments as may be advisable, in the reasonable judgment of Trustee, for that purpose, and as may be designated in such request.    Any such sale or sales made under or by virtue of this Article II, whether made under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Grantor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against Grantor and against any and all Persons claiming or who may claim the same, or any part thereof, from, through or under Grantor.

(c)      In the event of any sale made under or by virtue of this Article II (whether made under or by virtue of judicial proceedings, a judgment or decree of foreclosure or a Power of Sale), the entire principal of, and interest on, the Note, if not previously due and payable, and all other sums required to be paid by Grantor pursuant to this Deed of Trust, any other Loan Document or any Hedging Contract, immediately thereupon, shall, anything in the Note, this Deed of Trust, any other Loan Document or any Hedging Contract to the contrary notwithstanding, become due and payable.

(d)      The purchase money proceeds or avails of any sale made under or by virtue of this Article II, together with any other sums which then may be held by Beneficiary or Trustee under this Deed of Trust, whether under the provisions of this Article II or otherwise, shall be applied as follows:

First:  To the payment of all Expenses, including without limitation, the costs and expenses of such sale, including, but not limited to, the reasonable compensation to Beneficiary and Trustee, and their respective agents and counsel, and any sums that may be due under and/or pursuant to any statute, rule, regulation and/or law which imposes any tax, charge, fee and/or levy in connection with and/or arising from the exercise of any right and/or remedy under this Deed of Trust or the requirement that any sum be paid in order to record and/or file any deed, instrument of transfer or other such document in connection with any such sale and of any judicial proceedings wherein the same may be made, and of all expenses, liabilities and advances made or incurred by Beneficiary and Trustee under this Deed of Trust, together with interest at the Default Rate on all advances made by Beneficiary and all taxes or assessments, except any taxes, assessments or other charges subject to which the Mortgaged Property shall have been sold.

Second:  To the payment of the whole amount then due, owing or unpaid upon the Note for interest on the unpaid principal, including, without limitation, interest at the Default Rate from and after the happening of any Event of Default from the due date of any such payment of principal until the same is paid.

Third:  On a pari passu basis, to the payment of the whole amount then due, owing or unpaid (x) upon the Note for principal, and (y) all Hedging Obligations.

Fourth:  To the payment of the whole amount then due, owing or unpaid upon the other Obligations and any other sums required to be paid thereunder with interest on such other Obligations and other sums at the Default Rate from and after the happening of any Event of Default from the due date of any such other Obligations and other sums until the same is paid.

Fifth:  To the payment of the whole amount then due, owing or unpaid upon any other note made by Grantor held by Beneficiary for principal and interest, with interest on the unpaid principal at the default rate set forth in such other note, if applicable, from and after the happening of any Event of Default described in Section 2.01 from the due date of any such payment of principal until the same is paid.

Sixth: To the payment of any other Obligations and any other sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, the Note or the other Loan Documents or any Hedging Contract.

Seventh:  To the payment of the surplus, if any, to Grantor.

(e)    Upon any sale made under or by virtue of this Article II, whether made under or by virtue of judicial proceedings, a judgment or decree of foreclosure and sale, or a Power of Sale, Beneficiary may bid for and acquire the Mortgaged Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Obligations of Grantor secured by this Deed of Trust the net sales price after deducting therefrom the expenses of the sale and the costs of the action and any other sums which Beneficiary or Trustee is authorized to deduct under this Deed of Trust.

SECTION 2.03      (a) In case an Event of Default described in Section 2.01 shall have occurred and be continuing, then, upon written demand of Beneficiary, Grantor will pay to Beneficiary the whole amount which then shall have become due and payable on the Note, for principal or interest or both, and all amounts due under any Hedging Contract, as the case may be, and after the happening of said Event of Default will also pay to Beneficiary interest at the Default Rate on the then unpaid principal of the Note, and the sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, and in addition thereto such further amount as shall be sufficient to cover all outstanding Expenses including, without limitation, the costs and expenses of collection, including reasonable compensation to Beneficiary, its agents, and counsel and any expenses incurred by Beneficiary hereunder. In the event Grantor shall fail forthwith to pay such amounts upon such demand, Beneficiary shall be entitled and empowered to institute such action or proceedings at law or in equity as may be advised by its counsel for the collection of the sums so due and unpaid, and may prosecute any such action or proceedings to judgment or final decree, and may enforce any such judgment or final decree against Grantor and collect, out of the property of Grantor wherever situated, as well as out of the Mortgaged Property, in any manner provided by law, moneys adjudged or decreed to be payable.

(b)    Beneficiary shall be entitled to recover judgment as aforesaid either before or after or during the pendency of any proceedings for the enforcement of the provisions of this Deed of Trust; and the right of Beneficiary to recover such judgment shall not be affected by any entry or sale hereunder, or by the exercise of any other right, power or remedy for the enforcement of the provisions of this Deed of Trust along with the amount of any other Obligations, or the foreclosure of the lien hereof; and in the event of a sale of the Mortgaged Property, or any part thereof, and of the application of the proceeds of sale, as in this Deed of Trust provided, to the payment of the debt hereby secured (including all Obligations), Beneficiary shall be entitled to enforce payment of, and to receive all amounts then remaining due and unpaid upon the Note, the other Loan Documents and the Hedging Contracts and to enforce payment of all other charges, payments and costs due under this Deed of Trust, the other Loan Documents and the Hedging Contracts and shall be entitled to recover judgment for any portion of the debt remaining unpaid, with interest at the Default Rate. In case of the commencement of any case against Grantor under any applicable bankruptcy, insolvency, or other similar law now or hereafter in effect or any proceedings for its reorganization or involving the liquidation of its assets, then

-25-

Beneficiary shall be entitled to prove the whole amount of principal and interest due upon the Note to the full amount thereof, and all other payments, charges and costs  and other Obligations due under this Deed of Trust, without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Mortgaged Property; provided, however, that in no case shall Beneficiary receive a greater amount than such principal and interest and such other payments, charges and costs and other Obligations from the aggregate amount of the proceeds of the sale of the Mortgaged Property and the distribution from the estate of Grantor.

(c)    No recovery of any judgment by Beneficiary or Trustee, and no levy of an execution under any judgment upon the Mortgaged Property or upon any other property of Grantor shall affect in any manner or to any extent, the lien of this Deed of Trust upon the Mortgaged Property, or any part thereof, of any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary or Trustee shall continue unimpaired as before.

(d)    Any moneys thus collected by Beneficiary and Trustee under this Section 2.03 shall be applied to the Obligations by Beneficiary in accordance with the provisions of subsection (d) of Section 2.02.

SECTION 2.04    After the happening of any Event of Default and immediately upon the commencement of any action, suit or other legal proceedings by Beneficiary or Trustee to obtain judgment for the principal of, or interest on, the Note, and/or all other Obligations and/or other sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, or of any other nature in aid of the enforcement of the Note or of this Deed of Trust, Grantor will (a) consent to the service of process as provided in Section 3.11 hereof and enter its voluntary appearance in such action, suit or proceeding, and (b) if required by Beneficiary or Trustee, consent to the appointment of a receiver or receivers of the Mortgaged Property, or any part thereof, and of all the earnings, revenues, rents, issues, profits and income thereof.

SECTION 2.05    Notwithstanding the appointment of any receiver, liquidator or trustee of Grantor, or of any of its property, or of the Mortgaged Property or any part thereof, Beneficiary and Trustee shall be entitled to retain possession and control of all property now or hereafter held under this Deed of Trust.

SECTION 2.06    No remedy herein conferred upon or reserved to Beneficiary or Trustee is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. No delay or omission of Beneficiary or Trustee to exercise any right or power accruing upon any Event of Default shall impair any such right or power, or shall be construed to be a waiver of any such Event of Default or any acquiescence therein; and every power and remedy given by this Deed of Trust to Beneficiary or Trustee may be exercised from time to time as often as may be deemed expedient by Beneficiary or Trustee.

Nothing in this Deed of Trust shall affect the obligation of Grantor to pay the principal of, and interest on, the Note in the manner and at the time and place therein respectively expressed.

SECTION 2.07    Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; nor, after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof and Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any power herein granted or delegated to Beneficiary or Trustee, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. Grantor, for itself and all who may claim under it, waives, to the extent that it lawfully may, all right to have the Mortgaged Property, or any part thereof, marshaled upon any foreclosure hereof. Grantor, for itself and all who may claim under it, further waives and relinquishes (i) all rights to a marshalling of the assets of Grantor, including the Mortgaged Property, or to a sale in the inverse order of alienation in the event of a foreclosure of the Mortgaged Property, and agrees not to assert any right under any law pertaining to the marshalling of assets, the sale in inverse order of alienation, the exemption of homestead, the administration of estates of decedents, or other matters whatsoever to defeat, reduce or affect the right of Beneficiary under the terms of this Deed of Trust to a sale of the Mortgaged Property without any prior or different resort for collection, or the right of Beneficiary to the payment of the Obligations out of the proceeds of sale of the Mortgaged Property in preference to every other claimant whatsoever, (ii) any right to bring or utilize any defense, counterclaim or setoff; provided, if any defense, counterclaim or setoff is timely raised in a foreclosure action, such defense, counterclaim or setoff shall be dismissed, and (iii) any and all rights and remedies which Grantor may have or be able to assert by reason of the provisions of any Laws pertaining to the rights and remedies of sureties.

SECTION 2.08    During the continuance of any Event of Default, and pending the exercise by Beneficiary or Trustee of its right to exclude Grantor from all or any part of the Property, Grantor agrees to pay the fair and reasonable rental value for the use and occupancy of the Mortgaged Property, or any part thereof that is in its possession for such period, and upon default of any such payment, will vacate and surrender possession of the Mortgaged Property, or any part thereof, to Beneficiary or Trustee or to a receiver, if any, and in default thereof may be evicted by any summary action or proceeding for the recovery of possession of the Property for non-payment of rent, however designated.

(End of Article II)

# ARTICLE III

## TRUSTEE

SECTION 3.01       Trustee shall have no liability or responsibility for, and make no warranties in connection with, the validity or enforceability of any of the Loan Documents or the description, value or status of title to the Property or other Mortgaged Property.   Trustee shall be protected in acting upon any notice, request, consent, demand, statement, note or other paper or document believed by Trustee to be genuine and to have been signed by the party or parties purporting to sign the same.   Trustee shall not be liable for any error of judgment, nor for any act done or step taken or omitted, nor for any mistakes of law or fact, nor for anything which Trustee may do or refrain from doing in good faith, nor shall Trustee have any liability hereunder, except for errors or omissions of the Trustee resulting from the Trustee's own willful misconduct or gross negligence.   The powers and duties of Trustee hereunder may be exercised through such attorneys, agents or servants as Trustee may appoint, and Trustee shall have no liability or responsibility for any act, failure to act, negligence or willful conduct of such attorney, agent or servant, so long as the selection of such attorney, agent or servant was made by Trustee in a commercially reasonable manner.   In addition, Trustee may consult with legal counsel selected by Trustee, and Trustee shall have no liability or responsibility by reason of any act or failure to act in accordance with the advice or opinions of such counsel.   Trustee may act hereunder and may sell or otherwise dispose of the Mortgaged Property or any part thereof as herein provided, although Trustee has been, may now be or may hereafter be, an attorney, officer, agent or employee of Beneficiary, in respect of any matter or business whatsoever.   Trustee, however, shall have no obligation to sell all or any part of the Mortgaged Property following an Event of Default or to take any other action authorized to be taken by Trustee hereunder, except upon the demand of Beneficiary.

SECTION 3.02       Grantor shall and does hereby indemnify Trustee and hold Trustee harmless from and against any and all Claims and Expenses directly or indirectly arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the Mortgaged Property or the Loan, including but not limited to any Claim arising out of or resulting from any assertion or allegation that Trustee is liable for any act or omission of Grantor or any other Person in connection with the ownership, development, financing, operation or sale of the Mortgaged Property, or any part thereof; provided, however, that Grantor shall not be obligated to indemnify Trustee with respect to any Claim arising solely from the gross negligence or willful misconduct of Trustee or Beneficiary or any of their respective agents or representatives.   The agreements and indemnifications contained in this Section 3.02 shall apply to Claims arising both before and after the repayment of the Loan and shall survive the repayment of the Loan, any foreclosure or deed in lieu thereof and any other action by Trustee to enforce the rights and remedies of Beneficiary or Trustee hereunder or under the other Loan Documents.

SECTION 3.03        Beneficiary shall have, and is hereby granted with warranty of further assurances, the irrevocable power to appoint a new or replacement or substitute Trustee.  Such power may be exercised at any time and from time to time without notice to Grantor, without cause and without specifying any reason therefor, by filing for record in the office where this Deed of Trust is recorded a Deed of Appointment.  The power of appointment of a successor Trustee may be exercised as often as and whenever Beneficiary may choose, and the exercise of the power of appointment, no matter how often, shall not be an exhaustion thereof.  Upon the recordation of such Deed or Deeds of Appointment, the Trustee so appointed shall thereupon, without any further act or deed of conveyance, become fully vested with identically the same title and estate in and to the Mortgaged Property and with all the rights, powers, trusts and duties of its predecessor in the trust hereunder with like effect as if originally named as Trustee hereunder.  Whenever in this Deed of Trust reference is made to Trustee, it shall be construed to mean each Person appointed as Trustee for the time being, whether original or successor in trust.  All title, estate, rights, powers, trusts and duties granted to Trustee shall be in each Person appointed as Trustee so that any action hereunder by any Person appointed as Trustee shall for all purposes be deemed to be, and as effective as, the action of all Trustees.

(End of Article III)

## ARTICLE IV

### Miscellaneous

SECTION 4.01        In the event any one or more of the provisions contained in this Deed of Trust or in the Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall, at the option of Beneficiary, not affect any other provision of this Deed of Trust, but this Deed of Trust shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

SECTION 4.02        All notices hereunder shall be in writing and shall be deemed to have been sufficiently given or served for all purposes if given or served in accordance with the provisions of the Loan Agreement to the addressee(s) and address(es) specified therein (as such address(es) may be changed pursuant to the provisions of the Loan Agreement).

SECTION 4.03        All covenants hereof shall be construed as affording to Beneficiary and Trustee rights additional to and not exclusive of the rights conferred under the provisions of the laws of the State or any other applicable law.

SECTION 4.04        All of the grants, terms, conditions, provisions and covenants of this Deed of Trust shall run with the land, shall be binding upon Grantor and shall inure to the benefit of Beneficiary for itself and as agent for any Affiliate

Counterparty or other Affiliate of Beneficiary holding any Obligations, subsequent holders of this Deed of Trust and their respective successors and assigns.  For the purpose of this Deed of Trust, the term "Grantor" shall include and refer to the Grantor named herein, any subsequent owner of the Mortgaged Property, or any part thereof, and their respective heirs, executors, legal representatives, successors and assigns.  If there is more than one Grantor, all their undertakings hereunder shall be deemed joint and several.

SECTION 4.05       Nothing in this Deed of Trust, the Note or in any other Loan Documents between Grantor and Beneficiary shall require Grantor to pay, or Beneficiary to accept, interest in an amount which would subject Beneficiary to any penalty or forfeiture under applicable law. In the event that the payment of any charges, fees or other sums due hereunder or under the Note or any other Loan Documents, which are or could be held to be in the nature of interest and which would subject Beneficiary to any penalty or forfeiture under applicable law, then, ipso facto, the obligations of Grantor to make such payment shall be reduced to the highest rate authorized under applicable law. Should Beneficiary receive any payment which is or would be in excess of the highest rate authorized under law, such payment shall have been, and shall be deemed to have been, made in error, and shall automatically be applied to reduce the outstanding principal balance of the Obligations.

SECTION 4.06       (a)    This Deed of Trust and all of the terms, covenants, provisions, conditions and grants contained in this Deed of Trust cannot be altered, amended, waived, modified or discharged orally, and no executory agreement shall be effective to modify, waive or discharge, in whole or in part, anything contained in this Deed of Trust unless it is in writing and signed by the party against whom enforcement of the modification, alteration, amendment, waiver or discharge is sought.

(b) Any amendment, waiver or consent with respect to this Deed of Trust that (i) amends or modifies this Section 4.06, (ii) except to the extent that Beneficiary is similarly adversely impacted, modifies any other provision of this Deed of Trust in a manner that adversely impacts the rights of an Affiliate Counterparty: (x) with respect to the priority hereunder of any security for any Hedging Obligations (including, without limitation, the definitions of Affiliate Counterparty, Obligations, Hedging Contract and Hedging Obligations, and the provisions of Section 2.02(d) hereof), or (y) as an indemnitee hereunder; or (iii) imposes any additional obligations on an Affiliate Counterparty, in each case under this Section 4.06(b) shall, in addition to the consent of the Beneficiary, require the consent of any Affiliate Counterparty.

SECTION 4.07       Grantor acknowledges that it has received a true copy of this Deed of Trust.

SECTION 4.08       Time is of the essence as to each of Grantor's obligations under this Deed of Trust.

SECTION 4.09    The information set forth on the cover hereof is hereby incorporated herein.

SECTION 4.10    The Mortgaged Property includes, and shall be deemed to include, inter alia, the Chattels and the Intangibles, regardless of whether they are held or hereafter acquired, by Grantor in, to and under the Mortgaged Property. By executing and delivering this Deed of Trust, Grantor has granted, in the same manner and with the same effect described in the Granting Clause hereof, to Beneficiary for itself and as agent for any Affiliate holding any Obligations, as additional security, a security interest in the Chattels and the Intangibles which are subject to the Code.  If any Event of Default shall occur, Beneficiary shall have, in addition to any and all other rights and remedies set forth in this Deed of Trust and any other Loan Document, and may exercise without demand, any and all rights and remedies granted to a secured party under the Code, including, but not limited to, the right to take possession of the Chattels and the Intangibles, or any part thereof, and the right to advertise and sell the Chattels and the Intangibles, or any part thereof, pursuant to and in accordance with the power of sale provided for in this Deed of Trust.  Grantor agrees that any notice of sale or other action intended by Beneficiary with respect to the Chattels and the Intangibles, or any part thereof, shall constitute reasonable notice if it is sent to Grantor not less than ten (10) days prior to any such sale or intended action. The proceeds of any such sale of the Chattels and the Intangibles, or any part thereof, shall be applied in the manner set forth Section 2.02 (d) of this Deed of Trust

SECTION 4.11    Grantor hereby irrevocably submits to the jurisdiction and venue of any state or federal court sitting in the District of Columbia over any suit, action or proceeding arising out of or relating to this Deed of Trust and any other Loan Documents, and Grantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding may be made by certified or registered mail, return receipt requested, directed to Grantor at the address set forth above, and service so made shall be complete five (5) days after the same shall have been so mailed.

SECTION 4.12    By inspecting the Property or other Mortgaged Property, or by accepting or approving anything required to be observed, performed or fulfilled by Grantor or to be given to Beneficiary pursuant to this Deed of Trust or any of the other Loan Documents or any Hedging Contract, Beneficiary shall not be deemed to have warranted or represented the condition, sufficiency, legality, effectiveness or legal effect of the same, and such acceptance or approval shall not constitute any warranty or representation with respect thereto by Beneficiary.

SECTION 4.13    Grantor and Beneficiary shall upon a mutual agreement to do so execute such documents as may be necessary in order to effectuate the modification of this Deed of Trust, including the execution of substitute mortgages, so as to create two or more coordinate liens on the Mortgaged Property or a portion thereof in such amounts as may be mutually agreed upon but in no event to exceed, in the aggregate, the Deed of Trust Amount, together with all other Obligations secured by this Deed of Trust.  Grantor shall pay all costs in connection with said

modification, including, but not limited to, title examination costs, title insurance premiums, charges, and any mortgage recording taxes. Nothing contained herein shall require Beneficiary to execute said documents if the property encumbered by said coordinate mortgages shall be less than the property mortgaged hereby.

SECTION 4.14    If Grantor consists of two (2) or more Persons, the term "Grantor" shall refer to all Persons signing this Deed of Trust as Grantor, and to each of them, and all of them are jointly and severally bound, obligated, and liable hereunder. Beneficiary may release, compromise, modify or settle with any of Grantor, in whole or in part, without impairing, lessening or affecting the obligations and liabilities of the others of Grantor hereunder or under any of the Loan Documents or any Hedging Contract. Any of the acts mentioned aforesaid may be done without the approval or consent of, or notice to, any of Grantor.

**GRANTOR, AND BY ITS ACCEPTANCE HEREOF, BENEFICIARY, MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST IN RESPECT OF ANY LITIGATION BASED ON THIS DEED OF TRUST, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS DEED OF TRUST OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY.  THIS WAIVER IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE AND CONSTITUTES A MATERIAL INDUCEMENT FOR GRANTOR AND BENEFICIARY TO ENTER INTO THE TRANSACTIONS CONTEMPLATED HEREBY. GRANTOR AND BENEFICIARY ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.**

SECTION 4.15    **GRANTOR HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF BENEFICIARY ON THIS DEED OF TRUST, ANY AND EVERY RIGHT GRANTOR MAY HAVE (I) TO OBJECT  TO THE JURISDICTION OR VENUE OF ANY STATE COURT IN THE DISTRICT OF COLUMBIA OR ANY FEDERAL COURT LOCATED IN THE STATE, (II) TO INJUNCTIVE RELIEF, (III) TO INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS), AND (IV) TO HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING. NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT GRANTOR FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST BENEFICIARY WITH RESPECT TO ANY ASSERTED CLAIM. THE FOREGOING WAIVERS ARE GIVEN KNOWINGLY AND VOLUNTARILY BY GRANTOR. BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF ANY OR ALL OF THE FOREGOING WAIVERS.**

SECTION 4.16    **The enforcement of this Deed of Trust shall be governed, construed and interpreted by the laws of the State (without giving effect to the State's principles of conflicts of law).**

SECTION 4.17    Beneficiary, in its sole discretion, shall have the right to announce and publicize relevant information with respect to the financing secured by this Deed of Trust, as it deems appropriate or desirable, by means and media selected by Beneficiary, including, but not limited to, newspapers, magazines, trade publications and the like.  Such publicity may, at Beneficiary's discretion, include all pertinent information relating to the Note, the Loan Agreement, the Deed of Trust and the Property including, without limitation, the term, purpose, interest rate, Deed of Trust Amount, name of Grantor and Beneficiary, location of the Property and the nature of any Improvements.  The form and content of the published information shall be in the sole discretion of Beneficiary.  All expenses related to such publicity shall be the sole responsibility of Beneficiary.

SECTION 4.18    Grantor hereby indemnifies Beneficiary and any Affiliate Counterparty and any other of its Affiliates (including their respective agents and representatives) and holds Beneficiary and any Affiliate Counterparty and any other of its Affiliates (including their respective agent and representatives) harmless from and against any and all Claims and Expenses directly or indirectly arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the Loan, other Obligations the Mortgaged Property, the Loan Documents or any Hedging Contract, including, without limitation, any Claim arising out of or resulting from any assertion or allegation that Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary is liable for any act or omission of Grantor or any other Person in connection with the ownership, development, financing, operation or sale of the Mortgaged Property, or any part thereof; provided, however, that Grantor shall not be obligated to indemnify Beneficiary any Affiliate Counterparty or any other Affiliate of Beneficiary with respect to any Claim that is determined by a final non-appealable order or judgment as arising solely from the gross negligence or willful misconduct of Beneficiary or any Affiliate Counterparty or any other of its Affiliates, or any of their respective agents or representatives to the extent that such gross negligence or willful misconduct is determined by the final judgment of a court of competent jurisdiction, not subject to further appeal, in proceedings to which such Beneficiary, or any Affiliate Counterparty or any other its Affiliates or any of their respective agents or representatives is a proper party.  The agreements and indemnifications contained in this Section shall apply to Claims arising both before and after the repayment of the Loan and the Hedging Obligations and shall survive the repayment of the Loan and any Hedging Obligations, any foreclosure or deed in lieu thereof and any other action by Beneficiary or any Affiliate Counterparty or any other of its Affiliates to enforce the rights and remedies of Beneficiary or any such Affiliate Counterparty or other Affiliate hereunder or under the other Loan Documents or under any Hedging Contract.

SECTION 4.19    This Deed of Trust may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed to be an

original and all such counterparts shall together constitute but one and the same mortgage.

SECTION 4.19   NOTICE: THE OBLIGATIONS SECURED BY THIS DEED OF TRUST IS SUBJECT TO CALL IN FULL IN EVENT OF SALE, CONVEYANCE OR FURTHER ENCUMBRANCE.

SECTION 4.20  Grantor and Beneficiary acknowledge and agree that an Affiliate Counterparty or other Affiliate of Beneficiary is providing a Hedging Contract as an accommodation to the Borrower; accordingly, it is intended by the parties that all Hedging Obligations shall be secured by this Deed of Trust and Beneficiary, as agent for such Affiliate Counterparty or other Affiliate, shall collect and pay over to such Affiliate Counterparty or other Affiliate amounts received from Borrower and/or the collateral to satisfy the Hedging Obligations in the manner and order set forth in this Deed of Trust and the other Loan Documents.   The parties acknowledge that Beneficiary has the right to acquire a participation or other interest in the Hedging Obligations to facilitate the collateralization of the same.

(End of Article IV)

[NO FURTHER TEXT ON THIS PAGE]

**IN WITNESS WHEREOF**, this Deed of Trust has been duly executed by Grantor as of the day and year first above written.

**GRANTOR:**

**945 LONGFELLOW ST NW LLC,**
a District of Columbia limited liability company

By: _____ (SEAL)
Ali Razjooyan, Sole Member

## ACKNOWLEDGEMENT

State/District of _____MARYLAND_____ )

City/County of ___MONTGOMERY___ ) To Wit:

In said jurisdiction, on ___August 30, 2022___, before me personally appeared Ali Razjooyan, to me known as the Sole Member of 945 Longfellow Street NW LLC, a District of Columbia limited liability company ("Grantor"), and the person executing these presents in such capacity on behalf of Grantor, the party executing the foregoing instrument, and s/he acknowledged said instrument by him/her so executed to be his/her free act and deed in such capacity and the free act and deed of Borrower for the purposes set forth in said instrument.

[SEAL]                    Kos N. Johns, Notary Public

My commission expires:   5/19/2025

Notary Registration No.:   n/a

**[Signature Page for Deed of Trust and Security Agreement]**

-35-

## **SCHEDULE A**

### **Legal Description**

Lot numbered Thirty Three (33), in Square numbered Twenty Nine Hundred Ninety One (2991), in the subdivision made by D.B. Groff of Lots in Block 8, "Brightwood Park", as per plat recorded in the Office of the Surveyor of the District of Columbia in Liber County 8 at Folio 44.

Property address: 945 Longfellow Street, NW, Washington, D.C. 20011

**Doc #: 2022090841**
**Filed & Recorded**
**08/31/2022 11:03 AM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
   **RECORDING FEES**          $150.00
   **SURCHARGE**               $6.50
   **RECORDATION TAX FEES**    $26,002.13
**TOTAL:**                     $26,158.63

REFINANCE DEED OF TRUST SECURING $1,750,000.00
Deed of Trust dated 8/16/19 as Instrument No. 2019087398
**\*M10332CL000003745551900100940218\***

## DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS

This **DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS** (this "Deed of Trust") is entered into as of **January 3, 2020**, among **2501 Naylor Rd SE LLC**, a **District of Columbia** limited liability company, with an address of **2501 Naylor Rd SE, Washington, District of Columbia 20020** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **2501 Naylor Rd SE, Washington, District of Columbia 20020** (the "Address(es)").

### 1.    DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1    <u>Deed of Trust</u>. For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated **January 3, 2020**, by **2501 Naylor Rd SE LLC** in favor of the Beneficiary in the original principal amount of **$1,750,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$1,750,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2    <u>Security Interest in Property</u>. As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3    Collateral Assignment of Leases and Rents.  The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property.  This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4    Conditions to Grant.  The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5    Property.  The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6    Obligations.  The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

2

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7     Cross-Collateral and Future Advances.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.     REPRESENTATIONS, WARRANTIES, COVENANTS

2.1     Representations and Warranties.  The Trustor represents and warrants that:

(a)     This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)     The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)     The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)     As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)     Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2     Recording; Further Assurances.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust.  Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law.  To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction.  The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein. Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3    Restrictions on the Trustor. The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)    Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)    Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)    Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien. The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same. The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4    Operation of Property. The Trustor covenants and agrees as follows:

(a)    The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)      The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary.  Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request.  The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary.  The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)      Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)      Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)      Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5    Payments.  The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section.  The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof.  The Trustor shall furnish to the Beneficiary the receipted real estate tax

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     Notices; Notice of Default. The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases.  The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7     Takings. In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto.  The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking.  The Trustor shall not settle any such claim without the Beneficiary's prior written consent.  The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary.  The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations.  The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8     Insurance Proceeds. The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose.  Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

## 3.     CERTAIN RIGHTS OF THE BENEFICIARY

3.1     Legal Proceedings. The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2     Appraisals/Assessments. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3     Financial Statements. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

3.4     Substitution of Trustee.  The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder.  Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder.  Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee.  The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5     Leases and Rent Roll.  The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.     DEFAULTS AND REMEDIES

4.1     Events of Default.  "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)     default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)     failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)     the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)     failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)     default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)     if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)     if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)     the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)     the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)     the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)     a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)     the termination or revocation of any guaranty of the Obligations; or

(n)     the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2     <u>Remedies</u>.  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)     Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)     Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)     With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d) In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e) Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f) Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

9

Substances.

4.3    <u>Advances</u>. If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.  Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4    <u>Cumulative Rights and Remedies</u>. All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5    <u>Trustor's Waiver of Certain Rights</u>. To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6    <u>Transfer of Title</u>. Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7    <u>Effect of Sale</u>. Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8    <u>Reconveyance</u>. Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust. Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5.    MISCELLANEOUS

5.1    <u>Costs and Expenses</u>. To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2   Survival of Claims for Costs and Expenses.   It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment.  If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation:  (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation.  The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note.  All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation.  Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3   Indemnification Regarding Leases.   The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases.  It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4   Indemnification Regarding Hazardous Substances.   The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property.   The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5   Indemnitee's Expenses.   If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6    Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7    Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8    Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9    Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10    Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11    Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

Notices.    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    Governing Law.    This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    Reproductions.    This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    Beneficiary Affiliates.    The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.    The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.    For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.    Control may be by ownership, contract, or otherwise.

5.16    Jurisdiction and Venue.    The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Virginia and any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust. The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    **JURY WAIVER.  THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED.  THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

EXECUTED under seal as of the date first above written.

Witness:

_____

Trustor:
2501 Naylor Rd SE LLC

By: _____
Ali Razjooyan, Manager

2501 Naylor Rd SE
Washington, District of Columbia
20020

~~State of Maryland~~
DISTRICT OF COLUMBIA
COUNTY OF _Montgomery_ , SS.

The foregoing instrument was acknowledged before me this ___ day of _January_ , 20 __
by Ali Razjooyan, Manager of 2501 Naylor Rd SE LLC, a District of Columbia Limited Liability Company, on
behalf of such Limited Liability Company.

_____ , NOTARY PUBLIC
MY COMMISSION EXPIRES: _5/19/24_
_____
TYPE OR PRINT NAME

14

**EXHIBIT "A"**

**Property Description**

Lots numbered Twenty Eight (28), and Twenty Nine (29), in a subdivision made by the United States Realty of Washington, D.C., Inc., as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber County 21 at Folio 31.

NOTE: At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 0812 in Square 5627.

Property Address:  2501 Naylor Road, S.E., Washington, D.C. 20020

15

```
Doc #: 2020006219
Filed & Recorded
01/15/2020 10:11 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $150.00
   SURCHARGE               $6.50
   RECORDATION TAX FEES    $7,627.00
TOTAL:                     $7,783.50
```

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No.    21-251
Tax Account No. SQ 5924 Lot 0083

LOAN # 4847257-9001

## DEED OF TRUST AND SECURITY AGREEMENT

Dated: February 15, 2022

REFINANCE DEED OF TRUST
SECURING in the amount of
$10,000,000.00

Prior Deed of Trust dated 4/30/2021 as Instrument No. 2021061187

FROM

### 4303-4313 WHEELER RD SE LLC,
a District of Columbia limited liability company, as **Grantor**

TO

### Commerce Southern Corp.,
a Virginia Corporation, as **Trustee**

FOR THE BENEFIT OF

### TD BANK, N.A., Beneficiary
a national banking association

This document serves as a Fixture Filing under the District of Columbia Uniform
Commercial Code.

LOCATION OF PROPERTY:

| | |
|---|---|
| Street Address: | 4303-4313 Wheeler Road S.E. (4305 Wheeler Road S.E.) |
| City/Town: | Washington |
| State: | District of Columbia |
| Square/Lot No: | 5924 083 |

After recording, please return to:

Andrea C. Davison, Esq.
Bean Kinney & Korman PC
2311 Wilson Blvd., Suite 500
Arlington, Virginia 22201

1

**THIS DEED OF TRUST AND SECURITY AGREEMENT** (the "**Deed of Trust**"), made as of the date stated above, given by **4303-4313 WHEELER RD SE LLC,** a District of Columbia limited liability company, as assignor, having its principal place of business at 115 Bytham Ridge Lane, Potomac, Maryland, 20854 ("**Grantor**"), in favor of Commerce Southern Corp., a Virginia Corporation, having an address at 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "**Trustee**"), for the benefit of TD BANK, N.A., a national banking association, having an office at 4061 Powder Mill Road, #420, Calverton, Maryland 20705 ("**Beneficiary**").

<u>W I T N E S S E T H</u>:

**WHEREAS**, Grantor is the owner of, that certain parcel of real property commonly known as 4035 Wheeler Road S.E., Washington, District of Columbia, as more particularly described in <u>Schedule A</u> attached hereto and made a part hereof;

**WHEREAS**, concurrently herewith, Grantor is borrowing from Beneficiary the principal sum of Ten Million and 00/100 Dollars ($10,000,000.00) (the "**Mortgage Amount**") and, in connection therewith, Grantor has executed and delivered to Beneficiary that certain (a) Deed of Trust Loan Note, dated of even date herewith, made by Grantor, as borrower, in favor of Beneficiary, as lender, in the original principal amount of $10,000,000.00 (such Deed of Trust Loan Note, as the same may be hereafter amended, modified, restated, renewed, replaced, supplemented or extended, being hereinafter called the "**Note**") and (b) Loan Agreement, dated of even date herewith, between Grantor and Beneficiary (as the same may be hereafter amended, modified, restated, renewed, replaced, supplemented or extended being hereinafter called the "**Loan Agreement**"), which Note and Loan Agreement evidence certain indebtedness and other obligations of Grantor to Beneficiary; and

**WHEREAS**, to secure the payment of the indebtedness and other amounts under the Note and the Loan Agreement in the Deed of Trust Amount, together with interest thereon at the interest rate or rates set forth in the Note, and together with any other sums that may become due and payable hereunder or under the Note, the Loan Agreement or the other Loan Documents and under any Hedging Contract (as hereinafter defined), and to secure the performance by Grantor of its obligations hereunder, under the Note, the Loan Agreement and the other Loan Documents and any Hedging Contract, and all other Obligations (as hereinafter defined), Grantor has agreed to execute and deliver this Deed of Trust to Trustee for the use and benefit of Beneficiary.

<u>**Certain Definitions**</u>

As used in this Deed of Trust, unless the context otherwise specifies or requires, the following terms shall have the meanings herein specified, such definitions to be applicable equally to the singular and to the plural forms of such terms.

"**Affiliate**" shall have the meaning set forth in the Loan Agreement.

"**Affiliate Counterparty**" shall have the meaning set forth in the Loan Agreement.

"**Agreements**" shall mean all agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications, warranties, guarantees, and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted at the Property or any part thereof, or relating to any of the Chattels, and all right, title and interest of Grantor therein and thereunder, including, without limitation, the right, upon the happening of an Event of Default hereunder, to receive and collect any sums payable to Grantor thereunder.

"**Chattels**" shall mean the Equipment, the Fixtures, the Personal Property and all other assets of Grantor.

"**Claim**" shall mean any action, claim, counterclaim, cross-claim, cause of action, suit, liability, demand, loss, expense, penalty, fine, judgment or other cost of any kind or nature whatsoever, including, without limitation, all fees, costs and expenses incurred in connection therewith of attorneys, consultants, contractors and experts.

"**Code**" shall mean the Uniform Commercial Code in effect in the State, as amended from time to time.

"**Default Rate**" shall have the meaning set forth in the Note.

"**Easements**" shall mean all easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights, mineral rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and/or the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interest, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Grantor of, in and to the Land and/or the Improvements and every part and parcel thereof, with the appurtenances thereto.

"**Equipment**" shall mean all "**equipment**," as such term is defined in Article 9 of the Code, now owned or hereafter acquired by Grantor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishing, and electronic data-processing and other office equipment now owned or hereafter acquired by Grantor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto.  Notwithstanding the foregoing, Equipment shall not include any

property belonging to tenants under leases at the Property, except to the extent that Grantor shall have any rights or interest therein.

"**Events of Default**" shall mean the events and circumstances described as such in Section 2.01 hereof.

"**Expenses**" shall have the meaning set forth in the Loan Agreement.

"**Fixtures**" shall mean all Equipment now owned, or the ownership of which is hereafter acquired, by Grantor which is so related to the Land and/or Improvements that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation at the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Property, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Grantor's interest therein) and all other utilities whether or not situated in Easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof. Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove pursuant to leases at the Property, except to the extent that Grantor shall have any right or interest therein.

"**Guarantor**" shall have the meaning set forth in the Loan Agreement.

"**Hedging Contract**" shall have the meaning set forth in the Loan Agreement.

"**Hedging Obligations**" shall have the meaning set forth in the Loan Agreement.

"**Improvements**" shall mean all structures, buildings, additions, extensions, modifications, and all other improvements of any kind whatsoever, and replacements of any of the foregoing, now or hereafter located at or upon the Land.

"**Intangibles**" shall mean all "general intangibles" (as such quoted term is defined in the Code) in any way relating to the Property, or any part thereof, and that Grantor owns, including, without limitation, all intellectual property, goodwill and books and records relating to the business operated or to be operated on the Property or any part thereof, together with all unearned premiums, accrued, accruing or to accrue under

-4-

all insurance policies now or hereafter obtained by Grantor insuring the Mortgaged Property and all rights and interest of Grantor thereunder.

"**Impound Account**" shall have the meaning set forth in Section 1.09(c).

"**Interest Rate**" shall have the meaning accorded such term in the Note.

"**Land**" shall mean the real property described in Schedule A attached hereto and by this reference made a part hereof, including, without limitation, all of the air space, easements, rights, privileges, royalties and appurtenances thereunto belonging or in anywise appertaining thereto, and all of the estate, right, title, interest, claim or demand whatsoever of Grantor therein and in the streets, alleys and ways adjacent thereto, either at law or in equity, in possession or expectancy, now or hereafter acquired.

"**Laws**" shall mean any federal, state or local law, statute, rule, regulation, ordinance, order, decree, directive, requirement, code, notice of violation or rule of common law, now or hereafter in effect, and in each case as amended, and any judicial or administrative interpretation thereof by a Governmental Authority or otherwise, including any judicial or administrative order, determination, consent decree or judgment.

"**Loan**" shall mean the loan from Beneficiary to Grantor evidenced by the Note and the Loan Agreement, which are being secured by, among other things, this Deed of Trust.

"**Loan Agreement**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Loan Documents**" shall have the meaning set forth in the Loan Agreement and shall include, without limitation, this Deed of Trust, the Note and the Loan Agreement and all other documents, agreements, instruments, certificates, title policies and the like securing and/or evidencing the Deed of Trust Amount and other Obligations and/or executed and/or delivered by or on behalf of Grantor in connection with the closing of the Loan or at any time thereafter (but excluding any Hedging Contract).

"**Deed of Trust Amount**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Mortgaged Property**" shall have the meaning accorded such term in the Granting Clause of this Deed of Trust.

"**Note**" shall have the meaning accorded such term in the recitals of this Deed of Trust.

"**Obligations**" shall have the meaning accorded such term in the Granting Clause of this Deed of Trust.

"**Person**" shall have the meaning set forth in the Loan Agreement.

"**Personal Property**" shall mean all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, contract rights, accounts, including, without limitation, all bank accounts maintained by or on behalf of Grantor, the Impound Account (as hereafter defined), if any, and any other accounts established pursuant to any of the Loan Documents or any Hedging Contract, accounts receivable, franchises, licenses, certificates and permits, and all other personal property of any kind or character whatsoever (as defined in and subject to the provisions of the Code), other than Fixtures, which are now or hereafter owned by Grantor and which are located within or about the Property, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof, and the right, title and interest of Grantor in and to any of the Personal Property which may be subject to the lien of any security interest, as defined in the Code, superior to the lien of this Deed of Trust, and all proceeds and products of the foregoing.

"**Power of Sale**" shall mean the right, power and authority of Beneficiary to sell or cause the sale of the Mortgaged Property and/or a part or parts thereof, at public sale or auction, after any Event of Default and in accordance with and pursuant to any statute or law of the state or jurisdiction in which the Property are located permitting the sale of property subject to a mortgage or security agreement in a non-judicial foreclosure sale, as any such statute or law may be in effect on the date hereof, or may be hereinafter enacted and/or modified or amended, or any successor statute or statutes, and/or under and pursuant to any other laws or regulations now in effect and/or hereafter enacted, which provides for and/or enables the property encumbered by a mortgage to be sold by a Beneficiary and/or its respective agents and/or representatives in a public and/or private non-judicial sale.

"**Property**" shall mean, collectively, the Land and the Improvements.

"**State**" shall mean the District of Columbia.

All terms of this Deed of Trust not defined above shall have the respective meanings accorded such terms in this Deed of Trust. All capitalized terms used herein but not defined in this Deed of Trust shall have the meanings ascribed thereto in the Loan Agreement.

<u>**Granting Clause**</u>

**NOW, THEREFORE**, Grantor, in consideration of the premises and in order to secure payment of the principal of the Note and the interest and any and all other sums payable on the Note, under this Deed of Trust or the other Loan Documents, and all Hedging Obligations as well as, without limitation, all loans, advances, indebtedness, notes, liabilities, and all other amounts, in each case, liquidated or unliquidated, owing by Grantor to Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by Grantor to Beneficiary, Affiliate Counterparty or any other Affiliate thereof; or are due indirectly by Grantor to

Beneficiary, Affiliate Counterparty or any other Affiliate thereof as endorser, guarantor or other surety, or as borrower of obligations due third Persons which have been endorsed or assigned to Beneficiary or any Affiliate Counterparty or any other Affiliate thereof, or otherwise), absolute or contingent, due or to become due, now existing or hereafter arising or contracted, including, without limitation, payment when due of all amounts outstanding respecting any of the Loan Documents or any Hedging Contract and the performance and observance of all the other provisions hereof, of the Note, the other Loan Documents and any Hedging Contract (all of such sums payable, indebtedness and obligations are hereinafter referred to, collectively, as the "**Obligations**"), hereby gives, grants, mortgages, bargains, sells, warrants, aliens, remises, releases, conveys, assigns, transfers, hypothecates, deposits, pledges, sets over and confirms , unto the Trustee **IN TRUST FOREVER**, in fee simple, with Power of Sale, for the benefit of the Beneficiary for itself and as agent for any Affiliate Counterparty or any other Affiliate holding any Obligations and their respective successors and assigns, all of Grantor's estate, right, title and interest in, to and under any and all of the following described property (collectively, the "**Mortgaged Property**"), except for those permitted encumbrances and other matters set forth on Schedule B of the title insurance policy insuring the lien of this Deed of Trust (collectively, the "**Permitted Encumbrances**"), whether now owned or held or hereafter acquired:

      (a)    the Land;

      (b)    the Improvements;

      (c)    the Easements;

      (d)    the Chattels;

      (e)    the Intangibles;

      (f)    the Agreements;

      (g)    all awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain or condemnation (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

      (h)    all proceeds in respect of the Mortgaged Property under any insurance policies covering the Mortgaged Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Mortgaged Property;

      (i)    all refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Property as a result of tax appeal or any applications or proceedings for reduction or otherwise;

(j)    all leases and other agreements affecting the use, enjoyment or occupancy of the Property or any part thereof heretofore or hereafter entered into (collectively, the "**Leases**") and all right, title and interest of Grantor therein and thereunder, including, without limitation, cash, letters of credit or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, income, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases;

(k)    the right, in the name and on behalf of Grantor, to appear in and defend any action or proceeding brought with respect to the Mortgaged Property and to commence any action or proceeding to protect the interest of the Trustee and Beneficiary in the Mortgaged Property; and

(l)    all proceeds of any of the foregoing converted into cash, property, claims or otherwise.

**TO HAVE AND TO HOLD** unto Trustee and its successors and assigns, forever to its and their own proper use and behoof; and Grantor also does for itself, its successors and assigns, covenant with Beneficiary and the Trustee, and their successors and assigns, that at and until the ensealing of these presents, it is well seized of the Property in fee simple, and has good right to mortgage, bargain and sell the same and that the same are free from all encumbrances whatsoever except for the Permitted Encumbrances.

This Deed of Trust is intended to constitute a security agreement and financing statement under the Code as enacted in the State. This Deed of Trust shall also operate as a financing statement filed as a fixture filing in accordance with the applicable provisions of the Code.

This Deed of Trust is also intended to operate and be construed as an unconditional, absolute and present assignment of the Leases, Rents, issues and profits of the Mortgaged Property, and not an assignment in the nature of a pledge of the Leases, Rents, issues and profits or a mere grant of a security interest therein, Grantor hereby agreeing that Beneficiary is entitled to receive the Leases, Rents, issues and profits of the Mortgaged Property prior to an Event of Default and without entering upon or taking possession of the Mortgaged Property; provided however that Beneficiary shall not be obligated to perform or discharge any obligation of Grantor under any Lease, the assignment of Leases, Rents, issues and profits provided for in this Deed of Trust in no manner placing on Beneficiary any responsibility for (i) the control, care, management or repair of the Mortgaged Property, (ii) the carrying out of any of the terms and conditions of any Lease, (iii) any waste committed on the Mortgaged Property, or (iv) any dangerous or defective condition on the Mortgaged Property (whether known or unknown). Grantor further agrees that neither the foregoing assignment of Leases, Rents, issues and profits, nor the assignment provided for in the Assignment of Leases and Rents, nor the exercise of any of Trustee's or Beneficiary's rights and remedies in

Article II hereof shall be deemed to make Beneficiary a Beneficiary-in-possession or otherwise responsible or liable in any manner with respect to the Leases, the Mortgaged Property or the use, occupancy, enjoyment or operation of all or any portion thereof, unless and until Beneficiary, in person or by agent, assumes actual possession thereof. The appointment of any receiver for the Mortgaged Property by any court at the request of Beneficiary or by agreement with Grantor, or the entering into possession of any part of the Mortgaged Property by such receiver, shall not be deemed to make Beneficiary a Beneficiary-in-possession or otherwise responsible or liable in any manner with respect to the Leases, the Mortgaged Property or the use, occupancy, enjoyment or operation of all or any portion thereof.  So long as no Event of Default shall exist, however, and so long as Grantor is not in default of any obligation, covenant or agreement contained in any Lease, Grantor shall have a license, which license shall terminate automatically and without notice upon any Event of Default or a default by Grantor under any Lease to collect, but not prior to accrual, all Rents. Grantor agrees to collect and hold all rents in trust for Beneficiary and to use the Rents for the payment of the cost of operating and maintaining the Mortgaged Property and for the payment of the Expenses and other obligations of Grantor pursuant to the Loan Documents and any Hedging Contract before using the Rents for any other purpose.

## ARTICLE I

## Particular Covenants of Grantor

Grantor represents, warrants, covenants and agrees as follows:

SECTION 1.01    Grantor represents and warrants that it has a good and marketable title to an indefeasible fee estate in the Property subject to no lien, charge or encumbrance, other than the Permitted Encumbrances; that it will own the Chattels free and clear of liens and claims; that this Deed of Trust is and will remain a valid and enforceable first lien on the Mortgaged Property subject only to the exceptions referred to above or in Schedule A; that the execution and delivery of each of this Deed of Trust, the Note, the other Loan Documents and the Hedging Contracts have been duly authorized by Grantor and that there is no provision in any document relating to Grantor that evidences or establishes the existence of Grantor requiring further consent for such action by any other Person; that it is duly organized, validly existing and is in good standing under the laws of the state of its organization; that it has (i) all necessary licenses, authorizations, registrations, permits and/or approvals and (ii) full power and authority to own its properties and carry on its business as presently conducted by it and the execution and delivery by it of and performance of its obligations under this Deed of Trust, the Note and the other Loan Documents or any Hedging Contract will not result in Grantor being in default under any provisions of any document that evidences or establishes the existence of Grantor or of any mortgage, credit or other agreement to which Grantor is a party or by which it is bound or that affects Grantor or the Property, or any part thereof; that it will preserve such title, and will forever warrant and defend the same unto Beneficiary and its successors and assigns, and will forever warrant and

defend the validity and priority of such lien hereof against the claims of all Persons and parties whomsoever, subject only to the Permitted Encumbrances.

SECTION 1.02      (a) Grantor will, at the sole cost and expense of Grantor, and without expense to Beneficiary or Trustee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as Beneficiary or Trustee shall from time to time reasonably require, for the better assuring, conveying, mortgaging, assigning, transferring and confirming unto Beneficiary or Trustee the property and rights hereby conveyed, mortgaged or assigned or intended now or hereafter so to be, or that Grantor may be or may hereafter become bound to convey, mortgage or assign to Beneficiary or Trustee, or for more effectively carrying out the intention or facilitating the performance of the terms of this Deed of Trust, or for filing, registering or recording this Deed of Trust and, on demand, will execute and deliver and hereby authorizes Beneficiary or Trustee , as appropriate, to execute and record in the name of Grantor to the extent it may be lawful to do so, chattel mortgages or comparable security instruments to evidence more effectively the lien hereof upon the Mortgaged Property or any part thereof.  Grantor will also, at Beneficiary's request, sign any affidavits or other documents or instruments which may be necessary to maintain the priority of the lien of this Deed of Trust with respect to the Mortgaged Property or any part thereof, or to release or enforce such lien, including but not limited to any amendments, corrections, deletions or additions to this Deed of Trust.

(b)      Grantor expressly agrees, intending that Beneficiary rely thereon, that this Deed of Trust shall also constitute a "**security agreement**," as such term is defined in the Code with respect to the Chattels, Intangibles and other Mortgaged Property.  Grantor further expressly agrees, intending that Beneficiary rely thereon, that this Deed of Trust, to the extent permitted by law, shall also constitute a "**financing statement**," and a "**fixture filing**" as each such term is defined in the Code with respect to the Fixtures (and for purposes thereof, Grantor confirms (i) the addresses of Grantor (Debtor) and Beneficiary (Secured Party) are set forth above, (ii) this Deed of Trust is to be filed for recording in appropriate public records of the county or counties where the Mortgaged Property is located, (iii) Grantor is the record owner of the Mortgaged Property, (iv) Grantor's state of organization the District of Columbia; and (v) Grantor's exact legal name is as set forth on Page 1 of this Deed of Trust;  By its execution of this Deed of Trust, Grantor hereby authorizes Beneficiary to file and/or record this Deed of Trust as a security instrument and fixture filing with respect to the Mortgaged Property or any part thereof, and authorizes Beneficiary to file one or more financing statements, amendments, fixture filings, renewals or continuation statements with respect to the Mortgaged Property or any part thereof, and authorizes Beneficiary to file any other document or instrument as may from time to time be permitted under the Code or which Beneficiary may otherwise deem desirable in connection with the Mortgaged Property or any part thereof.  If requested by Beneficiary, Grantor agrees to sign all such financing statements, amendments, renewal or continuation statements and other instruments and documents or, at Beneficiary's option, Beneficiary is hereby authorized by

-10-

Grantor to sign all such financing statements, amendments, renewals or continuation statements, documents and instruments in Grantor's name as Grantor's attorney-in-fact.   The foregoing authorization includes Grantor's irrevocable authorization for Beneficiary at any time and from time to time to file any initial financing statements and amendments thereto that indicate the Chattels (a) as "all assets" of Grantor or words of similar effect, regardless of whether any particular asset comprised in the Chattels falls within the scope of the Code of the State or the jurisdiction where the initial financing statement or amendment is filed, or (b) as being of an equal or lesser scope or with greater detail.

SECTION 1.03      (a) Grantor forthwith upon the execution and delivery of this Deed of Trust, and thereafter from time to time, will cause this Deed of Trust, and any other security instrument creating a lien or evidencing the lien hereof upon the Chattels and/or the Intangibles and each instrument of further assurance to be filed, registered and/or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect the lien hereof upon, and the interest of Beneficiary in, the Mortgaged Property.

(b)      Grantor will pay all filing, registration or recording fees, taxes and other charges, and all costs and expenses incident to the execution, acknowledgment, delivery and recording and/or filing of this Deed of Trust, the other Loan Documents, any mortgage supplemental hereto, any security instrument with respect to the Chattels or the Intangibles, and any instrument of further assurance, and all Federal, state, county and municipal stamp taxes and other taxes, duties, impositions, assessments and charges arising out of or in connection with the execution and delivery of the Note, this Deed of Trust or any mortgage supplemental hereto, any security instrument with respect to the Chattels and/or the Intangibles, any other Loan Document or any instrument of further assurance.

(c)      Upon Grantor's full satisfaction of the Obligations, and termination of all obligations, if any, of Beneficiary to make future advances under the Note, at Grantor's request and at Grantor's sole cost and expense (including, without limitation, the payment of all reasonable legal fees and disbursements), Beneficiary shall execute and deliver to Grantor a release of the lien of this Deed of Trust and termination statements as to any Uniform Commercial Code financing statements filed by Beneficiary in respect of the Mortgaged Property. Grantor shall be responsible for the recordation and filing of such release and termination statements, and the cost thereof.

SECTION 1.04      Grantor will punctually pay the principal and interest and all other sums to become due in respect of the Note, the Loan Documents and any Hedging Contract at the time and place and in the manner specified in the Note, the Loan Documents and any Hedging Contract, and all such principal and interest due in respect of the Note and the Loan Documents and amounts due under any Hedging Contract are hereby deemed an obligation due under this Deed of Trust.

SECTION 1.05     Grantor will, so long as it is the owner of the Mortgaged Property or any part thereof, do all things necessary to preserve and keep in full force and effect its existence, franchises, rights and privileges as a business or entity under the laws of the state of its organization and will comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental authority or court applicable to Grantor or to the Mortgaged Property or any part thereof.

SECTION 1.06     All right, title and interest of Grantor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to, the Mortgaged Property hereafter acquired by, or released to, Grantor, or constructed, assembled or placed by Grantor on the Property or any part thereof, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further mortgage, conveyance, assignment or other act by Grantor, shall become subject to the lien of this Deed of Trust as fully and completely, and with the same effect, as though now owned by Grantor and specifically described in the Granting Clause hereof, but at any and all times Grantor will execute and deliver to Beneficiary any and all such further assurances, mortgages, conveyances or assignments thereof as the Beneficiary may require for the purpose of expressly and specifically subjecting the same to the lien of this Deed of Trust.

SECTION 1.07     (a) Grantor, from time to time when the same shall become due and payable, will pay and discharge all taxes of every kind and nature, all general and special assessments, levies, permits, inspection and license fees, all water and sewer rents and charges, and all other public charges whether of a like or different nature, imposed upon or assessed against the Mortgaged Property, or any part thereof, or upon the revenues, rents, issues, income and profits of the Mortgaged Property, or any part thereof, or arising in respect of the occupancy, use or possession thereof (collectively, the "**Impositions**"). Grantor will, upon the request of Beneficiary, deliver to Beneficiary receipts evidencing the payment of all such Impositions, or any part thereof, or the revenues, rents, issues, income or profits thereof.

(b)     Grantor will pay, from time to time when the same shall become due, all lawful claims and demands of mechanics, materialmen, laborers and others, which claims and demands, if unpaid, might result in, or permit the creation of, a lien on the Mortgaged Property or any part thereof, or on the revenues, rents, issues, income and profits arising therefrom and in general will do or cause to be done everything necessary so that the lien of this Deed of Trust shall be fully preserved, at the sole cost and expense of Grantor, without expense to Beneficiary.

(c)     Nothing in this Section 1.07 shall require the payment or discharge of any obligation imposed upon Grantor by this Section so long as Grantor shall in good faith and at its own cost and expense contest the same in accordance with the Loan Agreement by appropriate legal proceedings that shall operate to prevent the collection thereof or other realization thereon and the sale or

forfeiture of the Property or any part thereof to satisfy the same; provided that during such contest Grantor shall, at the option of Beneficiary, provide security satisfactory to Beneficiary, assuring the discharge of Grantor's obligation hereunder and of any additional charge, penalty or expense arising from or incurred as a result of such contest; and provided further that if, at any time, payment of any obligation imposed upon Grantor by subsection (a) of this Section shall become necessary to prevent the delivery of a tax deed, or its equivalent, conveying the Property or any other part of the Mortgaged Property, or any part thereof, because of non-payment, then Grantor shall pay the same in sufficient time to prevent the delivery of such tax deed or its equivalent.

SECTION 1.08    Grantor will pay any and all taxes, charges, fees and/or levies by reason of Beneficiary's ownership of and interest in the Note, this Deed of Trust or the other Loan Documents or any Hedging Contract and/or resulting from the exercise by Beneficiary of any of its rights and/or remedies provided for under this Deed of Trust, except for income taxes.  The obligations assumed by Grantor pursuant to this Section 1.08 shall survive the exercise by Beneficiary of any of its rights and/or remedies under this Deed of Trust.

SECTION 1.09    (a) Grantor shall keep the Property and Chattels insured against such perils and hazards, and in such amounts and with such limits, as Beneficiary may from time to time require, and in any event will continuously maintain, at Grantor's sole cost and expense, the policies of insurance required under the terms of the Loan Agreement.

(b)    Grantor shall not take out separate insurance concurrent in form or contributing in the event of loss with that required to be maintained under this Section 1.09, unless Beneficiary is included thereon as a named insured with loss payable to Beneficiary under the standard mortgage endorsement.  Grantor shall immediately notify Beneficiary whenever any such separate insurance is taken out and shall promptly deliver to Beneficiary the policy or policies of such insurance.

(c)    Upon the request of Beneficiary, Grantor shall establish and maintain at all times while this Deed of Trust continues in effect an impound account (the "**Impound Account**") with Beneficiary for payment of real estate taxes and assessments and insurance on the Mortgaged Property and as additional security for the Obligations.  Upon the request of Beneficiary, Grantor shall deposit in the Impound Account an amount determined by Beneficiary to be necessary to ensure that there will be on deposit with Beneficiary an amount which, when added to the monthly payments subsequently required to be deposited with Beneficiary hereunder on account of real estate taxes, assessments and insurance premiums, will result in there being on deposit with Beneficiary in the Impound Account an amount sufficient to pay the next due annual installment of real estate taxes and assessments on the Mortgaged Property at least one (1) month prior to the delinquency date thereof (if paid in one installment) and the next due annual insurance premiums with respect to the

-13-

Mortgaged Property at least one (1) month prior to the delinquency date thereof (if paid in one installment).   Commencing on the next monthly payment date under the Note and continuing thereafter on each monthly payment date under the Note, Grantor shall pay to Beneficiary, concurrently with and in addition to the monthly payment due under the Note and until the Obligations are fully paid and performed, deposits in an amount equal to one-twelfth (1/12) of the amount of the annual real estate taxes and assessments that will next become due and payable on the Mortgaged Property, plus one-twelfth (1/12) of the amount of the annual premiums that will next become due and payable on insurance policies which Grantor is required to maintain hereunder, each as estimated and determined by Beneficiary.  So long as no default hereunder has occurred and is continuing, all sums in the Impound Account shall be held by Beneficiary in the Impound Account to pay said taxes, assessments and insurance premiums in one installment before the same become delinquent.  Grantor shall be responsible for ensuring the receipt by Beneficiary, at least thirty (30) days prior to the respective due date for payment thereof, of all bills, invoices and statements for all taxes, assessments and insurance  premiums to be paid from the Impound Account, and so long as no default hereunder has occurred and is continuing, Beneficiary shall pay the governmental authority or other party entitled thereto directly to the extent funds are available for such purpose in the Impound Account.  In making any payment from the Impound Account, Beneficiary shall be entitled to rely on any bill, statement or estimate procured from the appropriate public office or insurance company or agent without any inquiry into the accuracy of such bill, statement or estimate and without any inquiry into the accuracy, validity, enforceability or contestability of any tax, assessment, valuation, sale, forfeiture, tax lien or title or claim thereof.  The Impound Account shall not, unless otherwise explicitly required by applicable law, be or be deemed to be escrow or trust funds, but, at Beneficiary's option and in Beneficiary's discretion, may either be held in a separate account or be commingled by Beneficiary with the general funds of Beneficiary.  No interest on funds contained in the Impound Account, if any, shall be paid by Beneficiary to Grantor.  The Impound Account is solely for the protection of Beneficiary and entails no responsibility on Beneficiary's part beyond the payment of taxes, assessments and insurance premiums following receipt of bills, invoices or statements therefor in accordance with the terms hereof and beyond the allowing of due credit for the sums actually received.  Upon assignment of this Deed of Trust by Beneficiary, any funds in the Impound Account shall be turned over to assignee and any responsibility of Beneficiary, as assignor, with respect thereto shall terminate.  If the total funds in the Impound Account shall exceed the amount of payments actually applied by Beneficiary for the purposes of the Impound Account, such excess may be credited by Beneficiary on subsequent payments to be made hereunder or, at the option of Beneficiary, refunded to Grantor.  If, however, the Impound Account shall not contain sufficient funds to pay the sums required when the same shall become due and payable, Grantor shall, within (10) days after receipt of written notice therefor, deposit with Beneficiary the full amount of any such deficiency.  If Grantor shall fail to deposit with Beneficiary the full amount of such deficiency as

provided above, Beneficiary shall have the option, but not the obligation, to make such deposit, and all amounts so deposited by Beneficiary, together with interest thereon at the applicable Default Rate from the date so deposited by Beneficiary, until actually paid by Grantor, shall be immediately paid by Grantor on demand and shall be secured by this Deed of Trust. If there is a default under this Deed of Trust which is not cured within any applicable grace or cure period, Beneficiary may, but shall not be obligated to, apply at any time the balance then remaining in the Impound Account against the Obligations in whatever order Beneficiary shall subjectively determine. No such application of the Impound Account shall be deemed to cure any default hereunder. Upon full payment of the Obligations in accordance with its terms or at such earlier time as Beneficiary may elect, the balance of the Impound Account then in Beneficiary's possession shall be paid over to Grantor and no other party shall have any right or claim thereto.

(d)     Grantor shall give Beneficiary prompt written notice of any damage to, or destruction of, the Improvements, or any part thereof, or of any other casualty or loss at or affecting the Property or the Chattels. Beneficiary's rights with respect to any insurance claim in respect of any such damage, destruction, casualty or loss shall be as provided in the Loan Agreement. To the fullest extent permitted by applicable law, the proceeds of any insurance coming into the possession of Beneficiary in respect of any damage, destruction, casualty or loss shall not be deemed trust funds, and Beneficiary shall have the option, in its sole discretion, to apply any insurance proceeds it may receive pursuant hereto or otherwise to the payment of the Obligations, or to allow all or a portion of such proceeds to be used for the restoration of the Mortgaged Property in accordance with the terms of the Loan Agreement.

(e)     Grantor shall promptly commence and diligently continue to perform the repairs, restoration and rebuilding of the portion of the Improvements damaged or destroyed in accordance with the terms of the Loan Agreement.

SECTION 1.10     If Grantor shall fail to perform any of the covenants contained in Sections 1.01, 1.03, 1.05, 1.07, 1.08, 1.09, 1.12 or 1.20 hereof, Beneficiary may make advances to perform the same on its behalf upon ten (10) days' prior written notice to Grantor, and all sums so advanced shall be a lien upon the Mortgaged Property and shall be secured hereby. Grantor will repay on demand all sums so advanced on its behalf with interest at the Default Rate. The provisions of this Section shall not prevent any default in the observance of any covenant contained in said Sections 1.01, 1.03, 1.05, 1.07, 1.08, 1.09, 1.12 or 1.20 from constituting an Event of Default. To the extent permitted by law, Beneficiary shall be subrogated to all right, title, lien or equity, notwithstanding any release of record, of all Persons to whom Grantor may have paid any monies as provided in this Section 1.10, provided, however, that nothing in this Section 1.10 shall be deemed or construed to relieve Grantor of the obligation to make any such payment.

SECTION 1.11     (a) Grantor will permit Beneficiary and its agents, accountants and attorneys to visit and inspect the Property and examine its records and

books of account and to discuss its affairs, finances and accounts with the officers of Grantor as provided in the Loan Agreement.

(b)    Grantor will deliver to Beneficiary the financial reports and statements as and when required pursuant to the Loan Agreement.

(c)    Grantor, within five (5) business days upon request in person, or within seven (7) business days upon request by mail, will furnish a written statement duly acknowledged of the amount due whether for principal or interest on the Note and whether any offsets, counterclaims or defenses exist against Beneficiary, or the Obligations, or any part thereof.

SECTION 1.12    Grantor will not commit any waste on the Mortgaged Property, or any part thereof, or make any change in the use of the Mortgaged Property, or any part thereof, that will in any way decrease the value of the Mortgaged Property or increase the risk of fire or other hazard or casualty arising out of construction or operation. Grantor will, at all times, maintain the Improvements in good operating order and condition and will promptly make, from time to time, all repairs, renewals, replacements, additions and improvements in connection therewith which are necessary or desirable to such end. The Improvements shall not be demolished or substantially altered, nor shall any Chattels be removed without the prior written consent of Beneficiary, except where appropriate replacements free of superior title, liens and claims are immediately made having value at least equal to the value of the removed Chattels.

SECTION 1.13    Grantor, immediately upon obtaining knowledge of the institution of any proceedings for the condemnation of the Property or Chattels or any part thereof, will notify Beneficiary of the pendency of such proceedings. Beneficiary's rights with respect to any such proceedings shall be as provided in the Loan Agreement (including, without limitation, Beneficiary's right to participate, and to be represented by counsel selected by Beneficiary, in such proceedings). Any award or compensation payable in connection with any such proceedings is hereby assigned to and shall be paid to Beneficiary, which assignment is in addition to and not in limitation of any security interest granted herein. The proceeds of any award or compensation shall be applied as provided in the Loan Agreement.

SECTION 1.14    (a) Grantor will not (i) execute an assignment of any Leases affecting the Property or any part thereon, or the Rents, or any part thereof, from the Property, except in favor of Beneficiary, or (ii) subject in all respects to the terms of the Loan Agreement, except where the lessee under any Lease is in default thereunder, terminate or consent to the cancellation or surrender of any such Lease, now existing or hereafter entered into, having an unexpired term of one (1) year or more, except that, subject in all respects to the terms of the Loan Agreement, any Lease may be cancelled provided that promptly after the cancellation or surrender thereof a new Lease is entered into with a new lessee having a credit standing, in the reasonable judgment of Beneficiary, at least equivalent to that of the lessee whose lease was cancelled, on substantially the same or better terms as the terminated or

cancelled Lease, or (iii) subject in all respects to the terms of the Loan Agreement, modify any such Lease so as to shorten the unexpired term thereof or so as to decrease the amount of the Rents payable thereunder, or (iv) subject in all respects to the terms of the Loan Agreement, accept prepayments of any installments of Rents to become due under such Leases, except prepayments in the nature of security for the performance of the lessees thereunder, or (v) subject in all respects to the terms of the Loan Agreement, in any other manner materially impair the value of the Mortgaged Property or the security of this Deed of Trust in the reasonable judgment of Beneficiary.

(b)    Subject in all respects to the terms of the Loan Agreement, Grantor will not execute any Lease of all or a substantial portion of the Property except for actual occupancy by the lessee thereunder, and will at all times promptly and faithfully perform, or cause to be performed promptly, all of the covenants, conditions and agreements contained in all Leases of the Property, or any part thereof, now or hereafter existing, on the part of the lessor thereunder to be kept and performed and will at all times do all things necessary to compel performance by the lessee under each Lease of all obligations, covenants and agreements by such lessee to be performed thereunder.  If any of such Leases provide for the giving by the lessee of an estoppel certificate with respect to the status of any such Leases, Grantor shall exercise its right to request such certificates within ten (10) days of any demand therefor by Beneficiary.

(c)    Grantor shall furnish to Beneficiary all information concerning lessees or occupants of the Property or Improvements as required under the Loan Agreement.

SECTION 1.15    Unless otherwise prohibited by applicable law, each Lease of the Property, or of any part thereof, shall provide that, in the event of the enforcement by Beneficiary of the remedies provided for by law or by this Deed of Trust, the lessee thereunder will, upon request of any Person succeeding to the interest of Grantor as a result of such enforcement, automatically become the lessee of said successor in interest, without change in the terms or other provisions of such Lease; provided, however, that said successor in interest shall not be bound by (i) any payment of rent or additional rent for more than one (1) month in advance, except prepayments in the nature of security for the performance by said lessee of its obligations under said Lease, or (ii) any amendment or modification of the Lease made without the consent of Beneficiary or such successor in interest.  Each such Lease shall provide that upon request by such successor in interest, such lessee shall execute and deliver an instrument or instruments confirming such attornment.

SECTION 1.16    Grantor hereby agrees that if in connection with the closing of the Loan (a) any of the Loan Documents or Hedging Contracts executed by Grantor misstates or inaccurately reflects the true and correct terms and provisions of the Loan or the Hedging Obligations or (b) Grantor failed to execute any documents or instruments that should have been executed by Grantor (regardless of whether said misstatement, inaccuracy or failure was due to the unilateral mistake of Beneficiary, the mutual mistake of Grantor and Beneficiary, or clerical error), then in such event, Grantor

shall, within ten (10) days of Beneficiary's request, and in order to correct any such misstatement, inaccuracy or failure, execute such new Loan Documents and/or Hedging Contracts as Beneficiary or any Affiliate Counterparty  or any other Affiliate of Beneficiary may deem necessary or desirable to remedy said inaccuracy, mistake or failure.

SECTION 1.17    Grantor will receive the advances secured by this Deed of Trust, and will hold the right to receive such advances, as a trust fund to be applied first for the purpose of paying the cost of contractors and materialmen for any improvements to the Property.

SECTION 1.18    Grantor agrees that it shall indemnify and hold Beneficiary, and any Affiliate Counterparty and any of its other Affiliates, Trustee and its Affiliates and their respective successors and assigns harmless against any loss or liability, cost or expense, including without limitation, any judgments, reasonable attorneys' fees, costs of appeal bonds and printing costs, arising out of or relating to any proceedings instituted by any contractor, subcontractor, materialman or other claimant alleging priority over the lien of this Deed of Trust by virtue of any work performed at the Property or materials provided to Grantor or any other party in connection with the Property.

SECTION 1.19    Grantor shall execute and deliver to the appropriate governmental authority any affidavit, instrument, document and/or filing required pursuant to any applicable statute, ordinance, rule and/or regulation in connection with the Property, the Note, the other Loan Documents and any Hedging Contract and/or the business and affairs of Grantor.

SECTION 1.20    Grantor expressly covenants and agrees to pay in full all Expenses required to be paid hereunder and under the Loan Agreement and any other Loan Document as and when provided herein or therein, as applicable.

SECTION 1.21    Intentionally Omitted.

SECTION 1.22    Grantor agrees as follows:

(a)    Grantor agrees that the Property shall at all times comply, to the extent applicable with the requirements of the Americans with Disabilities Act of 1990, as amended from time to time, the Fair Housing Amendments Act of 1988, as amended from time to time, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities, as amended from time to time (collectively, "**Access Laws**").

(b)    Notwithstanding any provisions set forth herein or in any other documents regarding Beneficiary's approval or alterations of the Property, Grantor shall not alter the Property in any manner that would increase Grantor's responsibilities for compliance with the applicable Access Laws without the prior

written approval of Beneficiary.   The foregoing shall apply to tenant improvements constructed by Grantor or by any of its tenants.  Beneficiary may condition any such approval upon receipt of a certificate of Access Laws compliance from an architect, engineer, or other Person reasonably acceptable to Beneficiary.

(c)     Grantor agrees to give prompt notice to Beneficiary of the receipt by Grantor of any complaints related to violations of any Access Laws and of commencement of any proceedings or investigations related to compliance with applicable Access Laws.

SECTION 1.23      Except as expressly permitted under the terms of the Loan Agreement, Grantor shall not, directly or indirectly, sell, convey, dispose of, alienate, hypothecate, lease, assign, pledge, mortgage, encumber or otherwise transfer (each a "**Transfer**" and, collectively, "**Transfers**") the Property, or any part thereof or interest therein (including, without limitation, any ownership interests, directly or indirectly, in Grantor), in any manner or way, whether voluntarily or involuntarily, and any such Transfer shall constitute an Event of Default hereunder giving Beneficiary the right, at its sole option, to declare any or all of the Obligations secured hereby immediately due and payable and to otherwise exercise any of its other rights and remedies contained in Article II hereof; and if such acceleration occurs during any period when a prepayment fee is payable pursuant to the provisions set forth in the Note, then, in addition, such prepayment fee shall then be immediately due and payable to the same extent as though Grantor were prepaying the entire Obligations secured hereby on the date of such acceleration.

SECTION 1.24      The parties hereto agree that all sums that may or shall become due and payable by Grantor to Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary in accordance with any Hedging Contract, whether or not such Hedging Contract is directly between Grantor and Beneficiary or between Grantor and any Affiliate Counterparty  or any other Affiliate of Beneficiary or any of their respective Affiliates, assignors or assignees, shall be secured by this Deed of Trust and shall constitute part of the Obligations secured hereby and the other Security Documents.  Subject to the terms of Section 2.02, the lien of this Deed of Trust insofar as it secures payment of sums that may or shall become due and payable by Grantor to Beneficiary or any Affiliate Counterparty  or any other Affiliate in accordance with any Hedging Contract is and shall continue to be equal in priority to the lien of this Deed of Trust insofar as it secures payment of the principal amount (but not interest (including interest at the Default Rate) consistent with Section 2.02 below) due under the Note.

(End of Article I)

## ARTICLE II

## <u>Events of Default and Remedies</u>

SECTION 2.01      The occurrence of any Default or Event of Default as defined in the Loan Agreement shall constitute a Default or Event of Default, as applicable, under this Deed of Trust.

Upon the occurrence of an Event of Default:

I.      Acceleration of the Obligations.   During the continuance of any such Event of Default, Beneficiary, by written notice given to Grantor, may declare the entire principal of the Note then outstanding (if not then due and payable), and all accrued and unpaid interest thereon, together with all other Obligations, to be due and payable immediately, notwithstanding anything to the contrary herein or in the Note, the other Loan Documents or any Hedging Contract;

II.      Possession of the Mortgaged Property.   During the continuance of any such Event of Default, with or without the appointment of a receiver, or an application therefor, Beneficiary personally, or by its agents or attorneys, may enter into and upon all or any part of the Property, and each and every part thereof, and may exclude Grantor, its agents and servants wholly therefrom; and having and holding the same, may use, operate, manage and control the Property and conduct the business thereof, either personally or by its superintendents, managers, agents, servants, attorneys or receivers; and upon every such entry, Beneficiary, at the expense of Grantor, from time to time, either by purchase, repairs or construction, may maintain and restore the Mortgaged Property, whereof it shall become possessed as aforesaid, may complete the construction of any of the Improvements and in the course of such completion may make such changes in the contemplated Improvements as it may deem desirable and may insure the same; and likewise, from time to time, at the expense of Grantor, Beneficiary may procure title reports, title insurance, surveys, appraisals and such other reports as Beneficiary, in its sole discretion, shall deem necessary, and make all necessary or proper repairs, replacements, renewals and such useful alterations, additions, betterments and improvements thereto and thereon as to it may deem advisable; and in every such case Beneficiary shall have the right to manage and operate the Property and to carry on the business thereof and exercise all rights and powers of Grantor with respect thereto either in the name of Grantor or otherwise as it shall deem best; and the license of Grantor to collect Rents shall be automatically and without notice revoked, and Beneficiary shall be entitled to collect and receive all earnings, revenues, rents, issues, profits and income of the Property and every part thereof, all of which shall for all purposes constitute property of Grantor; and in furtherance of such right Beneficiary may collect the Rents payable under all Leases of the Property directly from the lessees thereunder upon notice to each such lessee that an Event of Default exists hereunder accompanied by a demand on such lessee for the payment to Beneficiary of all Rents due and to become due under its Lease, and Grantor, for the benefit of Beneficiary and each such lessee hereby covenants and agrees that the lessee shall be under no duty to question the accuracy of Beneficiary's statement of default and shall unequivocally be authorized to pay said Rents to Beneficiary without regard to the truth of Beneficiary's statement of default and notwithstanding notices from Grantor disputing the existence of an Event of Default such that the payment of Rent by the lessee to Beneficiary pursuant to such a demand

-20-

shall constitute performance in full of the lessee's obligation under the Lease for the payment of Rents by the lessee to Grantor; and after deducting the expenses of conducting the business thereof and of all maintenance, repairs, renewals, replacements, alterations, additions, betterments and improvements and amounts necessary to pay for taxes, assessments, insurance and prior or other proper charges upon the Mortgaged Property, or any part thereof, as well as just and reasonable compensation for the services of Beneficiary and for all attorneys, counsel, agents, clerks, servants and other employees by it properly engaged and employed, Beneficiary shall apply the moneys arising as aforesaid, first to the payment of accrued interest under the Note, second, to the payment of the principal of the Note, when and as the same shall become payable, and finally to the payment of any other Obligations and sums required to be paid by Grantor under this Deed of Trust or the other Loan Documents or any Hedging Contract.

       III.    Foreclosure and Other Remedies.  Trustee, if and as directed by Beneficiary, with or without entry, personally or by its agents or attorneys, insofar as applicable, may:

       (1)    sell (and in the case of any default by any purchaser, resell) the Mortgaged Property, or any part thereof, to the extent permitted and pursuant to the procedures provided by law, and all estate, right, title and interest, claim and demand therein, and right of redemption thereof, at one or more sales as an entirety or in parcels, and at such time and place upon such terms and after such notice thereof as may be determined by Beneficiary or as required or permitted by law; or

       (2)    institute proceedings for the complete or partial foreclosure of this Deed of Trust;

       (3)    take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note, this Deed of Trust or the other Loan Documents or any Hedging Contract, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as Beneficiary or Trustee, as the case may be, shall elect; or

       (4)    exercise any other right or remedy of a Beneficiary or secured party under the laws of the State.

       IV.   Power of Sale.  Grantor hereby unconditionally and irrevocably gives, grants, sets over and confirms unto Trustee the Power of Sale, which Power of Sale may be unconditionally exercised at any time or times after an Event of Default and in connection therewith, Grantor hereby (a) consents to any one or more adjournments of the sale date which Trustee may grant, consent to and/or schedule, whether or not Grantor is notified of such adjournment and (b) waives any and all objections Grantor may have to the date of sale, the place of sale, the terms of sale and

any other matter selected by Beneficiary or Trustee.  The sale by Trustee of less than the whole of the Mortgaged Property shall not exhaust the right to sell any remainder of the Mortgaged Property, and Trustee is specifically empowered to make a successive sale or sales until the whole of the Mortgaged Property shall be sold.  If the proceeds of the sale of less than the whole of the Mortgaged Property is less than the aggregate of the Obligations or any other obligations secured hereby and payable under subsection (d) of Section 2.02, then this Deed of Trust and the lien hereof shall remain in full force and effect as to the unsold portion of the Mortgaged Property just as though no sale had been made.

V.    Assent to Decree.  Grantor hereby assents to the passage of a decree for the sale of the Mortgaged Property, or any part thereof, by any court having jurisdiction, without notice to Grantor (except as expressly required by applicable law).

VI.    Appointment of Receiver.  After the happening of any Event of Default and during its continuance, or upon the commencement of any proceedings to foreclose this Deed of Trust or to enforce the specific performance hereof or in aid thereof or upon the commencement of any other judicial proceeding to enforce any right of Beneficiary and Trustee, each of Trustee and Beneficiary shall be entitled, as a matter of right, if it shall so elect, without the giving of notice to any other party and without regard to the adequacy or inadequacy of any security for the Obligations, forthwith either before or after declaring the unpaid principal of the Note to be due and payable, to appoint a receiver or receivers in respect of the Property and/or other Mortgaged Property, and Grantor hereby consents to the appointment of such receiver or receivers.

VII.    Rights of a Secured Party.  Trustee and Beneficiary, respectively, shall also have such other rights and/or remedies provided to a trustee and beneficiary and/or a secured party by the Code.

VIII.    Other Remedies.  Beneficiary and Trustee each shall have the right, from time to time, to bring an appropriate action to recover any sums required to be paid by Grantor under the terms of this Deed of Trust, as they become due, without regard to whether or not any other obligations or liabilities shall be due, and without prejudice to the right of Beneficiary and Trustee thereafter to bring an action of a mortgage foreclosure, or any other action, for any default by Grantor existing at the time the earlier action was commenced.  In addition, Beneficiary and Trustee each shall have the right to set-off all or any part of any amount due by Grantor to Beneficiary under any of the Loan Documents, against any indebtedness, liabilities or obligations owing by Beneficiary in any capacity to Grantor, including any obligation to disburse to Grantor any funds or other property on deposit with or otherwise in the possession, control or custody of Beneficiary.

SECTION 2.02    (a) Beneficiary may adjourn from time to time any sale by it to be made under or by virtue of this Deed of Trust by announcement at the time and place appointed for such sale or for such adjourned sale or sales; and, except as otherwise provided by any applicable provision of law, Beneficiary, without further notice

or publication, may make such sale at the time and place to which the same shall be so adjourned.

(b)     Upon the completion of any sale or sales made by Trustee under or by virtue of this Article II, Trustee, or an officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the property and rights sold and shall execute and deliver to the appropriate governmental authority any affidavit, instrument, document and/or filing required pursuant to any applicable statute, ordinance, rule and/or regulation, of the State.   As long as the Obligations secured by this Deed of Trust remain unpaid, Trustee is hereby irrevocably appointed the true and lawful attorney of Grantor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Mortgaged Property and rights so sold and for that purpose Trustee may execute all necessary instruments of conveyance, assignment and transfer, including, without limitation, any affidavit, instrument, document or filing required pursuant to any applicable statute, rule or regulation of the State, as the same may be amended from time to time, and may substitute one or more Persons with like power, Grantor hereby ratifying and confirming all that its said attorney or such substitute or substitutes shall lawfully do by virtue hereof.   Nevertheless Grantor, if so requested by Trustee, shall ratify and confirm any such sale or sales by executing and delivering to Trustee or to such purchaser or purchasers all such instruments as may be advisable, in the reasonable judgment of Trustee, for that purpose, and as may be designated in such request.   Any such sale or sales made under or by virtue of this Article II, whether made under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, shall operate to divest all the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Grantor in and to the properties and rights so sold, and shall be a perpetual bar both at law and in equity against Grantor and against any and all Persons claiming or who may claim the same, or any part thereof, from, through or under Grantor.

(c)     In the event of any sale made under or by virtue of this Article II (whether made under or by virtue of judicial proceedings, a judgment or decree of foreclosure or a Power of Sale), the entire principal of, and interest on, the Note, if not previously due and payable, and all other sums required to be paid by Grantor pursuant to this Deed of Trust, any other Loan Document or any Hedging Contract, immediately thereupon, shall, anything in the Note, this Deed of Trust, any other Loan Document or any Hedging Contract to the contrary notwithstanding, become due and payable.

(d)     The purchase money proceeds or avails of any sale made under or by virtue of this Article II, together with any other sums which then may be held by Beneficiary or Trustee under this Deed of Trust, whether under the provisions of this Article II or otherwise, shall be applied as follows:

-23-

First: To the payment of all Expenses, including without limitation, the costs and expenses of such sale, including, but not limited to, the reasonable compensation to Beneficiary and Trustee, and their respective agents and counsel, and any sums that may be due under and/or pursuant to any statute, rule, regulation and/or law which imposes any tax, charge, fee and/or levy in connection with and/or arising from the exercise of any right and/or remedy under this Deed of Trust or the requirement that any sum be paid in order to record and/or file any deed, instrument of transfer or other such document in connection with any such sale and of any judicial proceedings wherein the same may be made, and of all expenses, liabilities and advances made or incurred by Beneficiary and Trustee under this Deed of Trust, together with interest at the Default Rate on all advances made by Beneficiary and all taxes or assessments, except any taxes, assessments or other charges subject to which the Mortgaged Property shall have been sold.

Second: To the payment of the whole amount then due, owing or unpaid upon the Note for interest on the unpaid principal, including, without limitation, interest at the Default Rate from and after the happening of any Event of Default from the due date of any such payment of principal until the same is paid.

Third: On a pari passu basis, to the payment of the whole amount then due, owing or unpaid (x) upon the Note for principal, and (y) all Hedging Obligations.

Fourth: To the payment of the whole amount then due, owing or unpaid upon the other Obligations and any other sums required to be paid thereunder with interest on such other Obligations and other sums at the Default Rate from and after the happening of any Event of Default from the due date of any such other Obligations and other sums until the same is paid.

Fifth: To the payment of the whole amount then due, owing or unpaid upon any other note made by Grantor held by Beneficiary for principal and interest, with interest on the unpaid principal at the default rate set forth in such other note, if applicable, from and after the happening of any Event of Default described in Section 2.01 from the due date of any such payment of principal until the same is paid.

Sixth: To the payment of any other Obligations and any other sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, the Note or the other Loan Documents or any Hedging Contract.

Seventh: To the payment of the surplus, if any, to Grantor.

-24-

(e)     Upon any sale made under or by virtue of this Article II, whether made under or by virtue of judicial proceedings, a judgment or decree of foreclosure and sale, or a Power of Sale, Beneficiary may bid for and acquire the Mortgaged Property or any part thereof and in lieu of paying cash therefor may make settlement for the purchase price by crediting upon the Obligations of Grantor secured by this Deed of Trust the net sales price after deducting therefrom the expenses of the sale and the costs of the action and any other sums which Beneficiary or Trustee is authorized to deduct under this Deed of Trust.

SECTION 2.03     (a) In case an Event of Default described in Section 2.01 shall have occurred and be continuing, then, upon written demand of Beneficiary, Grantor will pay to Beneficiary the whole amount which then shall have become due and payable on the Note, for principal or interest or both, and all amounts due under any Hedging Contract, as the case may be, and after the happening of said Event of Default will also pay to Beneficiary interest at the Default Rate on the then unpaid principal of the Note, and the sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, and in addition thereto such further amount as shall be sufficient to cover all outstanding Expenses including, without limitation, the costs and expenses of collection, including reasonable compensation to Beneficiary, its agents, and counsel and any expenses incurred by Beneficiary hereunder. In the event Grantor shall fail forthwith to pay such amounts upon such demand, Beneficiary shall be entitled and empowered to institute such action or proceedings at law or in equity as may be advised by its counsel for the collection of the sums so due and unpaid, and may prosecute any such action or proceedings to judgment or final decree, and may enforce any such judgment or final decree against Grantor and collect, out of the property of Grantor wherever situated, as well as out of the Mortgaged Property, in any manner provided by law, moneys adjudged or decreed to be payable.

(b)     Beneficiary shall be entitled to recover judgment as aforesaid either before or after or during the pendency of any proceedings for the enforcement of the provisions of this Deed of Trust; and the right of Beneficiary to recover such judgment shall not be affected by any entry or sale hereunder, or by the exercise of any other right, power or remedy for the enforcement of the provisions of this Deed of Trust along with the amount of any other Obligations, or the foreclosure of the lien hereof; and in the event of a sale of the Mortgaged Property, or any part thereof, and of the application of the proceeds of sale, as in this Deed of Trust provided, to the payment of the debt hereby secured (including all Obligations), Beneficiary shall be entitled to enforce payment of, and to receive all amounts then remaining due and unpaid upon the Note, the other Loan Documents and the Hedging Contracts and to enforce payment of all other charges, payments and costs due under this Deed of Trust, the other Loan Documents and the Hedging Contracts and shall be entitled to recover judgment for any portion of the debt remaining unpaid, with interest at the Default Rate. In case of the commencement of any case against Grantor under any applicable bankruptcy, insolvency, or other similar law now or hereafter in effect or any proceedings for its reorganization or involving the liquidation of its assets, then

Beneficiary shall be entitled to prove the whole amount of principal and interest due upon the Note to the full amount thereof, and all other payments, charges and costs  and other Obligations due under this Deed of Trust, without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Mortgaged Property; provided, however, that in no case shall Beneficiary receive a greater amount than such principal and interest and such other payments, charges and costs and other Obligations from the aggregate amount of the proceeds of the sale of the Mortgaged Property and the distribution from the estate of Grantor.

(c)    No recovery of any judgment by Beneficiary or Trustee, and no levy of an execution under any judgment upon the Mortgaged Property or upon any other property of Grantor shall affect in any manner or to any extent, the lien of this Deed of Trust upon the Mortgaged Property, or any part thereof, of any liens, rights, powers or remedies of Beneficiary hereunder, but such liens, rights, powers and remedies of Beneficiary or Trustee shall continue unimpaired as before.

(d)    Any moneys thus collected by Beneficiary and Trustee under this Section 2.03 shall be applied to the Obligations by Beneficiary in accordance with the provisions of subsection (d) of Section 2.02.

SECTION 2.04    After the happening of any Event of Default and immediately upon the commencement of any action, suit or other legal proceedings by Beneficiary or Trustee to obtain judgment for the principal of, or interest on, the Note, and/or all other Obligations and/or other sums required to be paid by Grantor pursuant to any provision of this Deed of Trust, or of any other nature in aid of the enforcement of the Note or of this Deed of Trust, Grantor will (a) consent to the service of process as provided in Section 3.11 hereof and enter its voluntary appearance in such action, suit or proceeding, and (b) if required by Beneficiary or Trustee, consent to the appointment of a receiver or receivers of the Mortgaged Property, or any part thereof, and of all the earnings, revenues, rents, issues, profits and income thereof.

SECTION 2.05    Notwithstanding the appointment of any receiver, liquidator or trustee of Grantor, or of any of its property, or of the Mortgaged Property or any part thereof, Beneficiary and Trustee shall be entitled to retain possession and control of all property now or hereafter held under this Deed of Trust.

SECTION 2.06    No remedy herein conferred upon or reserved to Beneficiary or Trustee is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. No delay or omission of Beneficiary or Trustee to exercise any right or power accruing upon any Event of Default shall impair any such right or power, or shall be construed to be a waiver of any such Event of Default or any acquiescence therein; and every power and remedy given by this Deed of Trust to Beneficiary or Trustee may be exercised from time to time as often as may be deemed expedient by Beneficiary or Trustee.

Nothing in this Deed of Trust shall affect the obligation of Grantor to pay the principal of, and interest on, the Note in the manner and at the time and place therein respectively expressed.

SECTION 2.07    Grantor will not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, any exemption from execution or sale of the Mortgaged Property or any part thereof, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, or any part thereof, prior to any sale or sales thereof which may be made pursuant to any provision herein, or pursuant to the decree, judgment or order of any court of competent jurisdiction; nor, after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof and Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay or impede the execution of any power herein granted or delegated to Beneficiary or Trustee, but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. Grantor, for itself and all who may claim under it, waives, to the extent that it lawfully may, all right to have the Mortgaged Property, or any part thereof, marshaled upon any foreclosure hereof. Grantor, for itself and all who may claim under it, further waives and relinquishes (i) all rights to a marshalling of the assets of Grantor, including the Mortgaged Property, or to a sale in the inverse order of alienation in the event of a foreclosure of the Mortgaged Property, and agrees not to assert any right under any law pertaining to the marshalling of assets, the sale in inverse order of alienation, the exemption of homestead, the administration of estates of decedents, or other matters whatsoever to defeat, reduce or affect the right of Beneficiary under the terms of this Deed of Trust to a sale of the Mortgaged Property without any prior or different resort for collection, or the right of Beneficiary to the payment of the Obligations out of the proceeds of sale of the Mortgaged Property in preference to every other claimant whatsoever, (ii) any right to bring or utilize any defense, counterclaim or setoff; provided, if any defense, counterclaim or setoff is timely raised in a foreclosure action, such defense, counterclaim or setoff shall be dismissed, and (iii) any and all rights and remedies which Grantor may have or be able to assert by reason of the provisions of any Laws pertaining to the rights and remedies of sureties.

SECTION 2.08    During the continuance of any Event of Default, and pending the exercise by Beneficiary or Trustee of its right to exclude Grantor from all or any part of the Property, Grantor agrees to pay the fair and reasonable rental value for the use and occupancy of the Mortgaged Property, or any part thereof that is in its possession for such period, and upon default of any such payment, will vacate and surrender possession of the Mortgaged Property, or any part thereof, to Beneficiary or Trustee or to a receiver, if any, and in default thereof may be evicted by any summary action or proceeding for the recovery of possession of the Property for non-payment of rent, however designated.

(End of Article II)

## ARTICLE III

## TRUSTEE

SECTION 3.01        Trustee shall have no liability or responsibility for, and make no warranties in connection with, the validity or enforceability of any of the Loan Documents or the description, value or status of title to the Property or other Mortgaged Property.    Trustee shall be protected in acting upon any notice, request, consent, demand, statement, note or other paper or document believed by Trustee to be genuine and to have been signed by the party or parties purporting to sign the same.    Trustee shall not be liable for any error of judgment, nor for any act done or step taken or omitted, nor for any mistakes of law or fact, nor for anything which Trustee may do or refrain from doing in good faith, nor shall Trustee have any liability hereunder, except for errors or omissions of the Trustee resulting from the Trustee's own willful misconduct or gross negligence.    The powers and duties of Trustee hereunder may be exercised through such attorneys, agents or servants as Trustee may appoint, and Trustee shall have no liability or responsibility for any act, failure to act, negligence or willful conduct of such attorney, agent or servant, so long as the selection of such attorney, agent or servant was made by Trustee in a commercially reasonable manner.    In addition, Trustee may consult with legal counsel selected by Trustee, and Trustee shall have no liability or responsibility by reason of any act or failure to act in accordance with the advice or opinions of such counsel.    Trustee may act hereunder and may sell or otherwise dispose of the Mortgaged Property or any part thereof as herein provided, although Trustee has been, may now be or may hereafter be, an attorney, officer, agent or employee of Beneficiary, in respect of any matter or business whatsoever.    Trustee, however, shall have no obligation to sell all or any part of the Mortgaged Property following an Event of Default or to take any other action authorized to be taken by Trustee hereunder, except upon the demand of Beneficiary.

SECTION 3.02        Grantor shall and does hereby indemnify Trustee and hold Trustee harmless from and against any and all Claims and Expenses directly or indirectly arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the Mortgaged Property or the Loan, including but not limited to any Claim arising out of or resulting from any assertion or allegation that Trustee is liable for any act or omission of Grantor or any other Person in connection with the ownership, development, financing, operation or sale of the Mortgaged Property, or any part thereof; provided, however, that Grantor shall not be obligated to indemnify Trustee with respect to any Claim arising solely from the gross negligence or willful misconduct of Trustee or Beneficiary or any of their respective agents or representatives.    The agreements and indemnifications contained in this Section 3.02 shall apply to Claims arising both before and after the repayment of the Loan and shall survive the repayment of the Loan, any foreclosure or deed in lieu thereof and any other action by Trustee to enforce the rights and remedies of Beneficiary or Trustee hereunder or under the other Loan Documents.

SECTION 3.03    Beneficiary shall have, and is hereby granted with warranty of further assurances, the irrevocable power to appoint a new or replacement or substitute Trustee. Such power may be exercised at any time and from time to time without notice to Grantor, without cause and without specifying any reason therefor, by filing for record in the office where this Deed of Trust is recorded a Deed of Appointment. The power of appointment of a successor Trustee may be exercised as often as and whenever Beneficiary may choose, and the exercise of the power of appointment, no matter how often, shall not be an exhaustion thereof. Upon the recordation of such Deed or Deeds of Appointment, the Trustee so appointed shall thereupon, without any further act or deed of conveyance, become fully vested with identically the same title and estate in and to the Mortgaged Property and with all the rights, powers, trusts and duties of its predecessor in the trust hereunder with like effect as if originally named as Trustee hereunder. Whenever in this Deed of Trust reference is made to Trustee, it shall be construed to mean each Person appointed as Trustee for the time being, whether original or successor in trust. All title, estate, rights, powers, trusts and duties granted to Trustee shall be in each Person appointed as Trustee so that any action hereunder by any Person appointed as Trustee shall for all purposes be deemed to be, and as effective as, the action of all Trustees.

(End of Article III)

**ARTICLE IV**

**<u>Miscellaneous</u>**

SECTION 4.01    In the event any one or more of the provisions contained in this Deed of Trust or in the Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall, at the option of Beneficiary, not affect any other provision of this Deed of Trust, but this Deed of Trust shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

SECTION 4.02    All notices hereunder shall be in writing and shall be deemed to have been sufficiently given or served for all purposes if given or served in accordance with the provisions of the Loan Agreement to the addressee(s) and address(es) specified therein (as such address(es) may be changed pursuant to the provisions of the Loan Agreement).

SECTION 4.03    All covenants hereof shall be construed as affording to Beneficiary and Trustee rights additional to and not exclusive of the rights conferred under the provisions of the laws of the State or any other applicable law.

SECTION 4.04    All of the grants, terms, conditions, provisions and covenants of this Deed of Trust shall run with the land, shall be binding upon Grantor and shall inure to the benefit of Beneficiary for itself and as agent for any Affiliate

-29-

Counterparty or other Affiliate of Beneficiary holding any Obligations, subsequent holders of this Deed of Trust and their respective successors and assigns. For the purpose of this Deed of Trust, the term "Grantor" shall include and refer to the Grantor named herein, any subsequent owner of the Mortgaged Property, or any part thereof, and their respective heirs, executors, legal representatives, successors and assigns. If there is more than one Grantor, all their undertakings hereunder shall be deemed joint and several.

SECTION 4.05    Nothing in this Deed of Trust, the Note or in any other Loan Documents between Grantor and Beneficiary shall require Grantor to pay, or Beneficiary to accept, interest in an amount which would subject Beneficiary to any penalty or forfeiture under applicable law. In the event that the payment of any charges, fees or other sums due hereunder or under the Note or any other Loan Documents, which are or could be held to be in the nature of interest and which would subject Beneficiary to any penalty or forfeiture under applicable law, then, ipso facto, the obligations of Grantor to make such payment shall be reduced to the highest rate authorized under applicable law. Should Beneficiary receive any payment which is or would be in excess of the highest rate authorized under law, such payment shall have been, and shall be deemed to have been, made in error, and shall automatically be applied to reduce the outstanding principal balance of the Obligations.

SECTION 4.06    (a)    This Deed of Trust and all of the terms, covenants, provisions, conditions and grants contained in this Deed of Trust cannot be altered, amended, waived, modified or discharged orally, and no executory agreement shall be effective to modify, waive or discharge, in whole or in part, anything contained in this Deed of Trust unless it is in writing and signed by the party against whom enforcement of the modification, alteration, amendment, waiver or discharge is sought.

(b) Any amendment, waiver or consent with respect to this Deed of Trust that (i) amends or modifies this Section 4.06, (ii) except to the extent that Beneficiary is similarly adversely impacted, modifies any other provision of this Deed of Trust in a manner that adversely impacts the rights of an Affiliate Counterparty: (x) with respect to the priority hereunder of any security for any Hedging Obligations (including, without limitation, the definitions of Affiliate Counterparty, Obligations, Hedging Contract and Hedging Obligations, and the provisions of Section 2.02(d) hereof), or (y) as an indemnitee hereunder; or (iii) imposes any additional obligations on an Affiliate Counterparty, in each case under this Section 4.06(b) shall, in addition to the consent of the Beneficiary, require the consent of any Affiliate Counterparty.

SECTION 4.07    Grantor acknowledges that it has received a true copy of this Deed of Trust.

SECTION 4.08    Time is of the essence as to each of Grantor's obligations under this Deed of Trust.

SECTION 4.09        The information set forth on the cover hereof is hereby incorporated herein.

SECTION 4.10        The Mortgaged Property includes, and shall be deemed to include, inter alia, the Chattels and the Intangibles, regardless of whether they are held or hereafter acquired, by Grantor in, to and under the Mortgaged Property. By executing and delivering this Deed of Trust, Grantor has granted, in the same manner and with the same effect described in the Granting Clause hereof, to Beneficiary for itself and as agent for any Affiliate holding any Obligations, as additional security, a security interest in the Chattels and the Intangibles which are subject to the Code. If any Event of Default shall occur, Beneficiary shall have, in addition to any and all other rights and remedies set forth in this Deed of Trust and any other Loan Document, and may exercise without demand, any and all rights and remedies granted to a secured party under the Code, including, but not limited to, the right to take possession of the Chattels and the Intangibles, or any part thereof, and the right to advertise and sell the Chattels and the Intangibles, or any part thereof, pursuant to and in accordance with the power of sale provided for in this Deed of Trust. Grantor agrees that any notice of sale or other action intended by Beneficiary with respect to the Chattels and the Intangibles, or any part thereof, shall constitute reasonable notice if it is sent to Grantor not less than ten (10) days prior to any such sale or intended action. The proceeds of any such sale of the Chattels and the Intangibles, or any part thereof, shall be applied in the manner set forth Section 2.02 (d) of this Deed of Trust

SECTION 4.11        Grantor hereby irrevocably submits to the jurisdiction and venue of any state or federal court sitting in the District of Columbia over any suit, action or proceeding arising out of or relating to this Deed of Trust and any other Loan Documents, and Grantor hereby agrees and consents that, in addition to any methods of service of process provided for under applicable law, all service of process in any such suit, action or proceeding may be made by certified or registered mail, return receipt requested, directed to Grantor at the address set forth above, and service so made shall be complete five (5) days after the same shall have been so mailed.

SECTION 4.12        By inspecting the Property or other Mortgaged Property, or by accepting or approving anything required to be observed, performed or fulfilled by Grantor or to be given to Beneficiary pursuant to this Deed of Trust or any of the other Loan Documents or any Hedging Contract, Beneficiary shall not be deemed to have warranted or represented the condition, sufficiency, legality, effectiveness or legal effect of the same, and such acceptance or approval shall not constitute any warranty or representation with respect thereto by Beneficiary.

SECTION 4.13        Grantor and Beneficiary shall upon a mutual agreement to do so execute such documents as may be necessary in order to effectuate the modification of this Deed of Trust, including the execution of substitute mortgages, so as to create two or more coordinate liens on the Mortgaged Property or a portion thereof in such amounts as may be mutually agreed upon but in no event to exceed, in the aggregate, the Deed of Trust Amount, together with all other Obligations secured by this Deed of Trust. Grantor shall pay all costs in connection with said

modification, including, but not limited to, title examination costs, title insurance premiums, charges, and any mortgage recording taxes. Nothing contained herein shall require Beneficiary to execute said documents if the property encumbered by said coordinate mortgages shall be less than the property mortgaged hereby.

SECTION 4.14    If Grantor consists of two (2) or more Persons, the term "Grantor" shall refer to all Persons signing this Deed of Trust as Grantor, and to each of them, and all of them are jointly and severally bound, obligated, and liable hereunder. Beneficiary may release, compromise, modify or settle with any of Grantor, in whole or in part, without impairing, lessening or affecting the obligations and liabilities of the others of Grantor hereunder or under any of the Loan Documents or any Hedging Contract.   Any of the acts mentioned aforesaid may be done without the approval or consent of, or notice to, any of Grantor.

**GRANTOR, AND BY ITS ACCEPTANCE HEREOF, BENEFICIARY, MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST IN RESPECT OF ANY LITIGATION BASED ON THIS DEED OF TRUST, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS DEED OF TRUST OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY.   THIS WAIVER IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE AND CONSTITUTES A MATERIAL INDUCEMENT FOR GRANTOR AND BENEFICIARY TO ENTER INTO THE TRANSACTIONS CONTEMPLATED HEREBY. GRANTOR AND BENEFICIARY ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.**

SECTION 4.15    **GRANTOR   HEREBY   EXPRESSLY   AND UNCONDITIONALLY WAIVES, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY OR ON BEHALF OF BENEFICIARY ON THIS DEED OF TRUST, ANY AND EVERY RIGHT GRANTOR MAY HAVE (I) TO OBJECT TO THE JURISDICTION OR VENUE OF ANY STATE COURT IN THE DISTRICT OF COLUMBIA OR ANY FEDERAL COURT LOCATED IN THE STATE, (II) TO INJUNCTIVE RELIEF, (III) TO INTERPOSE ANY COUNTERCLAIM THEREIN (OTHER THAN COMPULSORY COUNTERCLAIMS), AND (IV) TO HAVE THE SAME CONSOLIDATED WITH ANY OTHER OR SEPARATE SUIT, ACTION OR PROCEEDING.  NOTHING HEREIN CONTAINED SHALL PREVENT OR PROHIBIT GRANTOR FROM INSTITUTING OR MAINTAINING A SEPARATE ACTION AGAINST BENEFICIARY WITH RESPECT TO ANY ASSERTED CLAIM. THE FOREGOING WAIVERS ARE GIVEN KNOWINGLY AND VOLUNTARILY BY GRANTOR. BENEFICIARY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF ANY OR ALL OF THE FOREGOING WAIVERS.**

SECTION 4.16    **The enforcement of this Deed of Trust shall be governed, construed and interpreted by the laws of the State (without giving effect to the State's principles of conflicts of law).**

SECTION 4.17    Beneficiary, in its sole discretion, shall have the right to announce and publicize relevant information with respect to the financing secured by this Deed of Trust, as it deems appropriate or desirable, by means and media selected by Beneficiary, including, but not limited to, newspapers, magazines, trade publications and the like.   Such publicity may, at Beneficiary's discretion, include all pertinent information relating to the Note, the Loan Agreement, the Deed of Trust and the Property including, without limitation, the term, purpose, interest rate, Deed of Trust Amount, name of Grantor and Beneficiary, location of the Property and the nature of any Improvements.   The form and content of the published information shall be in the sole discretion of Beneficiary.   All expenses related to such publicity shall be the sole responsibility of Beneficiary.

SECTION 4.18    Grantor hereby indemnifies Beneficiary and any Affiliate Counterparty and any other of its Affiliates (including their respective agents and representatives) and holds Beneficiary and any Affiliate Counterparty and any other of its Affiliates (including their respective agent and representatives) harmless from and against any and all Claims and Expenses directly or indirectly arising out of or resulting from any transaction, act, omission, event or circumstance in any way connected with the Loan, other Obligations the Mortgaged Property, the Loan Documents or any Hedging Contract, including, without limitation, any Claim arising out of or resulting from any assertion or allegation that Beneficiary or any Affiliate Counterparty or any other Affiliate of Beneficiary is liable for any act or omission of Grantor or any other Person in connection with the ownership, development, financing, operation or sale of the Mortgaged Property, or any part thereof; provided, however, that Grantor shall not be obligated to indemnify Beneficiary any Affiliate Counterparty or any other Affiliate of Beneficiary with respect to any Claim that is determined by a final non-appealable order or judgment as arising solely from the gross negligence or willful misconduct of Beneficiary or any Affiliate Counterparty or any other of its Affiliates, or any of their respective agents or representatives to the extent that such gross negligence or willful misconduct is determined by the final judgment of a court of competent jurisdiction, not subject to further appeal, in proceedings to which such Beneficiary, or any Affiliate Counterparty or any other its Affiliates or any of their respective agents or representatives is a proper party.   The agreements and indemnifications contained in this Section shall apply to Claims arising both before and after the repayment of the Loan and the Hedging Obligations and shall survive the repayment of the Loan and any Hedging Obligations, any foreclosure or deed in lieu thereof and any other action by Beneficiary or any Affiliate Counterparty or any other of its Affiliates to enforce the rights and remedies of Beneficiary or any such Affiliate Counterparty or other Affiliate hereunder or under the other Loan Documents or under any Hedging Contract.

SECTION 4.19    This Deed of Trust may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed to be an

-33-

original and all such counterparts shall together constitute but one and the same mortgage.

SECTION 4.19  NOTICE: THE OBLIGATIONS SECURED BY THIS DEED OF TRUST IS SUBJECT TO CALL IN FULL IN EVENT OF SALE, CONVEYANCE OR FURTHER ENCUMBRANCE.

SECTION 4.20  Grantor and Beneficiary acknowledge and agree that an Affiliate Counterparty or other Affiliate of Beneficiary is providing a Hedging Contract as an accommodation to the Borrower; accordingly, it is intended by the parties that all Hedging Obligations shall be secured by this Deed of Trust and Beneficiary, as agent for such Affiliate Counterparty or other Affiliate, shall collect and pay over to such Affiliate Counterparty or other Affiliate amounts received from Borrower and/or the collateral to satisfy the Hedging Obligations in the manner and order set forth in this Deed of Trust and the other Loan Documents.  The parties acknowledge that Beneficiary has the right to acquire a participation or other interest in the Hedging Obligations to facilitate the collateralization of the same.

(End of Article IV)

[NO FURTHER TEXT ON THIS PAGE]

**IN WITNESS WHEREOF**, this Deed of Trust has been duly executed by Grantor as of the day and year first above written.

**GRANTOR:**

**4303-4313 WHEELER RD SE LLC,**
a District of Columbia limited liability company

By: _____ (SEAL)
     Ali Razjooyan, Sole Member

## ACKNOWLEDGEMENT

State/District of MARYLAND

City/County of MONTGOMERY  To Wit:

In said jurisdiction, on February 15, 2022 before me personally appeared Ali Razjooyan, to me known as the Sole Member of 4303-4313 Wheeler RD SE, LLC, a District of Columbia limited liability company ("Grantor"), and the person executing these presents in such capacity on behalf of Grantor, the party executing the foregoing instrument, and s/he acknowledged said instrument by him/her so executed to be his/her free act and deed in such capacity and the free act and deed of Borrower for the purposes set forth in said instrument.

[SEAL]                                       _____
                                                              Notary Public
My commission expires:  5/19/2025        Kos N. Johns

Notary Registration No.:    n/a


**[Signature Page for Deed of Trust and Security Agreement]**

SCHEDULE  A

## Legal Description

File Number:  **21-251**

**Lot numbered Eighty Three (83), in Square numbered Fifty Nine Hundred Twenty Four (5924), in the subdivision made by Louis Richman and Harry Ziggles, as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 128 at Folio 138.**

**Property address known as: 4305 Wheeler Road, SE, Washington, DC 20032**

**Doc #: 2022021132**
**Filed & Recorded**
**02/24/2022 08:41 AM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**

| | |
|---|---|
| **RECORDING FEES** | **$150.00** |
| **SURCHARGE** | **$6.50** |
| **RECORDATION TAX FEES** | **$5,394.00** |
| **TOTAL:** | **$5,550.50** |

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No. 20-351
Tax Account No.  Sq 6207 Lot 46

## \*M10332CL000004594388900100940218\*

**DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS**

Refinance Trust Securing $975,000.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **January 27, 2021**, among **4263 6TH ST SE APARTMENTS LLC, a District of Columbia** limited liability company, with an address of **4263-67 6th St. SE, Washington, District of Columbia 20032** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **4263-67 6th Street, SE, Washington, District of Columbia 20032** (the "Address(es)").

### 1.    DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1    Deed of Trust. For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated **January 27, 2021**, by **4263 6TH ST SE APARTMENTS LLC** in favor of the Beneficiary in the original principal amount of **$975,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$975,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2    Security Interest in Property. As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3    <u>Collateral Assignment of Leases and Rents</u>.  The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property.  This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4    <u>Conditions to Grant</u>.  The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5    <u>Property</u>.  The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6    <u>Obligations</u>.  The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

2

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7     Cross-Collateral and Future Advances.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.     REPRESENTATIONS, WARRANTIES, COVENANTS

2.1     Representations and Warranties.  The Trustor represents and warrants that:

(a)     This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)     The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)     The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)     As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)     Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2     Recording; Further Assurances.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust.  Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law.  To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction.  The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein.  Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3    Restrictions on the Trustor.  The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)    Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)    Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)    Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien.  The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same.  The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4    Operation of Property.  The Trustor covenants and agrees as follows:

(a)    The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)     The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary. Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request. The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)     Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)     Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)     Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5     <u>Payments</u>. The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to the Beneficiary the receipted real estate tax

5

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     Notices; Notice of Default. The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7     Takings. In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without the Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations. The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8     Insurance Proceeds. The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

3.     CERTAIN RIGHTS OF THE BENEFICIARY

3.1     Legal Proceedings. The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2     Appraisals/Assessments. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3     Financial Statements. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

6

3.4     Substitution of Trustee.  The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder.  Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder.  Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee.  The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5     Leases and Rent Roll.  The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.     DEFAULTS AND REMEDIES

4.1     Events of Default.  "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)     default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)     failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)     the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)     failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)     default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)     if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)     if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)     the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)   the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)   the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)   a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)   any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)   the termination or revocation of any guaranty of the Obligations; or

(n)   the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

**4.2    Remedies.**  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)   Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)   Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)   With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases.  The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

8

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)    In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)    Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)    Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

9

Substances.

4.3    Advances.  If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.  Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4    Cumulative Rights and Remedies.  All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5    Trustor's Waiver of Certain Rights.  To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6    Transfer of Title.  Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7    Effect of Sale.  Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8    Reconveyance.  Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust.  Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5.    MISCELLANEOUS

5.1    Costs and Expenses.  To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2    Survival of Claims for Costs and Expenses. It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment. If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation: (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation. The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note. All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation. Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3    Indemnification Regarding Leases. The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases. It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4    Indemnification Regarding Hazardous Substances. The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property. The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5    Indemnitee's Expenses. If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

11

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6    Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7    Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8    Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9    Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10    Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11    Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

12

**Notices.**    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    Governing Law.    This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    Reproductions.    This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    Beneficiary Affiliates.    The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.    The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.    For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.    Control may be by ownership, contract, or otherwise.

5.16    Jurisdiction and Venue.    The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust.    The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.    The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    **JURY WAIVER.    THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED.    THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

EXECUTED under seal as of the date first above written.

Witness:                                      Trustor:
                                              4263 6TH ST SE APARTMENTS LLC

_____              By: _____
                                                  Eimon Razjooyan, Member

                                              4263-67 6th St. SE
                                              Washington, District of Columbia
                                              20032

STATE OF MARYLAND
~~DISTRICT OF COLUMBIA~~
COUNTY OF _____MONTGOMERY_____ , SS.

        The foregoing instrument was acknowledged before me this 27th day of January , 20 21
by Eimon Razjooyan, Member of 4263 6TH ST SE APARTMENTS LLC, a District of Columbia Limited
Liability Company, on behalf of such Limited Liability Company.

                                              _____ , NOTARY PUBLIC
                                              MY COMMISSION EXPIRES: _____5/19/21_____
                                                    Kos N. Johns
                                              TYPE OR PRINT NAME

14

Deed of Trust 1

**EXHIBIT "A"**

**Property Description**

Lot numbered Forty Six (46), in Square numbered Six Thousand Two Hundred Seven (6207), in a subdivision made by Jacob Kotz, and others, as per plat recorded in Liber 132 at Folio 181 among the records of the Office of the Surveyor for the District of Columbia.

Property address: 4263-67 6th Street, S.E., Washington, D.C. 20032

15

# SECURITY AFFIDAVIT
# CLASS 1 and CLASS 2

I / We, undersigned, the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 404 or the District of Columbia Theft and White Collar Crimes Act of 1982, effective December 1, 1982 (D.C. Law 4-164; D.C. Code 22-2514), that the real property described within is either Class 1 Property or Class 2 Property, as those classes of property are established pursuant to section 412a of the District of Columbia Real Property Tax Revision Act of 1974, approved September 3, 1974 (88 Stat. 1051; D.C. Code 47-813), with 5 or fewer units.

4263 6TH ST SE APARTMENTS LLC

BY

ELIMON R. RAZJOOYAN

Subscribed and sworn to before me this January 27, 2021.

Notary Public

My Commission Expires: 5/19/2021

KOS N. JOHNS
NOTARY
PUBLIC
MONTGOMERY COUNTY, MD

**Doc #: 2021012173**
**Filed & Recorded**
**01/29/2021 02:02 PM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
  **RECORDING FEES**     **$150.00**
  **SURCHARGE**     **$6.50**
**TOTAL:**     **$156.50**

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No. 19-100
Tax Account No. Sq 5180 Lot 807



2019096113-17

## \*M10332CL0000036770369001009402 21\*

### DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS
Secures the amount of $880,000.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **August 29, 2019**, among **4935 NHB Ave NE LLC**, a **District of Columbia** limited liability company, with an address of **4935 Nannie Helen Burroughs Ave NE, Washington, District of Columbia 20019** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **4935 Nannie Helen Burroughs Ave NE, Washington, District of Columbia 20019** (the "Address(es)").

### 1.    DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1    <u>Deed of Trust</u>. For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated **August 29, 2019**, by **4935 NHB Ave NE LLC** in favor of the Beneficiary in the original principal amount of **$880,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$880,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2    <u>Security Interest in Property</u>. As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3    <u>Collateral Assignment of Leases and Rents</u>. The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of

*L-16PL*

the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property. This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4    Conditions to Grant. The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5    Property. The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6    Obligations. The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses (including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

2

1.7     Cross-Collateral and Future Advances.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.     REPRESENTATIONS, WARRANTIES, COVENANTS

2.1     Representations and Warranties.  The Trustor represents and warrants that:

(a)     This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)     The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)     The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)     As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)     Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2     Recording; Further Assurances.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust.  Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law.  To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction.  The Beneficiary may at any time and from time to time file financing statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request.  In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably

3

request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein.  Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3    Restrictions on the Trustor.  The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)    Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)    Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)    Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien.  The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same.  The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4    Operation of Property.  The Trustor covenants and agrees as follows:

(a)    The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, State and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

(b)    The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans.  All policies regarding such insurance shall be issued by companies licensed to do business in

4

the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary. Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request. The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)     Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)     Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)     Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5     _Payments._ The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to the Beneficiary the receipted real estate tax bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     _Notices; Notice of Default._ The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that

5

the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7    Takings.  In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without the Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations. The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8    Insurance Proceeds.  The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

### 3.    CERTAIN RIGHTS OF THE BENEFICIARY

3.1    Legal Proceedings.  The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2    Appraisals/Assessments.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3    Financial Statements.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

3.4    Substitution of Trustee.  The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder. Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder. Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee. The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5    Leases and Rent Roll.  The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to

6

the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

### 4.   DEFAULTS AND REMEDIES

4.1   Events of Default.   "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)   default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)   failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)   the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)   failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)   default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)   if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)   if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)   the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

(i)   the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 et seq. or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)   the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)   a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

7

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)    the termination or revocation of any guaranty of the Obligations; or

(n)    the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2    Remedies. On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)    Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)    Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)    With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)    In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole

8

and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter.  In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)     Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)      Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances.

4.3     Advances.  If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.  Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4     Cumulative Rights and Remedies.  All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or

9

remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5     Trustor's Waiver of Certain Rights.  To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6     Transfer of Title.  Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7     Effect of Sale.  Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8     Reconveyance.  Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust.  Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5.     MISCELLANEOUS

5.1     Costs and Expenses.  To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations.  Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2     Survival of Claims for Costs and Expenses.  It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment.  If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation: (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or

obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation. The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note. All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation. Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3    Indemnification Regarding Leases.    The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases. It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4    Indemnification Regarding Hazardous Substances.    The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property. The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5    Indemnitee's Expenses.    If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6    Waivers.    The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof. No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand. No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust. Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other

11

agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7    Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8    Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9    Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10    Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11    Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

Notices.    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    Governing Law.  This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    Reproductions.  This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    Beneficiary Affiliates.  The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean

12

any "Affiliate" of the Beneficiary.  The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.  For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.  Control may be by ownership, contract, or otherwise.

5.16    Jurisdiction and Venue.  The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust.  The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.  The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    **JURY WAIVER.  THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED.  THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

        EXECUTED under seal as of the date first above written.

Witness:                                    Trustor:
                                            4935 NHB Ave NE LLC

_____                     By: X Houri Razzooyan
                                                Houri Azam Razjooyan, Managing Member

                                            4935 Nannie Helen Burroughs Ave NE
                                            Washington, District of Columbia
                                            20019


STATE OF MARYLAND
DISTRICT OF COLUMBIA
COUNTY OF  MONTGOMERY        , SS.

        The foregoing instrument was acknowledged before me this  29  day of  August       , 20 19
by Houri Azam Razjooyan, Managing Member of 4935 NHB Ave NE LLC, a District of Columbia Limited Liability Company on behalf of such Limited Liability Company.

                                            _____, NOTARY PUBLIC
                                            MY COMMISSION EXPIRES:     5/19/21
                                            Kos N. Johns
                                            TYPE OR PRINT NAME

13

Deed of Trust 1

EXHIBIT "A"

<u>Property Description</u>

ALL that tract of ground and /or that part or parcel of land and
premises, together with all and every title, right, privilege,
appurtenance and advantage thereunto belonging, or in anywise
appertaining and situate, lying and being located in the District of
Columbia and being depicted on that certain "House Location Survey"
made by Capitol Surveys Inc. dated October 29, 2004, and more
particularly described by metes and bounds, courses and distances as
follows:

Lot numbered Sixteen (16), in Square 5180 in Glenman's Subdivision of
part of a tract of land called "BEALL'S ADVENTURE", as per plat
recorded in the Office of the Surveyor for the District of Columbia
in Liber 36 at Folio 46, SAVING AND EXCEPTING THEREFROM, all that
part and parcel of land as conveyed to Charles F. Rice et al by that
certain Deed from Olive W. Madden recorded among the Land Records of
the District of Columbia in Liber 5800 at Folio 50 with the said
remainder of said Lot numbered Sixteen (16) in Square 5180 in
Glenman's Subdivision of part of a tract of land called "BEALL'S
ADVENTURE", as per plat recorded in the Office of the Surveyor for
the District of Columbia in Liber 35 at Folio 46 beginning for the
same at the common northwest corner of Lot numbered Sixteen (16)
Square 5180 in Glenman's Subdivision of part of a tract of land
called "BEALL'S ADVENTURE", as per plat recorded in the Office of the
Surveyor for the District of Columbia in Liber 36 at Folio 46 and the
common Northeast corner of Lot numbered Thirty Two (32) in Square
5180 of Madden's Combination of Lots in said Square 5180 of Madden's
Combination of Lots in Square 5180 as per plat recorded in the Office
of the Surveyorfor the District of Columbia in Liber 148 at Folio 8
located on the southern right of way line for Grant Street and thence

1.  Running with and binding upon the southern right of way line for
Grant Street, NE and with one or the northern boundary lines of Lot
numbered Sixteen (16) Square 5180 in Glenman's Subdivision of part of
a tract of land called 'BEALL'S ADVENTURE", as per plat recorded in
the Office of the Surveyor for the District of Columbia in Liber 36
at Folio 46, East, 16.80 feet to a point, being the intersection of
the southern right of way lines for Grant Street, NE and Nannie Helen
Burroughs Avenue, NE; thence

2.  Running with and binding upon the southern right of way line for
Nannie Helen Burroughs, NE and the remaining norther boundary line of
Lot numbered Sixteen (16) Square 5180 in Glenman's Subdivision of
part of a tract land called "BEALL'S ADVENTURE", as per plat recorded
in the Office of the Surveyor for the District of Columbia in Liber
36 at Folio 46, South 77 degrees 23 minutes East, 26.24 feet to a
point thence

14

(Continued on Attached)

3.  Leaving the southern right of way line for Nannie Helen Burroughs
Avenue, NE and crossing Lot numbered Sixteen (16) Square 5180 in
Glenman's Subdivision of part of a tract of land called "BEALL'S
ADVENTURE" as per plat recorded in the Office of the Surveyor for the
District of Columbia in Liber 36 at Folio 46, South 12 degrees 37
minutes West 96.73 feet to intersect the northern right of way line
for a 15 foot wide public alley located int he rear of said Lot
numbered Sixteen (16) Square 5180 in Glenman's Subdivision of part of
a tract of land called "BEALL'S ADVENTURE", as per plat recorded in
the Office of the Surveyor for the District of Columbia in Liber 36
at Folio 46; thence

4.  Running with part of the rear line of said Lot numbered Sixteen
(16) Square 5180 in Glenman's Subdivision of part of a tract of land
called "BEALL'S ADVENTURE", as per plat recorded in the Office of the
Surveyor for the District of Columbia in Liber 36 at Folio 46 and
running with and binding on the northern right of way line of the
aforesaid 15 foot wide public alley, West 20.71 feet to a point said
point being the common southwest corner of Lot numbered Sixteen (16)
Square 5180 in Glenman's Subdivision of part of a tract of land
called "BEALL'S ADVENTURE", as per plat recorded in the Office of the
Surveyor for the District of Columbia in Liber 36 at Folio 46 and the
common southeast corner of Lot numbered Thirty Two (32) in Square
5180 of Madden's Combination of Lots in said Square 5180 as per plat
recorded in the office of the Surveyor for the District of Columbia
in Liber 148 at Folio 8 located on the norther right of way line of
the aforesaid 15 foot wide public alley; thence

5.  Leaving the northern right of way line of the aforesaid 15 foot
public alley and running with the common western boundary line of Lot
numbered Sixteen (16) Square 5180 in Glenman's Subdivision of part of
a tract of land called "BEALL'S ADVENTURE", as per plat recorded in
the Office of the  Surveyor for the District tof  Columbia in Liber
36 at Folio 46 and with the Eastern boundary line of Lot numbered
Thirty Two (32) in Square 5180 of Madden's Combination of Lots in
said Square 5180 as per plat recorded in the Office of the Surveyor
for the District of Columbia in Liber 148 at Folio 8,North 100 feet
to the place of beginning.

Containing an area mathematically computed to be 3,143.00 and
assessed by the Tax Assessor as containing 3,153.00 square feet of
land more or less pursuant to that certain Certificate of Taxes
numbered 2089156 as issued by the Government of the District of
Columbia Office of Tax and Revenue, Assessment Services Division with
the said property having a street or premises address as reference by
the District of Columbia Department of Tax and Revenue as having a
property address of 4935 Nannie Helen Burroughs Avenue, NE,
(Continued on Attached)

Washington, D.C. 20019 and which is currently referenced on the
records of the Assessor for the District of Columbia for assessment
and taxation purposes as Lot 807 in Square 5180.

The improvements known as: 4935 Nannie Helen Burroughs Avenue, N.E.,
Washington, DC 20019
Tax Id SSL as Square 5180 Lot 0807

# SECURITY AFFIDAVIT
# CLASS 1 and CLASS 2

I / We, 4935 NHB AVE NE, LLC, the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 404 or the District of Columbia Theft and White Collar Crimes Act of 1982, effective December 1, 1982 (D.C. Law 4-164; D.C. Code 22-2514), that the real property described within is either Class 1 Property or Class 2 Property, as those classes of property are established pursuant to section 412a of the District of Columbia Real Property Tax Revision Act of 1974, approved September 3, 1974 (88 Stat. 1051; D.C. Code 47-813), with 5 or fewer units.

4935 NHB AVE NE LLC

By _____
HOURI AZAM RAZJOOYAN, Member

Subscribed and sworn to before me this August 29, 2019.

_____
Notary Public

My Commission Expires: 5/19/2021

KOS N. JOHNS
NOTARY
PUBLIC
MONTGOMERY COUNTY, MD

Doc #: 2019096113 Fees: $156.50
09/09/2019 11:06 AM    Pages: 17
Filed and Recorded in Official Records of
WASH DC RECORDER OF DEEDS IDA WILLIAMS

RECORDING FEES        $150.00
SURCHARGE              $6.50

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No. 20~250
Tax Account No. SQ 6150   Lot 0002

# *M10332CL0000047790969001009402l8*

## DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS
## SECURING $1,005,000.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **August 30, 2021**, among **3968 MLK LLC**, a **District of Columbia** limited liability company, with an address of **3968 Martin Luther King Jr Avenue SE, Washington, District of Columbia 20032** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **3968 Martin Luther King Jr Avenue SE, Washington, District of Columbia 20032** (the "Address(es)").

## 1.   DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1   Deed of Trust. For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated **August 30, 2021**, by **3968 MLK LLC** in favor of the Beneficiary in the original principal amount of **$1,005,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$1,005,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2   Security Interest in Property. As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3     Collateral Assignment of Leases and Rents. The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property. This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4     Conditions to Grant. The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5     Property. The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6     Obligations. The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

2

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7    Cross-Collateral and Future Advances.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.    REPRESENTATIONS, WARRANTIES, COVENANTS

2.1    Representations and Warranties.  The Trustor represents and warrants that:

(a)    This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)    The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)    The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)    As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)    Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2    Recording; Further Assurances.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law.  To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction.  The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request.  In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein.   Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3   Restrictions on the Trustor.  The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)   Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)   Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)   Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien.  The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same.  The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4   Operation of Property.  The Trustor covenants and agrees as follows:

(a)   The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)      The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary. Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request. The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)      Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)      Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)      Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5    <u>Payments</u>. The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to the Beneficiary the receipted real estate tax

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     Notices; Notice of Default. The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7     Takings. In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without the Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations. The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8     Insurance Proceeds. The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

## 3.     CERTAIN RIGHTS OF THE BENEFICIARY

3.1     Legal Proceedings. The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2     Appraisals/Assessments. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3     Financial Statements. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

3.4    Substitution of Trustee. The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder. Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder. Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee. The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5    Leases and Rent Roll. The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.    DEFAULTS AND REMEDIES

4.1    Events of Default. "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)    default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)    failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)    the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)    failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)    default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)    if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)    if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)    the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)     the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)     the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)     a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)    the termination or revocation of any guaranty of the Obligations; or

(n)     the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2     Remedies.  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)     Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)     Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)     With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases.  The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

8

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)   In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)   Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)   Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

Substances.

4.3     Advances.  If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.  Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4     Cumulative Rights and Remedies.  All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5     Trustor's Waiver of Certain Rights.  To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6     Transfer of Title.  Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7     Effect of Sale.  Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8     Reconveyance.  Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust. Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

5.     MISCELLANEOUS

5.1     Costs and Expenses.  To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

10

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2    Survival of Claims for Costs and Expenses.  It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment.  If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation:  (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation.  The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note.  All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation.  Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3    Indemnification Regarding Leases.  The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases.  It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4    Indemnification Regarding Hazardous Substances.  The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property.  The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5    Indemnitee's Expenses.  If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

11

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6     Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7     Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8     Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9     Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10     Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11     Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

12

Notices.    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    Governing Law.    This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    Reproductions.  This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    Beneficiary Affiliates.  The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.  The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.  For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.  Control may be by ownership, contract, or otherwise.

5.16    Jurisdiction and Venue.  The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Virginia and any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust. The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    JURY WAIVER.  THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED.  THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

EXECUTED under seal as of the date first above written.

Witness:

Trustor:
3968 MLK LLC

By: _____
Houri Azam Razjooyan, Member

3968 Martin Luther King Jr Avenue SE
Washington, District of Columbia
20032

~~DISTRICT OF COLUMBIA~~ State of Maryland

COUNTY OF ___Montgomery___, SS.

   The foregoing instrument was acknowledged before me this 30th day of August, 2024 by Houri Azam Razjooyan, Member of 3968 MLK LLC, a District of Columbia Limited Liability Company, on behalf of such Limited Liability Company.

_____ NOTARY PUBLIC

MY COMMISSION EXPIRES ___5/19/25___

_____
TYPE OR PRINT NAME

14

Deed of Trust 1

**EXHIBIT "A"**

**Property Description**

Lot numbered Two (2), in Square numbered Sixty One Hundred Fifty (6150), in a subdivision made by David Brown and Sarah Brown, as per plat recorded in Liber 115 at Folio 178 of the records of the Office of the Surveyor for the District of Columbia.

Property address:  3968 Martin Luther King Jr Avenue, S.W., Washington, D.C. 20032

15

# SECURITY AFFIDAVIT
## CLASS 1 and CLASS 2

I / We, the undersigned, the owner(s) of the real property described within certify, subject to criminal penalties for making false statements pursuant to section 404 or the District of Columbia Theft and White Collar Crimes Act of 1982, effective December 1, 1982 (D.C. Law 4-164; D.C. Code 22-2514), that the real property described within is either Class 1 Property or Class 2 Property, as those classes of property are established pursuant to section 412a of the District of Columbia Real Property Tax Revision Act of 1974, approved September 3, 1974 (88 Stat. 1051; D.C. Code 47-813), with 5 or fewer units.

3968 MLK LLC

By _____

Houri Razjooyan

Subscribed and sworn to before me this August 30, 2021.

Notary Public

My Commission Expires: 5/19/2021

KOS N. JOHNS
NOTARY
PUBLIC
MONTGOMERY COUNTY, MD

```
Doc #: 2021118164
Filed & Recorded
09/01/2021 03:14 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES           $150.00
   SURCHARGE                $6.50
TOTAL:                      $156.50
```

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No. 20-110
Tax Account No.   Sq 5924 Lot 0090

Refinance of prior Deed of Trust in the amount of $1,930,500.00 recorded 2/06/2020 as Instrument No. 2020016479. The new secured loan amount is $2,560,000.00 and the unpaid principal balance is $1,694,764.50 with a taxable rate of $865,235.50.

## *M10332CL00000447076190010094 0218*

### DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS

REFINANCE Deed of Trust securing $2,560,000.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **June 30, 2020**, among **4010 9th Street SE LLC, a District of Columbia** limited liability company, with an address of **4010 9th Street SE, Washington, District of Columbia 20032** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **4010 9th Street SE, Washington, District of Columbia 20032** (the "Address(es)").

### 1.   DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1   Deed of Trust.   For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated June 30, 2020, by **4010 9th Street SE LLC** in favor of the Beneficiary in the original principal amount of **$2,560,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$2,560,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2   Security Interest in Property.   As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures.   This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder.   This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3    Collateral Assignment of Leases and Rents.  The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property.  This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4    Conditions to Grant.  The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5    Property.  The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6    Obligations.  The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7    Cross-Collateral and Future Advances.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.    REPRESENTATIONS, WARRANTIES, COVENANTS

2.1    Representations and Warranties.  The Trustor represents and warrants that:

(a)    This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)    The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)    The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)    As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)    Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2    Recording; Further Assurances.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law.  To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction.  The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein.   Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3     Restrictions on the Trustor.  The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)     Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)     Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)     Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien.  The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same.  The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4     Operation of Property.  The Trustor covenants and agrees as follows:

(a)     The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)     The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary.  Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request.  The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary.  The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)     Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)     Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)     Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5     <u>Payments</u>.  The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section.  The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof.  The Trustor shall furnish to the Beneficiary the receipted real estate tax

5

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     Notices· Notice of Default. The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7     Takings. In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without the Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations. The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8     Insurance Proceeds. The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

## 3.     CERTAIN RIGHTS OF THE BENEFICIARY

3.1     Legal Proceedings. The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2     Appraisals/Assessments. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3     Financial Statements. The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

6

3.4     Substitution of Trustee. The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder.  Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder.  Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee.  The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5     Leases and Rent Roll. The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.     DEFAULTS AND REMEDIES

4.1     Events of Default.  "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)     default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)     failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)     the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)     failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)     default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)     if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)     if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)     the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)     the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)     the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)     a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)     the termination or revocation of any guaranty of the Obligations; or

(n)     the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2    Remedies.  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)     Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)     Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)     With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases.  The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

8

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)     In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)     Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)     Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

9

Substances.

4.3    <u>Advances</u>.  If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.   Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4    <u>Cumulative Rights and Remedies</u>.  All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5    <u>Trustor's Waiver of Certain Rights</u>.  To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6    <u>Transfer of Title</u>.  Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7    <u>Effect of Sale</u>.  Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8    <u>Reconveyance</u>.  Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust.  Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5.    MISCELLANEOUS

5.1    <u>Costs and Expenses</u>.  To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2     Survival of Claims for Costs and Expenses.  It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment.  If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation:  (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation.  The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note.  All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation.  Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3     Indemnification Regarding Leases.  The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases.  It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4     Indemnification Regarding Hazardous Substances.  The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property.  The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5     Indemnitee's Expenses.  If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

11

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6     Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7     Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8     Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9     Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10     Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11     Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

12

Notices.   ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12   ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13   Governing Law.   This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14   Reproductions.   This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15   Beneficiary Affiliates.   The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.  The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.  For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.  Control may be by ownership, contract, or otherwise.

5.16   Jurisdiction and Venue.   The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust.  The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.  The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17   **JURY WAIVER.  THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN, WAIVED.  THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

13

EXECUTED under seal as of the date first above written.

Witness:

Trustor:
4010 9th Street SE LLC

By:

Yusef Scott, Member

4010 9th Street SE
Washington, District of Columbia
20032

STATE OF MARYLAND
~~DISTRICT OF COLUMBIA~~
COUNTY OF ___MONTGOMERY___ , SS.

The foregoing instrument was acknowledged before me this _30th_ day of ___June___ , 20_20_ by Yusef Scott, Member of 4010 9th Street SE LLC, a District of Columbia Limited Liability Company, on behalf of such Limited Liability Company.

_____ , NOTARY PUBLIC
MY COMMISSION EXPIRES: ___5/19/21___
_Kos N. Johns_____
TYPE OR PRINT NAME

14

Deed of Trust 1

**EXHIBIT "A"**

**Property Description**

**Lot numbered Ninety (90), in Squre numbered Fifty Nine Hundred Twenty Four (5924), in a subdivision made by Wilfred R. Dagan et ux as per plat recorded in Liber 151 at Folio 90 in the Office of the Surveyor for the District of Columbia.**

**Property address:  4010 9th Street, S.E., Washington, D.C. 20032**

15

**EXHIBIT "B"**

**Permitted Encumbrances**

None

**Doc #: 2020086074**
**Filed & Recorded**
**07/17/2020 09:56 AM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**

| | |
|---|---|
| **RECORDING FEES** | $150.00 |
| **SURCHARGE** | $6.50 |
| **RECORDATION TAX FEES** | $12,545.91 |
| **TOTAL:** | $12,702.41 |

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No. 21-089
Tax Account No.  Sq.  5624  Lot  0814

Refinance of prior Deed of Trust in the amount of
$1,840,000.00 recorded 9/11/20 as Instrument No.
2020110387, and Deed of Trust in the amount of
$115,000.00 recorded 9/11/20 as Instrument No.
2020110388.  The New secured loan amount is
$2,940,000.00 and the unpaid principal balances
are $1,840,000.00 and $115,000.00 totaling
$1,955,000.00 with a taxable rate of $985,000.00

## \*M10332CL000004720660900100940218\*

### DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS
SECURING 2,940,000.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **April 30, 2021**, among **2440 S ST SE LLC**, a **District of Columbia** limited liability company, with an address of **2240 S St SE, Washington, District of Columbia 20020** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia  22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia  22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **2240 S St SE, Washington, District of Columbia 20020** (the "Address(es)").

### 1.    DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1    <u>Deed of Trust</u>.  For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting  that certain **Term Note**, dated **April 30, 2021**, by 2440 S ST SE LLC in favor of the Beneficiary in the original principal amount of **$2,940,000.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$2,940,000.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2    <u>Security Interest in Property</u>.  As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures.  This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder.  This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3     Collateral Assignment of Leases and Rents.  The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property.  This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4     Conditions to Grant.  The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5     Property.  The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6     Obligations.  The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

2

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7     Cross-Collateral and Future Advances. It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.     REPRESENTATIONS, WARRANTIES, COVENANTS

2.1     Representations and Warranties. The Trustor represents and warrants that:

(a)     This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)     The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)     The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)     As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)     Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2     Recording; Further Assurances. The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law. To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction. The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein. Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3     <u>Restrictions on the Trustor</u>. The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

(a)     Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

(b)     Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

(c)     Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien. The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same. The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4     <u>Operation of Property</u>. The Trustor covenants and agrees as follows:

(a)     The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)    The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary.  Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request.  The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary.  The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)    Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)    Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)    Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5    Payments.  The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section.  The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof.  The Trustor shall furnish to the Beneficiary the receipted real estate tax

5

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6    Notices; Notice of Default.  The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases.  The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7    Takings.  In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto.  The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking.  The Trustor shall not settle any such claim without the Beneficiary's prior written consent.  The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary.  The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations.  The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8    Insurance Proceeds.  The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose.  Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

### 3.    CERTAIN RIGHTS OF THE BENEFICIARY

3.1    Legal Proceedings.  The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust.  The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2    Appraisals/Assessments.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3    Financial Statements.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

6

3.4    <u>Substitution of Trustee</u>.  The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder.  Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder.  Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee.  The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5    <u>Leases and Rent Roll</u>.  The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.    DEFAULTS AND REMEDIES

4.1    <u>Events of Default</u>.  "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)    default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)    failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)    the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)    failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)    default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)    if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)    if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)    the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)     the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)     the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)     a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)     the termination or revocation of any guaranty of the Obligations; or

(n)     the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2    **Remedies.**  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)     Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)     Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)     With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)     In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)     Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)     Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

9

Substances.

**4.3     Advances.** If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property. Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

**4.4     Cumulative Rights and Remedies.** All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other. The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

**4.5     Trustor's Waiver of Certain Rights.** To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (i) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

**4.6     Transfer of Title.** Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

**4.7     Effect of Sale.** Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns. The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

**4.8     Reconveyance.** Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust. Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

## 5.     MISCELLANEOUS

**5.1     Costs and Expenses.** To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2    Survival of Claims for Costs and Expenses.  It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment.  If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation:  (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation.  The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note.  All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation.  Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3    Indemnification Regarding Leases.  The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases.  It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4    Indemnification Regarding Hazardous Substances.  The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property.  The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5    Indemnitee's Expenses.  If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

11

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6    Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7    Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8    Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9    Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10    Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11    Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

12

<u>Notices</u>.    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    <u>Governing Law</u>.    This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    <u>Reproductions</u>.    This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    <u>Beneficiary Affiliates</u>.    The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.    The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.    For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.    Control may be by ownership, contract, or otherwise.

5.16    <u>Jurisdiction and Venue</u>.    The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Maryland and any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust. The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum. The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    <u>**JURY WAIVER**</u>.  **THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN, WAIVED.  THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

EXECUTED under seal as of the date first above written.

Witness:

Trustor:
2440 S ST SE LLC

By: _____
Yusef Scott, Member

2240 S St SE
Washington, District of Columbia
20020

State of Maryland
~~DISTRICT OF COLUMBIA~~
COUNTY OF ___Montgomery___, SS.

The foregoing instrument was acknowledged before me this 30th day of ___April___, 20 21, by Yusef Scott, Member of 2440 S ST SE LLC, a District of Columbia Limited Liability Company, on behalf of such Limited Liability Company.

_____, NOTARY PUBLIC
MY COMMISSION EXPIRES: ___5/19/21___
Kos N. Johns
TYPE OR PRINT NAME

KOS N. JOHNS
NOTARY PUBLIC
MONTGOMERY COUNTY, MD

14

Deed of Trust 1

**EXHIBIT "A"**

**Property Description**

Lots numbered One (1), and Eighteen (18), in Square numbered Fifty
Six Hundred Twenty Four (5624), in the subdivision made by The
National Safe Deposit Savings and Trust Company, Trustee, as per plat
recorded in the Office of the Surveyor for the District of Columbia
in Liber County 18 at Folio 36.

NOTE: At the date hereof the above described land is designated on
the Records of the Assessor of the District of Columbia for
assessment and taxation purposes as Lot 814 in Square 5624.

15

**EXHIBIT "B"**

**Permitted Encumbrances**

None

```
Doc #: 2021062490
Filed & Recorded
05/06/2021 11:50 AM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
   RECORDING FEES          $150.00
   SURCHARGE               $6.50
   RECORDATION TAX FEES    $14,282.50
TOTAL:                     $14,439.00
```

OLYMPIA TITLE, LLC
11820 Parklawn Drive, Suite 350
Rockville, MD 20852
Old Republic National Title Ins. Co.
Case No.    20-112
Tax Account No. Sq. 5127 Lot 114

Refinance of prior Deed of Trust in the amount of $2,812,500.00 recorded 7/28/2020 as Instrument No. 202009627, among the Land Records of the District of Columbia. The new secured loan is $3,096,562.00 and the unpaid principal balance is $2,475,686.50 with a taxable rate of $620,875.50.

## *M10332CLO000004584082900100940218*

REFINANCE

### DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS

Securing $3,096,562.00

This DEED OF TRUST, SECURITY AGREEMENT AND ASSIGNMENT OF LEASES AND RENTS (this "Deed of Trust") is entered into as of **December 30, 2020**, among **4400 Hunt PL NE LLC**, a **District of Columbia** limited liability company, with an address of **4400 Hunt PL NE, Washington, District of Columbia 20019** (the "Trustor") and Commerce Southern Corp., with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Trustee") for the use and benefit of TD Bank, N.A., a National Association, with an address of 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182 (the "Beneficiary"), and the Beneficiary.

The real property which is the subject matter of this Deed of Trust has the following address(es): **4400 Hunt PL NE, Washington, District of Columbia 20019** (the "Address(es)").

### 1.    DEED OF TRUST, OBLIGATIONS AND FUTURE ADVANCES

1.1    Deed of Trust. For valuable consideration paid and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor hereby irrevocably and unconditionally mortgages, grants, bargains, transfers, sells, conveys, sets over and assigns to the Trustee and its successors and assigns, IN TRUST, for the benefit and security of the Grantee forever, WITH POWER OF SALE AND RIGHT OF ENTRY AND POSSESSION, the "Property" described below, to secure the prompt payment and performance of the Obligations (as herein defined), including without limitation, all amounts due and owing to the Beneficiary and all obligations respecting that certain **Term Note**, dated **December 30, 2020**, by **4400 Hunt PL NE LLC** in favor of the Beneficiary in the original principal amount of **$3,096,562.00** (the "Note"; and collectively, along with all other agreements, documents, certificates and instruments delivered in connection therewith, the "Loan Documents"), and any substitutions, modifications, extensions or amendments to any of the Loan Documents.

The amount of principal obligations outstanding and evidenced by the Loan Documents and secured by this Deed of Trust total **$3,096,562.00** as of the date of this Deed of Trust but this Deed of Trust shall nevertheless secure payment and performance of all Obligations.

1.2    Security Interest in Property. As continuing security for the Obligations the Trustor hereby pledges, assigns and grants to the Beneficiary, and its successors and assigns, a security interest in any of the Property (as hereinafter defined) constituting personal property or fixtures. This Deed of Trust is and shall be deemed to be a security agreement and financing statement pursuant to the terms of the Uniform Commercial Code of the District of Columbia (the "Uniform Commercial Code") as to any and all personal property and fixtures and as to all such property the Beneficiary shall have the rights and remedies of a secured party under the Uniform Commercial Code in addition to its rights hereunder. This Deed of Trust constitutes a financing statement filed as a fixture filing under Section 9-502(c) of the Uniform Commercial Code covering any Property which now is or later may become a fixture.

1.3    <u>Collateral Assignment of Leases and Rents</u>. The Trustor hereby irrevocably and unconditionally assigns to the Beneficiary, and its successors and assigns, as collateral security for the Obligations all of the Trustor's rights and benefits under any and all Leases (as hereinafter defined) and any and all rents and other amounts now or hereafter owing with respect to the Leases or the use or occupancy of the Property. This collateral assignment shall be absolute and effective immediately, but the Trustor shall have a license, revocable by the Beneficiary, to continue to collect rents owing under the Leases until an Event of Default (as hereinafter defined) occurs and the Beneficiary exercises its rights and remedies to collect such rents as set forth herein.

1.4    <u>Conditions to Grant</u>. The Trustee shall have and hold the above granted Property unto and to the use and benefit of the Beneficiary, IN TRUST, for the benefit and security of the Beneficiary, and to the Beneficiary, as the case may be, and their successors and assigns, forever; provided, however, the conveyances, grants and assignments contained in this Deed of Trust are upon the express condition that, if Trustor shall irrevocably pay and perform the Obligations in full, including, without limitation, all principal, interest and premium thereon and other charges, if applicable, in accordance with the terms and conditions in the Loan Documents and this Deed of Trust, shall pay and perform all other Obligations as set forth in this Deed of Trust and shall abide by and comply with each and every covenant and condition set forth herein and in the Loan Documents, the conveyances, grants and assignments contained in this Deed of Trust shall be appropriately released and discharged.

1.5    <u>Property</u>. The term "Property," as used in this Deed of Trust, shall mean that certain parcel of land and the fixtures, structures and improvements and all personal property constituting fixtures, as that term is defined in the Uniform Commercial Code, now or hereafter thereon located at the Address(es), as more particularly described in Exhibit A attached hereto, together with: (i) all rights now or hereafter existing, belonging, pertaining or appurtenant thereto; (ii) all judgments, awards of damages and settlements hereafter made as a result or in lieu of any Taking, as hereinafter defined; (iii) all of the rights and benefits of the Trustor under any present or future leases and agreements relating to the Property, including, without limitation, rents, issues and profits, or the use or occupancy thereof together with any extensions and renewals thereof, specifically excluding all duties or obligations of the Trustor of any kind arising thereunder (the "Leases"); and (iv) all contracts, permits and licenses respecting the use, operation or maintenance of the Property.

1.6    <u>Obligations</u>. The term "Obligation(s)," as used in this Deed of Trust, shall mean without limitation all loans, advances, indebtedness, notes, liabilities, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, equity or equity index swaps, equity or equity index options, bond options, interest rate options, foreign exchange transactions, cap transactions, floor transactions, collar transactions, forward transactions, currency swap transactions, cross-currency rate swap transactions, currency options (provided, however, that if and only if the Trustor is not an "eligible contract participant" (as defined in the Commodity Exchange Act (7 U.S.C. § 1 et seq.) and any applicable rules, as amended), then to the extent applicable law prohibits such Trustor from entering into an agreement to secure any obligations in respect of a "swap" (as defined in the Commodity Exchange Act and any applicable rules, as amended, and referred to herein as a "Swap"), Obligations shall not include obligations of the Trustor to Bank under any Swap) and amounts, liquidated or unliquidated, now or hereafter owing by the Trustor to the Beneficiary or any Beneficiary Affiliate at any time, of each and every kind, nature and description, whether arising under this Deed of Trust or otherwise, and whether secured or unsecured, direct or indirect (that is, whether the same are due directly by the Trustor to the Beneficiary or any Beneficiary Affiliate; or are due indirectly by the Trustor to the Beneficiary or any Beneficiary Affiliate as endorser, guarantor or other surety, or as obligor of obligations due third persons which have been endorsed or assigned to the Beneficiary or any Beneficiary Affiliate, or otherwise), absolute or contingent, due or to become due, now existing or hereafter contracted, including, without limitation, payment of all amounts outstanding when due pursuant to the terms of any of the Loan Documents. Said term shall also include all interest and other charges chargeable to the Trustor or due from the Trustor to the Beneficiary or any Beneficiary Affiliate from time to time and all advances, costs and expenses referred to in this Deed of Trust, including without limitation the costs and expenses

(including reasonable attorney's fees) of enforcement of the Beneficiary's rights hereunder or pursuant to any document or instrument executed in connection herewith, as well as any other debts, liabilities or obligations owing to Bank or any Beneficiary Affiliate in connection with any lockbox, cash management, or other services (including electronic funds transfers or automated clearing house transactions).

1.7    <u>Cross-Collateral and Future Advances</u>.  It is the express intention of the Trustor that this Deed of Trust secure payment and performance of all of the Obligations, whether now existing or hereinafter incurred by reason of future advances by the Beneficiary or otherwise, and regardless of whether such Obligations are or were contemplated by the parties at the time of the granting of this Deed of Trust. Notice of the continuing grant of this Deed of Trust shall not be required to be stated on the face of any document evidencing any of the Obligations, nor shall such documents be required to otherwise specify that they are secured hereby.

## 2.    REPRESENTATIONS, WARRANTIES, COVENANTS

2.1    <u>Representations and Warranties</u>.  The Trustor represents and warrants that:

(a)    This Deed of Trust has been duly executed and delivered by the Trustor and is the legal, valid and binding obligation of the Trustor enforceable in accordance with its terms, except as limited by bankruptcy, insolvency, reorganization, moratorium or other laws affecting the enforcement of creditors' rights generally;

(b)    The Trustor is the sole legal owner of the Property, holding good and marketable fee simple title to the Property, subject to no liens, encumbrances, leases, security interests or rights of others, other than those set forth in the Property description or in any title insurance policy, title report, property search, or final title opinion issued in favor of, and accepted by the Beneficiary, in connection with this Deed of Trust (the "Permitted Encumbrances");

(c)    The Trustor is the sole legal owner of the entire lessor's interest in Leases, if any, with full power and authority to encumber the Property in the manner set forth herein, and the Trustor has not executed any other assignment of Leases or any of the rights or rents arising thereunder;

(d)    As of the date hereof, there are no Hazardous Substances (as hereinafter defined) in, on or under the Property, except as disclosed in writing to and acknowledged by the Beneficiary; and

(e)    Each Obligation is a commercial obligation and does not represent a loan used for personal, family or household purposes and is not a consumer transaction.

2.2    <u>Recording; Further Assurances</u>.  The Trustor covenants that it shall, at its sole cost and expense and upon the request of the Beneficiary, cause this Deed of Trust, and each amendment, modification or supplement hereto, to be recorded and filed in such manner and in such places, and shall at all times comply with all such statutes and regulations as may be required by law in order to establish, preserve and protect the interest of the Beneficiary in the Property and the rights of the Beneficiary under this Deed of Trust. Trustor will from time to time execute and deliver to the Beneficiary such documents, and take or cause to be taken, all such other or further action, as the Beneficiary may request in order to effect and confirm or vest more securely in the Beneficiary all rights contemplated by this Deed of Trust (including, without limitation, to correct clerical errors) or to vest more fully in, or assure to the Beneficiary the security interest in, the Property or to comply with applicable statute or law. To the extent permitted by applicable law, Trustor authorizes the Beneficiary to file financing statements, continuation statements or amendments, and any such financing statements, continuation statements or amendments may be filed at any time in any jurisdiction. The Beneficiary may at any time and from time to time file financing

3

statements, continuation statements and amendments thereto that describe the Property as defined in this Deed of Trust and which contain any other information required by Article 9 of the Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Trustor is an organization, the type of organization and any organization identification number issued to Trustor; Trustor also authorizes the Beneficiary to file financing statements describing any agricultural liens or other statutory liens held by the Beneficiary. Trustor agrees to furnish any such information to the Beneficiary promptly upon request. In addition, Trustor shall at any time and from time to time, take such steps as the Beneficiary may reasonably request for the Beneficiary (i) to obtain an acknowledgment, in form and substance satisfactory to the Beneficiary, of any bailee having possession of any of the Property that the bailee holds such Property for the Beneficiary, and (ii) otherwise to insure the continued perfection and priority of the Beneficiary's security interest in any of the Property and the preservation of its rights therein. Trustor hereby constitutes the Beneficiary its attorney-in-fact to execute and file all filings required or so requested for the foregoing purposes, all acts of such attorney being hereby ratified and confirmed; and such power, being coupled with an interest, shall be irrevocable until this Deed of Trust terminates in accordance with its terms, all Obligations are paid in full and the Property is released.

2.3    Restrictions on the Trustor. The Trustor covenants that it will not, nor will it permit any other person to, directly or indirectly, without the prior written approval of the Beneficiary in each instance:

   (a)    Sell, convey, assign, transfer, mortgage, pledge, hypothecate, lease or dispose of all or any part of any legal or beneficial interest in the Trustor or the Property or any part thereof or permit any of the foregoing, except as expressly permitted by the terms of this Deed of Trust;

   (b)    Permit the use, generation, treatment, storage, release or disposition of any oil or other material or substance constituting hazardous waste or hazardous materials or substances under any applicable Federal or state law, regulation or rule ("Hazardous Substances"); or

   (c)    Permit to be created or suffer to exist any mortgage, lien, security interest, attachment or other encumbrance or charge on the Property or any part thereof or interest therein (except for the Permitted Encumbrances), including, without limitation, (i) any lien arising under any Federal, state or local statute, rule, regulation or law pertaining to the release or cleanup of Hazardous Substances and (ii) any mechanics' or materialmen's lien. The Trustor further agrees to give the Beneficiary prompt written notice of the imposition, or notice, of any lien referred to in this Section and to take any action necessary to secure the prompt discharge or release of the same. The Trustor agrees to defend its title to the Property and the Beneficiary's interest therein against the claims of all persons and, unless the Beneficiary requests otherwise, to appear in and diligently contest, at the Trustor's sole cost and expense, any action or proceeding that purports to affect the Trustor's title to the Property or the priority or validity of this Deed of Trust or the Beneficiary's interest hereunder.

2.4    Operation of Property. The Trustor covenants and agrees as follows:

   (a)    The Trustor will not permit the Property to be used for any unlawful or improper purpose, will at all times comply with all Federal, state and local laws, ordinances and regulations, and the provisions of any Lease, easement or other agreement affecting all or any part of the Property, and will obtain and maintain all governmental or other approvals relating to the Trustor, the Property or the use thereof, including without limitation, any applicable zoning or building codes or regulations and any laws or regulations relating to the handling, storage, release or cleanup of Hazardous Substances, and will give prompt written notice to the Beneficiary of (i) any violation of any such law, ordinance or regulation by the Trustor or relating to the Property, (ii) receipt of notice from any Federal, state or local authority alleging any such violation and (iii) the presence or release on the Property of any Hazardous Substances;

4

(b)     The Trustor will at all times keep the Property insured for such losses or damage, in such amounts and by such companies as may be required by law and which the Beneficiary may require, provided that, in any case, the Trustor shall maintain: (i) physical hazard insurance on an "all risks" basis in an amount not less than 100% of the full replacement cost of the Property; (ii) flood insurance if and as required by applicable Federal law and as otherwise required by the Beneficiary; (iii) comprehensive commercial general liability insurance; (iv) rent loss and business interruption insurance; and (v) such other insurance as the Beneficiary may require from time to time, including builder's risk insurance in the case of construction loans. All policies regarding such insurance shall be issued by companies licensed to do business in the state where the policy is issued and also in the state where the Property is located, be otherwise acceptable to the Beneficiary, provide deductible amounts acceptable to the Beneficiary, name the Beneficiary as mortgagee, loss payee and additional insured, and provide that no cancellation or material modification of such policies shall occur without at least Thirty (30) days prior written notice to the Beneficiary. Such policies shall include (i) a mortgage endorsement determined by the Beneficiary in good faith to be equivalent to the "standard" mortgage endorsement so that the insurance, as to the interest of the Beneficiary, shall not be invalidated by any act or neglect of the Trustor or the owner of the Property, any foreclosure or other proceedings or notice of sale relating to the Property, any change in the title to or ownership of the Property, or the occupation or use of the Property for purposes more hazardous than are permitted at the date of inception of such insurance policies; (ii) a replacement cost endorsement; (iii) an agreed amount endorsement; (iv) a contingent liability from operation endorsement; and (v) such other endorsements as the Beneficiary may request. The Trustor will furnish to the Beneficiary upon request such original policies, certificates of insurance or other evidence of the foregoing as are acceptable to the Beneficiary. The terms of all insurance policies shall be such that no coinsurance provisions apply, or if a policy does contain a coinsurance provision, the Trustor shall insure the Property in an amount sufficient to prevent the application of the coinsurance provisions;

(c)     Trustor will not enter into or modify the Leases in any material respect without the prior written consent of the Beneficiary, execute any assignment of the Leases except in favor of the Beneficiary, or accept any rentals under any Lease for more than one month in advance and will at all times perform and fulfill every term and condition of the Leases;

(d)     Trustor will at all times (i) maintain complete and accurate records and books regarding the Property in accordance with generally accepted accounting principles and (ii) permit the Beneficiary and the Beneficiary's agents, employees and representatives, at such reasonable times as the Beneficiary may request, to enter and inspect the Property and such books and records; and

(e)     Trustor will at all times keep the Property in good and first-rate repair and condition (damage from casualty not excepted) and will not commit or permit any strip, waste, impairment, deterioration or alteration of the Property or any part thereof.

2.5     <u>Payments</u>. The Trustor covenants to pay when due: all Federal, state, municipal, real property and other taxes, betterment and improvement assessments and other governmental levies, water rates, sewer charges, insurance premiums and other charges on the Property, this Deed of Trust or any Obligation secured hereby that could, if unpaid, result in a lien on the Property or on any interest therein. If and when requested by the Beneficiary, the Trustor shall deposit from time to time with the Beneficiary sums determined by the Beneficiary to be sufficient to pay when due the amounts referred to in this Section. The Trustor shall have the right to contest any notice, lien, encumbrance, claim, tax, charge, betterment assessment or premium filed or asserted against or relating to the Property; provided that it contests the same diligently and in good faith and by proper proceedings and, at the Beneficiary's request, provides the Beneficiary with adequate cash security, in the Beneficiary's reasonable judgment, against the enforcement thereof. The Trustor shall furnish to the Beneficiary the receipted real estate tax

5

bills or other evidence of payment of real estate taxes for the Property within thirty (30) days prior to the date from which interest or penalty would accrue for nonpayment thereof. The Trustor shall also furnish to the Beneficiary evidence of all other payments referred to above within fifteen (15) days after written request therefor by the Beneficiary. If Trustor shall fail to pay such sums, the Beneficiary may, but shall not be obligated to, advance such sums. Any sums so advanced by the Beneficiary shall be added to the Obligations, shall bear interest at the highest rate specified in any note evidencing the Obligations, and shall be secured by the lien of this Deed of Trust.

2.6     Notices; Notice of Default.  The Trustor will deliver to the Beneficiary, promptly upon receipt of the same, copies of all notices or other documents it receives that affect the Property or its use, or claim that the Trustor is in default in the performance or observance of any of the terms hereof or that the Trustor or any tenant is in default of any terms of the Leases. The Trustor further agrees to deliver to the Beneficiary written notice promptly upon the occurrence of any Event of Default hereunder or event that with the giving of notice or lapse of time, or both, would constitute an Event of Default hereunder.

2.7     Takings.  In case of any condemnation or expropriation for public use of, or any damage by reason of the action of any public or governmental entity or authority to, all or any part of the Property (a "Taking"), or the commencement of any proceedings or negotiations that might result in a Taking, the Trustor shall immediately give written notice to the Beneficiary, describing the nature and extent thereof. The Beneficiary may, at its option, appear in any proceeding for a Taking or any negotiations relating to a Taking and the Trustor shall immediately give to the Beneficiary copies of all notices, pleadings, determinations and other papers relating thereto. The Trustor shall in good faith and with due diligence and by proper proceedings file and prosecute its claims for any award or payment on account of any Taking. The Trustor shall not settle any such claim without the Beneficiary's prior written consent. The Trustor shall hold any amounts received with respect to such awards or claims, by settlement, judicial decree or otherwise, in trust for the Beneficiary and immediately pay the same to the Beneficiary. The Trustor authorizes any award or settlement due in connection with a Taking to be paid directly to the Beneficiary in amounts not exceeding the Obligations. The Beneficiary may apply such amounts to the Obligations in such order as the Beneficiary may determine.

2.8     Insurance Proceeds.  The proceeds of any insurance resulting from any loss with respect to the Property shall be paid to the Beneficiary and, at the option of the Beneficiary, be applied to the Obligations in such order as the Beneficiary may determine; provided, however, that if the Beneficiary shall require repair of the Property, the Beneficiary may release all or any portion of such proceeds to the Trustor for such purpose. Any insurance proceeds paid to the Trustor shall be held in trust for the Beneficiary and promptly paid to it.

## 3.     CERTAIN RIGHTS OF THE BENEFICIARY

3.1     Legal Proceedings.  The Beneficiary shall have the right, but not the duty, to intervene or otherwise participate in any legal or equitable proceeding that, in the Beneficiary's reasonable judgment, might affect the Property or any of the rights created or secured by this Deed of Trust. The Beneficiary shall have such right whether or not there shall have occurred an Event of Default hereunder.

3.2     Appraisals/Assessments.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to obtain appraisals, environmental site assessments or other inspections of the portions of the Property that are real estate at such times as the Beneficiary deems necessary or as may be required by applicable law, or its prevailing credit or underwriting policies.

3.3     Financial Statements.  The Beneficiary shall have the right, at the Trustor's sole cost and expense, to require delivery of financial statements in form and substance acceptable to the Beneficiary from the Trustor or any guarantor of any of the Obligations and the Trustor hereby agrees to deliver such financial statements and/or cause any such guarantor to so deliver any such financial statement when required by the Beneficiary.

6

3.4     <u>Substitution of Trustee</u>.  The Beneficiary may from time to time, without notice to the Trustor or Trustee and with or without cause and with or without the resignation of Trustee, substitute a successor or successors to the Trustee named herein or acting hereunder.  Upon such appointment, the successor trustee shall be vested with all title, powers and duties conferred upon the Trustee named herein or acting hereunder.  Each such appointment and substitution shall be made by a writing executed by Beneficiary and when duly recorded in the appropriate office shall be conclusive proof of proper appointment of such successor Trustee.  The procedure herein provided for substitution of the Trustee shall be conclusive of all other provisions for substitution, statutory or otherwise.

3.5     <u>Leases and Rent Roll</u>.  The Trustor shall deliver to the Beneficiary (i) during each calendar year and at such other times as the Beneficiary shall request a rent roll for the Property, in form acceptable to the Beneficiary, listing all tenants and occupants and describing all of the Leases; and (ii) at such times as the Beneficiary shall request executed copies of all the Leases.

## 4.     DEFAULTS AND REMEDIES

4.1     <u>Events of Default</u>.  "Event of Default" shall mean the occurrence of any one or more of the following events:

(a)     default of any liability, obligation, covenant or undertaking of the Trustor or any guarantor of the Obligations to the Beneficiary, hereunder or otherwise, including, without limitation, failure to pay in full and when due any installment of principal or interest or default of the Trustor or any guarantor of the Obligations under any other Loan Document or any other agreement with the Beneficiary continuing for 15 days with respect to any default (other than with respect to the payment of money for which there is no grace period);

(b)     failure by the Trustor or any guarantor of the Obligations to perform, observe or comply with any of the covenants, agreements, terms or conditions set forth in this Deed of Trust or the Loan Documents continuing for 15 days;

(c)     the (i) occurrence of any material loss, theft, damage or destruction of, or (ii) issuance or making of any levy, seizure, attachment, execution or similar process on a material portion of the Property;

(d)     failure of the Trustor or any guarantor of the Obligations to maintain aggregate collateral security value satisfactory to the Beneficiary continuing for 15 days;

(e)     default of any material liability, obligation or undertaking of the Trustor or any guarantor of the Obligations to any other party continuing for 15 days;

(f)     if any statement, representation or warranty heretofore, now or hereafter made by the Trustor or any guarantor of the Obligations in connection with this Deed of Trust or in any supporting financial statement of the Trustor or any guarantor of the Obligations shall be determined by the Beneficiary to have been false or misleading in any material respect when made;

(g)     if the Trustor or any guarantor of the Obligations is a corporation, trust, partnership or limited liability company, the liquidation, termination or dissolution of any such organization, or the merger or consolidation of such organization into another entity, or its ceasing to carry on actively its present business or the appointment of a receiver for its property;

(h)     the death of the Trustor or any guarantor of the Obligations and, if the Trustor or any guarantor of the Obligations is a partnership or limited liability company, the death of any partner or member;

7

(i)     the institution by or against the Trustor or any guarantor of the Obligations of any proceedings under the Bankruptcy Code 11 USC §101 *et seq.* or any other law in which the Trustor or any guarantor of the Obligations is alleged to be insolvent or unable to pay its debts as they mature, or the making by the Trustor or any guarantor of the Obligations of an assignment for the benefit of creditors or the granting by the Trustor or any guarantor of the Obligations of a trust mortgage for the benefit of creditors;

(j)     the service upon the Beneficiary of a writ in which the Beneficiary is named as trustee of the Trustor or any guarantor of the Obligations;

(k)     a judgment or judgments for the payment of money shall be rendered against the Trustor or any guarantor of the Obligations, and any such judgment shall remain unsatisfied and in effect for any period of thirty (30) consecutive days without a stay of execution;

(l)     any levy, lien (including mechanics lien), seizure, attachment, execution or similar process shall be issued or levied on any of the property of the Trustor or any guarantor of the Obligations;

(m)    the termination or revocation of any guaranty of the Obligations; or

(n)     the occurrence of such a change in the condition or affairs (financial or otherwise) of the Trustor or any guarantor of the Obligations, or the occurrence of any other event or circumstance, such that the Beneficiary, in its sole discretion, deems that it is insecure or that the prospects for timely or full payment or performance of any obligation of the Trustor or any guarantor of the Obligations to the Beneficiary has been or may be impaired.

4.2     Remedies.  On the occurrence of any Event of Default the Beneficiary may, at any time thereafter, at its option and, to the extent permitted by applicable law, without notice, exercise any or all of the following remedies:

(a)     Declare the Obligations due and payable, and the Obligations shall thereupon become immediately due and payable, without presentment, protest, demand or notice of any kind, all of which are hereby expressly waived by the Trustor except for Obligations due and payable on demand, which shall be due and payable on demand whether or not an event of default has occurred hereunder;

(b)     Direct the Trustee to, or enter, take possession of, manage and operate the Property (including all personal property and all records and documents pertaining thereto) and any part thereof and exclude the Trustor therefrom, take all actions it deems necessary or proper to preserve the Property and operate the Property as a mortgagee in possession with all the powers as could be exercised by a receiver or as otherwise provided herein or by applicable law; provided, however, the entry by the Beneficiary upon the Property for any reason shall not cause the Trustee or the Beneficiary to be a mortgagee in possession, except upon the express written declaration of the Beneficiary;

(c)     With or without taking possession, receive and collect all rents, income, issues and profits ("Rents") from the Property (including all real estate and personal property and whether past due or thereafter accruing), including as may arise under the Leases, and the Trustor appoints the Beneficiary as its true and lawful attorney with the power for the Beneficiary in its own name and capacity to demand and collect Rents and take any action that the Trustor is authorized to take under the Leases. The Beneficiary shall (after payment of all costs and expenses incurred) apply any Rents received by it to the Obligations in such order as the Beneficiary determines, or in accordance with any applicable statute, and the Trustor agrees

8

that exercise of such rights and disposition of such funds shall not be deemed to cure any default or constitute a waiver of any foreclosure once commenced nor preclude the later commencement of foreclosure for breach thereof. The Beneficiary shall be liable to account only for such Rents actually received by the Beneficiary. Lessees under the Leases are hereby authorized and directed, following notice from the Beneficiary, to pay all amounts due the Trustor under the Leases to the Beneficiary, whereupon such lessees shall be relieved of any and all duty and obligation to the Trustor with respect to such payments so made;

(d)    In addition to any other remedies, to sell the Property or any part thereof or interest therein pursuant to exercise of its power of sale or otherwise at public auction on terms and conditions as the Beneficiary may determine, or otherwise foreclose this Deed of Trust in any manner permitted by law, and upon such sale the Trustor shall execute and deliver such instruments as the Beneficiary may request in order to convey and transfer all of the Trustor's interest in the Property, and the same shall operate to divest all rights, title and interest of the Trustor in and to the Property. In the event this Deed of Trust shall include more than one parcel of property or subdivision (each hereinafter called a "portion"), the Beneficiary shall, in its sole and exclusive discretion and to the extent permitted by applicable law, be empowered to foreclose upon any such portion without impairing its right to foreclose subsequently upon any other portion or the entirety of the Property from time to time thereafter. In addition, the Beneficiary may in its sole and exclusive discretion subordinate this Deed of Trust to one or more Leases for the sole purpose of preserving any such Lease in the event of a foreclosure;

(e)    Cause one or more environmental assessments to be taken, arrange for the cleanup of any Hazardous Substances or otherwise cure the Trustor's failure to comply with any statute, regulation or ordinance relating to the presence or cleanup of Hazardous Substances, and the Trustor shall provide the Beneficiary or its agents with access to the Property for such purposes; provided that the exercise of any of such remedies shall not be deemed to have relieved the Trustor from any responsibility therefor or given the Beneficiary "control" over the Property or cause the Beneficiary to be considered to be a mortgagee in possession, "owner" or "operator" of the Property for purposes of any applicable law, rule or regulation pertaining to Hazardous Substances; and

(f)    Take such other actions or proceedings as the Beneficiary deems necessary or advisable to protect its interest in the Property and ensure payment and performance of the Obligations, including, without limitation, appointment of a receiver (and the Trustor hereby waives any right to object to such appointment) and exercise of any of the Beneficiary's remedies provided herein or in any other document evidencing, securing or relating to any of the Obligations or available to a secured party under the Uniform Commercial Code or under other applicable law.

In addition, the Trustee and the Beneficiary shall have all other remedies provided by applicable law, including, without limitation, the right to pursue a judicial sale of the Property or any portion thereof by deed, assignment or otherwise.

The Trustor agrees and acknowledges that the acceptance by the Trustee or the Beneficiary of any payments from either the Trustor or any guarantor after the occurrence of any Event of Default, the exercise by the Trustee or the Beneficiary of any remedy set forth herein or the commencement, discontinuance or abandonment of foreclosure proceedings against the Property shall not waive the Trustee's or the Beneficiary's subsequent or concurrent right to foreclose or operate as a bar or estoppel to the exercise of any other rights or remedies of the Trustee or the Beneficiary. The Trustor agrees and acknowledges that the Trustee or the Beneficiary, by making payments or incurring costs described herein, shall be subrogated to any right of the Trustor to seek reimbursement from any third parties, including, without limitation, any predecessor in interest to the Trustor's title or other party who may be responsible under any law, regulation or ordinance relating to the presence or cleanup of Hazardous

9

Substances.

4.3     Advances.  If the Trustor fails to pay or perform any of its obligations respecting the Property, the Beneficiary may in its sole discretion do so without waiving or releasing Trustor from any such obligation. Any such payments may include, but are not limited to, payments for taxes, assessments and other governmental levies, water rates, insurance premiums, maintenance, repairs or improvements constituting part of the Property.  Any amounts paid by the Beneficiary hereunder shall be, until reimbursed by the Trustor, part of the Obligations and secured by this Deed of Trust, and shall be due and payable to the Beneficiary, on demand, together with interest thereon to the extent permitted by applicable law, at the highest rate permitted under any of the notes evidencing the Obligations.

4.4     Cumulative Rights and Remedies.  All of the foregoing rights, remedies and options (including without limitation the right to enter and take possession of the Property, the right to manage and operate the same, and the right to collect Rents, in each case whether by a receiver or otherwise) are cumulative and in addition to any rights the Beneficiary might otherwise have, whether at law or by agreement, and may be exercised separately or concurrently and none of which shall be exclusive of any other.  The Trustor further agrees that the Trustee and the Beneficiary may exercise any or all of its rights or remedies set forth herein without having to pay the Trustor any sums for use or occupancy of the Property.

4.5     Trustor's Waiver of Certain Rights.  To the extent permitted by applicable law, the Trustor hereby waives the benefit of all present and future laws (I) providing for any appraisal before sale of all or any portion of the Property or (ii) in any way extending the time for the enforcement of the collection of the Obligations or creating or extending a period of redemption from any sale made hereunder.

4.6     Transfer of Title.  Upon the completion of any sale or sales of any Property, Trustee shall execute and deliver to the accepted purchaser or purchasers a good and sufficient deed of conveyance or assignment and transfer, lawfully conveying, assigning, and transferring the Property sold, but without any covenant or warranty, express or implied.

4.7     Effect of Sale.  Any sale or sales made by virtue of or under this Deed of Trust, whether under any power of sale herein granted or through judicial proceedings, shall, to the fullest extent permitted by law, operate to divest all right, title, estate, interest, claim, and demand whatsoever, either at law or in equity, of Trustor in and to the property so sold, or any part thereof from, through or under Trustor, its successors and assigns.  The receipt by Trustee of such purchase money shall be full and sufficient discharge to any purchaser of the Property or any part thereof sold as aforesaid for the purchase money; and no purchaser or his representatives, grantees or assigns after paying such purchase money, shall be bound to see to the application of such purchase money upon or for any trust or purpose of this Deed of Trust, or in any manner whatsoever be answerable for any loss, misapplication or non-application of any such purchase money or be bound to inquire as to the authorization, necessity, expedience or regularity of any such sale.

4.8     Reconveyance.  Upon written request of the Beneficiary and surrender of this Deed of Trust and any Notes to Trustee for cancellation or endorsement, and upon payment of its fees and charges, Trustee shall reconvey, without warranty, all or any part of the Property then subject to this Deed of Trust.  Any reconveyance, whether full or partial, shall be made to the person or persons legally entitled thereto, and the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

5.     MISCELLANEOUS

5.1     Costs and Expenses.  To the extent permitted by applicable law, the Trustor shall pay to the Trustee and the Beneficiary, on demand, all reasonable expenses (including attorneys' fees and expenses and reasonable consulting, accounting, appraisal, brokerage and similar professional fees and

charges) incurred by the Trustee and the Beneficiary in connection with the Trustee's and the Beneficiary's interpretation, recordation of this Deed of Trust, exercise, preservation or enforcement of any of its rights, remedies and options set forth in this Deed of Trust and in connection with any litigation, proceeding or dispute whether arising hereunder or otherwise relating to the Obligations, together with interest thereon to the extent permitted by applicable law, until paid in full by the Trustor at the highest rate set forth in any of the notes evidencing the Obligations. Any amounts owed by the Trustor hereunder shall be, until paid, part of the Obligations and secured by this Deed of Trust, and the Beneficiary shall be entitled, to the extent permitted by law, to receive and retain such amounts in any action for a deficiency against or redemption by the Trustor, or any accounting for the proceeds of a foreclosure sale or of insurance proceeds.

5.2    Survival of Claims for Costs and Expenses. It is the parties' intent that the Beneficiary's claim for legal fees, taxes and expenses, including without limitation all costs and insurance premiums, shall survive the entry of a foreclosure judgment. If Bank employs counsel for advice or representation after an Event of Default (whether or not formally declared) relating to the collection or enforcement of this Deed of Trust, the Note or other Loan Documents or Obligations (whether or not suit is actually instituted), Bank may collect from Trustor all of Bank's reasonable expenses and fees, including, without limitation: (a) all reasonable fees and disbursements of counsel to Bank (whether pre-judgment or post-judgment or both, as applicable); (b) all expenses of or in anticipation of litigation, including fees and expenses of witnesses, experts, stenographers, title and lien searchers; and (c) costs incurred by Bank in performing any duty or obligation on behalf of Trustor, including payment of any tax, government charge or insurance premium, making repairs to the Property, rendering the Property free of hazardous substances or liens or performing any lien obligation. The expenses incurred by Bank in performing any of Trustor's duties or obligations shall be added to the monies owing under the Note with interest at the rate in effect from time to time under the Note. All such sums shall be secured by this Deed of Trust and all collateral given to secure any Obligation. Any action taken by Bank pursuant to this section shall not constitute a waiver of any Event of Default or undertaking to perform or complete any of Trustor's duties nor shall it impose any future responsibility on Bank to perform any of Trustor's duties in the future.

5.3    Indemnification Regarding Leases. The Trustor hereby agrees to defend, and does hereby indemnify and hold the Beneficiary, Trustee, and each of their respective directors, officers, employees, agents and attorneys (each an "Indemnitee") harmless from all losses, damages, claims, costs or expenses (including attorneys' fees and expenses) resulting from the assignment of the Leases and from all demands that may be asserted against such Indemnitees arising from any undertakings on the part of the Beneficiary to perform any obligations under the Leases. It is understood that the assignment of the Leases shall not operate to place responsibility for the control or management of the Property upon the Beneficiary or any Indemnitee or make them liable for performance of any of the obligations of the Trustor under Leases, respecting any condition of the Property or any other agreement or arrangement, written or oral, or applicable law.

5.4    Indemnification Regarding Hazardous Substances. The Trustor hereby agrees to defend, and does hereby indemnify and hold harmless each Indemnitee from and against any and all losses, damages, claims, costs or expenses, including, without limitation, litigation costs and attorneys' fees and expenses and fees or expenses of any environmental engineering or cleanup firm incurred by such Indemnitee and arising out of or in connection with the Property or resulting from the application of any current or future law, regulation or ordinance relating to the presence or cleanup of Hazardous Substances on or affecting the Property. The Trustor agrees its obligations hereunder shall be continuous and shall survive termination or discharge of this Deed of Trust and/or the repayment of all debts to the Beneficiary including repayment of all Obligations.

5.5    Indemnitee's Expenses. If any Indemnitee is made a party defendant to any litigation or any claim is threatened or brought against such Indemnitee concerning this Deed of Trust or the Property or any part thereof or therein or concerning the construction, maintenance, operation or the occupancy or use thereof by the Trustor or other person or entity, then the Trustor shall indemnify, defend and hold

11

each Indemnitee harmless from and against all liability by reason of said litigation or claims, including attorneys' fees and expenses incurred by such Indemnitee in connection with any such litigation or claim, whether or not any such litigation or claim is prosecuted to judgment. The within indemnification shall survive payment of the Obligations, and/or any termination, release or discharge executed by the Beneficiary in favor of the Trustor.

5.6     Waivers.  The Trustor waives notice of nonpayment, demand, presentment, protest or notice of protest of the Obligations and all other notices, consents to any renewals or extensions of time of payment thereof, and generally waives any and all suretyship defenses and defenses in the nature thereof.  No delay or omission of the Beneficiary in exercising or enforcing any of its rights, powers, privileges, remedies, immunities or discretion (all of which are hereinafter collectively referred to as "the Beneficiary's rights and remedies") hereunder shall constitute a waiver thereof; and no waiver by the Beneficiary of any default of the Trustor hereunder or of any demand shall operate as a waiver of any other default hereunder or of any other demand.  No term or provision hereof shall be waived, altered or modified except with the prior written consent of the Beneficiary, which consent makes explicit reference to this Deed of Trust.  Except as provided in the preceding sentence, no other agreement or transaction, of whatsoever nature, entered into between the Beneficiary and the Trustor at any time (whether before, during or after the effective date or term of this Deed of Trust) shall be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under this Deed of Trust (nor shall anything in this Deed of Trust be construed as a waiver, modification or limitation of any of the Beneficiary's rights and remedies under any such other agreement or transaction) but all the Beneficiary's rights and remedies not only under the provisions of this Deed of Trust but also under any such other agreement or transaction shall be cumulative and not alternative or exclusive, and may be exercised by the Beneficiary at such time or times and in such order of preference as the Beneficiary in its sole discretion may determine.

5.7     Waiver of Homestead.  To the maximum extent permitted under applicable law, the Trustor hereby waives and terminates any homestead rights and/or exemptions respecting the Property under the provisions of any applicable homestead laws.

5.8     Joint and Several.  If there is more than one Trustor, each of them shall be jointly and severally liable for payment and/or performance of all obligations secured by this Deed of Trust and the term "Trustor" shall include each as well as all of them.

5.9     Severability.  If any provision of this Deed of Trust or portion of such provision or the application thereof to any person or circumstance shall to any extent be held invalid or unenforceable, the remainder of this Deed of Trust (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

5.10    Complete Agreement.  This Deed of Trust and the other Loan Documents constitute the entire agreement and understanding between and among the parties hereto relating to the subject matter hereof, and supersedes all prior proposals, negotiations, agreements and understandings among the parties hereto with respect to such subject matter.

5.11    Binding Effect of Agreement.  This Deed of Trust shall run with the land and be binding upon and inure to the benefit of the respective heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and shall remain in full force and effect (and the Beneficiary shall be entitled to rely thereon) until all Obligations are fully and indefeasibly paid.  The Beneficiary may transfer and assign this Deed of Trust and deliver any collateral to the assignee, who shall thereupon have all of the rights of the Beneficiary; and the Beneficiary shall then be relieved and discharged of any responsibility or liability with respect to this Deed of Trust and such collateral.  Except as expressly provided herein or in the other Loan Documents, nothing, expressed or implied, is intended to confer upon any party, other than the parties hereto, any rights, remedies, obligations or liabilities under or by reason of this Deed of Trust or the other Loan Documents.

12

Notices.    ANOTWITHSTANDING THE FOREGOING, NOTICES FROM JUDGMENT CREDITORS PURSUANT TO DC CODE SECTION 42-2303 SHOULD BE SENT TO TD BANK, N.A. ATTN: VICTOR SLAICIUNAS - ASSET RECOVERY, 1701 ROUTE 70 EAST, CHERRY HILL, NJ 08034

5.12    ny notices under or pursuant to this Deed of Trust shall be deemed duly received and effective if delivered in hand to any officer of agent of the Trustor or Beneficiary, or if mailed by registered or certified mail, return receipt requested, addressed to the Trustor or Beneficiary at the address set forth in this Deed of Trust or as any party may from time to time designate by written notice to the other party; notwithstanding the foregoing notices to the Beneficiary with respect to accounting and collateral release and notices to the Trustee pursuant to a Deed of Trust shall be sent to the Beneficiary as follows: Attention: VP Loan Servicing, Loan Services, 6000 Atrium Way, Mt. Laurel NJ 08054.

5.13    Governing Law.    This Deed of Trust shall be governed by the laws of the DISTRICT OF COLUMBIA without giving effect to the conflicts of laws principles thereof.

5.14    Reproductions.    This Deed of Trust and all documents which have been or may be hereinafter furnished by the Trustor to the Beneficiary may be reproduced by the Beneficiary by any photographic, photostatic, microfilm, xerographic or similar process, and any such reproduction shall be admissible in evidence as the original itself in any judicial or administrative proceeding (whether or not the original is in existence and whether or not such reproduction was made in the regular course of business).

5.15    Beneficiary Affiliates.    The term "Beneficiary Affiliate" as used in this Deed of Trust shall mean any "Affiliate" of the Beneficiary.    The term "Affiliate" shall mean with respect to any person, (a) any person which, directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such person, or (b) any person who is a director or officer (i) of such person, (ii) of any subsidiary of such person, or (iii) any person described in clause (a) above.    For purposes of this definition, control of a person shall mean the power, direct or indirect, (x) to vote 5% or more of the Capital Stock having ordinary voting power for the election of directors (or comparable equivalent) of such person, or (y) to direct or cause the direction of the management and policies of such person whether by contract or otherwise.    Control may be by ownership, contract, or otherwise.

5.16    Jurisdiction and Venue.    The Trustor irrevocably submits to the nonexclusive jurisdiction of any Federal or state court sitting in Virginia and any Federal or municipal court sitting in the District of Columbia, over any suit, action or proceeding arising out of or relating to this Deed of Trust.    The Trustor irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may now or hereafter have to the laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.    The Trustor hereby consents to process being served in any such suit, action or proceeding (i) by the mailing of a copy thereof by registered or certified mail, postage prepaid, return receipt requested, to the Trustor's address set forth herein or such other address as has been provided in writing to the Beneficiary and (ii) in any other manner permitted by law, and agrees that such service shall in every respect be deemed effective service upon the Trustor.

5.17    **JURY WAIVER.    THE TRUSTOR AND THE BENEFICIARY EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS DEED OF TRUST, THE OBLIGATIONS, ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREE NOT TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN WAIVED.    THE TRUSTOR CERTIFIES THAT NEITHER THE BENEFICIARY NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE BENEFICIARY WOULD NOT IN THE EVENT OF ANY SUCH PROCEEDING SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.**

13

EXECUTED under seal as of the date first above written.

Witness:

Trustor:
4400 Hunt PL NE LLC

By: _Houri Razjooyan_
Houri Azam Razjooyan, Member

4400 Hunt PL NE
Washington, District of Columbia
20019

STATE OF MARYLAND
~~DISTRICT OF COLUMBIA~~
COUNTY OF __MONTGOMERY__, SS.

The foregoing instrument was acknowledged before me this 30th day of __December__, 20 20
by Houri Azam Razjooyan, Member of 4400 Hunt PL NE LLC, a District of Columbia Limited Liability
Company, on behalf of such Limited Liability Company.

MY COMMISSION EXPIRES: __5/19/2021__

NOTARY PUBLIC

__Kos N. Johns__
TYPE OR PRINT NAME

KOS N. JOHNS
NOTARY
PUBLIC
MONTGOMERY COUNTY, MD

14

Deed of Trust 1

EXHIBIT "A"

Property Description

Lots 43, 44, and 45, in Square 5127, of Joseph L. Tepper's
Subdivision known as "PLEASANT VIEW HEIGHTS", as per plat recorded in
Liber 40 at Folio 21, in the Office of the Surveyor for the District
of Columbia.

NOTE: At the date hereof the above described land is designated on
the Records of the Assessor of the District of Columbia for
assessment and taxation purposes as Lot 0114 in Square 5127.

Property address known as:  4400 Hunt Place, N.E., Washington, D.C.
20017

15

**EXHIBIT "B"**

**Permitted Encumbrances**

None

```
Doc #: 2021001210
Filed & Recorded
01/05/2021 02:32 PM
IDA WILLIAMS
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
    RECORDING FEES          $150.00
    SURCHARGE               $6.50
    RECORDATION TAX FEES    $9,002.69
TOTAL:                      $9,159.19
```