# EXHIBIT A

Docusign Envelope ID: CDB3577B-3ACA-487A-B6AD-4EBB5A8AB291



# REPRESENTATION AGREEMENT

## (EXCLUSIVE AUTHORIZATION TO SELL OR EXCHANGE)

**THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT. READ IT CAREFULLY.**

The undersigned ("Seller") hereby employs Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. ("Agent") and grants to Agent, for a period of time (the "Term") commencing immediately upon the approval of this agreement by the U.S. Bankruptcy Court for the District of Columbia ("Court") and ending at <u>midnight one-hundred-fifty (150) days after the Representation Agreement has been fully ratified</u>, and subject to extension as set forth in paragraph 12 below, the exclusive and irrevocable right and authority to sell that certain real property (the "Property") located in <u>Washington, DC</u>, and more particularly described as follows:

**Properties are described in Exhibit A**

If the Property described above consists of two or more separate legal parcels, Seller agrees to sell all or any combination of such parcels, and the term "Property" as used herein shall refer to any such combination.

Seller agrees to accept an offer containing the following terms and conditions of sale:

1) **FINANCIAL TERMS:**

    a.  PURCHASE PRICE:                               <u>MARKET BID</u>

2) **TITLE:** Seller represents and warrants to Agent that authority to sell to the Property is now vested in <u>Marc Albert, Chapter 11 Trustee.</u> That Seller and the individuals executing this Representation Agreement on behalf of Seller are duly authorized and empowered to execute this Representation Agreement and any subsequent purchase agreement; and that execution hereof shall not result in any breach of, or constitute a default under, any contract or other agreement to which Seller is a party.

3) **COMMISSION:** In consideration of the brokerage services to be rendered by Agent, Seller agrees to pay to Agent a commission equal to four percent (4%) of the Purchase Price of the Property upon the occurrence of any of the following events:

    a. Agent procures a buyer during the Term, or any extension thereof, who is ready, willing and able to purchase the Property on the terms and conditions set forth herein or on any other terms and conditions acceptable to Seller and the sale and the Agent's commission are approved by the Bankruptcy Court and the sale closes; or

    b. The Property is sold, exchanged or otherwise conveyed during the Term, or any extension thereof, whether by Seller or by or through any other person or entity; or

    Except as otherwise set forth herein, this commission shall be earned and paid only if and when closing occurs and payment is actually made to Seller in accordance with a Seller - approved Settlement Statement and with appropriate Bankruptcy Court approval of both the sale and Agent's commission. If appropriate approvals have occurred, Agent shall be entitled to make demand of any escrow holder or closing attorney for payment from the proceeds of sale. Seller and Agent agree that if completion of a sale of the Property pursuant to a duly executed purchase agreement is prevented by default of the Buyer, Seller shall be obligated to pay to Agent only an amount equal to one-half of any damages or other monetary compensation (including liquidated damages) collected from said Buyer by suit or otherwise as a consequence of Buyer's default, if and when such damages or other monetary compensation are collected and payment to Agent is authorized by the Bankruptcy Court provided, however, that the amount due Agent shall

Marc Albert, Chapter 11 Trustee - Representation Agreement       Seller's Initials __MA__    Agent's Initials __[initials]__

DC.1 – Copyright Marcus & Millichap 2024

not exceed the brokerage commission set forth above. The term "Property" shall include any interest therein or in its ownership.

4) **INSPECTION OF PROPERTY:** Seller agrees that Agent and its representatives shall have the right to enter upon and inspect the interior and exterior of the Property with prospective purchasers at all reasonable times.

5) **SELLER'S DISCLOSURES:**

   **Seller is a Chapter 11 Bankruptcy Trustee and makes the following disclosures upon information and belief with no representations or warranties:**

   a. **Seller will convey the Property "as-is."**

   b. **Lead-based paint hazards**: Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 must be notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. <u>The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards.</u> (**SELLER TO CHECK ONE OF THE FOLLOWING AND INITIAL**):

   SELLER'S DISCLOSURE

   _____Seller has provided the Agent with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below):

   \_\_\_x\_\_\_Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

   **SELLER'S INITIALS** \_\_\_*MA*\_\_\_

   c. **Records, financial data and marketing assistance:** Seller agrees to furnish, to certify as true and correct to the best of Seller's knowledge, and to make available to Agent and prospective buyers all financial data, rent statements, leases and other operating records of the Property, and to provide Agent with such assistance as Agent may reasonably request in marketing the Property. Seller agrees to refer promptly to Agent all inquiries of anyone interested in the Property.

6) **SCOPE OF AGENT'S AUTHORITY AND RESPONSIBILITY:** Agent shall assist Seller in marketing the Property and in negotiating the terms and conditions of sale with any prospective purchasers. Agent shall not, however, have authority to bind Seller to any contract or purchase agreement. Agent shall not be responsible for performing any due diligence or other investigation of the Property, or for providing professional advice with respect to any legal, tax, engineering, construction or hazardous materials issues. Except for confidential information regarding Seller's business or financial condition and the negotiation of the terms of a purchase agreement between Seller and a prospective purchaser, Seller and Agent agree that their relationship is at arm's length.

7) **LIMITATION OF LIABILITY:** Except for Agent's gross negligence or willful misconduct, Agent's liability for any breach or negligence in its performance of this Agreement shall be limited to the greater of $50,000 or the amount of compensation actually received by Agent in any transaction hereunder.

8) **DISPUTES:** Any controversy, claim, or dispute will be resolved in the United States Bankruptcy Court for the District of Columbia.

9) **TAX WITHHOLDING:** Seller agrees to execute and deliver any instrument, affidavit or statement, or to perform any act reasonably necessary to carry out the provisions of the Foreign Investment in Real Property Tax Act and regulations promulgated thereunder, as well as any similar requirements of state law.

10) **ADDENDA:** Any addendum attached hereto, and either signed or initialed by the parties shall be deemed a part hereof. This Agreement, including addenda, if any, expresses the entire agreement of the parties and supersedes any and all previous agreements between the parties with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge its terms, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. Any future modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

11) **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the <u>District of Columbia</u>.

12) **EXTENSION OF TERM:** If an agreement or letter of intent for the sale of the Property is executed by all necessary parties, and if said agreement or letter of intent is revoked, rescinded or otherwise terminated, and/or the transaction is subsequently canceled, the Term shall be extended by the number of calendar days during which the sale agreement or letter of intent was in effect. The maximum extension permitted hereunder shall be the number of days remaining on the Term from the date the sale agreement or letter of intent was executed. Notwithstanding the foregoing, this Representation Agreement shall expire in all cases no later than twenty-four months after the original termination date stated above. The purpose of this extension provision is to allow agent the opportunity to expose the Property to the marketplace for the full period of time contemplated by this Agreement. If such conditions in the paragraph were to prevail, the Seller would be entitled to review and revise its proposed price and other terms of sale at any time after four months of duration.

13) **SEVERABILITY:** In the event any term or provision of this Agreement shall be held illegal, unenforceable or inoperative as a matter of law, the remaining terms and provisions of this Agreement shall not be affected thereby and shall remain in full force and effect.

14) **TERM:** Term shall be automatically terminated upon the dismissal of bankruptcy.

Marc Albert, Chapter 11 Trustee - Representation Agreement      Seller's Initials **MA**      Agent's Initials

DC.1 – Copyright Marcus & Millichap 2024

**This Representation Agreement is subject to the attached Bankruptcy Addendum. Any conflict between this Representation Agreement and the attached Addendum will be controlled by the attached Addendum.**

The undersigned Seller and Agent agree to the terms and conditions set forth in this Representation Agreement, and Seller acknowledges receipt of an executed copy hereof.

BY: Marc E. Albert

| | | | |
|---|---|---|---|
| SELLER: | *Marc Albert* (DocuSigned by, 10A874035CBB46B...) | ADDRESS: | 1775 Pennsylvania Ave, NW, Ste. 800 |
| | Marc E. Albert, Chapter 11 Trustee for 1416 Eastern Ave NE LLC, et al. (Lead Case: 24-00180-ELG) | | Washington, DC 20006 |
| DATE: | 9/27/2024 | 07:34:47 PDT | TELEPHONE: | (202) 728-3020 |

Agents accepts and agrees to the foregoing.

AGENT: **MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF NORTH CAROLINA, INC.**

| | | | |
|---|---|---|---|
| AGENT: | (DocuSigned signature, 53077AA20D4F46E...) John M. Zupancic III ("Marty") | ADDRESS: | 7200 Wisconsin Ave, Suite 1101 |
| | | | Bethesda, MD 20814 |
| DATE: | 9/27/2024 | 10:01:43 PDT | TELEPHONE: | (202) 536-3788 |

SELLER UNDERSTANDS AND ACKNOWLEDGES THAT BROKER IS NOT QUALIFIED TO PROVIDE, AND HAS NOT BEEN CONTRACTED TO PROVIDE, LEGAL, FINANCIAL OR TAX ADVICE, AND THAT ANY SUCH ADVICE MUST BE OBTAINED FROM SELLER'S ATTORNEY, ACCOUNTANT OR TAX PROFESSIONAL.

## **Bankruptcy Addendum to Representation Agreement**

1. This Representation Agreement is subject to the notice and hearing requirements of the Bankruptcy Code and Bankruptcy Rules and is subject to Bankruptcy Court approval.
2. Any sale procured by this Representation Agreement is subject to Bankruptcy Court approval and higher and better offers.
3. The Property is sold in its "as-is" condition as of closing. Seller makes no representations as to the condition of the property.
4. The liability of the Seller is limited to the return of the earnest money deposit.
5. No commission will be due except upon a successful sale and settlement and Bankruptcy Court approval of payment of the commission.
6. Seller will convey the Property by trustee's deed.
7. Sale is subject to satisfying any of the sub-sections of 11 U.S.C. § 363(b), (f), and (h) for a sale subject to the existing liens, and/or 11 U.S.C. §§ 1123 and 1129 for a sale made subject to a confirmed Chapter 11 Plan. The option of whether to pursue approval of sale through a motion for approval of sale made pursuant to 11 U.S.C. 363 or through confirmation of a chapter 11 plan pursuant to 1123 and 1129 shall be made at the election of Seller.
8. All Seller disclosures are upon information and belief only.
9. All other terms and conditions of the Representation Agreement remain in full force and effect except that if there is a conflict between this Addendum and the Listing Agreement this Addendum will control.

_/s/ Marc Albert_    9/27/2024 | 07:34:47 PDT

Marc E. Albert, Chapter 11 Trustee for 1416 Eastern Ave NE LLC, et al.    Date

_/s/ John M. Zupancic III_    9/27/2024 | 10:01:43 PDT

John M. Zupancic III ("Marty")    Date

MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF NORTH CAROLINA, INC.

Exhibit A

| Legal Address | APN |
| --- | --- |
| 4303-13 Wheeler Road SE Washington, DC 20032 (49 Units)* | 5924-0000-0083 |
| 4400 Hunt Place NE Washington, DC 20019 (15 Units)* | 5127-0000-0114 |
| 1416 Eastern Avenue NE Washington, DC 20019 (6 Units)* | 5171-0000-0063 |
| 2501 Naylor Road SE Washington, DC 20020 (8 Units)* | 5627-0000-0812 |
| 945 Longfellow Street NW Washington, DC 20011 (13 Units)* | 2991-0000-0033 |
| 4935 Nannie Helen Burroughs Avenue NE Washington, DC 20019 (6 Units)* | 5180-0000-0807 |
| 2440 South Street SE Washington, DC 20020 (11 Units)* | 5624-0000-0814 |
| 4010 9th Street SE Washington, DC 20032 (14 Units)* | 5924-0000-0090 |
| 3968 Martin Luther King Jr Avenue SE Washington, DC 20032 (6 Units)* | 6149-0000-0049 |
| 4263 6th Street SE Washington, DC 20032 (6 Units)* | 6207-0000-0046 |

*Total units for each property have not been verified as DOB issued Certificate of Occupancies for each property are not publicly available. Verification of total units in the form of Certificate of Occupancy(s) has been requested from owner.