The order below is hereby signed.

Signed: October 1 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

)
In re:                                    )
                                          )        Case No. 24-00180-ELG
1416 Eastern Ave NE LLC, *et al.*,[1]     )        Chapter 11
                                          )        Jointly Administered
        Debtors.                          )
                                          )

## ORDER AUTHORIZING TRUSTEE'S INTERIM USE OF CASH COLLATERAL

Upon consideration of the *Expedited Motion for Interim and Final Orders Authorizing the Use of Cash Collateral*,[2] (the "Motion") filed by Marc E. Albert, chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern NE LLC, *et al.* ("Debtors"), and all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

[2] All capitalized terms not otherwise defined herein shall the meanings assigned to them in the Motion.

CORE/3516991.0007/192883998.1

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, its creditors, tenants, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds as follows:

A.      On May 29, 2024 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are jointly administrated with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case.

B.      On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [ECF Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Debtors' bankruptcy estates.

C.      The Court has jurisdiction over the matters raised in the Motion, and over the persons and property affected by the Motion, pursuant to 28 U.S.C. §§ 157 and 1334. The matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b). Venue for the Debtor's case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The Debtor provided notice of this Motion to (a) the Office of the United States Trustee; (b) the Debtors; (c) the Debtor's twenty largest unsecured creditors (as no official

CORE/3516991.0007/192883998.1

committee of unsecured creditors has been appointed); (d) the Secured Creditor; (e) the District of

Columbia Office of the Attorney General; and (e) those persons who have formally appeared and

requested service in these proceedings pursuant to Bankruptcy Rule 2002.

E.     The Debtors own and operate apartment units located at the following addresses in

Washington, DC:

    i.    1416 Eastern Ave., NE

    ii.    945 Longfellow St., NW

    iii.    2501 Naylor Rd., SE

    iv.    4305 Wheeler Rd., SE

    v.    4263-67 6th St, SE

    vi.    4935 Nannie Helen Burroughs Ave., NE

    vii.    3968 Martin Luther King Jr Ave., SE

    viii.    4010 9th St., SE

    ix.    2440 S St., SE

    x.    4400 Hunt Pl., NE

(together the "Properties").

F.     The Secured Creditor holds a secured lien on each of the Properties pledged

pursuant to those certain Deeds of Trust in the total amount of $28,167,362.

G.     In the ordinary course of business, the Trustee requires cash flow from the Debtors'

operations, including the rents, to fund the Properties' operating costs to continue to operate,

preserve and maintain the Properties, and to comply with his duties as a Trustee. All of the Debtors'

cash and cash proceeds are subject to the Secured Creditor's security interests and, as such,

3

constitute "cash collateral" of the Secured Creditor (as such term is defined in Bankruptcy Code section 363(a), "Cash Collateral").

H.      The Trustee has a need to use the Cash Collateral. Absent the use of Cash Collateral, the Trustee will not be able to fund the operating expenses of the Debtor estates and creditors will suffer irreparable harm.

I.      Good and sufficient cause has been shown to justify the grant of interim relief requested in the form of the proposed order (the "Interim Order").

J.      The terms of the Trustee's use of Cash Collateral, as more fully set forth in this Interim Order, are (i) fair and reasonable, (ii) reflect the Trustee's prudent business judgment consistent with his fiduciary duties, (iii) constitute reasonably equivalent value and fair consideration; and (iv) are essential and appropriate for the continued operation and management of the Debtors' businesses and the preservation of the Properties. Entry of this Interim Order is in the best interests of the Debtor estates and their creditors.

K.      At a final hearing on the Motion (the "Final Hearing"), the Trustee will seek approval of the relief requested in the Motion on a final basis. Notice of the Final Hearing will be provided in accordance with the requirements set forth in this Interim Order.

Based on the foregoing, it is, by the United States Bankruptcy Court for the District of Columbia, hereby **ORDERED**:

1.      That the Motion is **GRANTED** for the Trustee to use the Cash Collateral, on an interim basis, to the extent provided in this Order.

2.      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as in the Motion.

CORE/3516991.0007/192883998.1

3.      Subject to the terms and conditions of this Order, the Trustee may use Cash Collateral from the date of this Order through (and including) October 30, 2024, as may be extended pursuant to this Order (the "Interim Period"). Except as otherwise expressly provided in this Order, Cash Collateral may be used solely (a) during the Interim Period, as may be extended, (b) up to the amounts stated for any line item plus 10% for each line item, during the periods and for the purposes identified in the Budgets attached to the Motion as **Exhibit A**.

4.      If Cash Collateral is not used for a particular line item in the Budgets during the period for which Cash Collateral usage is authorized for such line item in this Order, or if Cash Collateral is used in an amount less than specified in such line item during the budgeted period, then the Trustee may use the unused balance of such line item in other line items or subsequent periods, to the extent granted. The Trustee may also utilize amounts for miscellaneous items set forth in the Budgets for any budgeted expense.

5.      As adequate protection ("Adequate Protection") for the use and/or diminution of the interests of the Secured Creditor in the Cash Collateral, the Secured Creditor shall be granted, pursuant to Section 361 of the Bankruptcy Code, replacement liens on all of the Debtor's post-petition assets, which replacement liens shall be limited solely to any diminution in value of the Cash Collateral from and after the Petition Date. Such replacement liens shall be first and senior in priority to all other interests and liens of every kind, nature and description, whether created consensually, by an order of the Court or otherwise, including, without limitation, liens or interests granted in favor of third parties in conjunction with Sections 363, 364 or any other section of the Bankruptcy Code or other applicable law. Notwithstanding the foregoing, the liens granted to the Secured Creditor herein shall not attach to any of Debtor's claims and causes of action brought under Chapter 5 of the Bankruptcy Code (including but not limited to, those under sections 506,

5

544, 547, 548, 549, 550 and/or 552 of the Bankruptcy Code), and all rights, recoveries and defenses of Debtor's with respect thereto (collectively, the "Avoidance Actions").

6. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of any claim or lien granted by this Interim Order with respect to the Adequate Protection without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect in accordance with applicable non-bankruptcy law any claim or lien granted by this Interim Order with respect to the Adequate Protection, or to entitle the Secured Creditor to the priorities granted herein. Notwithstanding the foregoing, the Secured Creditor is authorized to file, as it deems necessary in its sole discretion, such financing statements, notices of lien and other similar documents to perfect in accordance with applicable non-bankruptcy law any lien granted by this Interim Order with respect to the Adequate Protection. The Debtor is authorized to execute and deliver to the Secured Creditor all financing statements, notices of lien and other documents as the Secured Creditor may reasonably request.

7. The automatic stay provisions of Section 362 of the Bankruptcy Code are modified and vacated to the extent necessary to permit the Secured Creditor to perform any act authorized or permitted under this Interim Order, including, without limitation, to take any act to create, validate, evidence, attach or perfect any lien, security interest, right or claim in the Secured Creditor's collateral. This provision is effective immediately and any stay pursuant to Fed. R. Bankr. Proc. 4001(a)(3) is hereby waived.

8. In the event any or all of the provisions of this Order are hereafter reversed, stayed, modified, amended, or vacated by a subsequent order of the Court or any other court, such reversal,

6

stay, modification, amendment, or vacation shall not affect the validity of any right or obligation arising under this Order prior to the effective date of such modification, amendment or vacation, and such right or obligation shall be governed in all respects by the provisions of this Order.

9.      This Order and the use of Cash Collateral authorized herein shall become effective immediately upon authorization and approval by the Court. Except with respect to the payment of accrued items set forth in the Budget, the use of Cash Collateral authorized herein shall terminate on October 30, 2024, at 12:00 midnight, subject to the Trustee's right to seek further order of the Court authorizing use of Cash Collateral. Termination of the use of Cash Collateral authorized herein shall not impair the continuing effectiveness and enforceability of all other provisions in this Order.

10.     Within three business days after the entry of this Order, the Trustee shall serve a copy of this Order on: (a) the Office of the United States Trustee; (b) the Debtors; (c) the Debtors' twenty largest unsecured creditors (as no official committee of unsecured creditors has been appointed); (d) the Secured Creditor; and (e) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002.

11.     Any party seeking to object to entry of an order further approving the relief set forth herein on an interim or final basis, must file a written objection (an "Objection"), stating with particularity the grounds therefore, with the United States Bankruptcy Court for the District of Columbia (the "Court") and serve such Objection on: (a) Marc E. Albert, Stinson, LLP, 1775 Pennsylvania Ave., NW, Suite 800, Washington, DC 20770, marc.albert@stinson.com; (b) the Secured Creditor c/o TD Bank, N.A., 1919 Gallows Road, 2nd Floor, Vienna, Virginia 22182, email: mnord@gebsmith.com and (c) the Office of the United States Trustee, 1725 Duke Street, Suite 650 Alexandria, VA 22314, so that it is received no later than October 25, 2024.

7

12.     A final hearing to consider the Debtor's requested use of Cash Collateral shall be held on October 30, 2024 at 10:00 a.m.

13.     Subject to applicable law, the terms of this Order shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any subsequent trustee appointed with regard to the Debtors under the Bankruptcy Code, whether in a chapter 7 or in this chapter 11 case.

**END OF ORDER**

**WE ASK FOR THIS:**

_/s/ Bradley D. Jones_
Marc E. Albert, No. 345181
Tracey M. Ohm, No. 982727
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com

_Attorneys for Marc E. Albert, Chapter 11 trustee_

8

**Seen and Agreed to By:**

/s/ *Michael D. Nord*
Michael D. Nord (Bar ID: 422449)
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5072
Email: mnord@gebsmith.com
*Counsel for TD Bank, N.A.*

/s/ *Nancy L. Alper*
Nancy L. Alper (DC Bar 411324)
Senior Assistant Attorney General
400 6th Street, N.W.
Washington, DC 20001
Tel: (202) 724-8122
Email: nancy.alper@dc.gov
*Counsel for the District of Columbia*

/s/ *Emil Hirsch*
Emil Hirsch (D.C. Bar No. 930479)
CARLTON FIELDS, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
Tel: (202) 965-8184
Fax: (202) 965-8104
Email: ehirsch@carltonfields.com
*Attorney for DC Water and*
*Sewer Authority*

**Seen:**

/s/ *Kristen S. Eustis*
Kristen S. Eustis (Bar ID: MD28984)
Office of The United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Tel: 703-557-7227
Email: Kristen.S.Eustis@usdoj.gov
*Counsel for the Acting United States Trustee*
*For Region 4*

Copies of this Order to: ECF Recipients, and

Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

United States Bankruptcy Court

District of Columbia

In re:                                                                                    Case No. 24-00180-ELG

1416 EASTERN AVE NE LLC                                                Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0090-1 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Oct 01, 2024 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2024:**

**Recip ID**        **Recipient Name and Address**
dbpos          +   1416 EASTERN AVE NE LLC, 700 51st Street NE#102B, Washington, DC 20019-5549

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2024          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2024 at the address(es) listed below:**

**Name**          **Email Address**

Elizabeth Drayden Peters
         on behalf of Creditor TD Bank N.A. epeters@gebsmith.com

Emil Hirsch
         on behalf of Creditor DC Water and Sewer Authority ehirsch@carltonfields.com
         ewhittington@carltonfields.com;wdcecf@cfdom.net;tcarroll@carltonfields.com

Joshua W. Cox
         on behalf of Trustee Marc E. Albert Joshua.cox@stinson.com  porsche.barnes@stinson.com

Kristen S. Eustis
         on behalf of U.S. Trustee U. S. Trustee for Region Four Kristen.S.Eustis@usdoj.gov  Robert.W.Ours@usdoj.gov

Laura C. Beckerman
         on behalf of Creditor Office of the Attorney General for the District of Columbia laura.beckerman@dc.gov  mina.kasama@dc.gov

Marc E. Albert

Marc E. Albert

     on behalf of Trustee Marc E. Albert marc.albert@stinson.com
     porsche.barnes@stinson.com;dc05@ecfcbis.com;mealbert@ecf.axosfs.com

     marc.albert@stinson.com  porsche.barnes@stinson.com;dc05@ecfcbis.com;mealbert@ecf.axosfs.com

Maurice Belmont VerStandig

     on behalf of Attorney Maurice VerStandig mac@mbvesq.com
     lisa@mbvesq.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Michael D. Nord

     on behalf of Creditor TD Bank  N.A. mnord@gebsmith.com

Nancy L. Alper

     on behalf of Creditor Office of the Attorney General for the District of Columbia nancy.alper@dc.gov

Ruiqiao Wen

     on behalf of Trustee Marc E. Albert ruiqiao.wen@stinson.com

Stephon Woods

     on behalf of Creditor Office of the Attorney General for the District of Columbia stephon.woods@dc.gov

Tracey Michelle Ohm

     on behalf of Trustee Marc E. Albert tracey.ohm@stinson.com  porsche.barnes@stinson.com

U. S. Trustee for Region Four

     USTPRegion04.DC.ECF@USDOJ.GOV

William C. Johnson, Jr.

     on behalf of Debtor In Possession 1416 EASTERN AVE NE LLC William@JohnsonLG.Law
     wcjjatty@yahoo.com;johnsonwr90391@notify.bestcase.com

TOTAL: 15