Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) Chapter 11 |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO MAINTAIN PRE-PETITION BANK ACCOUNTS AND ESTABLISHING CASH MANAGEMENT PROCEDURES AND NOTICE OF OPPORTUNITY TO OBJECT**

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern

NE LLC, *et al.* ("Debtors"), by and through his undersigned attorneys, Stinson LLP, files this

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

CORE/3516991.0007/193364370.1

*Motion for Order Authorizing Trustee to Maintain Pre-Petition Bank Accounts and Establishing Cash Management Procedures* (the "Motion"), and in support thereof, states as follows:

1. The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. 64].

2. On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Debtors' estates.

3. Each of the Debtors is named for residential real property that it owns, and the business of each Debtor is multi-family rental housing. The locations of the residential multi-family real property buildings for the Debtors are as follow:

- 1416 Eastern Avenue Northeast, Washington, DC 20019
- 945 Longfellow Street Northwest, Washington, DC 20011
- 2501 Naylor Road Southeast, Washington, DC 20020
- 4301-4313 Wheeler Road Southeast, Washington, DC 20032
- 4263-67 6th Street Southeast, Washington, DC 20032
- 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019
- 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032
- 4010 9th Street Southeast, Washington, DC 20032
- 2440 S Street Southeast, Washington, DC 20020
- 4400 Hunt Place Northeast, Washington, DC 20019

(collectively, the "Properties")

4. The Trustee is operating the apartment rental businesses at each Property while evaluating and marketing the Properties for sale. In order to assist with the operation of the Properties, the Trustee has engaged Noble Realty Advisors, LLC ("Noble") to serve as property manager for each of the Properties. *See Order Granting Chapter 11 Trustee's Application to Authorize Retention of Property Management Company Pursuant to 11 U.S.C. § 327*, [Dkt. 87].

5.  The rental income generated at each Property serves as the cash collateral of the Debtors' secured creditor, TD Bank, N.A. ("Secured Creditor" or "TD Bank"), pursuant to Deeds of Trust between the individual Debtors and TD Bank. On October 1, 2024, the Court entered its *Order Authorizing Trustee's Interim Use of Cash Collateral* [Dkt. 101] (the "Interim Cash Collateral Order"). The Interim Cash Collateral Order authorized the Trustee's use of the Debtors' cash generated through rents for each of the Properties to support their operation pursuant to individual budgets for each Property attached as an exhibit to the Interim Cash Collateral Order (the "Cash Collateral Budgets"). A hearing to consider final approval for the Trustee's use of cash collateral is scheduled for October 30, 2024.

6.  Prior to the Petition Date, each Debtor maintained a bank account serving as the operating account for each of the corresponding Properties (each a "Debtor Operating Account"). With respect to the ten Debtors, eight of the Debtor Operating Accounts were maintained with TD Bank, with the remaining two maintained with PNC Bank. Specifically, each of the Debtors maintains an operating account at the following institutions:

| Debtor | Case # | Bank | Account# |
|---|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | TD Bank | xxx-xxx1626 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | TD Bank | xxx-xxx3111 |
| 2501 NAYLOR RD SE LLC | 24-00182 | TD Bank | xxx-xxx7046 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | TD Bank | xxx-xxx6420 |
| 4263 6TH ST SE APARTMENTS LLC | 24-00184 | TD Bank | xxx-xxx1494 |
| 4935 NHB AVE NE LLC | 24-00185 | TD Bank | xxx-xxx6757 |
| 3968 MLK LLC | 24-00186 | TD Bank | xxx-xxx3103 |
| 4010 9TH ST SE LLC | 24-00187 | PNC Bank | xxxxxx4651 |
| 2440 S ST SE LLC | 24-00188 | PNC Bank | xxxxxx4678 |
| 4400 HUNT PL NE LLC | 24-00189 | TD Bank | xxx-xxx0127 |

7. Following the Trustee's appointment, the Trustee worked with both TD Bank and PNC Bank gain exclusive control and signature authority for each of the Debtor Operating Accounts in place of the Debtors' representatives.

8. In addition to taking control over the existing Debtor Operating Accounts, the Trustee has also opened his own accounts with Axos Bank (the "Trustee Axos Accounts").[2] The Trustee Axos Accounts include an initial single account previously by the Trustee for the purpose of accepting certain retainer funds previously held by the Debtors counsel for all ten Debtors and through which the Trustee has previously disbursed payments for insurance premium payments for the Debtors. The remaining Trustee Axos Accounts include an account established for each of the ten Debtors.

9. Noble also is in the process of opening additional debtor-in-possession designated accounts for Noble's use as Property Manager for each of the properties (the "Property Management Accounts").[3]

10. Monthly the Debtors receive a portion of their income from rental payments made directly from the tenants residing at each Property. However, many tenants at each Property receive housing subsidies through the Housing Choice Voucher Program ("HCVP") run by the District of Columbia Housing Authority ("DCHA") and administered by various designated organizations. The current monthly collected rental income received by the Debtors is substantially derived from voucher subsidies compared to direct tenant rental payments. While

---

[2] The Trustee Axos Accounts have been set up through a comprehensive specialty software accounting system named TCMS established for use by bankruptcy trustees and linked with Axos Bank. The Trustee typically uses this system in his capacity as a chapter 7 panel trustee in other cases before this Court, as well as in his role as chapter 11 trustee and receiver in other cases.

[3] Noble is presently working towards opening the Property Management Accounts with Eagle Bank and it is anticipated that these accounts will be maintained at that banking institution. However, should any unforeseen circumstances prevent the opening of the accounts at Eagle Bank, Noble may seek to open the accounts at a different banking institution qualified to establish debtor-in-possession accounts by the Office of the United States Trustee.

CORE/3516991.0007/193364370.1                    4

some of the Debtors receive these voucher payments through mailed or tendered checks, the majority receive housing voucher distributions through direct deposit into the Debtors' corresponding Debtor Operating Account.

11. In both the Trustee's and Noble's experience, the process of changing the registered account designated to receive monthly HCVP payments from the various institutions often proves to be logistically difficult and can often take several months.

12. Typically, the Office of the United States Trustee ("OUST") requires Chapter 11 debtors-in-possession, upon filing a Chapter 11 petition, to close all bank accounts maintained before the Chapter 11 filing and open new accounts that are designated as "debtor-in-possession" (DIP) accounts at a bank that has executed an agreement with the OUST to meet the requirements of 11 U.S.C. § 345.

13. Through this Motion, the Trustee is seeking authority to continue to maintain the Debtors' Debtor Operating Accounts post-petition solely to receive electronic HCVP deposits delivered to those accounts and establishing other cash management procedures for use of funds by the Trustee during the pendency of the case for the operation of the Properties.

14. Transferring the registered account for each debtor that receives HCVP direct deposits to a newly established Trustee Axos Account or Noble Property Management Account would likely be an involved process and take a considerable amount of time to complete. Transferring the registered deposit account could also potentially cause delay in the Trustee receiving HCVP funds due to the Debtors, which are crucial to Trustee's operation of the Properties while seeking sale. Accordingly, the Trustee believes it to be in the best interest of the various Debtor estates to maintain the Debtor Operating Accounts post-petition as the registered account to receive monthly HCVP deposits from the various entities that deliver those funds.

15. In order to accommodate the OUST Guidelines, the Trustee only wishes to keep the Debtor Operating Accounts open for the limited purpose of accepting the monthly HCVP payments. Upon receipt of these payments, the Trustee proposes to perform regular "sweeps" of the Debtor Operating Accounts to transfer money received to the established Trustee Axos Accounts.

16. Accordingly, the Trustee proposes the following procedures by which he will maintain and operate the Debtor Operating Accounts for the duration of the case unless otherwise ordered by the Court:

   a) The Trustee shall maintain the Debtor Operating Accounts only for the purpose of accepting monthly electronic deposits of HCVP funds due to each corresponding Debtor and the Trustee will not purposefully cause any other funds to be deposited into the Debtor Operating Accounts.

   b) Monthly, the Trustee shall withdraw and/or transfer funds in each Debtor Operating Account and deposit such funds directly into the corresponding Trustee Axos Account established by the Trustee for that specific Debtor estate. The transfer of funds may be made by check or other means the Trustee, in his business judgment, believes best facilitate a secure transfer while accounting for transfer costs.

   c) When withdrawing funds, the Trustee may be permitted to retain no more than $1,000.00 in each Debtor Operating Account as a reserve to prevent accidental overdraws and to serve as a source of payment of potential bank service fees that may be incurred on the Debtor Operating Accounts.

d) The Trustee may forego a monthly disbursal to the Trustee Axos Accounts if amounts maintained in the Debtor Operating Account are less than $1,000.00.

e) No disbursements are to be made from the Debtor Operating Accounts other than transfers of funds to the corresponding Trustee Axos Account.

f) Noble may collect and deposit all other rental and other income into the Noble Property Management Accounts established for each Property and may, as the Trustee directs, utilize such funds, along with additional funds that may be delivered by the Trustee from the Trustee Axos Accounts, to maintain the operations at each Property in accordance with any orders approving use of cash collateral and the approved Cash Collateral Budgets.

g) The Trustee may, at his sole-discretion, transfer funds from the Trustee Axos Accounts to the corresponding Property's Noble Property Management Account to provide Noble with available operating funds as needed for use at each Property in accordance with the Cash Collateral Budgets.

h) The Trustee and Noble shall only transfer funds between accounts established for the same Debtor/Property. Income derived from one Property may not be used to support the operations of a different Debtor/Property, unless otherwise ordered by the Court.

i) Notwithstanding the above, the Trustee may continue to make consolidated insurance premium payments as he has been doing from the existing consolidated Trustee Axos Account holding the previously delivered joint retainer funds.

    j)   The Trustee shall attach the monthly bank statements or other similar report[4] for the Debtor Operating Accounts, Trustee Axos Accounts, and the Noble Property Management Accounts to his Monthly Operating Report ("MOR") filed for each Debtor monthly with the Court.

**NOTICE OF OPPORTUNITY TO OBJECT TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE TO MAINTAIN PRE-PETITION BANK ACCOUNTS AND ESTABLISHING CASH MANAGEMENT PROCEDURES**

Marc E. Albert, Chapter 11 Trustee for 1416 Eastern Ave. NE LLC, *et al.*, has filed an application seeking approval to maintain the Debtors' pre-petition bank accounts and to approve various related cash management procedures.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve the application, or if you want the Court to consider your views on the matter, then:

on or before **October 31, 2024**, you or your attorney must file with the Court a written objection to the application. The objection must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Bradley D. Jones, Esq.
Joshua W. Cox, Esq.
Ruiqiao Wen, Esq.
Stinson LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the application and may enter an order approving the application. The Court may

---

[4] With respect to the Trustee Axos Accounts, the Trustee anticipates including the receipt and disbursement log generated though his trustee case management software program (Trustee Form 2), instead of a traditional bank statement.

approve the application without a hearing if the objection filed states inadequate grounds for denial of the application. Parties in interest with questions may contact the undersigned.

WHEREFORE, Marc Albert, Chapter 11 Trustee, respectfully requests that this Court enter an Order:

a) Authorizing the Trustee to maintain and leave open the Debtors' pre-petition bank accounts established with TD Bank and PNC Bank to allow for the continued deposit of housing subsidies under the District of Columbia's Housing Choice Voucher Program;

b) Establishing the procedures set forth in this Motion and in the attached proposed order regarding Debtor's continued maintenance of the Debtor Operating Accounts and the transfer of received funds to the Trustee's Trustee Axos Accounts; and

c) granting such other and further relief as this Court may deem just and equitable.

Dated: October 17, 2024

Respectfully submitted,

/s/ Joshua W. Cox
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Ch. 11 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that I did serve a copy of the foregoing Motion and Notice of Opportunity to Object on October 17, 2024, electronically via the Court's ECF system, and by first class mail, postage prepaid, upon the following

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

/s/ Joshua W. Cox
Joshua W. Cox