

The order below is hereby signed.

Signed: November 12 2024

Elizabeth L. Gunn
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*,[1] | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ORDER AUTHORIZING TRUSTEE TO MAINTAIN PRE-PETITION BANK
ACCOUNTS AND ESTABLISHING CASH MANAGEMENT PROCEDURES**

This matter came before the court on the Chapter 11 Trustee's Motion for Order

Authorizing Trustee to Maintain Pre-Petition Bank Accounts and Establishing Cash Management

Procedures (the "Motion"). The guidelines established by the Office of the United States Trustee

for Chapter 11 debtors typically require the debtors to close their existing bank accounts upon

filing of the bankruptcy petition and to transfer operation of the Debtors' business operations to

newly established bank accounts specifically designated as debtor-in-possession, or "DIP" bank

accounts with a banking institution that has executed an agreement with the Office of the United

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

States Trustee in compliance with the deposit requirements of 11 U.S.C. § 365. The Trustee, now standing in the shoes of the Debtors in these cases, has gained signatory control over the Debtors' pre-petition bank accounts and has sought the approval of the Court for authority to maintain the accounts for each of the jointly administered Debtors for the limited purpose of continuing to serve as the registered account for acceptance of electronic deposit of monthly Housing Choice Voucher Program ("HCVP") payments. The monthly deposits received by the Debtors in HCVP payments represent a significant portion of the Debtors' monthly business income and the Trustee believes that maintaining the existing account as the registered account to receive these electronic deposits is in the best interest of the estate due to the time, expense, and delay that could be associated with seeking a transfer of these deposits to newly established accounts. In addition to the existing pre-petition Debtor operating accounts (the "Debtor Operating Accounts"), the Trustee has also established an individual account for each Debtor estate with Axos Bank (the "Trustee Axos Accounts"), and the Trustee's employed property management company, Noble Realty Advisors LLC ("Noble"), is in the process of opening additional accounts for their use as property manager of each of the Debtor Properties (the "Noble Property Management Accounts") to collect tenant rent and to initiate payments for services necessary to support the operation of each of the Properties. This Court having considered the Motion and any opposition thereto finds that notice of the Motion is adequate as given, that good cause exists to grant the relief requested and that it is hereby:

**ORDERED ADJUDGED AND DECREED** that the Motion is **GRANTED IN IS ENTIRETY**; and it is

**FURTHER ORDERED** that the Trustee is authorized to maintain and is not required to close the Debtors' pre-petition bank accounts now under the Trustee's control established with

2

TD Bank and PNC Bank to allow for the continued deposit of housing subsidies under the District of Columbia's Housing Choice Voucher Program; and it is

**FURTHER ORDERED** that the procedures by which the Trustee is authorized to maintain the various bank accounts for the jointly administered Debtors are and shall be established as follows:

a) The Trustee shall maintain the Debtor Operating Accounts only for the purpose of accepting monthly electronic deposits of HCVP funds due to each corresponding Debtor and the Trustee will not purposefully cause any other funds to be deposited into the Debtor Operating Accounts.

b) Monthly, the Trustee shall withdraw and/or transfer funds in each Debtor Operating Account and deposit such funds directly into the corresponding Trustee Axos Account established by the Trustee for that specific Debtor estate. The transfer of funds may be made by check or other means the Trustee, in his business judgment, believes best facilitate a secure transfer while accounting for transfer costs.

c) When withdrawing funds, the Trustee may be permitted to retain no more than $1,000.00 in each Debtor Operating Account as a reserve to prevent accidental overdraws and to serve as a source of payment of potential bank service fees that may be incurred on the Debtor Operating Accounts.

d) The Trustee may forego a monthly disbursal to the Trustee Axos Accounts if amounts maintained in the Debtor Operating Account are less than $1,000.00.

e) No disbursements are to be made from the Debtor Operating Accounts other than transfers of funds to the corresponding Trustee Axos Account.

3

f)  Noble may collect and deposit all other rental and other income into the Noble

Property Management Accounts established for each Property and may, as the

Trustee directs, utilize such funds, along with additional funds that may be

delivered by the Trustee from the Trustee Axos Accounts, to maintain the

operations at each Property in accordance with any orders approving use of cash

collateral and the approved Cash Collateral Budgets.

g)  The Trustee may, at his sole-discretion, transfer funds from the Trustee Axos

Accounts to the corresponding Property's Noble Property Management Account

to provide Noble with available operating funds as needed for use at each

Property in accordance with the Cash Collateral Budgets.

h)  The Trustee and Noble shall only transfer funds between accounts established for

the same Debtor/Property. Income derived from one Property may not be used to

support the operations of a different Debtor/Property, unless otherwise ordered by

the Court.

i)  Notwithstanding the above, the Trustee may continue to make consolidated

insurance premium payments as he has been doing from the existing consolidated

Trustee Axos Account holding the previously delivered joint retainer funds.

j)  The Trustee shall attach the monthly bank statements or other similar report for

the Debtor Operating Accounts, Trustee Axos Accounts, and the Noble Property

Management Accounts to his Monthly Operating Report ("MOR") filed for each

Debtor monthly with the Court.

CORE/3516991.0007/193364388.1

**WE ASK FOR THIS:**

/s/ Joshua W. Cox
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*


**SEEN AND NOT OBJECTED TO:**

/s/ Kristen S. Eustis
Kristen S. Eustis (Bar ID: MD28984)
Office of The United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Tel: 703-557-7227
Email: Kristen.S.Eustis@usdoj.gov
*Counsel for the Acting United States Trustee*
*For Region 4*


Copies of this Order to:

Recipients of ECF Notice

CORE/3516991.0007/193364388.1