Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: 1416 Eastern Ave NE LLC, *et al.*[1], <br><br>Debtors. | Case No. 24-00180-ELG<br>Chapter 11<br>Jointly Administered |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE'S CONSOLIDATION AND USE OF CASH ASSETS BETWEEN JOINTLY ADMINISTERED CASES AND NOTICE OF OPPORTUNITY TO OBJECT**

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern NE LLC, *et al.* ("Debtors"), by and through his undersigned attorneys, Stinson LLP, files this

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

CORE/3516991.0007/195830699.1

*Motion for Order Authorizing Trustee's Consolidation and Use of Cash Assets Between Jointly Administered Cases* (the "Motion"), and in support thereof, states as follows:

1. The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. 64].

2. On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for each of the ten Debtors' estates.

3. Each of the Debtors is named for residential multi-family real property that it owns, and the business of each Debtor is multi-family rental housing. The locations of the residential multi-family real property buildings for the Debtors are as follow:

- 1416 Eastern Avenue Northeast, Washington, DC 20019
- 945 Longfellow Street Northwest, Washington, DC 20011
- 2501 Naylor Road Southeast, Washington, DC 20020
- 4301-4313 Wheeler Road Southeast, Washington, DC 20032
- 4263-67 6th Street Southeast, Washington, DC 20032
- 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019
- 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032
- 4010 9th Street Southeast, Washington, DC 20032
- 2440 S Street Southeast, Washington, DC 20020
- 4400 Hunt Place Northeast, Washington, DC 20019

(collectively, the "Properties")

4. The Trustee is operating the apartment rental businesses at each Property while evaluating and marketing the Properties for sale. In order to assist with the operation of the Properties, the Trustee has engaged Noble Realty Advisors, LLC ("Noble") to serve as property manager for each of the Properties. *See Order Granting Chapter 11 Trustee's Application to Authorize Retention of Property Management Company Pursuant to 11 U.S.C. § 327*, [Dkt. 87].

5.      The rental income generated at each Property serves as the cash collateral of the Debtors' secured creditor, TD Bank, N.A. ("Secured Creditor" or "TD Bank"), pursuant to Deeds of Trust between the individual Debtors and TD Bank. On October 30, 2024, the Court entered its *Order Authorizing Trustee's Final Use of Cash Collateral and Granting Adequate Protection* [Dkt. 111] (the "Final Cash Collateral Order"). The Final Cash Collateral Order authorized the Trustee's use of the Debtors' cash generated through rents for each of the Properties to support their operation pursuant to individual budgets for each Property (the "Cash Collateral Budgets") attached as an exhibit to the Final Cash Collateral Order through December 31, 2024. Pursuant to the terms and procedures set forth in the Final Cash Collateral Order, the Trustee's use of TD Bank's cash collateral is able to be extended without further court order upon the filing of additional agreed 90-day operating budgets. On December 31, 2024, the Trustee filed his *Notice of Subsequent Use of Cash Collateral Budgets* [ECF Dkt. No. 124] which attached further agreed cash collateral budgets for each Property for January through March 2025 serving to extend the Trustee's authorization of use of cash collateral through this period. The Trustee anticipates filing additional Cash Collateral Budgets to further extend his authorization to use cash collateral as needed while the joint cases proceed.

6.      TD Bank has filed a proof of claim in each of the Debtors cases reflecting balances owned under their Deeds of Trust on the Properties. A breakdown of each of these proofs of claim and the stated balances owed at the time of filing is as follows:

| Debtor | Case # | Claim No. | Date Filed | Proof of Claim Balance |
|---|---|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | 1-1 | 10/4/2024 | $933,865.33 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | 8-1 | 10/4/2024 | $4,396,755.53 |
| 2501 NAYLOR RD SE LLC | 24-00182 | 5-1 | 10/4/2024 | $2,114,884.23 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | 6-1 | 10/4/2024 | $10,802,222.26 |

| | | | | |
|---|---|---|---|---|
| 4263 6TH ST SE APARTMENTS LLC | 24-00184 | 5-1 | 10/4/2024 | $993,886.54 |
| 4935 NHB AVE NE LLC | 24-00185 | 5-1 | 10/3/2024 | $1,043,609.63 |
| 3968 MLK LLC | 24-00186 | 3-1 | 10/4/2024 | $1,028,373.98 |
| 4010 9TH ST SE LLC | 24-00187 | 5-1 | 10/3/2024 | $2,550,681.71 |
| 2440 S ST SE LLC | 24-00188 | 4-1 | 10/3/2024 | $3,001,545.79 |
| 4400 HUNT PL NE LLC | 24-00189 | 5-1 | 10/4/2024 | $3,904,661.00 |
| | | | **TOTAL:** | **$30,770,486.00** |

7. As reflected in TD Bank's Proofs of Claim, the balance owed at the time of filing of TD Bank's proofs of claim and subject to their deeds of trust across the entire property portfolio was $30,770,486.00. No Payments have been provided to TD Bank while the bankruptcy case has been proceeding. As a result, the total balance owed to TD Bank as of the date of the filing of this motion is in excess of the filed proof of claim amounts due to accrued interest.

8. The Trustee intends to sell the Properties through a confirmed chapter 11 plan. In that respect, on September 30, 2024, the Trustee filed his application to employ Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. ("M&M") to serve as realtor on behalf of the estate to market the Properties for sale. *See* [ECF Dkt. No. 100]. The Order approving of M&M's employment was entered on October 16, 2024. [ECF Dkt. No. 103]. M&M has been engaging in its services as relator for the estate to market the Properties for sale and assisting the Trustee in evaluating received offers. The Trustee anticipates that sale will be achieved through a full portfolio sale, with a single offer covering each of the ten Properties.[2] Although a Purchase and Sale Agreement has not yet been fully executed providing for sale of the Properties, the offers being submitted to the Trustee are substantially less than the secured

---

[2] There may be a possibility that the Longfellow property may be sold separately from the other nine (9) Properties, however, current offers being received and evaluated by the Trustee provide for sale of all ten Properties to a single buyer.

debt and the Trustee believes there is no prospect that TD Bank's secured debt will be paid in full for any of the ten jointly administered cases. Accordingly, it appears clear that all current and future funds to be obtained in these cases, including the full sales proceeds to be gained from sale of the Properties, existing cash on hand, and month to month rent to be delivered to the Trustee as the cases progress will be subject to the secured interests of TD Bank.

9. On October 17, 2024, the Trustee filed his *Chapter 11 Trustee's Motion for Order Authorizing Trustee to Maintain Pre-Petition Bank Accounts and Establishing Cash Management Procedures* [ECF Dkt. No. 104], (the "Cash Management Motion"). An order approving the Cash Management Motion was entered on October 30, 2024 [ECF Dkt. No. 111]. Under the approved procedures set forth in that Motion, the Trustee was authorized to leave open certain bank accounts established by the Debtor prior to the Trustee's appointment in order to continue to accept electronic deposits of Housing Assistance Payments ("HAP") into those accounts, with monthly sweeps of the existing cash from those accounts into additional accounts established by the Trustee for each Property. The Trustee has been proceeding with the procedures set forth in the Cash Management Motion.[3]

10. As of January 28, 2025, the ledger balances in the Trustee's accounts with Axos Bank for each of the jointly administered cases are:

| **Debtor** | **Case #** | **Trustee Account Balance (1/28/2025)** |
|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | $29,097.75 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | $69,021.32 |

---

[3] The procedures set forth in the approved Cash Management Motion calls for the Trustee reserve a balance of $1,000.00 in each account if possible and to sweep remaining funds monthly into the Trustee accounts he has established with Axos Bank.

| | | |
|---|---|---|
| 2501 NAYLOR RD SE LLC | 24-00182 | $90,783.08 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | $14,841.00 |
| 4263 6TH ST SE APARTMENTS LLC | 24-00184 | $5,086.50 |
| 4935 NHB AVE NE LLC | 24-00185 | $19,085.80 |
| 3968 MLK LLC | 24-00186 | $17,011.00 |
| 4010 9TH ST SE LLC | 24-00187 | $62,304.45 |
| 2440 S ST SE LLC | 24-00188 | $57,959.50 |
| 4400 HUNT PL NE LLC | 24-00189 | $109,387.93 |
| | **TOTAL:** | **$474,578.33** |

11. In addition to the prior existing Debtor bank accounts and the Trustee's accounts with Axos Bank, Noble also maintains its own accounts for the Properties with Axos Bank in Noble role as property manager in order to receive and deposit tenant rent payments and to initiate payments for operating expenses for the Properties pursuant to the Cash Collateral Budgets. As needed, the Trustee periodically delivers payments to Noble from funds in the Trustee accounts to Noble to satisfy the monthly payable operating expenses for each Property.

12. Generally, the operating expenses for the Properties have fallen in line with the expense projections provided for in the Cash Collateral Budgets. However, some of the Properties have incurred larger unforeseen expenses outside of the Cash Collateral Budget projections necessary to preserve the health and safety of the existing tenants and the protect the Properties, including expenses ranging from $10,000 to $20,000 for needed emergency plumbing repairs and extensive trash cleanup. In these instances, the Trustee has regularly sought approval from TD Bank, as outlined in the Final Cash Collateral Order, before authorizing payment for these larger expense charges.

13. Thus far, each of the larger emergency costs to date have occurred at Properties I which there were sufficient funds to pay for the needed charges. However, as seen in the current balances maintained in the Trustee's accounts, not every Property is on equal economic footing.

While the Trustee appears to have significant cash on hand for the 4400 Hunt Place NE and 2501 Naylor Rd. SE Properties, the available cash on hand to maintain operations for the 4263 6th Street, SE., 4303-13 Wheeler Rd. SE, and 3968 Martin Luther King Junior Ave SE are fairly low. If a significant unforeseen expense item arises at one of those Properties, the Trustee may not have sufficient operating capital for that particular case to be able to incur the expense with the funds the trustee and Noble have on hand. Of particular concern is the 4263 6TH ST SE Property where the current trustee account balance is less than $6,000.00. As the case continues, the Trustee may not have funds to maintain the general operating costs for the Property, much less absorb any unforeseen emergency repair cost without additional funding provided to the accounts maintained for that particular case. This may inhibit the ability of the trustee to take immediate action to address life-safety requirements as needed.

## Relief Requested

14. In order to preserve the collateral Properties in the jointly administered portfolio and ensure funding is available for operations and any emergency repair necessary to preserve the health and safety of the tenants loving at each of the Properties, the Trustee proposes and requests the authority to, if necessary, utilize available cash on hand across the ten jointly administered cases under his control.

15. Specifically, if the Trustee lacks available cash on hand in the accounts he maintains for one particular case and Property to pay for the operation expenses that Property outlined in an agreed Cash Collateral Budget, or any necessary emergency expense outside of the Cash Collateral Budget and approved by TD Bank, the Trustee requests the ability to transfer funds from any of the other remaining nine cases in an amount sufficient to make up the operational shortfall.

16. For avoidance of doubt, the Trustee is not proposing to preemptively combine the funds from each of the jointly administered cases into a singular account or operate the cases through Noble as a singular unit. Rather, the Trustee will continue as best as possible to preserve the autonomy and individual books and records for each individual case as best as possible and only transfer funds between cases in the event one of the cases cannot sustain its operational costs, or if a Property incurs a significant emergency repair necessary to preserve Property's value to the estate and the health and safety of the tenants residing there.

17. In order to maintain clarity in the books and records for the cases and reporting to the Court, the Trustee will limit any inter-case transfers between the Trustee's accounts he maintains with Axos Bank and will not permit Noble to directly transfer funds between the accounts it maintains as property manager.

18. The Trustee believes this approach will not prejudice any creditor and will help preserve the value for each individual bankruptcy estate. All funds across each of the ten cases are the cash collateral of TD Bank and subject to the bank's secured interest. The use of funds directed from one case to another will have no bearing towards the ultimate recovery of TD Bank. As a result, this proposal will not affect creditor interests.

19. Further, allowing the trustee to transfer funds out of one to another will serve as a benefit not just to the case and Property receiving the funds, but also will serve to benefit the Property delivering funds. The Trustee generally anticipates a portfolio sale of the Properties to a single buyer and intends to file a single Chapter 11 plan to approve such sale. Allowing use of funds for needed operational expenses and for any serious emergency repairs that arise serves o protect the value of the property portfolio as a whole and sale of all the Properties for the benefit

of each estate. Allowing one Property to languish may threaten the ability to close on the anticipated portfolio sale, jeopardizing creditor recoveries.

20. Authorizing the Trustee's request is also necessary to ensure the health and safety of the tenants residing at each Property. In the event a major malfunction or other event at one of the Properties occurs, the requested relief prayed for ensures availability of funds to address the issue and make any needed emergency repairs with the necessary speed to address such issues if, and when, they arise.

**NOTICE OF OPPORTUNITY TO OBJECT TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE'S CONSOLIDATION AND USE OF CASH ASSETS BETWEEN JOINTLY ADMINISTERED CASES**

Marc E. Albert, Chapter 11 Trustee for 1416 Eastern Ave. NE LLC, *et al.*, has filed an application seeking approval to maintain the Debtors' pre-petition bank accounts and to approve various related cash management procedures.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve the application, or if you want the Court to consider your views on the matter, then:

on or before **February 11, 2025**, you or your attorney must file with the Court a written objection to the application. The objection must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Bradley D. Jones, Esq.
Joshua W. Cox, Esq.
Stinson LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006

CORE/3516991.0007/195830699.1                9

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the application and may enter an order approving the application. The Court may approve the application without a hearing if the objection filed states inadequate grounds for denial of the application. Parties in interest with questions may contact the undersigned.

WHEREFORE, Marc Albert, Chapter 11 Trustee, respectfully requests that this Court enter an Order:

a) Authorizing the Trustee to, if necessary, transfer funds between the Trustee's accounts for each of the ten jointly administered cases, in the event the monthly income and existing cash on hand for one of the cases is not sufficient to pay the operational expenses for that Property pursuant to the approved Cash Collateral Budgets and any additional approved emergency expense;

b) granting such other and further relief as this Court may deem just and equitable.

Dated: January 28, 2025

Respectfully submitted,

/s/ Joshua W. Cox
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

       I hereby certify that I did serve a copy of the foregoing Motion and Notice of Opportunity to Object on January 28, 2025, electronically via the Court's ECF system, and by first class mail, postage prepaid, upon the following

Office of the U.S. Trustee  
1725 Duke Street, Suite 650  
Alexandria, VA 22314

                                          /s/ Joshua W. Cox  
                                          Joshua W. Cox