Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*,[1] | ) Chapter 11 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**TRUSTEE'S EXPEDITED MOTION FOR ORDER (I) COMBINING HEARING ON APPROVAL OF PLAN AND DISCLOSURE STATEMENT AND (II) SCHEDULING CONFIRMATION HEARING AND RELATED DEADLINES ON AN EXPEDITED BASIS**

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern NE LLC, et al. ("Debtors"), by and through his undersigned attorneys, Stinson LLP, and pursuant to Section 105(d)(2)(B)(vi) of the Bankruptcy Code and Fed. R. Bankr. P. 9006(c)(1), hereby files this *Expedited Motion for Order (I) Combining Hearing on Approval of Disclosure*

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

CORE/3516991.0007/197166777.1

*Statement and (II) Scheduling Confirmation Hearing and Related Deadlines on an Expedited Basis* (the "Motion"), and in support thereof states as follows.

## BACKGROUND

1. Each of the Debtors is named for residential real property that it owns, and the business of each Debtor is multi-family rental housing. The locations of the residential multi-family real property buildings for the Debtors are as follows:

   a. 1416 Eastern Avenue Northeast, Washington, DC 20019

   b. 945 Longfellow Street Northwest, Washington, DC 20011

   c. 2501 Naylor Road Southeast, Washington, DC 20020

   d. 4301-4313 Wheeler Road Southeast, Washington, DC 20032

   e. 4263-67 6th Street Southeast, Washington, DC 20032

   f. 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019

   g. 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032

   h. 4010 9th Street Southeast, Washington, DC 20032

   i. 2440 S Street Southeast, Washington, DC 20020

   j. 4400 Hunt Place Northeast, Washington, DC 20019

   (collectively, the "Properties")

2. The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. 64].

3. On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Debtors' estates.

4. With respect to each of the jointly administered Debtors, each of the Properties and the rents derived therefrom is subject to the secured interest of T.D. Bank, N.A. (T.D. Bank" or "Secured Creditor"). *See Expedited Motion for Interim and Final Orders Authorizing Use of Cash Collateral*; [ECF Dkt. No. 90]. Amounts owing to TD Bank across the ten Properties total no less than $28,167,362.00. *Id.* at ¶ 20.

5. The Trustee wishes to sell the Properties through these chapter 11 cases through a confirmed chapter 11 plan. Accordingly, the Trustee engaged Marcus and Millichap Real Estate Investment Services of North Carolina, Inc. ("M&M"), real estate brokers specializing in sales of large multi-family affordable housing complexes, to market the Properties for sale through the bankruptcy, to aggressively pursue marketing and expeditiously pursue Bankruptcy Court approval for sale of the Properties. *See Chapter 11 Trustee's Application to Authorize Retention of Realtors Pursuant to 11 U.S.C. § 327 and Notice of Opportunity to Object* [Docket No. 100]; *see also Order Granting Chapter 11 Trustee's Application to Authorize Retention Of Realtor* [Docket No. 103].

6. As a result of M&M's marketing efforts, on March 5, 2025, the Trustee entered into a Purchase Agreement (the "Purchase Agreement") with Craig London, or his assigns ("Purchaser") for a portfolio sale of all ten Properties for the purchase price of $7,200,000.

### The Plan and Disclosure Statement

7. Contemporaneously with this Motion, the Trustee filed his Trustee's Joint Plan of Liquidation (the "Plan"). Approval of the sale of the Properties is sought pursuant to confirmation

of the Plan. Generally, the Plan provides for the sale of the Properties to the Purchaser (or the maker of a higher and better offer submitted at the Confirmation Hearing) free and clear of all liens and interests pursuant to 11 U.S.C. § 363(f), with all such liens and interests attaching to the Sale Proceeds from the Properties in the order and amount that they attached to the Properties, and with T.D. Bank agreeing to provide a carve out (the "Carve Out") of monies that they would otherwise receive by virtue of its secured interests to allow for payment of the expenses associated with the administration of the bankruptcy estates, including professional fee claims, under certain restrictions provided for in the Plan.

8. The Trustee has also filed a Disclosure Statement for Chapter 11 Trustee's Plan of Reorganization (the "Disclosure Statement"). The Disclosure Statement provides a detailed description of the Plan and its terms.

9. By this Motion, the Trustee requests (1) that the hearing on approval of the Disclosure Statement be combined with the hearing to consider confirmation of the Plan and (2) that the hearing be held on an expedited basis to allow for closing of sale of the Properties as quickly as is reasonably possible.

**ARGUMENT**

10. Section 105(d)(2)(B)(vi) of the Bankruptcy Code authorizes the Court to combine the hearing on approval of a disclosure statement with confirmation of a plan if such a procedure will ensure that a case is handled in an expeditious and economical manner. Similarly, the Federal Rules of Bankruptcy Procedure permit deadlines to be shortened "for cause shown." Fed. R. Bankr. P. 9006(c)(1).

11. The Trustee believes that good cause exists to combine the hearings to consider approval of the Disclosure Statement and Plan, and to conduct such hearing on an expedited basis.

12. The amounts owing to T.D. Bank vastly overshadow the extent of recoveries expected in these cases from sale of the Properties and any remaining cash on hand that the Trustee may hold at the time sale can be completed. Unpaid amounts owing to T.D. Bank on its underlying Notes will therefore put them in the position as both the largest secured creditor, as well as the largest unsecured creditor for each of the ten Debtor cases. There does not appear to be a pathway for these cases allowing for distributions to be made toward unsecured creditors, including any lienholders junior to T.D. Bank. T.D. Bank is the only party under the Plan entitled to vote to reject the Plan, with secured Creditors ahead (consisting of payment to the District of Columbia for real estate taxes, and to the District of Columbia Water & Sewer Authority for statutorily priming liens) deemed to accept by virtue of receiving full payment, and all creditors below deemed to reject by virtue of receiving no distribution. Accordingly, the factual realties of these jointly-administered cases have resulted in a fairly simple Plan that is amenable to consideration on an accelerated timetable.

13. More importantly, it is in the best interests of all parties in interest to allow for sale of the Properties to be completed as soon as possible. Significant condition and security issue are present at the Properties. While the Trustee has employed an experienced property management company to oversee the operation of the Properties while the seeking sale, existing funds (all the cash collateral of T.D. Bank) are limited. The Trustee, through his property management company, has been able to utilize such funds to generally maintain the status of the Properties to date, but does not possess sufficient cash on hand to invest into the Properties to fully rehabilitate their condition. Maintaining the condition at the Properties is likely only achievable for a limited time. It is therefore critical to complete sale of the Properties to the Purchaser as quickly as possible in order to limit the potential for larger scale emergency repair and security issues that could arise (of

which there have already been several), and to move the Properties into a capable owner able to adequately invest in the Properties for the health and safety of the tenants that reside there. A quick sale best preserves the value of the assets for the benefit of the estates. Further, sale through a confirmed plan, as opposed to simply through a motion pursuant § 363, is also necessary and beneficial as the transfer and recordation taxes saved pursuant to 11 U.S.C. § 1146(a), were a critical consideration in T.D. Bank providing for the Plan's Carve Out allowing for the administration of the bankruptcy estates to continue while moving towards these beneficial sales. sales.

14. Under the circumstances presented, under Section 105(d)(2)(B)(vi) of the Bankruptcy Code, it is appropriate to maximize efficiencies by permitting consideration of the Disclosure Statement at the confirmation hearing,

15. These circumstances additionally constitute "cause" under Rule 9006 to shorten the period for submission of objections to the Plan and Disclosure Statement and allow for the combined hearing to be held as soon as reasonably possible.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

a. granting the Motion;

b. directing that the hearing on approval of the Disclosure Statement be combined with the hearing on confirmation of the Plan;

c. scheduling an expedited hearing on consideration of the Disclosure Statement and confirmation of the Plan at a time to be established at the hearing on this Motion;

d. establishing a schedule for submission of ballots, plan objections, and related deadlines on an expedited basis; and

  e.  granting such other and further relief as is just and proper.

Dated:  March 21, 2025          Respectfully submitted,

                     /s/ Joshua W. Cox
                     Marc E. Albert, No. 345181
                     Bradley D. Jones, No. VA 68
                     Joshua W. Cox, No. 1033283
                     Ruiqiao Wen, No. 1743500
                     STINSON LLP
                     1775 Pennsylvania Ave., NW
                     Suite 800
                     Washington, DC 20006
                     Tel: 202-785-9100
                     Fax: 202-572-9943
                     marc.albert@stinson.com
                     brad.jones@stinson.com
                     joshua.cox@stinson.com
                     ruiqiao.wen@stinson.com
                     *Attorneys for Marc E. Albert,*
                     *Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

  I certify that on March 21, 2025, a copy of the foregoing was served by CM/ECF, to all parties receiving notice thereby, with a copy sent via email to all parties providing one on any filed Proof of Claim, including:

- TD Bank: felipe.lozano@td.com
- DC Government Office of Tax and Revenue: angela.coleman@dc.gov
- Lena Carter-Camara: lcamara_64@yahoo.com
- DC Water and Sewer Authority: custserv@dcwater.com
- Pepco: pepcocredit@exeloncorp.com
- Washington Gas: angela.brown@washgas.com
- Jacia Garris: misswashington73@gmail.com
- Tevin Jackson: jaquanna469@gmail.com
- Shanique Swan: sdswan77@gmail.com

                     /s/ Joshua W. Cox
                     Joshua W. Cox

CORE/3516991.0007/197166777.1