UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING TRUSTEE'S OMNIBUS MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING ASSUMPTION
AND ASSIGNMENT OF RESIDENTIAL LEASES IN CONNECTION
WITH SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 365,
(II) FIXING CURE AMOUNTS, AND (III) GRANTING RELATED RELIEF**

This matter came before the Court on the Trustee's Omnibus Motion for Entry of an Order

(I) Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of

Real Property Pursuant to 11 U.S.C. § 365, (II) Fixing Cure Amounts, and (III) Granting Related

Relief (the "Motion") filed by Marc E. Albert, chapter 11 Trustee for each of the jointly-

administered debtors (the "Debtors"). As proposed in the Trustee's filed Chapter 11 plan filed on

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

March 21, 2025, the Trustee intends to sell each of the ten debtor Properties through a portfolio sale to Craig London, as Mr. London may assign ("Purchaser"), pursuant to a Purchase Agreement included as an exhibit to the Trustee's Plan, or to any party that may submit a higher and better offer for the Properties that may present themselves on or before the hearing to consider confirmation of the Trustee's Plan. Sale of the properties is subject to the Court6's approval, through confirmation of the Trustee's Plan.

Pursuant to the terms of the contemplated Purchase Agreement included in the Plan, the Purchaser and the Trustee may agree to the assumption and assignment of some or all of tenant residential leases for the individual apartment units at Properties (the "Leases") in the Trustee's and the Purchaser's sole discretion and business judgment. Through the Motion, the Trustee seeks (I) the authority, but not the requirement, to assume the Leases provided for in the Motion and to assign those Leases to the Purchaser of the Properties upon successful completion of sale and subject to sale closing in the Trustee and the Purchaser's sole discretion and business judgment, and (II) fix the cure amount for each of the Leases at $0.00 pursuant to Bankruptcy Code § 365(b). A list providing each Lease counterparty and the $0.00 cure amount associated with each is attached hereto as Exhibit A (the "Assumption and Cure Schedule").

The Court finds notice of the Motion to be adequate as given, and having considered the Motion and any oppositions thereto, and finds that good cause exists to grant the relief requested. This Court finds that it is hereby:

**ORDERED ADJUDGED AND DECREED** that the Motion, be, and the same hereby is, **APPROVED AND GRANTED IN ITS ENTIRETY**; and it is

**FURTHER ORDERED** that the Trustee is authorized, but not required, to assume each lease included in the attached Assumption and Cure Schedule and to assign such leases to the

Purchaser upon successful completion of sale of the Property pursuant to Bankruptcy Code § 365 and subject to the closing of the Sale; and it is

**FURTHER ORDERED**, that the assumption of some, all, or none of the Leases shall be in the Trustee's and Purchaser's sole discretion and business judgment; and it is

**FURTHER ORDERED,** that the Cure Amount for each respective lease included on the Assumption and Cure Schedule is approved and is hereby established as the cure amount associated with each respective lease pursuant to 11 U.S.C. § 365(b) (the "Cure Amount"); and it is

**FURTHER ORDERED** that any agreement providing for the payment of Housing Assistance Payments for tenants residing at the Properties shall similarly be assigned to the Purchaser upon successful closing of sale, in the Trustee's and the Purchaser's sole discretion and business judgment;

**FURTHER ORDERED,** that in the event the Bankruptcy Court approves sale of the Property to a party other than the Purchaser, the Cure Amount shall be set at the same value included in the Assumption and Cure Schedule, and the Trustee shall not be required to re-notice a motion to determine the Cure Amount; and it is

**FURTHER ORDERED,** that the Trustee shall have the authority, but not the obligation, to execute all documents in connection with the assumption and assignment of the Leases approved pursuant to this order.

**[END OF ORDER]**

**WE ASK FOR THIS:**


*/s/ Joshua W. Cox*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Chapter 11 Trustee*

Copies to: ECF notice parties