Bradley D. Jones, No. VA68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**TRUSTEE'S OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF RESIDENTIAL
LEASES IN CONNECTION WITH SALE OF REAL PROPERTY PURSUANT
TO 11 U.S.C. § 365, (II) FIXING CURE AMOUNTS, AND (III) GRANTING
<u>RELATED RELIEF AND NOTICE OF OPPORTUNITY TO OBJECT</u>**

---

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND**

**THEIR CONTRACTS OR LEASES LISTED ON <u>EXHIBIT A</u>**

---

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern

NE LLC, et al. ("Debtors"), by and through his undersigned attorneys, Stinson LLP, hereby files

this Omnibus Motion for Entry of an Order (I) Authorizing Assumption and Assignment of

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

Residential Leases in Connection with Sale of Real Property Pursuant to 11 U.S.C. § 365, (II)

Fixing Cure Amounts, and (III) Granting Related Relief (the "Motion"), and in support thereof,

respectfully states as follows:

## BACKGROUND

1.    The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the

"Petition Date").  The Debtors' cases are jointly administrated, with the case of 1416 Eastern Ave

NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt.

64].

2.    On July 24, 2024, this Court entered an order approving appointment of Marc E.

Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the

duly appointed and qualified chapter 11 trustee for the Debtors' estates.

3.    Each of the ten jointly administered Debtors is a single asset real estate entity

owning a 100 percent fee simple interest in a corresponding multifamily apartment complex

located in the District for Columbia. The Debtors rent apartments to low income tenants, many of

whom receive housing subsidies through various federal and state voucher programs. Address for

the Debtor properties are as follows:

a)    1416 Eastern Avenue Northeast, Washington, DC 20019 (6 Units)

b)    945 Longfellow Street Northwest, Washington, DC 20011 (13 units)

c)    2501 Naylor Road Southeast, Washington, DC 20020 (8 units)

d)    4301-4313 Wheeler Road Southeast, Washington, DC 20032 (42 units)

e)    4263-67 6th Street Southeast, Washington, DC 20032 (2 units)

f)    4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019 (4 units)

g)    3968 Martin Luther King Junior Avenue SE, Washington, DC 20032 (4 units)

h)      4010 9th Street Southeast, Washington, DC 20032 (12 units)

i)      2440 S Street Southeast, Washington, DC 20020 (11 units)

j)      4400 Hunt Place Northeast, Washington, DC 20019 (15 units)

(collectively, the "Properties")

4.      Of the 117 rentable units across the ten properties, 93 are believed to be occupied by tenants each of which is subject to an unexpired lease of residential property for each tenant's associated unit (collectively, the "Leases").   A list of the tenant counterparties to the Leases, including their name, street address, and unit number sorted alphabetically by tenant name for each Property, is attached hereto as **Exhibit A** (the "Assumption and Cure Schedule").

5.      On March 5, 2025, the Trustee entered into a Purchase Agreement ("Purchase Agreement") with a proposed purchaser, Craig London (the "Purchaser"), providing for a portfolio sale of all ten Properties. The Purchase Agreement is subject to Bankruptcy Court approval through confirmation of the Trustee's Chapter 11 Plan, which was filed on March 21, 2025 [ECF Dkt. No. 132].(the "Plan").

6.      Paragraph 7 of the Purchase Agreement provides terms related to the assumption and assignment of the Leases, and specifically states as follows:

**ASSIGNMENT AND ASSUMPTION OF LEASES:** Seller shall move the Bankruptcy Court (as defined in the Bankruptcy Addendum to Purchase Contract below) for authority to assume and assign to Buyer the existing tenant leases in accordance with the Bankruptcy Code. That motion to assume and assign leases shall be finally determined by the Bankruptcy Court at least ten (10) days before the Buyer is obliged to close on this contract. Buyer will be responsible for addressing any cure amounts and/or providing adequate assurance of future performance to the extent determined or required by the Bankruptcy Court with respect to any assumed and assigned lease. At or before closing, Buyer reserves the right to accept assignment of some, all or none of the tenant leases, in his/its sole discretion. The leases that the Buyer wishes to assume shall be identified at or before Closing by an addendum to this contract. Seller reserves the right to reject all leases in accordance with the Bankruptcy Code, except for any leases

3

Case 24-00180-ELG    Doc 137    Filed 03/25/25    Entered 03/25/25 17:59:34    Desc Main
Document    Page 4 of 11

specifically identified by the Buyer for assumption and assignment and for which Buyer has provided any required cure amounts or assurances of performance.

(the "Purchase Agreement Lease Provision"). *See* Plan, Ex. B at p. 2, ¶ 7.

7.    In this Motion, the Trustee seeks authority of the bankruptcy estates to assume the Leases and assign them to the Purchaser upon completion of sale of Property following approval of the Sale of the property through confirmation of the Plan pursuant to Bankruptcy Code § 365, subject to the terms of the Purchase Agreement Lease Provision and Purchaser's election of which of the Leases they wish to have assigned. In order to further satisfy the requirements of 11 U.S.C § 365(b)(1), this Motion also seeks to establish and fix cure costs for unpaid monetary obligations under each of the Leases (the "Cure Costs"), as set forth in the attached Assumption and Cure Schedule.

## RELIEF REQUESTED AND BASIS FOR RELIEF

8.    Bankruptcy Code section 365 provides the following:

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)

(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

4

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365.

9.      Pursuant to Bankruptcy Code section 365(a), a debtor may assume or reject any executory contract or unexpired lease of the debtor, subject to the Court's approval. In this Motion, the Trustee seeks authority to assume those Leases Purchaser later designates that is wishes be assigned to them pursuant to the Purchase Agreement Lease Provision, and assign those Leases to the Purchaser following Bankruptcy Court approval of the sale through the confirmation of the Trustee's Chapter 11 Plan pursuant to section 365, and subject to the sale closing. To the extent there may be a tenant residing at any of the Properties that is subject to a residential lease unknown to the Trustee at this time, the Motion seeks the authority to similarly assume and assign such Lease and to establish the cure payment for any such unknown lease at $0.00.

10.     A large number of tenants residing at the Properties and subject to a Lease also receive Housing Assistance Payments ("HAP") provided through various federal and District of Columbia agencies and administered by various organizations throughout the District. Along with the assumption and assignment of the residential tenant Leases to the Purchaser, to the extent necessary, this motion seeks the authority to assume and assign any related agreement between the corresponding Debtor, the tenant, and the HAP provider, to the Purchaser to allow for the continued provision of HAP payments for each tenant to the Purchaser following sale.

11.    Courts have applied a "business judgment" test in determining whether to approve a debtor's decision to assume an executory contract. A debtor or trustee satisfies the business judgment test when it determines, in good faith, that assumption of an executory contract will benefit the debtor's estate. *See, e.g., In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (holding that a debtor's decision to assume or reject an executory contract will stand so long as "a reasonable business person would make a similar decision under similar circumstances"); *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 182-83 (Bankr. E.D. Pa. 2010) (stating that if a debtor's business judgment has been reasonably exercised, a court should approve the debtor's decision about how to treat an executory contract or unexpired lease); *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987) (stating that the business judgment test "requires only that the trustee [or debtor in possession] demonstrate that rejection of the executory contract will benefit the estate"); *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984).

12.    The Trustee's proposed authority to assume and assign those Leases Purchaser later requests be assigned pursuant to the Purchase Agreement Lease Provision is in furtherance of the proposed sale of the Properties to the Purchaser and is a necessary component of the Purchase Agreement. With respect to these cases, there is no prospect for Plan confirmation that does not involve completion of sale of the Properties. Providing the Trustee with the authority to assume and assign the Leases to the Purchaser under the framework established in the Purchase Agreement represents a sound exercise of the Trustee's business judgment.

13.    Section 365(b) requires the satisfaction of certain requirements at the time of assumption if a default exists under the executory contract or unexpired lease. *See* 11 U.S.C. § 365(b) (requiring the curing of a default or providing adequate assurance that such default will

be promptly cured, as a condition for the assumption of an executory contract or unexpired

lease). In order to satisfy the requirements of 11 U.S.C § 365(b)(1), this Motion also seeks to fix

cure costs for each of the Leases at $0.00 (the "Cure Costs").

14.    Setting cure amounts and entry of a final order resolving cures is a requirement

and condition precedent to the proposed sale. The bankruptcy estates and the Purchaser retain the

discretion to assume or reject any of the Leases, and the setting of cure amounts by this Motion

does not obligate the Trustee, the estates, or the Purchaser to assume or assign any lease.

15.    Once a debtor assumes the executory contract or unexpired lease, it may assign

the contract or lease to a third party under Bankruptcy Code section 365(f), so long as there is

adequate assurance of future performance by the proposed assignee of the contract or lease. 11

U.S.C. § 365(f)(2).

16.    The Purchaser or highest bidder at the auction, as assignee for Leases, will

provide the counterparties to those leases they wish be assigned with sufficient adequate

assurance of future performance. The Trustee is satisfied with the Purchaser's financial

representations in connection with the proposed sale of the Properties and is confident any higher

and better offer for sale of the Property would be under similar or better terms. Purchaser is an

experienced operator of affordable housing multi-family apartment complexes in the District and

possesses the necessary wherewithal to rehabilitate and operate the Properties within the bounds

of District of Columbia law.

17.    As further set forth below, parties that disagree with the proposed Cure Costs,

object to the ability of the Purchaser to provide adequate assurance of future performance with

respect to the assignment of the Leases, or otherwise object to the proposed assumption and

assignment of the Leases may submit objections through and including **April 8, 2025** (the
"Objection Deadline").

18.     Any party that fails to file an objection by the Objection Deadline shall be deemed
to have consented to the assumption and assignment of the Lease(s) and the Cure Costs proposed
by the Trustee and shall be forever enjoined and barred from seeking any additional amount(s)
on account of the cure obligations under section 365 of the Bankruptcy Code. In the event the
Bankruptcy Court approves the sale of the Properties to another party other than the Purchaser,
the Cure Costs shall be set at the same value included in the Assumption and Cure Schedule for
sale to the ultimate purchaser of the Properties, and the Debtor shall not be required to re-notice
or re-set the Objection Deadline for setting the value of monetary Cure Costs.

19.     To the extent that Cure Costs are not established at the value provided for in the
Assumption and Cure Schedule, or as the Trustee may otherwise be directed by the Purchaser
pursuant to the Purchase Agreement Lease Provision, the Trustee reserves the right to reject any
or all of the Leases.

### COMPLIANCE WITH BANKRUPTCY RULE 6006(F)

20.     Bankruptcy Rule 6006(f) establishes requirements for a motion to assume or
assign multiple executory contracts or unexpired leases that are not between the same parties.
Rule 6006(f) states, in part, that such a motion shall:

(1) state in a conspicuous place that parties receiving the omnibus motion should locate
their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or
assignment;

8

(4) specify the terms, including the identity of each assignee and the adequate assurance of

future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject

executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases. Fed. R. Bankr.

P. 6006(f).

The Trustee respectfully submits that the relief requested in this Motion complies with the

requirements of Bankruptcy Rule 6006(f).

### NOTICE OF OPPORTUNITY TO OBJECT TO TRUSTEE'S OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF RESIDENTIAL LEASES IN CONNECTION WITH SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 365, AND (II) FIXING CURE AMOUNTS, AND (III) GRANTING RELATED RELIEF

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern NE LLC, et al., has filed an Omnibus Motion for Entry of an Order (I) Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of Real Property Pursuant to 11 U.S.C. § 365, and (II) Fixing Cure Amounts, and (III) Granting Related Relief.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the Court to approve the motion, or if you want the Court to consider your views on the matter, then:

on or before **April 8, 2025**, you or your attorney must file with the Court a written objection to the motion. The objection must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail or e-mail a copy of your objection to:

Marc E. Albert
Bradley D. Jones
Joshua W. Cox
Ruiqiao Wen
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order approving the motion. The Court may approve the motion without a hearing if the objection filed states inadequate grounds for denial of the motion.

Parties in interest with questions may contact the undersigned.

WHEREFORE, based on the foregoing, the Trustee respectfully requests that this Court enter an order:

a.    granting the Motion; and

b.    authorizing, but not requiring, the Trustee to assume each lease included in the attached Assumption and Cure Schedule and to assign such leases to the Purchaser upon successful completion of sale of the Property pursuant to Bankruptcy Code § 365, subject to sale closing; and

c.    establishing the amount listed under the Cure Amount on the attached Assumption and Cure Schedule as the cure amount associated with each respective Lease pursuant to 11 U.S.C. § 365(b);

d.    Authorizing, but not requiring, the assignment of any underlying HAP agreement to the Purchaser upon completion of sale;

10

      d.     authorizing, but not requiring, the Trustee to execute all documents in connection with the assumption and assignment of any and all of the Leases; and

      e.     granting such other and further relief as is just and proper.

Dated: March 25, 2025             Respectfully submitted,

                    */s/ Joshua W. Cox*
                    Bradley D. Jones, No. VA 68
                    Tracey M. Ohm, No. 982727
                    Joshua W. Cox, No. 1033283
                    Ruiqiao Wen, No. 1743500
                    STINSON LLP
                    1775 Pennsylvania Ave., N.W., Suite 800
                    Washington, DC 20006
                    Tel. (202) 785-9100
                    Fax (202) 572-9943
                    brad.jones@stinson.com
                    joshua.cox@stinson.com
                    ruiqiao.wen@stinson.com
                    *Attorneys for Marc E. Albert, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 25, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby. A copy was also served by first class mail, postage prepaid, upon the following, and also upon all Lease counterparties appearing on the attached Assumption and Cure Schedule:

    David Lynn, Esq.
    15245 Shady Grove Road
    Suite 465 N
    Rockville, MD  20850
    *Counsel for Purchaser*

    Greater Washington Urban League
    2901 14th St., NW
    Washington, DC 20009

                    /s/ Joshua W. Cox
                    Joshua W. Cox

## EX. A - ASSUMPTION AND CURE SCHEDULE

1416 Eastern Ave NE LLC (Case No. 24-00180-ELG)

| Name of Tenants | Address | Cure Amount |
|---|---|---|
| Lena Carter | 1416 Eastern Avenue NE Unit #B01 Washington, DC 20019 | $0.00 |
| Michelle Christian | 1416 Eastern Avenue NE Unit #201 Washington, DC 20019 | $0.00 |
| Tyesha Goode | 1416 Eastern Avenue NE Unit #101 Washington, DC 20019 | $0.00 |
| Fontavia Griffin | 1416 Eastern Avenue NE Unit #B02 Washington, DC 20019 | $0.00 |
| Donnell Ray | 1416 Eastern Avenue NE Unit #102 Washington, DC 20019 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

945 Longfellow St NW LLC (Case No. 2400181-ELG)

| Name of Tenants | Address | Cure Amount |
|---|---|---|
| Fatima Glasco | 945 Longfellow Street Northwest Unit #06 Washington, DC 20011 | $0.00 |
| Kevin Gilchrist | 945 Longfellow Street Northwest Unit #15 Washington, DC 20011 | $0.00 |
| Maria Vigil Hernandez | 945 Longfellow Street Northwest Unit #09 Washington, DC 20011 | $0.00 |

| Markita Jordan | 945 Longfellow Street Northwest Unit #07 Washington, DC 20011 | $0.00 |
| Kalkidan Kumilachew | 945 Longfellow Street Northwest Unit #04 Washington, DC 20011 | $0.00 |
| Shaquanda Perry | 945 Longfellow Street Northwest Unit #01 Washington, DC 20011 | $0.00 |
| Marina Quintanilla-Doe | 945 Longfellow Street Northwest Unit #05 Washington, DC 20011 | $0.00 |
| Brenda Thompson | 945 Longfellow Street Northwest Unit #14 Washington, DC 20011 | $0.00 |
| Ayesha Upshur | 945 Longfellow Street Northwest Unit #02 Washington, DC 20011 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

2501 Naylor Rd SE LLC (Case No. 24-00182-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Layetta Howard | 2501 Naylor Road Southeast Unit #B2 Washington, DC 20020 | $0.00 |
| April Nickens | 2501 Naylor Road Southeast Unit #04 Washington, DC 20020 | $0.00 |
| Jessica Phillips | 2501 Naylor Road Southeast Unit #B1 Washington, DC 20020 | $0.00 |

| Diamond Stewart | 2501 Naylor Road Southeast Unit #03 Washington, DC 20020 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Daeshana Anderson | 4305 Wheeler Road Southeast Unit #202 Washington, DC 20032 | $0.00 |
| Shamona Anderson | 4301 Wheeler Road Southeast Unit #101 Washington, DC 20032 | $0.00 |
| Avaye Armstrong | 4313 Wheeler Road Southeast Unit #101 Washington, DC 20032 | $0.00 |
| Shakira Bell | 4313 Wheeler Road Southeast Unit #201 Washington, DC 20032 | $0.00 |
| Kierra Bell | 4301 Wheeler Road Southeast Unit #201 Washington, DC 20032 | $0.00 |
| Regina February | 4313 Wheeler Road Southeast Unit #104 Washington, DC 20032 | $0.00 |
| Jacia Garris | 4301 Wheeler Road Southeast Unit #202 Washington, DC 20032 | $0.00 |
| Talanda Garrett | 4305 Wheeler Road Southeast Unit #204 Washington, DC 20032 | $0.00 |

| | | |
|---|---|---|
| Dasiah Gordon | 4301 Wheeler Road Southeast Unit #103 Washington, DC 20032 | $0.00 |
| Diana Gottschalk Miller | 4301 Wheeler Road Southeast Unit #104 Washington, DC 20032 | $0.00 |
| Sherod Harvey | 4305 Wheeler Road Southeast Unit #302 Washington, DC 20032 | $0.00 |
| Brittany Hunt | 4301 Wheeler Road Southeast Unit #203 Washington, DC 20032 | $0.00 |
| Tiffany Hunt-Davis | 4313 Wheeler Road Southeast Unit #202 Washington, DC 20032 | $0.00 |
| Tevin Jackson | 4313 Wheeler Road Southeast, Unit #203, Washington, DC 20032 | $0.00 |
| Ronesha Jones | 4313 Wheeler Road Southeast Unit #302 Washington, DC 20032 | $0.00 |
| Vernon Jones | 4305 Wheeler Road Southeast Unit #201 Washington, DC 20032 | $0.00 |
| Ranita Jordan | 4301 Wheeler Road Southeast Unit #102 Washington, DC 20032 | $0.00 |
| Charlene Lindsey | 4305 Wheeler Road Southeast Unit #103 Washington, DC 20032 | $0.00 |
| Rodecia Mason | 4309 Wheeler Road Southeast Unit #104 Washington, DC 20032 | $0.00 |
| John Oldham | 4305 Wheeler Road Southeast Unit #102 | $0.00 |

| | Washington, DC 20032 | |
|---|---|---|
| Richelle Pearson | 4313 Wheeler Road Southeast Unit #103 Washington, DC 20032 | $0.00 |
| Paris Reese | 4313 Wheeler Road Southeast Unit #303 Washington, DC 20032 | $0.00 |
| Kysha Rosario | 4313 Wheeler Road Southeast Unit #102 Washington, DC 20032 | $0.00 |
| Jasmine Sockwell | 4305 Wheeler Road Southeast Unit #203 Washington, DC 20032 | $0.00 |
| Kendria Sidbury | 4313 Wheeler Road Southeast Unit #204 Washington, DC 20032 | $0.00 |
| Ebonie Smith | 4313 Wheeler Road Southeast Unit #301 Washington, DC 20032 | $0.00 |
| Shanique Swan | 4301 Wheeler Road Southeast Unit #204 Washington, DC 20032 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

4263 6th St SE Apartments LLC (Case No. 24-00184-ELG)

| Name of Tenants | Address | Cure Amount |
|---|---|---|
| Chanel Jackson | 4263 6th Street Southeast Unit #2 Washington, DC 20032 | $0.00 |
| Kris Kieh | 4267 6th Street Southeast Unit #2 Washington, DC 20032 | $0.00 |

| Jennifer Patrick | 4265 6th Street Southeast Unit #1 Washington, DC 20032 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

4935 NHB Ave NE LLC (Case No. 24-00185-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Alicia Hurst | 4935 Nannie Helen Burroughs Avenue Northeast Unit #02 Washington, DC 20019 | $0.00 |
| Dijonia Hines | 4935 Nannie Helen Burroughs Avenue Northeast Unit #04 Washington, DC 20019 | $0.00 |
| Latoia Harris | 4935 Nannie Helen Burroughs Avenue Northeast Unit #01 Washington, DC 20019 | $0.00 |
| Rodger Otey | 4935 Nannie Helen Burroughs Avenue Northeast Unit #05 Washington, DC 20019 | $0.00 |
| Ashleigh Palmer | 4935 Nannie Helen Burroughs Avenue Northeast Unit #03 Washington, DC 20019 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | | $0.00 |

3968 MLK LLC (Case No. 24-00186-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Towanda Chew | 3968 Martin Luther King Junior Avenue SE Unit #B2 Washington, DC 20032 | $0.00 |
| Brittany Daniels | 3968 Martin Luther King Junior Avenue SE Unit #02 Washington, DC 20032 | $0.00 |

| Precious Moore | 3968 Martin Luther King Junior Avenue SE Unit #03 Washington, DC 20032 | $0.00 |
| Jasmine Tamaklo | 3968 Martin Luther King Junior Avenue SE Unit #04 Washington, DC 20032 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | $0.00 | |

4010 9th St SE LLC (Case No. 24-00187-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| John Amanor | 4010 9th Street Southeast Unit #302 Washington, DC 20032 | $0.00 |
| Aunette Banks | 4010 9th Street Southeast Unit #201 Washington, DC 20032 | $0.00 |
| Delonya Boyd | 4010 9th Street Southeast Unit #101 Washington, DC 20032 | $0.00 |
| Lavia Clark | 4010 9th Street Southeast Unit #301 Washington, DC 20032 | $0.00 |
| Tracy Davis | 4010 9th Street Southeast Unit #303 Washington, DC 20032 | $0.00 |
| Ronnell Dawson | 4010 9th Street Southeast Unit #102 Washington, DC 20032 | $0.00 |
| Takita Johnson | 4010 9th Street Southeast Unit #203 Washington, DC 20032 | $0.00 |

| William Reed | 4010 9th Street Southeast Unit #204 Washington, DC 20032 | $0.00 |
| Sharon Risper | 4010 9th Street Southeast Unit #202 Washington, DC 20032 | $0.00 |
| Natasha Sprattley | 4010 9th Street Southeast Unit #104 Washington, DC 20032 | $0.00 |
| Charles Stroud | 4010 9th Street Southeast Unit #103 Washington, DC 20032 | $0.00 |
| Lyrics Watkins | 4010 9th Street Southeast Unit #304 Washington, DC 20032 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | $0.00 | |

2440 S St SE LLC (Case No. 24-00188-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Summer Arrington | 2440 S. Street Southeast Unit #01 Washington, DC 20020 | $0.00 |
| Shevonne Edmunds | 2440 S. Street Southeast Unit #05 Washington, DC 20020 | $0.00 |
| Juanita Hall | 2440 S. Street Southeast Unit #11 Washington, DC 20020 | $0.00 |
| Ronetta Higgins | 2440 S. Street Southeast Unit #06 Washington, DC 20020 | $0.00 |

| Charmayne McNair | 2440 S. Street Southeast Unit #07 Washington, DC 20020 | $0.00 |
| Demyria Myles | 2440 S. Street Southeast Unit #09 Washington, DC 20020 | $0.00 |
| Kamesha Nelson | 2440 S. Street Southeast Unit #04 Washington, DC 20020 | $0.00 |
| Emonie Thompson | 2440 S. Street Southeast Unit #03 Washington, DC 20020 | $0.00 |
| Sarina Washington | 2440 S. Street Southeast Unit #08 Washington, DC 20020 | $0.00 |
| Shanta A. Williams | 2440 S. Street Southeast Unit #02 Washington, DC 20020 | $0.00 |
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | $0.00 | |

4400 Hunt Pl NE LLC (Case No. 24-00189-ELG)

| Name of Tenants | Address | Cure Amount |
| --- | --- | --- |
| Alicca Boots | 4400 Hunt Place Northeast Unit #104 Washington, DC 20019 | $0.00 |
| Chris Brown | 4400 Hunt Place Northeast Unit #100 Washington, DC 20019 | $0.00 |
| Jamar Bush | 4400 Hunt Place Northeast Unit #203 Washington, DC 20019 | $0.00 |

| | | |
|---|---|---|
| Janae Ceasar | 4400 Hunt Place Northeast<br>Unit #303,<br>Washington, DC 20019 | $0.00 |
| Richard Fulton | 4400 Hunt Place Northeast<br>Unit #302<br>Washington, DC 20019 | $0.00 |
| Jacqueline Newby | 4400 Hunt Place Northeast<br>Unit #202<br>Washington, DC 20019 | $0.00 |
| Efrem Perkins | 4400 Hunt Place Northeast<br>Unit #300<br>Washington, DC 20019 | $0.00 |
| Delonta Richardson | 4400 Hunt Place Northeast<br>Unit #204<br>Washington, DC 20019 | $0.00 |
| Sebrina Riggins | 4400 Hunt Place Northeast<br>Unit #101<br>Washington, DC 20019 | $0.00 |
| Asia Taylor | 4400 Hunt Place Northeast<br>Unit #200<br>Washington, DC 20019 | $0.00 |
| Edward Taylor | 4400 Hunt Place Northeast<br>Unit #102<br>Washington, DC 20019 | $0.00 |
| Donnice Tyler | 4400 Hunt Place Northeast<br>Unit #103<br>Washington, DC 20019 | $0.00 |
| Vanecia Walker | 4400 Hunt Place Northeast<br>Unit #201<br>Washington, DC 20019 | $0.00 |
| Lisa Warren | 4400 Hunt Place Northeast<br>Unit #301<br>Washington, DC 20019 | $0.00 |
| Ahmad Yancy | 4400 Hunt Place Northeast<br>Unit #304 | $0.00 |

| | Washington, DC 20019 | |
|---|---|---|
| * Any person(s) subject to a valid residential lease at the Property not otherwise listed | $0.00 | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING TRUSTEE'S OMNIBUS MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING ASSUMPTION
AND ASSIGNMENT OF RESIDENTIAL LEASES IN CONNECTION
WITH SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 365,
(II) FIXING CURE AMOUNTS, AND (III) GRANTING RELATED RELIEF**

This matter came before the Court on the Trustee's Omnibus Motion for Entry of an Order

(I) Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of

Real Property Pursuant to 11 U.S.C. § 365, (II) Fixing Cure Amounts, and (III) Granting Related

Relief (the "Motion") filed by Marc E. Albert, chapter 11 Trustee for each of the jointly-

administered debtors (the "Debtors"). As proposed in the Trustee's filed Chapter 11 plan filed on

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

March 21, 2025, the Trustee intends to sell each of the ten debtor Properties through a portfolio sale to Craig London, as Mr. London may assign ("Purchaser"), pursuant to a Purchase Agreement included as an exhibit to the Trustee's Plan, or to any party that may submit a higher and better offer for the Properties that may present themselves on or before the hearing to consider confirmation of the Trustee's Plan. Sale of the properties is subject to the Court6's approval, through confirmation of the Trustee's Plan.

Pursuant to the terms of the contemplated Purchase Agreement included in the Plan, the Purchaser and the Trustee may agree to the assumption and assignment of some or all of tenant residential leases for the individual apartment units at Properties (the "Leases") in the Trustee's and the Purchaser's sole discretion and business judgment. Through the Motion, the Trustee seeks (I) the authority, but not the requirement, to assume the Leases provided for in the Motion and to assign those Leases to the Purchaser of the Properties upon successful completion of sale and subject to sale closing in the Trustee and the Purchaser's sole discretion and business judgment, and (II) fix the cure amount for each of the Leases at $0.00 pursuant to Bankruptcy Code § 365(b). A list providing each Lease counterparty and the $0.00 cure amount associated with each is attached hereto as Exhibit A (the "Assumption and Cure Schedule").

The Court finds notice of the Motion to be adequate as given, and having considered the Motion and any oppositions thereto, and finds that good cause exists to grant the relief requested. This Court finds that it is hereby:

**ORDERED ADJUDGED AND DECREED** that the Motion, be, and the same hereby is, **APPROVED AND GRANTED IN ITS ENTIRETY**; and it is

**FURTHER ORDERED** that the Trustee is authorized, but not required, to assume each lease included in the attached Assumption and Cure Schedule and to assign such leases to the

Case 24-00180-ELG   Doc 137-2   Filed 03/25/25   Entered 03/25/25 17:59:34   Desc
Proposed Order     Page 3 of 4

Purchaser upon successful completion of sale of the Property pursuant to Bankruptcy Code § 365 and subject to the closing of the Sale; and it is

**FURTHER ORDERED**, that the assumption of some, all, or none of the Leases shall be in the Trustee's and Purchaser's sole discretion and business judgment; and it is

**FURTHER ORDERED,** that the Cure Amount for each respective lease included on the Assumption and Cure Schedule is approved and is hereby established as the cure amount associated with each respective lease pursuant to 11 U.S.C. § 365(b) (the "Cure Amount"); and it is

**FURTHER ORDERED** that any agreement providing for the payment of Housing Assistance Payments for tenants residing at the Properties shall similarly be assigned to the Purchaser upon successful closing of sale, in the Trustee's and the Purchaser's sole discretion and business judgment;

**FURTHER ORDERED,** that in the event the Bankruptcy Court approves sale of the Property to a party other than the Purchaser, the Cure Amount shall be set at the same value included in the Assumption and Cure Schedule, and the Trustee shall not be required to re-notice a motion to determine the Cure Amount; and it is

**FURTHER ORDERED,** that the Trustee shall have the authority, but not the obligation, to execute all documents in connection with the assumption and assignment of the Leases approved pursuant to this order.

**[END OF ORDER]**

3

**WE ASK FOR THIS:**

*/s/ Joshua W. Cox*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel: (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Chapter 11 Trustee*

Copies to: ECF notice parties