Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) Chapter 11 |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

**TRUSTEE'S FIRST APPLICATION FOR INTERIM
ALLOWANCE OF COMPENSATION**

Marc E. Albert, the Chapter 11 Trustee ("Trustee") for the bankruptcy estates of 1416 Eastern NE LLC, *et al.* (the "Debtors"), by counsel, hereby makes his first interim application (the "Application"), for allowance of compensation based on the statutory commission schedule set forth in 11 U.S.C. § 326 in the amount of $26,929.40 (the "Interim Amount"). for disbursements made during the period of July 24, 2024 through February 28, 2025 (the "Application Period").

**I.    Introduction.**

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

CORE/3516991.0007/198187130.1

This matter involves ten jointly-administered chapter 11 cases. Each of the ten jointly administered Debtors is a single asset real estate entity owning a 100 percent fee simple interest in a multi-unit apartment complex located in the District of Columbia engaged in the business of renting residential apartments at each corresponding property.

Since his appointment as chapter 11 trustee on behalf of the Debtor estates, the Trustee has been providing considerable services in connection with the administration of this case. Each of the Debtor properties and corresponding bankruptcy estates has been faced with significant financial and operational challenges, and the Trustee has worked diligently to preserve the condition of the properties as best as reasonably possible while seeking sale of the properties through a confirmed Chapter 11 plan. The Trustee is filling this interim fee application for services provided to the Debtor estates to date.

## II.    Background.

The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date").  The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [ECF No. 64].

Each of the Debtors is named for residential multi-family real property that it owns, and the business of each Debtor is multi-family rental housing.  The locations of the residential multi-family real property buildings for the Debtors are as follow:

- 1416 Eastern Avenue Northeast, Washington, DC 20019
- 945 Longfellow Street Northwest, Washington, DC 20011
- 2501 Naylor Road Southeast, Washington, DC 20020
- 4301-4313 Wheeler Road Southeast, Washington, DC 20032
- 4263-67 6th Street Southeast, Washington, DC 20032
- 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019
- 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032
- 4010 9th Street Southeast, Washington, DC 20032
- 2440 S Street Southeast, Washington, DC 20020

- 4400 Hunt Place Northeast, Washington, DC 20019

(collectively, the "Properties").

On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [ECF No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for each of the ten Debtors' estates. The Trustee is operating the apartment rental businesses at each Property while evaluating and marketing the Properties for sale. The Trustee intends to sell the properties through a confirmed chapter 11 plan.

By this Application, the Trustee requests entry of an order approving interim compensation, under 11 U.S.C. § 326, 330, and 331, in the amount of $26,929.40 collectively across the ten jointly administered cases for disbursements made during the Application Period.

### III. Calculation of Compensation.

Under section 326(a) of the Bankruptcy Code, the Trustee's compensation is calculated as a commission. Specifically, Section 326(a) provides:

> In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

Thus, in order to calculate the commission owing to the Trustee for disbursements made during the Application Period, the § 326(a) formula should be calculated separately for each of the jointly-administered Debtors. The total disbursements for each Debtor occurring during the Application Period have been compiled from the monthly operating reports filed by the Trustee to date.[2]

---

[2] Disbursements reflected in Monthly Operating Reports filed by the Debtor's for the periods before the Trustee's appointment have not been included. Additionally, during the application period, no disbursements have been made towards any debtor exemptions or providing a surplus return to the Debtor.

The Trustee's disbursements for each case, largely from operation of the Properties under the Trustee's employed property management company, are reflected in the Monthly Operating Reports filed on behalf of the Trustee in each individual case.

Using the formula provided in Section § 326 results in the following commission amounts for which the trustee seeks interim approval:

| **Debtor** | **Case #** | **§ 326(a) Commission (7/24/2024 – 2/28/2025)** |
|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | $1,452.00 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | $2,859.90 |
| 2501 NAYLOR RD SE LLC | 24-00182 | $1,905.70 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | $7,597.10 |
| 4263 6TH ST SE APARTMENTS LLC | 24-00184 | $1,915.80 |
| 4935 NHB AVE NE LLC | 24-00185 | $1,674.00 |
| 3968 MLK LLC | 24-00186 | $1,848.60 |
| 4010 9TH ST SE LLC | 24-00187 | $3,278.00 |
| 2440 S ST SE LLC | 24-00188 | $2,138.20 |
| 4400 HUNT PL NE LLC | 24-00189 | $2,260.10 |
|  | **TOTAL:** | **$26,929.40** |

A breakdown of the commission calculation for each case is as follows:

**A. 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG)**

Total disbursements for §326 compensation calculation:    **$7,020.00**
(*See* 24-00180-ELG; ECF Dkt. Nos. 84, 96, 109, 120, 123, 125, 129, and 131)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| Receipts | $ | **7,020.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ | **2,020.00** | 10% of next 45,000 | $ | **202.00** |
| Less | | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ | -- | 5% of next 950,000 | $ | -- |
| Less | | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ | -- | 3% of balance | $ | -- |
| **Total Compensation Requested** | | | | $ | **1,452.00** |

**B. 945 Longfellow St NW LLC (Case No. 24-00181-ELG)**

Total disbursements for §326 compensation calculation:    **$21,099.00**
(*See* 24-00181-ELG; ECF Dkt. Nos. 70, 72, 73, 76, 78, 79, 81, and 82)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | | |
|---|---|---|---|---|---|
| Receipts | $ | **21,099.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ | **16,099.00** | 10% of next 45,000 | $ | **1,609.90** |
| Less | | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ | -- | 5% of next 950,000 | $ | |
| Less | | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ | -- | 3% of balance | $ | |
| Total Compensation Requested | | | | $ | **2,859.90** |

**C.  2501 Naylor Rd SE LLC (Case No. 24-00182-ELG)**

Total disbursements for §326 compensation calculation:    **$11,557.00**
(*See* 24-00182-ELG; ECF Dkt. Nos. 56, 58, 59, 62, 64, 65, 67, 68)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | | |
|---|---|---|---|---|---|
| Receipts | $ | **11,557.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ | **6,557.00** | 10% of next 45,000 | $ | **655.70** |
| Less | | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ | -- | 5% of next 950,000 | $ | |
| Less | | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ | -- | 3% of balance | $ | |
| Total Compensation Requested | | | | $ | **1,905.70** |

**D.  4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG)**

Total disbursements for §326 compensation calculation:    **$86,942.00**
(*See* 24-00183-ELG; ECF Dkt. Nos. 66, 68, 69, 72, 73, 74, 76, and 77)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | | |
|---|---|---|---|---|---|
| Receipts | $ | **86,942.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ | **81,942.00** | 10% of next 45,000 | $ | **4,500.00** |
| Less | | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ | **36,942.00** | 5% of next 950,000 | $ | **1,847.10** |
| Less | | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ | -- | 3% of balance | $ | |

| | | | | |
|---|---|---|---|---|
| Total Compensation Requested | | | $ | **7,597.10** |

### E.  4263 6th St SE Apartments LLC (Case No. 24-00184- ELG)

Total disbursements for §326 compensation calculation:    **$11,658.00**
(*See* 24-00184-ELG; ECF Dkt. Nos. 58, 60, 61, 64, 65, 66, 67, and 68)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $   11,658.00 | 25% of first 5,000 | $ | **1,250.00** |
| Less | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $   6,658.00 | 10% of next 45,000 | $ | **665.80** |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $   -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $   -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **1,915.80** |

### F.  4935 NHB Ave NE LLC (Case No. 24-00185-ELG)

Total disbursements for §326 compensation calculation:    **$9,240.00**
(See 24-00185-ELG; ECF Dkt. Nos. 59, 61, 62, 65, 66, 67, 69, and 70)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $   9,240.00 | 25% of first 5,000 | $ | **1,250.00** |
| Less | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $   4,240.00 | 10% of next 45,000 | $ | **424.00** |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $   -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $   -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **1,674.00** |

### G.  3968 MLK LLC (Case No. 24-00186-ELG)

Total disbursements for §326 compensation calculation:    **$10,986.00**
(*See* 24-00186-ELG; ECF Dkt. Nos. 58, 60, 61, 64, 65, 66, 67, and 69)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $   10,986.00 | 25% of first 5,000 | $ | **1,250.00** |
| Less | -5,000.00 | ($1,250.00 Max) | | |

| | | | | |
|---|---|---|---|---|
| Balance | $ **5,986.00** | 10% of next 45,000 | $ | **598.60** |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **1,848.60** |

### H. 4010 9th St SE LLC (Case No. 24-00187-ELG)

Total disbursements for §326 compensation calculation:   **$25,280.00**
(*See* 24-00187-ELG; ECF Dkt. Nos. 58, 60, 61, 64, 65, 66, 68, and 69)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $ **25,280.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ **20,280.00** | 10% of next 45,000 | $ | **2,028.00** |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **3,278.00** |

### I. 2440 S St SE LLC (Case No. 24-00188-ELG)

Total disbursements for §326 compensation calculation:   **$13,882.00**
(*See* 24-00188-ELG; ECF Dkt. Nos. 59, 61, 62, 65, 67, 68, 70, and 71)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $ **13,882.00** | 25% of first 5,000 | $ | **1,250.00** |
| Less | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ **8,882.00** | 10% of next 45,000 | $ | **888.20** |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **2,138.20** |

### J. 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG)

Total disbursements for §326 compensation calculation:   **$15,101.00**

(*See* 24-00189-ELG; ECF Dkt. Nos. 61, 63, 64, 67, 69, 70, 72, and 73)

Pursuant to 11 U.S.C. §326, compensation for the Trustee is computed as follows:
(For cases filed after October 21, 1994)

| | | | | |
|---|---|---|---|---|
| Receipts | $ 15,101.00 | 25% of first 5,000 | $ | 1,250.00 |
| Less | -5,000.00 | ($1,250.00 Max) | | |
| Balance | $ 10,101.00 | 10% of next 45,000 | $ | 1,010.10 |
| Less | -45,000.00 | ($4,500.00 Max) | | |
| Balance | $ -- | 5% of next 950,000 | $ | |
| Less | -950,000.00 | ($47,500.00 Max) | | |
| Balance | $ -- | 3% of balance | $ | |
| | | | | |
| Total Compensation Requested | | | $ | **2,260.10** |

## IV. Services Rendered During the Interim Period.

Upon his appointment, the Trustee conducted an investigation of the jointly administered Debtors and their assets consistent with his duties under the Bankruptcy Code. In addition to the investigatory actions of the Trustee, each Property has faced significant housing condition and operational challenges. Under the Trustee's oversight the Trustee has employed various professionals to assist with the operation of the Properties and administration of the cases including a property management company to oversee operations at the Properties, legal counsel, an accountant for the estates, and relators to assist with marketing the Properties for sale. The Trustee speaks with his employed property management company on a near daily basis to ascertain the current status at the Properties and provide guidance and oversight on various action items necessary for the Properties' maintenance. Because the sale value of each property is significantly less than the secured debt owed towards TD Bank, the secured lender in each of these cases, the Trustee has engaged in significant correspondence with TD Bank associated with use of their cash collateral to maintain operations while the Trustee seeks sale, and involving the bank in evaluation of sales offers received for the Properties. Because of the poor condition at the Properties and other notable aspects of the Debtors' manager, Ali "Sam" Razjooyan, with respect to the Properties at

issue in these cases and may others, the Trustee has also engaged in frequent correspondence with the District of Columbia to keep the apprised of the status of these jointly administered cases.

During the application period the Trustee also monitored the progress being made by the estates' employed relators with respect to the sale and marketing process for the Properties. Following the completion of this marketing process, the Trustee successfully secured and executed a Purchase Agreement providing for sale of each of the ten Properties through a portfolio sale. Approval of this sale is being sought through confirmation of the Trustee's Plan, which due to operational challenges faced at the Properties, the Trustee has sought confirmation of on an expedited basis. In that respect, on March 21, 2025, the Trustee filed both his Chapter 11 Plan of Liquidation [ECF Dkt. 132] and his Disclosure Statement [ECF Dkt. 133]. Following the approval of various motion to expedite the confirmation process, the Court has set a combined hearing on both Confirmation of the plan and approval of the Disclosure Statement for April 29, 2025. *See Order and Notice Combining Hearing on Plan and Disclosure Statement, Setting Hearing Date and Fixing Deadlines for Filing Objections, Acceptance or Rejecting the Plan*, [ECF Dkt. 140].

The Trustee is filling this interim fee application for the Trustee's efforts to date and the disbursements made so far for each of the jointly administered cases. The case is not ready for a final report and the Trustee will seek compensation for disbursements of additional amounts at a future date following the hopeful confirmation of the Trustee's plan and closing of sale of the Properties and further disbursements made pursuant to the Plan of Liquidation.

V.     **Trustee's Agreed Fee Arrangement and Carve Out with TD Bank**

At the outset of the Trustee's involvement in these cases upon his appointment, it became clear to the Trustee that the likely sale price for the Properties would be significantly less than the secured debt owing to TD Bank. As a result, the Trustee sought agreement with TD Bank

concerning the handling of administrative expenses associated for the bankruptcy cases, including the Trustee's professional fees for Stinson as his legal counsel and the Trustee's commission pursuant to 11 U.S.C. § 326. Following a period of negotiation, the Trustee and TD Bank reached agreement providing for a carve-out by TD Bank of its secured collateral for these expenses under certain restrictions (the "Carve Out"). This Carve Out has been presented in the Trustee's Plan. *See* Plan, Sec. VI.D [ECF Dkt.132]. Under the terms of the Carve Out, the Trustee and his counsel have agreed to cap the combined payment for the Trustee's commission and the legal fees and expenses of the Trustee's counsel up to a limit of $372,760.44 plus $2,500.00 for each Case and Property for each month in which the Trustee was operating the Properties to the sale closing date ($25,000 per month across all Debtors). Thus, while the Trustee is seeking approval of the full amount of the commission sought in this application as an administrative claim of the estate, payment towards any approved commission will be subject to the payment limitations provided for in the Carve Out.

WHEREFORE, the Trustee requests that this Court enter an order:

a.  approving interim compensation to the Trustee in the total amount of $26,929.40 as an administrative claim of the estate, the payment of which is subject to the terms and limitations set forth in the Trustee's agreed Carve Out with TD Bank; and

b.  granting such other and further relief as this Court may deem just, equitable and proper.

Dated: April 21, 2025

Respectfully submitted,

/s/ Joshua W. Cox
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid upon all parties in interest entitled to notice under applicable Federal Rules of Bankruptcy Procedure.

Dated: April 21, 2025

/s/ Joshua W. Cox
Joshua W. Cox