**Stephon Woods, Bar No. 1025232**
**Assistant Attorney General**
**Nancy L. Alper, Bar No. 411324**
**Senior Assistant Attorney General**
**Office of the Attorney General**
  **for the District of Columbia**
**400 6th Street, N.W., 9th Floor**
**Washington, DC 20001**
**Tel: (202) 442-9882**
**Email: Stephon.woods@dc.gov**
**Email: Nancy.alper@dc.gov**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In Re:** | )<br>)<br>)<br>) |
| | ) **Case No. 24-00180-ELG** |
| **1416 EASTERN AVE NE, LLC, et al.** | )<br>) **Chapter 11**<br>) **Jointly Administered** |
| **Debtors.** | )<br>)<br>) |

**DISTRICT OF COLUMBIA'S OBJECTION TO**
**THE TRUSTEE'S JOINT PLAN OF LIQUIDATION**

The District of Columbia ("District"), a creditor herein, by and through its attorneys, the Office of the Attorney General for the District of Columbia, hereby files its *Objection to The Trustee's Joint Plan of Liquidation*. In support thereof, the District states as follows:

**I.    JURISDICTION**

(1)    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 1104 *et seq.*

**II.    PARTIES**

(2)    The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United

States. The District files this objection through its chief legal officer, the Attorney General for the District of Columbia. The Attorney General has general charge and conduct of all legal business of the District and all suits initiated by and against the District and is responsible for upholding the public interest. D.C. Code § 1-301.81(a)(1).

(3) Debtors in each of these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4261 6th St SE Apartments LLC (Case No. 24-00184-ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

### IV.    STATEMENT OF FACTS

#### A.    Introduction

(4) Each of the ten debtors in this case is a single-asset entity organized for the purpose of acquiring and managing real estate in the District of Columbia. The addresses for the Debtors' properties are as follows: 1416 Eastern Avenue NE, Washington, DC 20019; 945 Longfellow Street NW, Washington, DC 20011; 2501 Naylor Rd SE, Washington, DC 20020; 4301-4313 Wheeler Rd SE, Washington, DC 20032; 4263-4267 6th St SE, Washington, DC 20032; 4935 Nannie Helen Burroughs Ave NE, Washington, DC 20019; 3968 Martin Luther King Jr Ave SE, Washington, DC 20032; 4010 9th St SE, Washington, DC 20032; 2440 S St SE, Washington, DC 20020; and 4400 Hunt Pl NE, Washington, DC 20019 (hereinafter, the "Properties").

(5) Over the past several years, the Properties have been cited for violations of the District of Columbia's housing code and property maintenance code. These violations include failure to maintain operable smoke detection and fire suppression safety equipment, failure to repair or correct cracked plaster, failure to exterminate for insects, rodents, and other vermin, failure to maintain stairs and other walkways in sound condition, failure to make workmanlike repairs, and failure to maintain interior and exterior doors and windows in good condition. See Exhibits. 1 through 8, Summary of Property Conditions.[1]

(6) On May 29, 2024, the Debtors instituted these actions by filing voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The cases are now jointly administered, with the above-captioned case as the main case. *See Order Directing Joint Administration*, [Dkt. No. 64].

(7) Following the Office of the U.S. Trustee's Motion to Direct the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) Or, In the Alternative, to Convert Chapter 11 Cases for fraud, dishonesty, and gross mismanagement of the Debtor at the hands of its representative, Ali "Sam" Razjooyan, and an evidentiary hearing on the same, the Court entered an order on July 24, 2024 appointing Marc E. Albert as the trustee for the Debtors' Estates.

(8) On March 21, 2025, the Trustee filed its Joint Plan of Liquidation ("Plan") seeking to sell the Properties to Craig London for $7.2 million.

(9) In addition to expressing concerns about the condition of the Properties at the time of the Trustee's appointment and the numerous code violation citations referenced above, the District has been in frequent communication with counsel for the Trustee, and the Trustee's

---

[1] These summaries, which appear as Microsoft Excel documents, were exported directly from the electronic records website maintained by the District of Columbia Department of Buildings, at https://dob.dc.gov/service/records-management. This dashboard and the information contained therein is accessible to the public.

3

property management company Noble Realty Advisors, LLC regarding ongoing safety concerns and conditions issues at the Properties. Many of these concerns were referenced at the most recent hearing on March 26, 2025, where counsel for the Trustee reiterated those concerns in support of its request to combine the hearing on the Confirmation and Disclosure Statement to sell the Properties as quickly as possible.

(10) Nevertheless, the Plan does not contain any language or assurances that once the Properties are sold, the purchaser has the ability or intention to comply with the District of Columbia housing code and other applicable code provisions aimed at ensuring the Properties do not continue to threaten the health, safety, or welfare of the tenants or surrounding neighborhood.

## V. ARGUMENT

### A. Summary – The Plan of Liquidation Is Not Confirmable

(11) A Chapter 11 plan may not be confirmed unless the Court can find that the plan complies with Section 1129(a) of the Bankruptcy Code, 11 U.S.C. § 1129(a). *See, e.g., In re Genesis Health Ventures, Inc.,* 266 B.R. 591 (Bankr. Del. 2001). A debtor, as plan proponent, bears the burden with respect to each and every element of section 1129(a), and must prove each element by clear and convincing evidence. *See, e.g., In re D & G Investments of West Florida, Inc.*, 342 B.R. 882, 885 (Bankr. M.D. Fla. 2006). The Plan does not satisfy the standard in this case, and accordingly, it cannot be confirmed.

### B. The Plan Does Not Comply with District Housing and Other Code Provisions and, Accordingly, Cannot Be Confirmed.

(12) The Plan fails to comply with 28 U.S.C. § 959, which requires operation and management of the Debtor's properties in compliance with the laws of the state in which the properties are located. Specifically, 28 U.S.C. § 959 provides as follows:

> (a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.
> (b) Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

(13) As the District Court stated in *In re Baker & Drake*, 1992 WL 682764 at (Bankr. D.Nev. Oct. 22, 1992), "nothing in the Bankruptcy Code . . . grants the authority to the bankruptcy court to authorize acts in contravention of a state statute or regulation that is reasonably necessary to protect the public health or safety from identified hazards." In upholding the District Court's ruling, the Ninth Circuit held:

> We have held in a different context that a bankruptcy trustee must manage a business in accordance with state law, as any other person must. **Baker's reorganization plan likewise must comply with Nevada law.**

*In re Baker & Drake*, 35 F.3d 1348, 1355 (9th Cir. 1994) (internal quotations and citation omitted).

(14) Other courts have held that sales as part of a plan proposed under the Bankruptcy Code must include provisions that require the purchaser to comply with state and local regulations. *See e.g., In re R.E. Land Development, LLC*, 2014 WL 713785 (Bankr. N.D. Tex.

5

2014) (requiring sales of real estate to comply with state and local land use and zoning regulations); *see also In re Trans World Airlines, Inc.*, 322 F.3d 283 (3rd Cir. 2003) (holding that a sale of the debtor's assets must include provisions to ensure compliance with regulatory requirements).

(15)     Indeed, section 113.7 of Title 12A of the District of Columbia Municipal Regulations, 12A DCMR § 113.7 ("Section 113.7"), provides:

> Transfer of ownership. It shall be unlawful for the owner of any premises or portion thereof, upon whom a notice of violation or order directing the discontinuance of an unlawful act or condition and/or the abatement or correction of a violation has been served, to sell, transfer, or otherwise dispose of such premises, or of a controlling interest in the owner, to another person until the conditions of the notice or order have been abated, or such owner furnishes the buyer or transferee with a true copy of any notice or order issued by the code official and furnishes the code official with a signed and notarized statement from the buyer or transferee, acknowledging the receipt of such notice or order and fully accepting responsibility, without condition for making the corrections or repairs required by such notice or order. Notwithstanding the foregoing, a sale, transfer, or other disposition shall not relieve the owner upon whom the notice or order is served from liability for the unlawful act.

12A DCMR § 113.7.

(16)     In this bankruptcy proceeding, the Plan has no provisions for ensuring that the Properties comply with District housing and other code violations. Moreover, there is no provision addressing the repairs needed to bring the Properties into compliance with the District's housing and other applicable codes, or of the Trustee's and the purchaser's compliance with 12A DCMR § 113.7.

(17)     Pursuant to § 959(b), properties of the Debtors must be operated in compliance with the valid laws of the jurisdiction where the properties are located, and in this bankruptcy case those laws are the District's housing and other code regulations. Indeed, requiring that a

plan comply with applicable non-bankruptcy law based on the "public health, safety, and welfare" interest is even more significant in cases like this one involving affordable multi-family housing, where the applicable non-bankruptcy law is state or local housing codes and state and federal statutes related to residential leases, tenants' living conditions and security, and low-income housing tax credit requirements. *See Saravia v. 1736 18th Street, N.W., Ltd. Partnership*, 844 F.2d 823, 825-26, (D. D.C. 1998) (the District's determination to regulate residential rental housing in a comprehensive manner for the purpose of preserving public safety and welfare does not conflict with the Bankruptcy Code, and Section 959(b) controls the case).

(18)    In *In re White Crane Trading Co., Inc.*, 170 B.R. 694 (Bankr. E.D. Cal. 1994), the bankruptcy court revoked an order approving a sale that was inconsistent with valid state consumer protection and deceptive trade practice laws because "[t]he purpose of bankruptcy is not to permit debtors . . . to wrest competitive advantage by exempting themselves from the myriad of laws that regulate business." *Accord Savaria v. 1736 18th St. N.W. Ltd. P'ship*, *supra* at 826, 827 (holding that "[t]he interest in public health and safety . . . is most powerfully extant in the context of residential leases" and debtor's right to reject contracts did not preempt "applicable state laws dealing with public safety and welfare").

(19)    Accordingly, the Plan does not comply with 28 U.S.C. § 959 and confirmation must be denied.

### C. The Plan Fails to Include Information as to the Rehabilitation of the Properties and Therefore Is Not Feasible.

(20)    Section 1129(a)(11) requires the Court find that confirmation of the plan "is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). Courts have held that this "feasibility requirement" applies to both reorganization

7

and liquidation plans. *See, e.g. In re Cellular Information Systems, Inc.*, 171 B.R. 926 (Bankr. S.D.N.Y. 1994).

(21) To determine feasibility, a court must scrutinize the plan to determine whether it is feasible under the circumstances. *In re Walkabout Creek Limited Dividend Housing Association Limited Partnership*, 460 B.R. 567 (Bankr. D. D.C. 2011).

(22) In general, as bankruptcy courts have held, the burden of establishing feasibility of the proposed Plan rests on Debtor. *In re Keith's Tree Farms*, 519 B.R. 628, 637 (Bankr. W.D. Va. 2014).

(23) As proposed, the Plan is not feasible because it fails to provide the Court with any evidence of a viable opportunity and is devoid of information about the proposed sale with respect to the rehabilitation of the Properties.

(24) Some Courts have found that a plan is not feasible where a proposed liquidation did not include details on how the operation of the property will match or exceed its expenses. *See, e.g., In re Radco Properties, Inc.*, 402 B.R. 666 (2009) (Bankr. E.D.N.C. 2009) (holding that a plan is not feasible because the debtor's residential rental properties did not appear to be generating enough income to satisfy projected expenses, and the debtor failed to provide evidence of a viable opportunity with respect to a purported potential investor in the debtor's properties).

(25) Here, the Properties have been cited for approximately 350 violations of the housing and property maintenance code, as evidenced in Exhibits 1 through 8. Additionally, the Trustee and the secured lender acknowledge the myriads of issues that have occurred at the Properties since the Trustee's appointment. Nevertheless, the Plan shows that the Properties will be acquired for $7.2 million, which represents more than $20 million less than the secured debt

8

held by TD Bank, yet fails to include any plan on rehabilitation of the Properties, budgets for renovations, whether the existing rents will be sufficient to cover those expenses, or any additional details post-acquisition to inform whether the Properties will require further liquidation or reorganization.

### D. The Plan Is Vague in Material Respects.

(26)　The Plan cannot be confirmed if its provisions are vague or ambiguous. For example, in *Colony Beach & Tennis Club Association, Inc. v. Colony Lender, LLC (In re Colony Beach and Tennis Club, Inc.)*, 508 B.R. 468 (Bankr. M.D. Fla. 2014), the bankruptcy court denied confirmation because the terms of an asset transfer proposed pursuant to the plan were vague in that they failed to identify a buyer, a price, a time for the transfer to occur, how payment would be made, or provide an opportunity for an objecting party to match the price. *See also In re Turpen*, 218 B.R. 908 (Bankr. N.D. Iowa 1998) (denying confirmation because the timing and details of the proposed liquidation of assets pursuant to the plan were vague); *In re E.I. Parks No. 1 Ltd. Partnership*, 122 B.R. 549 (Bankr. W.D. Ark. 1990) (denying confirmation because various plan provisions were "unreasonably vague").

(27)　The Plan is vague in material respects and therefore cannot be confirmed. Specifically, the Plan does not include any mechanisms for ensuring that the purchaser is able to comply with applicable health and safety laws and rehabilitate the Properties. In addition, to the extent the Court were to entertain the sale of the Properties as currently envisioned under the Plan, such sale should be conditioned on the Trustee providing adequate protection to the tenants so that the health, safety and welfare issues at the Properties will be addressed in conjunction with the sale—none of which has occurred to date. *See* 11 U.S.C. § 363(e) (upon the request of

9

any person or any entity with an interest in property, the court may "at any time" prohibit or condition the debtor's use or sale of that property).

### E. Reservation of Rights

(28)    The District reserves and preserves all rights to supplement or amend this response at any time. It also reserves all rights with respect to any filing by the Trustee or other parties relating to these matters. This response is submitted without prejudice to, and with full reservation of, the District's rights, claims, defenses and remedies, including to seek discovery, to raise additional arguments and to introduce evidence at any hearing related to the sale of the Properties, any proposed plan or otherwise, and without in any way limiting any other rights of the District to respond, on any grounds. Nothing contained in or omitted from this response constitutes an admission or stipulation by the District with respect to any alleged claims against the Debtor or any other party. Nothing herein shall be deemed a waiver of any procedural, substantive or other rights, arguments, defenses, privileges, remedies and benefits of the District, all of which are expressly reserved.

WHEREFORE, the District requests that the Court deny the Trustee's Joint Plan of Liquidation, and for such other and further relief as the Court deems just.

Date:  April 22, 2025.

                                          Respectfully submitted,

                                          BRIAN L. SCHWALB
                                          Attorney General for the District of Columbia

                                          DAVID FISHER
                                          Deputy Attorney General
                                          Commercial Division

                                          _____/s/ William Burk_____
                                          WILLIAM BURK, DC Bar No. 464349
                                          Section Chief

              /s/ Stephon Woods
STEPHON WOODS, DC Bar No. 1025232
Assistant Attorney General
NANCY ALPER, D.C. Bar No. 411324
Senior Assistant Attorney General
Land Acquisition and Bankruptcy Section
400 6th Street, N.W., 9TH Floor
Washington, DC 20001
(202) 442-9882

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *District of Columbia Objections to Trustee's Joint Plan of Liquidation* was this 22nd day of April, 2025, filed and served electronically using the Court's ECF System.

              /s/ Stephon D. Woods
Stephon D. Woods