UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*,[1] | ) | Chapter 11 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER APPROVING DISCLOSURE STATEMENT WITH
RESPECT TO TRUSTEE'S PLAN OF LIQUIDATION
AND CONFIRMING TRUSTEE'S PLAN OF LIQUIDATION**

This matter came before the Court on the combined hearing on approval of the Disclosure Statement with Respect to Trustee's Plan of Liquidation (together with the exhibits thereto, as amended, the "Disclosure Statement") and confirmation of the Trustee's Plan of Liquidation dated March 21, 2025 (together with the exhibits thereto, as amended, the "Plan") filed by Marc E. Albert (the "Trustee"), the chapter 11 trustee of the bankruptcy estates of 1416 Eastern Avenue NE LLC, *et al.* (the "Debtors"). The Court first considered the Disclosure Statement. After consideration of the Disclosure Statement and any objections filed thereto and based on the record of the combined

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184-ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

hearing, after due deliberation, and sufficient cause appearing, this Court hereby approves the

Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy

Code. Following approval of the Disclosure Statement, the Court considered confirmation of the

Plan. After consideration of the Plan and any objections filed thereto and based on the record of

the combined hearing, after due deliberation, and sufficient cause appearing, this Court hereby

confirms the Plan, makes the following findings of fact and conclusions of law, and based thereon

issues the following order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this proceeding, approval

of the Disclosure Statement, and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Approval

of the Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and

(O), and the Court has jurisdiction to enter a Final Order with respect thereto. Confirmation of the

Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court

likewise has jurisdiction to enter a Final Order with respect thereto.  The Debtors are eligible

debtors under § 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409.

B.    <u>Notice</u>. Any person or entity required to receive notice of the combined hearing on

approval of the Disclosure Statement and confirmation of the Plan has received due, proper and

adequate notice thereof. A Certificate of Service regarding the persons and entities who received

service of the Disclosure Statement, Plan, ballots and the scheduling of the combined confirmation

hearing was filed on April 2, 2025 [ECF Dkt. No. 144]. A Supplemental Certificate of Service

regarding an additional potential lien holder who received service of the Disclosure statement,

Plan, and the scheduling of the combined confirmation hearing was filed on April 16, 2025 [ECF

Dkt. No. 146]. The Trustee also gave due and proper notice of the assumption and assignment of

each tenant lease to each counterparty through *the Omnibus Motion for Entry of an Order (I)*
*Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of Real*
*Property Pursuant to 11 U.S.C. § 365, (II) Fixing Cure Amounts, and (III) Granting Related Relief*
[ECF Dkt. No. 137] (the "Assumption Motion"). No other or further notice of the proposed sale,
the assumption and assignment of the tenant leases, or of the entry of this Order is necessary or
shall be required.

C.      Petition Date. On May 29, 2024 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under chapter 11 of the Bankruptcy Code. On July 24, 2024, Marc E. Albert
was appointed as the chapter 11 trustee for the bankruptcy estates of the Debtors.

**Approval of the Disclosure Statement**

D.      Disclosure Statement Compliance with Bankruptcy Code - § 1125. The Disclosure
Statement contains adequate information within the meaning of section 1125 of the Bankruptcy
Code and complies with Bankruptcy Rule 3016(c). No further information is necessary.

**Confirmation of the Plan**

E.      Plan Compliance with Bankruptcy Code - § 1129(a)(1). The Plan complies with the
applicable provisions of the Bankruptcy Code.

F.      Trustee's Compliance with Bankruptcy Code - § 1129(a)(2). The Trustee has
complied with the applicable provisions of the Bankruptcy Code.

G.      Plan Proposed In Good Faith - § 1129(a)(3). The Plan has been proposed in good
faith and not by any means forbidden by law.

H.      Payments for Services or Costs and Expenses - § 1129(a)(4). Any payment made
or to be made in connection with this case, or in connection with the Plan, has been approved by
the Court as reasonable, or will be subject to such approval by the Court.

CORE/3516991.0007/198666167.1

I.      Disclosure of Identity and Affiliations of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Equity Interests of Creditors and Public Policy - § 1129(a)(5). Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the reorganized debtors, (b) the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtors. The Plan provides for the wind-up and dissolution of the Debtors. As the Plan is a liquidating plan, the requirements of section 1129(a)(5) of the Bankruptcy Code are not applicable.

J.      Rate Changes - § 1129(a)(6). The Plan does not modify or affect the jurisdiction over the rates of the Debtors by any governmental regulatory commission, and therefore Section 1129(a)(6) does not apply.

K.      Best Interest of Creditors - § 1129(a)(7). The evidence adduced at the Combined Confirmation Hearing (1) was persuasive and credible, (2) was based upon reasonable and sound assumptions, and (3) established that each Holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date[2], that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

L.      Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9). The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax

---

[2] Capitalized terms used but not otherwise defied herein shall have the meanings ascribed to them in the Plan.

Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

M.    <u>Acceptance by Impaired Class of Claims - § 1129(a)(10)</u>. At least one impaired Class of Claims voted to accept the Plan determined without including any acceptance of the Plan by any "insiders." Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied with respect to the Plan.

N.    <u>Feasibility - § 1129(a)(11)</u>. The Plan proposes a liquidation of the Debtors' assets (including the Properties) and distributions to creditors under the Plan in accordance with the priority scheme of the Bankruptcy Code. The Plan provides that a prospective buyer, Craig London, has been identified after a marketed sales process and has delivered an earnest money deposit of $1,200,000. As demonstrated at the Confirmation Hearing, Craig London is a sophisticated buyer. Here, the Plan centers on a sale of the Debtors' Properties to Craig London or an affiliated entity of Craig London who will be bound by Craig London's agreement regarding the purchase of the Properties. Accordingly, the Court finds that the Plan is feasible and the requirements of § 1129(a)(11) of the Bankruptcy Code are satisfied.

O.    <u>Payment of Fees - § 1129(a)(12)</u>. The Plan provides for the payments of all fees payable under 28 U.S.C. § 1930 on or before the Effective Date. Quarterly fees payable to the U.S. Trustee shall be allocated between the Debtors' estate on a quarterly basis, based on the estimated value of each of the Properties. Accordingly, the requirements of § 1129(a)(12) of the Bankruptcy Code are satisfied.

P.    <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>. The Debtors are not obligated to provide Retiree Benefits as that term is defined in Section 1114 of the Bankruptcy Code. As a result, § 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

CORE/3516991.0007/198666167.1

Q.     Domestic Support Obligations - § 1129(a)(14). Section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Debtors' Chapter 11 cases.

R.     Plan of an Individual Debtor - § 1129(a)(15). The Debtors are ten business entities and not individuals. Section 1129(a)(15) of the Bankruptcy Code is therefore inapplicable to the Debtors' Chapter 11 cases.

S.     Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16). Section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Debtors' Chapter 11 cases.

T.     Cramdown; Confirmation of the Plan over Nonaccepting Impaired Classes - § 1129(b). The Court finds that the Plan does not discriminate unfairly and is fair and equitable to each class of claims that is impaired and has not accepted the Plan, and, accordingly, the requirements of § 129(b) have been met and Confirmation of the Plan is appropriate.

U.     Only One Plan - § 1129(c). This is the only plan confirmed by the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

V.     Principal Purpose of Plan - § 1129(d). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

W.     Not Small Business Case - § 1129(e). The Debtors' cases are not small business cases and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

X.     Satisfaction of Confirmation Requirements. Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all arguments made, proffered, or adduced at the combined hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

CORE/3516991.0007/198666167.1

**Sale of the Properties**

Y.      Sale of Properties. The Debtors are single asset real estate entities and seek in the Plan authority to sell the Properties to Craig London ("the "Purchaser") or his assign, for a base purchase price of $7,020,000.00 (the "Purchase Price") pursuant to a Purchase Agreement (the "Sale Agreement"), a copy of which is attached as Exhibit B to the Plan. Pursuant to the Plan, the sale of the Properties is to be approved as part of the Confirmation Hearing. The Properties convey as tenanted. The tenants have no rights under the Tenant Opportunity to Purchase Act ("TOPA") because this is a sale through a Chapter 11 bankruptcy process and plan.

Z.      Counter Bidders. Three has been an adequate opportunity for all parties in interest to be heard prior to and at the Confirmation Hearing with respect to submitting any proposed higher and better offers for the Properties.

AA.     Adequate Marketing of Property for Sale. The process undertaken by the Trustee to market the Properties for sale, including the efforts of the Trustee's employed realtor, Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. ("M&M"), constituted sufficient market exposure and afforded potentially interested parties adequate opportunity to make efforts to purchase and acquire the Properties.

BB.     Compelling Circumstances to Sell Properties and Assign Leases. The Trustee has demonstrated a sufficient basis and compelling circumstances to sell the Properties to the Purchaser and to assume and assign the tenant leases under sections 1123(b)(2) and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtors, the estates and the Debtors' creditors.

CC.     Sale Free and Clear. Pursuant to sections 1123(5)(D), 1141(c), and 363(b) and(f) of the Bankruptcy Code, the sale of the Properties is free and clear of any and all liens, claims, encumbrances and other interests, including the rights of tenants under TOPA, in accordance with,

7

and subject to, the terms and conditions contained in the Purchase Agreement (hereinafter all such liens, claims, encumbrances and the rights of the tenants under TOPA, the "Liens, Claims and Encumbrances").

DD.    <u>Authority of the Trustee to Consummate Sale under Sale Agreement</u>. The Trustee has full power and authority to execute the Sale Agreement and all other documents contemplated thereby, and the sale of the Properties has been duly and validly authorized by all necessary authority for the Trustee to consummate the sale of the Properties. No additional consents or approvals are required by the Trustee to consummate the transactions contemplated under the Sale Agreement.

EE.    <u>Good Faith</u>. Base on the evidence presented at the Confirmation Hearing, the representations tendered, and the record in this case, the Court hereby determines that the sale was proposed and conducted in good faith, the sale of the Properties was proposed in good faith, and that the Purchaser is purchasing the Properties in good faith for adequate, reasonable and fair value and is a good faith purchaser for value within the meaning of § 363(m) of the Bankruptcy Code, and otherwise has proceeded in good faith in connection with this sale proceeding.

FF.    <u>Purchaser not a Successor of the Debtors</u>. The transactions contemplated under the Sale Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors and /or the Debtors' estates; there is not substantial continuity between the Purchaser and the Debtors; there is no common identity between the Debtors and the Purchaser; there is no continuity of enterprise between the Debtors and the Purchaser, the Purchaser is not a mere continuation of the Debtors or the estates, and the Purchaser does not constitute a success to the Debtors or the estates. There is no evidence that the Purchaser violated section 363(n) of the

CORE/3516991.0007/198666167.1

Bankruptcy Code, and the Purchaser is entitled to the protection of §§ 363(m) and (n) of the Bankruptcy Code.

GG.     <u>TOPA Does Not Apply</u>. The Properties convey as tenanted. The tenants have no rights under TOPA because this is a sale through a chapter 11 bankruptcy process and plan. The sale free of TOPA provided by and approved by this Order does not address the applicability of TOPA in any future or subsequent sale of the Properties that is beyond the sale approved by this Order.

HH.     <u>Properties Sold "As Is."</u>  The Properties will be sold in this "as-is" condition as of the date of closing of the sale as provided for in the Sale Agreement.

II.     <u>Implementation</u>. All documents and agreements necessary to implement the Plan, including, but not limited to, the Purchase Agreement, are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the estates, and the Holders of Claims or interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law. The Trustee is authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

JJ.     <u>Transfers by the Trustee</u>. All transfers of properties of the estates shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan or this Order.

CORE/3516991.0007/198666167.1

KK.     Exemption from Taxation. The making and delivery of an instrument of transfer under the Plan is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, in accordance with section 1146(a) of the Bankruptcy Code.

LL.     Sale. The sale of the Debtors' Properties is an essential element of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the Purchase Agreement is in the best interest of the Debtors, the estates, and the Holders of claims and interests.

MM.     Retention of Jurisdiction.   The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article XIII. of the Plan.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.     Findings of Fact and Conclusions of Law.  The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the combined hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.     Disclosure Statement. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

CORE/3516991.0007/198666167.1

3.      <u>Objections to Disclosure Statement</u>. All objections, if any, to the Disclosure Statement that have not been withdrawn or resolved as provided in the records of the combined hearing are overruled.

4.      <u>Confirmation</u>. All requirements for the confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is **CONFIRMED** pursuant to section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. A copy of the confirmed Plan is attached hereto as **Exhibit A**.

5.      <u>Objections to Plan</u>. All parties have had a fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised, and the objections have been fully and fairly litigated. All objections, responses, statements, reservation of rights, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled, or resolved prior to the combined hearing, or otherwise resolved on the record of the combined hearing and/or herein, are hereby overruled for the reasons stated on the record.

6.      <u>Notice</u>. Notice of the combined hearing, the Disclosure Statement, the Plan, and all related documents was appropriate and satisfactory based upon the circumstances of this case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

CORE/3516991.0007/198666167.1

7.      <u>Binding Order re Plan</u>. The provisions of the Plan, and this Order are now, and forever afterwards, binding on the Debtors, all creditors of the Debtors, all insiders of the Debtors, and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

8.      <u>Approval of Sale to Purchaser</u>. The Sale Agreement is approved and the Trustee is authorized and directed to sell and transfer the Properties, to Craig London and his assignee free and clear of all Liens, Claims and Encumbrances, with such Liens, Claims and Encumbrances transferring to and attaching to the proceeds of such sale in the same priority as they attached to the Properties, including, but not limited to:

**As to 1416 Eastern Ave NE, Washington, DC 20019**

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, dated March 22, 2022, and recorded as Document No. 2022032012 with the District of Columbia Recorder of Deeds on March 23, 2022 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034746 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038500 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038501 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.]; and

e)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2024106582 with the District of Columbia Recorder of Deeds on November 13, 2024 [DC Water & Sewer Authority].

**As to 945 Longfellow St, NW, Washington, DC, 20011**

12

a)   Deed of Trust and Security Agreement, dated August 30, 2022, and recorded as Document No. 2022090841 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

b)   Assignment of Leases and Rents, dated August 30, 2022, and recorded as Document No. 2022090842 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

c)   Subordination, Non-Disturbance and Attornment Agreement, made as of August 30, 2022, and recorded as Document No. 2022090843 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

d)   UCC-1 Financing Statement recorded as Document Number 2022090844 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

e)   Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034741 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

f)   Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038490 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

g)   Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038491 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

h)   Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2023011728 with the District of Columbia Recorder of Deeds on February 13, 2023 [DC Water & Sewer Authority];

i)   Certificate of Delinquent Fines recorded as Document Number 2023030233 with the District of Columbia Recorder of Deeds on April 12, 2023 [DC Department of Buildings];

j)   Statement of Lien recorded as Document Number 2024007915 with the District of Columbia Recorder of Deeds on January 25, 2024 [Washington Gas & Light Company];

k)   Certificate of Delinquent Fines recorded as Document Number 2024055451 with the District of Columbia Recorder of Deeds on June 14, 2024 [DC Department of Buildings];

l)   Memorandum of Lease Agreement, made as of March 15, 2022, and recorded as Document Number 2022032019 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

13

m)     UCC-1 Financing Statement recorded as Document Number 2024049327 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

n)     Certificate of Delinquent Fines in the amount of $3,324.00 plus interest, costs, and attorney fees, if any, recorded December 31, 2024 as Instrument No. 2024123155 [Department of Buildings]; and

o)     Certificate of Delinquent Costs for Correction of Wrongful Housing Conditions in the amount of $8,505.00, plus interest, costs and attorney fees, if any, recorded January 22, 2025 as Instrument No. 2025007259 [Department of Buildings].

**As to 2501 Naylor Rd, SE, Washington, DC 20020**

a)     Deed of Trust, Security Agreement and Assignment of Leases and Rents, entered into as of January 3, 2020, and recorded as Document No. 2020006219 with the District of Columbia Recorder of Deeds on January 15, 2020 [TD Bank, N.A.];

b)     Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034742 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)     Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038492 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)     Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038493 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)     Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022089985 with the District of Columbia Recorder of Deeds on August 29, 2022 [DC Water & Sewer Authority];

f)     Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005903 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

g)     Certificate of Delinquent Fines recorded as Document Number 2023024090 with the District of Columbia Recorder of Deeds on March 22, 2023 [DC Department of Buildings];

h)     Certificate of Delinquent Fines recorded as Document Number 2023024492 with the District of Columbia Recorder of Deeds on March 23, 2023 [DC Department of Buildings];

i)      Notice of Tax Lien recorded as Document Number 2024047356 with the District of Columbia Recorder of Deeds on May 21, 2024 [DC Health];

j)      Certificate of Delinquent Fines recorded as Document Number 2024059249 with the District of Columbia Recorder of Deeds on June 26, 2024 [DC Department of Buildings];

k)      UCC-1 Financing Statement recorded as Document Number 2020071132 with the District of Columbia Recorder of Deeds on June 16, 2020 [U.S. Small Business Administration];

l)      UCC-1 Financing Statement recorded as Document Number 2024049304 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC]; and

m)      UCC-1 Financing Statement naming Quality Housing Group I LLC, Quality Housing Group II LLC, Quality Housing Group III LLC, Quality Housing Group IV LLC, Quality Housing Group V LLC, Quality Housing Group VI LLC, Quality Housing Group VII LLC, ANF 2501 Naylor, LLC and 4046 Grant ST NE, LLC, as debtor, and First Virginia Community Bank, as secured party, and recorded July 25, 2013 as Instrument No. 2013086576; as affected by UCC-1 Financing Statement Amendment (Continuation) recorded June18, 2018 as Instrument No. 2018060918; as further affected by UCC-1 Financing Statement Amendment recorded October 23, 2019 as Instrument No. 2019114354; as further affected by UCC-1 Financing Statement Amendment recorded July 2, 2021 as Instrument No. 2021090196 [First Virginia Community Bank].

## As to 4305 Wheeler Road, SE, Washington, DC 20032

a)      Deed of Trust and Security Agreement, dated February 15, 2022, and recorded as Document No. 2022021132 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

b)      Assignment of Leases and Rents, dated February 15, 2022, and recorded as Document No. 2022021133 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

c)      UCC-1 Financing Statement recorded as Document Number 2022021134 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

d)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034750 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

e)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038508 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

CORE/3516991.0007/198666167.1

f)  Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038509 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

g)  Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2023018712 with the District of Columbia Recorder of Deeds on March 7, 2023 [DC Water & Sewer Authority];

h)  Certificate of Delinquent Fines recorded as Document Number 2024010003 with the District of Columbia Recorder of Deeds on February 1, 2024 [DC Department of Buildings];

i)  Certificate of Delinquent Fines recorded as Document Number 2024010039 with the District of Columbia Recorder of Deeds on February 1, 2024 [DC Department of Buildings];

j)  Certificate of Delinquent Fines recorded as Document Number 2024060324 with the District of Columbia Recorder of Deeds on June 28, 2024 [DC Department of Buildings];

k)  Memorandum of Lease Agreement, made and entered into as of March 15, 2022, and recorded as Document Number 2022032017 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

l)  UCC-1 Financing Statement recorded as Document Number 2024049305 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

m)  The Order Appointing Receiver, the Order to Show Cause, and any other orders entered in the case *The District of Columbia Water and Sewer Authority v. 4303-4313 Wheeler RD SE LLC* (Civil Action No. 2024 CAB 002309) pending in the Superior Court of the District of Columbia Civil Division; and

n)  Tax Certificate sold at 2024 Tax Sale to ATCF II DC, LLC per instrument recorded on August 20, 2024 as Instrument No. 2024077113.

## As to 4263 6th Street, SE, Washington, DC 20032

a)  Deed of Trust, Security Agreement and Assignment of Leases and Rents, dated January 27, 2021, and recorded as Document No. 2021012173 with the District of Columbia Recorder of Deeds on January 29, 2021 [TD Bank, N.A.];

b)  Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034744 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

16

c)   Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038494 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)   Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038495 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)   Deed of Trust, Security Agreement and Assignment of Contracts, Leases and Rents (Commercial Purposes), made as of September 26, 2023, and recorded as Document Number 2023086567 with the District of Columbia Recorder of Deeds on October 6, 2023 [Edwards Financial, LLC];

f)   Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022090403 with the District of Columbia Recorder of Deeds on August 30, 2022 [DC Water & Sewer Authority];

g)   The Order Appointing Receiver, the Order to Show Cause, and any other orders entered in the case *The District of Columbia Water and Sewer Authority v. 4263 6th St SE Apartments LLC* (Civil Action No. 2024 CAB 002055) pending in the Superior Court of the District of Columbia Civil Division; and

h)   UCC-1 Financing Statement recorded as Document Number 2024049303 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC].

**As to 4935 Nannie Helen Burroughs Avenue, NE, Washington, DC 20019**

a)   Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of August 29, 2019 and recorded as Document Number 2019096113 with the District of Columbia Recorder of Deeds on September 9, 2019 [TD Bank, N.A.];

b)   Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034749 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)   Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038506 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)   Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038507 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)   Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2020045143 with the District of Columbia Recorder of Deeds on April 9, 2020 [DC Water & Sewer Authority];

f)    Certificate of Delinquent Fines recorded as Document Number 2021024466 with the District of Columbia Recorder of Deeds on February 25, 2021 [Government of the District of Columbia Department of Consumer and Regulatory Affairs];

g)    Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005983 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

h)    Certificate of Delinquent Fines recorded as Document Number 2024037578 with the District of Columbia Recorder of Deeds on April 23, 2024 [DC Department of Buildings];

i)    Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to Cliftine Jones, as trustee, for the benefit of Theodore J. Scheve, securing an original principal balance of $18,458.27, dated August 5, 1999 and recorded August 12, 1999 as Instrument No. 9900072478. (Note: Certificate of Satisfaction dated April 28, 2000 and recorded July 24, 2000 as Instrument No. 20000066454 did not release Lot 807.);

j)    Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to Cliftine Jones, as trustee, for the benefit of Thornton Cooper, Jr., securing an original principal balance of $21,500.00, dated August 5, 1999 and recorded August 12, 1999 as Instrument No. 9900072479 (Note: Certificate of Satisfaction dated March 9, 2000 and recorded April 13, 2000 as Instrument No. 20000035248 did not release Lot 807);

k)    Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to ___, as trustee, for the benefit of Homeamerican Credit, Inc. d//b/a Upland Mortgage, a Pennsylvania corporation, securing an original principal balance of $83,200.00, dated March 31, 2000 and recorded April 11, 2000 as Instrument No. 2000034657; and

l)    Notice of Lis Pendens recorded January 23, 2015 as Instrument No. 2015006119.

**As to 3968 Martin Luther King Jr. Avenue, SW, Washington, DC 20032**

a)    Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of August 30, 2021 and recorded as Document Number 2021118164 with the District of Columbia Recorder of Deeds on September 1, 2021 [TD Bank, N.A.];

b)    Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034745 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

CORE/3516991.0007/198666167.1

c)  Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038498 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)  Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038499 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)  Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2020065094 with the District of Columbia Recorder of Deeds on June 3, 2020 [DC Water & Sewer Authority];

f)  Certificate of Delinquent Fines recorded as Document Number 2021022107 with the District of Columbia Recorder of Deeds on February 19, 2021 [Government of the District of Columbia Department of Consumer and Regulatory Affairs];

g)  Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2023004302 with the District of Columbia Recorder of Deeds on January 17, 2023 [DC Water & Sewer Authority];

h)  Certificate of Delinquent Fines recorded as Document Number 2023024524 with the District of Columbia Recorder of Deeds on March 23, 2023 [DC Department of Buildings];

i)  Notice of Tax Lien recorded as Document Number 2023096377 with the District of Columbia Recorder of Deeds on October 31, 2023 [DC Department of Health];

j)  Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2024009218 with the District of Columbia Recorder of Deeds on January 30, 2024 [DC Water & Sewer Authority];

k)  Tax Certificate sold at 2023 Tax Sale to Logan Tax Services, LLC per instrument recorded August 15, 2023 as Instrument No. 2023069926; and

l)  Certificate of Delinquent Water/Sewer Charges in the amount of $616.42, plus interest, costs and attorney fees, if any, recorded October 9, 2018 as Instrument No. 2018101636 [DC Water & Sewer Authority].

## As to 4010 9th Street, SE, Washington, DC 20032

a)  Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of June 30, 2020 and recorded as Document Number 2020086074 with the District of Columbia Recorder of Deeds on July 17, 2020 [TD Bank, N.A.];

b)  Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034748 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

19

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038504 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038505 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Notice of Tax Lien recorded as Document Number 2022095020 with the District of Columbia Recorder of Deeds on September 15, 2022 [DC Department of Health];

f)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022098893 with the District of Columbia Recorder of Deeds on September 28, 2022 [DC Water & Sewer Authority];

g)      Certificate of Delinquent Fines recorded as Document Number 2023021874 with the District of Columbia Recorder of Deeds on March 15, 2023 [DC Department of Buildings];

h)      Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005904 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

i)      Statement of Lien recorded as Document Number 2024036925 with the District of Columbia Recorder of Deeds on April 22, 2024 [Washington Gas & Light Company];

j)      Memorandum of Lease Agreement, made as of March 15, 2022, and recorded as Document Number 2022032033 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

k)      UCC-1 Financing Statement recorded as Document Number 2024049323 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC]; and

l)      Open-End Commercial Deed of Trust, Security Agreement, and Financing Statement from 2840 Langston Pl SE LLC, a Delaware limited liability company, 2844 Langston Pl SE LLC, a Delaware limited liability company, 2850 Langston Pl SE LLC, a Delaware limited liability company, 2908 Langston Pl SE LLC, a Delaware limited liability company, and 2912-20 Langston Pl SE LLC, a Delaware limited liability company, collectively, as grantor, to Matt Brothers, as trustee, for the benefit of LYNK Investments, a Florida limited liability company, securing an original principal balance of $620,000.00, dated February 18, 2022 and recorded February 24, 2022 as Instrument No. 2022021188 (NOTE: Certificate of

Satisfaction dated February 1, 2023 and recorded July 31, 2023 as Instrument No.2023064836 fails to cite the Land in said Certificate).

**As to 2440 S Street, SE, Washington, DC 20020**

a) Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of April 30, 2021 and recorded as Document Number 2021062490 with the District of Columbia Recorder of Deeds on May 6, 2021 [TD Bank, N.A.];

b) Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034747 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c) Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038502 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d) Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038503 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e) Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022096116 with the District of Columbia Recorder of Deeds on September 20, 2022 [DC Water & Sewer Authority];

f) Certificate of Delinquent Fines recorded as Document Number 2023022176 with the District of Columbia Recorder of Deeds on March 16, 2023 [DC Department of Buildings];

g) Notice of Tax Lien recorded as Document Number 2023045650 with the District of Columbia Recorder of Deeds on June 1, 2023 [District of Columbia Department of Health];

h) Certificate of Delinquent Fines recorded as Document Number 2023090377 with the District of Columbia Recorder of Deeds on October 18, 2023 [DC Department of Buildings];

i) Notice of Tax Lien recorded as Document Number 2023096369 with the District of Columbia Recorder of Deeds on October 31, 2023 [District of Columbia Department of Health];

j) Certificate of Delinquent Fines recorded as Document Number 2023102550 with the District of Columbia Recorder of Deeds on November 17, 2023 [DC Department of Buildings];

k)      Certificate of Delinquent Fines recorded as Document Number 2023102551 with the District of Columbia Recorder of Deeds on November 17, 2023 [DC Department of Buildings];

l)      Certificate of Delinquent Fines recorded as Document Number 2024008987 with the District of Columbia Recorder of Deeds on January 30, 2024 [DC Department of Buildings];

m)      Certificate of Delinquent Fines recorded as Document Number 2024047546 with the District of Columbia Recorder of Deeds on May 21, 2024 [DC Department of Buildings];

n)      Memorandum of Lease Agreement recorded as Document Number 2022032024 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

o)      Orders entered in the case *Shanta Williams v. 2440 S St SE, LLC* (Case No. 2024-CAB-000482) filed in the Superior Court of the District of Columbia Civil Division. The plaintiff in this case filed a Praecipe of Voluntary Dismissal dismissing this case without prejudice on April 10, 2025. This case is currently closed; and

p)      UCC-1 Financing Statement recorded as Document Number 2024049312 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

q)      UCC-1 Financing Statement naming Solo Realty LLC, as debtor, and U.S. Small Business Administration, as secured party, and recorded July 8, 2020 as Instrument No. 2020082055 [U.S. Small Business Administration];

r)      UCC-1 Financing Statement naming 2440 S ST SE LLC, as debtor, and U.S. Small Business Administration, as secured party, and recorded July 28, 2020 as Instrument No. 2020090312 [U.S. Small Business Administration];

s)      Litter Control Administration Act Lien in the amount of $150.00 recorded February 5, 2025 as Instrument No. 2025012811 [Government of District of Columbia Department of Public Works Solid Waste Management Administration];

t)      Litter Control Administration Act Lien in the amount of $500.00 recorded February 5, 2025 as Instrument No. 2025012819 [Government of District of Columbia Department of Public Works Solid Waste Management Administration]; and

u)      Litter Control Administration Act Lien in the amount of $300.00 recorded February 5, 2025 as Instrument No. 2025012829 [Government of District of Columbia Department of Public Works Solid Waste Management Administration].

**As to 4400 Hunt Place, NE, Washington, DC 20019**

a)　　Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of December 30, 2020, and recorded as Document Number 2021001210 with the District of Columbia Recorder of Deeds on January 5, 2021 [TD Bank, N.A.];

b)　　Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034743 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)　　Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038496 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)　　Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038497 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)　　Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022094428 with the District of Columbia Recorder of Deeds on September 14, 2022 [DC Water & Sewer Authority]; and

f)　　Memorandum of Lease Agreement, made and entered into as of March 15, 2022, and recorded as Document Number 2022032062 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC].

9.　　<u>Executory Contracts and Unexpired Leases</u>. The Executory Contracts and Unexpired Leases provisions of Article X of the Plan are approved.

a.　　With respect to the tenant leases to be assumed and assigned to the Purchaser under the Plan, this Confirmation Order constitutes an order of this Court approving such assumption pursuant to Bankruptcy Code sections 365 and 1123 effective as of the closing of the sale of the Properties, subject to the closing of the sale of the Properties and the provisions in subsection (b) below.

b.　　With respect to the tenant leases to be assumed and assigned to the Purchaser under the Plan, the Trustee has designated a proposed cure of $0.00, and has provided adequate notice to the non-Debtor counterparty of such proposed cure in the Assumption Motion. No objections were filed to the Assumption Motion, and in

accordance with the orders granting the Assumption Motion the cure amount with respect to each of the tenant lease is hereby determined to be $0.00.

c.      On the Effective Date, all other Executory Contracts and Leases that the Debtors executed before the Effective Date will be deemed have been rejected to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy Code section 365. On the Effective Date, this Order will constitute a Court order approving this rejection pursuant to section 365(a) of the Bankruptcy Code.

10.     <u>Taxes</u>.  Pursuant to section 1146(c) of the Bankruptcy Code, the sale of the Properties is exempt from any and all stamp, value-added, transfer, recording and other similar taxes (other than income taxes) and any transfer or recording fees or other similar costs incurred or assessed by any federal, state, local or foreign taxing authority (including interest and penalties, if any) in connection with the sale or transfer of the Properties.

11.     <u>Payment of Real Estate Commission</u>. The previously approved real estate commission of 4% may be paid to the relator M&M at the closing without further Order of this Court.

12.     <u>Payment of Closing Costs</u>. The Trustee is authorized to pay at closing the ordinary, necessary and reasonable costs of closing, including any real estate taxes, water and sewer, and other utility charges without further order of the Court from the proceeds of sale.

13.     <u>Calculation of Quarterly U.S. Trustee Fees Upon Sale</u>. While this Plan is a joint plan, each bankruptcy estate will remain responsible for the fees owed under 28 U.S.C. § 1930, until the case is closed, converted, or dismissed, whichever occurs first. Should the Sale close at a total purchase price of $7,020,000.00 for all of the Properties, the Trustee will use the following allocation for purposes of Quarterly U.S. Trustee Fee owed for each case on account of the sale:

| Debtor Name | Case # | Property Address | Units | Sale Price Allocation |
|---|---|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | 1416 Eastern Ave., NE Washington, DC 20019 | 6 | $ 360,000.00 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | 945 Longfellow St., NW Washington, DC 20011 | 13 | $ 780,000.00 |
| 2501 NAYLOR RD SE LLC | 24-00182 | 2501 Naylor Rd., SE Washington, DC 20020 | 8 | $ 480,000.00 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | 4305 Wheeler Rd., SE Washington, DC 20032 | 42 | $ 2,520,000.00 |
| 4263 6TH ST SE APARTMENTS | 24-00184 | 4263-67 6th St, SE Washington, DC 20032 | 2 | $ 120,000.00 |
| 4935 NHB AVE NE LLC | 24-00185 | 4935 Nannie Helen Burroughs Ave. NE Washington, DC 20019 | 4 | $ 240,000.00 |
| 3968 MLK LLC | 24-00186 | 3968 Martin Luther King Jr Ave., SE Washington, DC 20032 | 4 | $ 240,000.00 |
| 4010 9TH ST SE LLC | 24-00187 | 4010 9th St., SE Washington, DC 20032 | 12 | $ 720,000.00 |
| 2440 S ST SE LLC | 24-00188 | 2440 S St., SE Washington, DC 20020 | 11 | $ 660,000.00 |
| 4400 HUNT PL NE LLC | 24-00189 | 4400 Hunt Pl. NE Washington, DC 20019 | 15 | $ 900,000.00 |
| | | **TOTALS:** | 117 | $ 7,020,000.00 |

Should the sale of the Properties close at a different price, the allocation for purposes of Quarterly Fee calculation will be adjusted accordingly.

14.     Authority to Execute Documents in Connection with Sale. The Trustee shall have the authority and is directed to execute all documents in connection with the sale, including, but not limited to, a deed to convey the Properties.

15.     No Purchaser Liability.  Pursuant to sections 105 and 1123 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtors, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a lien, claim, encumbrance or interest of any kind or nature whatsoever, is and shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such, lien, claim, encumbrance or interest, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates, financial advisors and representatives in connection with the Properties, provided, however that the foregoing shall not

25

prevent the Trustee, the estates, successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or his successors and assigns to enforce the terms of the Sale Agreement.

16.    <u>No Successor Liability</u>. The Purchaser is not a "successor" to the Debtors or the estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtors or the estates including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtors or against an insider of the Debtors, or similar liability except as otherwise expressly provided in the Sale Agreement.

17.    <u>Binding Order re Sale</u>. This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Trustee, the Debtors, and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in any chapter 7 case if this cases is converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Properties.

18.    <u>Exculpation.</u> The exculpation provision provided in Article XV(K) of the Plan is replaced and revised as follows:

> Neither the Trustee nor any of his attorneys, agents, or representatives shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, from the Petition Date through the Effective Date, except for willful misconduct or gross negligence.

CORE/3516991.0007/198666167.1

The exculpation provided by the Plan, as modified by this Order, is approved in all respects as set forth in this Order.

19.     <u>Jurisdiction re Sale</u>. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Sale Agreement in all respects and to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Properties and the assumption and assignment of the tenant leases and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the sale proceeds.

20.     <u>Jurisdiction re Case</u>. The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

21.     <u>Injunction Against Interference with the Plan</u>. The injunction against interference provided in Article XV(D) of the Plan is replaced and revised as follows:

> To the extent permitted by 11 U.S.C. § 1141, upon the entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, professionals, officers, director, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan.

The injunctions provided by the Plan, as modified by this Order, are approved in all respects as set forth in this Order.

22.     <u>Effectiveness of this Order</u>.  Any stay of this Order including, but not limited to, approval of the sale of the Transferred Assets provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for

fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable

immediately upon its entry by the Court.

**[END OF ORDER]**

**We Ask For This:**


*/s/ Bradley D. Jones*
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*



Copies to:

ECF Recipients