The order below is hereby signed.

Signed: May 8 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )    Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*,[1] | )    Chapter 11 |
|  | )    (Jointly Administered) |
| Debtors. | ) |
|  | ) |

### ORDER APPROVING DISCLOSURE STATEMENT WITH RESPECT TO TRUSTEE'S PLAN OF LIQUIDATION AND CONFIRMING TRUSTEE'S PLAN OF LIQUIDATION

This matter came before the Court on the combined hearing on approval of the Disclosure Statement with Respect to Trustee's Plan of Liquidation (together with the exhibits thereto, as amended, the "Disclosure Statement") and confirmation of the Trustee's Plan of Liquidation dated March 21, 2025 (together with the exhibits thereto, as amended, the "Plan") filed by Marc E. Albert (the "Trustee"), the chapter 11 trustee of the bankruptcy estates of 1416 Eastern Avenue NE LLC,

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

*et al.* (the "Debtors"). The Court first considered the Disclosure Statement. After consideration of the Disclosure Statement and any objections filed thereto and based on the record of the combined hearing, after due deliberation, and sufficient cause appearing, this Court hereby approves the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Following approval of the Disclosure Statement, the Court considered confirmation of the Plan.

At the Confirmation Hearing on April 29, 2025, competing bids were considered for the purchase of the Properties. The highest and best bid was submitted by Michael Taylor at a total purchase price of $7,550,000.00. Craig London, the original stalking horse bidder, was accepted as the back-up bidder with a back-up purchase price of $7,020,000.00. The Court accepted the Declarations of Marty Zupancic and Marc Albert into evidence with no party objecting. The Court also heard testimony by Michael Taylor with respect to his ability to purchase the Properties and other testimony with respect to his fitness as a proposed purchaser.

After consideration of the Plan and any objections filed thereto and based on the record of the combined hearing, after due deliberation, and sufficient cause appearing, this Court hereby confirms the Plan, makes the following findings of fact and conclusions of law, and based thereon issues the following order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this proceeding, approval of the Disclosure Statement, and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O), and the Court has jurisdiction to enter a Final Order with respect thereto. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), and (O), and the Court

likewise has jurisdiction to enter a Final Order with respect thereto. The Debtors are eligible debtors under § 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Notice. Any person or entity required to receive notice of the combined hearing on approval of the Disclosure Statement and confirmation of the Plan has received due, proper and adequate notice thereof. A Certificate of Service regarding the persons and entities who received service of the Disclosure Statement, Plan, ballots and the scheduling of the combined confirmation hearing was filed on April 2, 2025 [ECF Dkt. No. 144]. A Supplemental Certificate of Service regarding an additional potential lien holder who received service of the Disclosure statement, Plan, and the scheduling of the combined confirmation hearing was filed on April 16, 2025 [ECF Dkt. No. 146]. The Trustee also gave due and proper notice of the assumption and assignment of each tenant lease to each counterparty through *the Omnibus Motion for Entry of an Order (I) Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of Real Property Pursuant to 11 U.S.C. § 365, (II) Fixing Cure Amounts, and (III) Granting Related Relief* [ECF Dkt. No. 137] (the "Assumption Motion"). No other or further notice of the proposed Sale, the assumption and assignment of the tenant leases, or of the entry of this Order is necessary or shall be required.

C.    Petition Date. On May 29, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On July 24, 2024, Marc E. Albert was appointed as the chapter 11 trustee for the bankruptcy estates of the Debtors.

**Lease and HAP Contract Assumptions**

D.    At the Confirmation Hearing, the Court heard testimony by Michael Taylor regarding his familiarity with District of Columbia Housing Law, the relevant building inspection agencies, and his knowledge that existing building infractions exist with respect to the Properties.

3

The Court finds that neither Confirmation of the Plan nor approval of the Trustee's Lease Assumption Motion will alter generally applicable federal or District of Columbia housing law and regulations with respect to tenant leases. The Court further finds the Purchaser has provided adequate assurance of his ability to perform the obligations required with respect to the tenant leases and housing assistance payment contracts should those executory contracts be assumed at Closing.

**Approval of the Disclosure Statement**

E.       Disclosure Statement Compliance with Bankruptcy Code - § 1125. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and complies with Bankruptcy Rule 3016(c). No further information is necessary.

**Confirmation of the Plan**

F.       Plan Compliance with Bankruptcy Code - § 1129(a)(1). The Plan complies with the applicable provisions of the Bankruptcy Code.

G.       Trustee's Compliance with Bankruptcy Code - § 1129(a)(2). The Trustee has complied with the applicable provisions of the Bankruptcy Code.

H.       Plan Proposed In Good Faith - § 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

I.       Payments for Services or Costs and Expenses - § 1129(a)(4). Any payment made or to be made in connection with this case, or in connection with the Plan, has been approved by the Court as reasonable, or will be subject to such approval by the Court.

J.       Disclosure of Identity and Affiliations of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Equity Interests of Creditors and Public Policy - § 1129(a)(5). Section 1129(a)(5) of the Bankruptcy Code requires that (a) the plan proponent disclose the identity and affiliations of the proposed officers and directors of the

reorganized debtors, (b) the appointment or continuance of such officers and directors be consistent with the interests of creditors and equity security holders and with public policy, and (c) there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtors. The Plan provides for the wind-up and dissolution of the Debtors. As the Plan is a liquidating plan, the requirements of section 1129(a)(5) of the Bankruptcy Code are not applicable.

K.      <u>Rate Changes - § 1129(a)(6)</u>. The Plan does not modify or affect the jurisdiction over the rates of the Debtors by any governmental regulatory commission, and therefore Section 1129(a)(6) does not apply.

L.      <u>Best Interest of Creditors - § 1129(a)(7)</u>. The evidence adduced at the Combined Confirmation Hearing (1) was persuasive and credible, (2) was based upon reasonable and sound assumptions, and (3) established that each Holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date[2], that is not less than the amount that such holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

M.      <u>Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims - § 1129(a)(9)</u>. The treatment of Administrative Claims, Priority Tax Claims, and Non-Tax Priority Claims pursuant to Article IV of the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defied herein shall have the meanings ascribed to them in the Plan.

N.     <u>Acceptance by Impaired Class of Claims - § 1129(a)(10)</u>. At least one impaired

Class of Claims voted to accept the Plan determined without including any acceptance of the Plan

by any "insiders." Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied with respect

to the Plan.

O.     <u>Feasibility - § 1129(a)(11)</u>. The Plan proposes a liquidation of the Debtors' assets

(including the Properties) and distributions to creditors under the Plan in accordance with the

priority scheme of the Bankruptcy Code. The Plan provides that a prospective buyer, Craig

London, (the "Stalking Horse") has been identified after a marketed sales process and has delivered

an earnest money deposit of $1,200,000 (the "Stalking Horse Deposit"). A higher and better offer

was submitted by Michael Taylor with Mr. London agreeing to back-up the pending Sale. As

demonstrated at the Confirmation Hearing, Mr. Taylor and Mr. London are both sophisticated

buyers. Here, the Plan centers on a sale of the Debtors' Properties to a purchaser or affiliates who

will be bound by the Sale Agreement regarding the purchase of the Properties. Furthermore, both

Mr. London and Mr. Taylor have been engaged in discussions with the Office of the Attorney

General for the District of Columbia to resolve outstanding violations of applicable housing codes

and regulations through separate agreements. Both purchasing parties acknowledge their intention

to comply with District of Columbia law, including Title 12A of the District of Columbia

Municipal Regulations, Section 113.7, in their acquisition and operation of the properties to abate

all existing violations at the Properties and continue to maintain the Properties in accordance with

the applicable federal and local requirements. Accordingly, the Court finds that the Plan is feasible

and the requirements of § 1129(a)(11) of the Bankruptcy Code are satisfied.

P.     <u>Payment of Fees - § 1129(a)(12)</u>. The Plan provides for the payments of all fees

payable under 28 U.S.C. § 1930 on or before the Effective Date. Quarterly fees payable to the U.S.

Trustee shall be allocated between the Debtors' estate on a quarterly basis, based on the estimated value of each of the Properties. Accordingly, the requirements of § 1129(a)(12) of the Bankruptcy Code are satisfied.

Q.      <u>Continuation of Retiree Benefits - § 1129(a)(13)</u>. The Debtors are not obligated to provide Retiree Benefits as that term is defined in Section 1114 of the Bankruptcy Code. As a result, § 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

R.      <u>Domestic Support Obligations - § 1129(a)(14)</u>. Section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Debtors' Chapter 11 cases.

S.      <u>Plan of an Individual Debtor - § 1129(a)(15)</u>. The Debtors are ten business entities and not individuals. Section 1129(a)(15) of the Bankruptcy Code is therefore inapplicable to the Debtors' Chapter 11 cases.

T.      <u>Transfers in Accordance with Non-Bankruptcy Law - § 1129(a)(16)</u>. Section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Debtors' Chapter 11 cases.

U.      <u>Cramdown; Confirmation of the Plan over Nonaccepting Impaired Classes - § 1129(b)</u>. The Court finds that the Plan does not discriminate unfairly and is fair and equitable to each class of claims that is impaired and has not accepted the Plan, and, accordingly, the requirements of § 129(b) have been met and Confirmation of the Plan is appropriate.

V.      <u>Only One Plan - § 1129(c)</u>. This is the only plan confirmed by the Court in this proceeding and, accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to the Plan.

W.      <u>Principal Purpose of Plan - § 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

X.      <u>Not Small Business Case - § 1129(e)</u>. The Debtors' cases are not small business cases and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

Y.      <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, all other pleadings, documents, declarations, and exhibits filed in connection with confirmation of the Plan, and all arguments made, proffered, or adduced at the combined hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**Sale of the Properties**

Z.      <u>Sale of Properties</u>. The Debtors are single asset real estate entities and seek in the Plan authority to sell the Properties to the highest and best purchaser or assigns. At the Confirmation Hearing, on April 29, 2025, Michael Taylor (the "Purchaser") offered the highest and best bid, with a base purchase price of $7,550,000.00 (the "Purchase Price") with a deposit in the total amount of $750,000.00 (the "Purchaser Earnest Money Deposit") to be provided no later than May 2, 2025. The agreement will be governed by the Purchase Agreement (the "Sale Agreement"), which was attached as Exhibit B to the Plan, except as modified on the record or through testimony by Michael Taylor at the Confirmation Hearing. Pursuant to the Plan, the Sale of the Properties is to be approved as part of the Confirmation Hearing. The Properties convey as tenanted. The tenants have no rights under the Tenant Opportunity to Purchase Act ("TOPA") because this is a sale through a Chapter 11 bankruptcy process and plan.

AA.      At the April 29, 2025 Confirmation Hearing, Craig London, the originally proposed stalking horse purchaser, agreed to serve as the back-up bidder (the "Back-Up Bidder"), at the originally offered base purchase price of $7,020,000.00 (the "Back-Up Price"). The procedures governing the Sale of the Properties, including completing a Sale to the Back-Up Bidder at the Back-Up Price, are set forth in Paragraphs 5–8 below.

BB.    <u>Counter Bidders</u>. Three has been an adequate opportunity for all parties in interest to be heard prior to and at the Confirmation Hearing with respect to submitting any proposed higher and better offers for the Properties.

CC.    <u>Adequate Marketing of Property for Sale</u>. The process undertaken by the Trustee to market the Properties for sale, including the efforts of the Trustee's employed realtor, Marcus & Millichap Real Estate Investment Services of North Carolina, Inc. ("M&M"), constituted sufficient market exposure and afforded potentially interested parties adequate opportunity to make efforts to purchase and acquire the Properties.

DD.    <u>Compelling Circumstances to Sell Properties and Assign Leases</u>. The Trustee has demonstrated a sufficient basis and compelling circumstances to sell the Properties to the Purchaser and to assume and assign the tenant leases under sections 1123(b)(2) and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtors, the estates and the Debtors' creditors.

EE.    <u>Sale Free and Clear</u>. Pursuant to sections 1123(5)(D), 1141(c), and 363(b) and(f) of the Bankruptcy Code, the Sale of the Properties is free and clear of any and all liens, claims, encumbrances and other interests, including the rights of tenants under TOPA, in accordance with, and subject to, the terms and conditions contained in the Purchase Agreement (hereinafter all such liens, claims, encumbrances and the rights of the tenants under TOPA, the "Liens, Claims and Encumbrances").

FF.    <u>Authority of the Trustee to Consummate Sale under Sale Agreement</u>. The Trustee has full power and authority to execute the Sale Agreement and all other documents contemplated thereby, and the Sale of the Properties has been duly and validly authorized by all necessary authority for the Trustee to consummate the Sale of the Properties. No additional consents or

approvals are required by the Trustee to consummate the transactions contemplated under the Sale Agreement.

GG.    <u>Good Faith</u>. Base on the evidence presented at the Confirmation Hearing, the representations tendered, and the record in this case, the Court hereby determines that the Sale was proposed and conducted in good faith, the Sale of the Properties was proposed in good faith, and that the Purchaser is purchasing the Properties in good faith for adequate, reasonable and fair value and is a good faith purchaser for value within the meaning of § 363(m) of the Bankruptcy Code, and otherwise has proceeded in good faith in connection with this sale proceeding.

HH.    <u>Purchaser not a Successor of the Debtors</u>. The transactions contemplated under the Sale Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors and /or the Debtors' estates; there is not substantial continuity between the Purchaser and the Debtors; there is no common identity between the Debtors and the Purchaser; there is no continuity of enterprise between the Debtors and the Purchaser, the Purchaser is not a mere continuation of the Debtors or the estates, and the Purchaser does not constitute a successor to the Debtors or the estates. There is no evidence that the Purchaser violated section 363(n) of the Bankruptcy Code, and the Purchaser is entitled to the protection of §§ 363(m) and (n) of the Bankruptcy Code.

II.    <u>TOPA Does Not Apply</u>. The Properties convey as tenanted. The tenants have no rights under TOPA because this is a sale through a chapter 11 bankruptcy process and plan. The sale free of TOPA provided by and approved by this Order does not address the applicability of TOPA in any future or subsequent sale of the Properties that is beyond the Sale approved by this Order.

JJ.   <u>Properties Sold "As Is."</u> The Properties will be sold in this "as-is" condition as of the date of Closing of the Sale as provided for in the Sale Agreement. The Purchaser and Back-Up Bidder are, however, aware of the property owner's responsibility to comply with federal or District of Columbia law and regulations regarding the operation of the Properties after the Closing.

KK.   <u>Implementation</u>. All documents and agreements necessary to implement the Plan, including, but not limited to, the Purchase Agreement, are essential elements of the Plan and have been negotiated in good faith and at arm's length, and entry into and consummation of the transactions contemplated by each such document and agreement is in the best interests of the Debtors, the estates, and the Holders of Claims or interests and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal, state, or local law. The Trustee is authorized, without any further notice to, or action, order, or approval of, the Court, to finalize, execute, and deliver all agreements, documents, instruments, and certificates relating to the Plan and to perform its obligations under such agreements, documents, instruments, and certificates in accordance with the Plan.

LL.   <u>Transfers by the Trustee</u>. All transfers of properties of the estates shall be free and clear of all liens, claims, charges, interests, and other encumbrances, in accordance with applicable law, except as expressly provided in the Plan or this Order.

MM.   <u>Exemption from Taxation</u>. The making and delivery of an instrument of transfer under the Plan is exempt from taxation under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, sales or use tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, in accordance with section 1146(a) of the Bankruptcy Code.

Pursuant to Paragraph 31 of the Sale Agreement, the transfer tax savings for both the buyer and Seller will inure to the benefit of the Bankruptcy Estate and the transfer and recordation tax savings will be assigned to the Seller in the form of a credit on the closing settlement statement.

NN.    <u>Sale</u>. The Sale of the Debtors' Properties is an essential element of the Plan and entry into and consummation of the transactions contemplated by the documents that comprise the Purchase Agreement is in the best interest of the Debtors, the estates, and the Holders of claims and interests.

OO.    <u>Retention of Jurisdiction</u>. The Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this proceeding or the Plan, after confirmation thereof and after the Effective Date, as provided in Article XIII. of the Plan.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>. The findings of fact and conclusions of law set forth herein or incorporated herein by reference, and the record of the combined hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent that any of the prior findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.    <u>Disclosure Statement</u>. The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

3.      <u>Objections to Disclosure Statement</u>. All objections, if any, to the Disclosure Statement that have not been withdrawn or resolved as provided in the records of the combined hearing are overruled.

4.      <u>Confirmation</u>. All requirements for the confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is **CONFIRMED** pursuant to section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan and the exhibits thereto, and any amendments, modifications, and supplements thereto, and any amendments set forth in this Order, are an integral part of the Plan and are incorporated by reference into this Order. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. A copy of the confirmed Plan is attached hereto as **Exhibit A**.

5.      <u>Approval of Sale and Authority to Sell to the Purchaser</u>. The Court approves the Sale of the Properties to the Purchaser and the Trustee is authorized to close on the Sale of the Properties without further order of this Court under the terms of the Sale Agreement and the testimony provided on the record at the Confirmation Hearing. The Sale of the Properties to the Purchaser is an "Alternative Transaction" as defined in the Sale Agreement and the Plan. Pursuant to the Order entered by this Court on March 27, 2025 at Docket Number 140, upon the Closing of the Sale of the Properties to the Purchaser at the Purchase Price, a sum of $250,000.00 (the "Break-Up Fee") shall be paid to Craig London as a cost of Sale. Upon Closing of the Sale to the Purchaser, Fidelity National Title Insurance Company is authorized to return the Stalking Horse Deposit to the Back-Up Bidder. At Closing of the sale to the Purchaser, the Trustee will cause his property

management company to provide Purchaser all rent rolls, accounts receivable lists, leases, contracts and other documents pertaining to the Properties currently in the possession of Trustee or Trustee's management company. The management company will provide Purchaser with all tenant keys and access codes in possession of the management company and will use their best efforts to provide Purchaser with access to all of the tenant occupied units in the Properties but will not be obligated to re-key tenant occupied units at Purchaser's request.

6.     <u>Default Procedures with Respect to the Sale to the Purchaser</u>. Pursuant to the Plan, the Sale will close within thirty (30) days of the entry of this Order, unless this deadline is extended by the mutual written agreement of the Trustee and the Purchaser. The failure of the Purchaser to close within that time is an event of default under this Order and the Sale Agreement. Should the Purchaser default on the Sale Agreement, the Trustee will file a notice of default ("Notice of Default") on the docket of this case. After a Notice of Default is docketed, the Purchaser shall have three (3) business days to either cure the default or file an objection on the docket of this Court (the "Objection to the Notice of Default"). Any Objection to the Notice of Default shall be heard by this Court on an expedited basis. In the event an Objection to the Notice of Default is not timely filed by the Purchaser or the Court overrules the Objection to the Notice of Default, the Purchaser Earnest Money Deposit will be forfeited to the Bankruptcy Estate. Upon forfeit of the Purchaser Earnest Money Deposit, those funds will be available for use by the Trustee and the Bankruptcy Estate in accordance with the Bankruptcy Code, including but not limited to use for purposes such as funding the operations of the Properties.

7.     <u>Approval of Sale and Authority to Sell to the Back-Up Bidder</u>. In the event: (i) the Purchaser defaults on the Sale Agreement; (ii) the Sale does not otherwise close within thirty (30) days after the entry of this Order, as may be extended by the mutual written agreement of the

parties; or (iii) a Notice of Default is filed, the Trustee is authorized to proceed to sell the Properties to the Back-Up Bidder at the $7,020,000.00 Back-Up Price without further order of the Court (the "Back-Up Sale"). No Break-Up Fee will be paid if the Sale closes to the Back-Up Bidder at the Back-Up Price.

8.    <u>Closing Period and Default Procedures with Respect to the Back-Up Sale</u>. Upon receipt of notice delivered by the Trustee in writing that the Trustee intends to pursue the Back-Up Sale, the Back-Up Bidder will have a thirty (30) day period from the date the Trustee provides such written notice to close on the Sale of the Property, unless this deadline is extended by the mutual written agreement of the Trustee and the Back-Up Bidder. Should the Back-Up Bidder default, including but not limited to failing to close within this thirty-day period, the Trustee will file a Notice of Default on the docket of this case. After a Notice of Default is docketed with respect to the Back-Up Sale, the Back-Up Bidder shall have three (3) business days to either cure the default or file an Objection to the Notice of Default. Any Objection to the Notice of Default shall be heard by this Court on an expedited basis. In the event an Objection to the Notice of Default is not timely filed by the Back-Up Bidder or the Court overrules the Objection to the Notice of Default, the Stalking Horse Deposit will be forfeited to the Bankruptcy Estate.

9.    <u>Agreement to Take Steps to Provide Access to the Back-Up Bidder</u>. In the event the Trustee provides written notice that the Trustee intends to pursue the Back-Up Sale, the Trustee will cause his property management company to obtain keys or to re-key all of the tenant occupied units in the Properties within eighteen (18) days of providing notice of the intent to pursue the Back-Up Sale in order to provide the Back-Up Bidder with access to the tenant occupied units. The property manager will also provide door code or keys to all vacant units or common areas of the properties to enable the Back-Up Bidder to have access to all locked doors, whether those doors

are to tenanted units, vacant units, common areas, or any other doors at the Properties. Obtaining

such keys, providing such access codes, or re-keying such doors and units in accordance with this

paragraph will be done in full resolution of any issues raised by the Back-Up Bidder with respect

to whether the Back-Up Bidder has been provided reasonable access to the Properties.

10.    Assignment. Any assignee of the Purchaser herein shall be entitled to the same

rights and protections as those provided by this Order to the Purchaser. However, regardless of

any assignment, the Purchaser will remain responsible to purchase all of the Properties that are the

subject of the Sale Agreement. Any assignment by the Purchaser to an assignee will not alter or

limit the responsibilities or obligations of the Purchaser under this Order or the Sale Agreement.

11.    Objections to Plan. All parties have had a fair opportunity to litigate all issues raised

by any objections to the Plan, or which might have been raised, and the objections have been fully

and fairly litigated. All objections, responses, statements, reservation of rights, and comments in

opposition to the Plan, other than those withdrawn with prejudice in their entirety, waived, settled,

or resolved prior to the combined hearing, or otherwise resolved on the record of the combined

hearing and/or herein, are hereby overruled for the reasons stated on the record.

12.    Notice. Notice of the combined hearing, the Disclosure Statement, the Plan, and all

related documents was appropriate and satisfactory based upon the circumstances of this case and

was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the

Local Rules.

13.    Binding Order re Plan. The provisions of the Plan, and this Order are now, and

forever afterwards, binding on the Debtors, all creditors of the Debtors, all insiders of the Debtors,

and any other parties-in-interest, as well as their respective heirs, successors, assigns, trustees,

subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys,

beneficiaries, guardians and similar officers, or any person claiming through or in the right of any such persons.

14.    <u>Authority to Sell Free and Clear</u>. The Sale Agreement is approved and the Trustee is authorized and directed to sell and transfer the Properties free and clear of all Liens, Claims and Encumbrances, with such Liens, Claims and Encumbrances transferring to and attaching to the proceeds of such sale in the same priority as they attached to the Properties, including, but not limited to:

**As to 1416 Eastern Ave NE, Washington, DC 20019**

a)    Deed of Trust, Security Agreement and Assignment of Leases and Rents, dated March 22, 2022, and recorded as Document No. 2022032012 with the District of Columbia Recorder of Deeds on March 23, 2022 [TD Bank, N.A.];

b)    Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034746 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)    Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038500 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)    Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038501 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.]; and

e)    Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2024106582 with the District of Columbia Recorder of Deeds on November 13, 2024 [DC Water & Sewer Authority].

**As to 945 Longfellow St, NW, Washington, DC, 20011**

a)    Deed of Trust and Security Agreement, dated August 30, 2022, and recorded as Document No. 2022090841 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

b)    Assignment of Leases and Rents, dated August 30, 2022, and recorded as Document No. 2022090842 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

c)    Subordination, Non-Disturbance and Attornment Agreement, made as of August 30, 2022, and recorded as Document No. 2022090843 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

d)      UCC-1 Financing Statement recorded as Document Number 2022090844 with the District of Columbia Recorder of Deeds on August 31, 2022 [TD Bank, N.A.];

e)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034741 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

f)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038490 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

g)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038491 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

h)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2023011728 with the District of Columbia Recorder of Deeds on February 13, 2023 [DC Water & Sewer Authority];

i)      Certificate of Delinquent Fines recorded as Document Number 2023030233 with the District of Columbia Recorder of Deeds on April 12, 2023 [DC Department of Buildings];

j)      Statement of Lien recorded as Document Number 2024007915 with the District of Columbia Recorder of Deeds on January 25, 2024 [Washington Gas & Light Company];

k)      Certificate of Delinquent Fines recorded as Document Number 2024055451 with the District of Columbia Recorder of Deeds on June 14, 2024 [DC Department of Buildings];

l)      Memorandum of Lease Agreement, made as of March 15, 2022, and recorded as Document Number 2022032019 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

m)     UCC-1 Financing Statement recorded as Document Number 2024049327 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

n)      Certificate of Delinquent Fines in the amount of $3,324.00 plus interest, costs, and attorney fees, if any, recorded December 31, 2024 as Instrument No. 2024123155 [Department of Buildings]; and

o)      Certificate of Delinquent Costs for Correction of Wrongful Housing Conditions in the amount of $8,505.00, plus interest, costs and attorney fees, if any, recorded January 22, 2025 as Instrument No. 2025007259 [Department of Buildings].

**As to 2501 Naylor Rd, SE, Washington, DC 20020**

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, entered into as of January 3, 2020, and recorded as Document No. 2020006219 with the District of Columbia Recorder of Deeds on January 15, 2020 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034742 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038492 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038493 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022089985 with the District of Columbia Recorder of Deeds on August 29, 2022 [DC Water & Sewer Authority];

f)      Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005903 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

g)      Certificate of Delinquent Fines recorded as Document Number 2023024090 with the District of Columbia Recorder of Deeds on March 22, 2023 [DC Department of Buildings];

h)      Certificate of Delinquent Fines recorded as Document Number 2023024492 with the District of Columbia Recorder of Deeds on March 23, 2023 [DC Department of Buildings];

i)      Notice of Tax Lien recorded as Document Number 2024047356 with the District of Columbia Recorder of Deeds on May 21, 2024 [DC Health];

j)      Certificate of Delinquent Fines recorded as Document Number 2024059249 with the District of Columbia Recorder of Deeds on June 26, 2024 [DC Department of Buildings];

k)      UCC-1 Financing Statement recorded as Document Number 2020071132 with the District of Columbia Recorder of Deeds on June 16, 2020 [U.S. Small Business Administration];

l) UCC-1 Financing Statement recorded as Document Number 2024049304 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC]; and

m) UCC-1 Financing Statement naming Quality Housing Group I LLC, Quality Housing Group II LLC, Quality Housing Group III LLC, Quality Housing Group IV LLC, Quality Housing Group V LLC, Quality Housing Group VI LLC, Quality Housing Group VII LLC, ANF 2501 Naylor, LLC and 4046 Grant ST NE, LLC, as debtor, and First Virginia Community Bank, as secured party, and recorded July 25, 2013 as Instrument No. 2013086576; as affected by UCC-1 Financing Statement Amendment (Continuation) recorded June18, 2018 as Instrument No. 2018060918; as further affected by UCC-1 Financing Statement Amendment recorded October 23, 2019 as Instrument No. 2019114354; as further affected by UCC-1 Financing Statement Amendment recorded July 2, 2021 as Instrument No. 2021090196 [First Virginia Community Bank].

**As to 4305 Wheeler Road, SE, Washington, DC 20032**

a) Deed of Trust and Security Agreement, dated February 15, 2022, and recorded as Document No. 2022021132 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

b) Assignment of Leases and Rents, dated February 15, 2022, and recorded as Document No. 2022021133 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

c) UCC-1 Financing Statement recorded as Document Number 2022021134 with the District of Columbia Recorder of Deeds on February 24, 2022 [TD Bank, N.A.];

d) Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document No. 2024034750 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

e) Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038508 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

f) Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038509 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

g) Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2023018712 with the District of Columbia Recorder of Deeds on March 7, 2023 [DC Water & Sewer Authority];

h) Certificate of Delinquent Fines recorded as Document Number 2024010003 with the District of Columbia Recorder of Deeds on February 1, 2024 [DC Department of Buildings];

i)      Certificate of Delinquent Fines recorded as Document Number 2024010039 with the District of Columbia Recorder of Deeds on February 1, 2024 [DC Department of Buildings];

j)      Certificate of Delinquent Fines recorded as Document Number 2024060324 with the District of Columbia Recorder of Deeds on June 28, 2024 [DC Department of Buildings];

k)      Memorandum of Lease Agreement, made and entered into as of March 15, 2022, and recorded as Document Number 2022032017 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

l)      UCC-1 Financing Statement recorded as Document Number 2024049305 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

m)     The Order Appointing Receiver, the Order to Show Cause, and any other orders entered in the case *The District of Columbia Water and Sewer Authority v. 4303-4313 Wheeler RD SE LLC* (Civil Action No. 2024 CAB 002309) pending in the Superior Court of the District of Columbia Civil Division; and

n)      Tax Certificate sold at 2024 Tax Sale to ATCF II DC, LLC per instrument recorded on August 20, 2024 as Instrument No. 2024077113.

**As to 4263 6th Street, SE, Washington, DC 20032**

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, dated January 27, 2021, and recorded as Document No. 2021012173 with the District of Columbia Recorder of Deeds on January 29, 2021 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034744 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038494 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038495 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Deed of Trust, Security Agreement and Assignment of Contracts, Leases and Rents (Commercial Purposes), made as of September 26, 2023, and recorded as Document Number 2023086567 with the District of Columbia Recorder of Deeds on October 6, 2023 [Edwards Financial, LLC];

    f)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022090403 with the District of Columbia Recorder of Deeds on August 30, 2022 [DC Water & Sewer Authority];

    g)      The Order Appointing Receiver, the Order to Show Cause, and any other orders entered in the case *The District of Columbia Water and Sewer Authority v. 4263 6th St SE Apartments LLC* (Civil Action No. 2024 CAB 002055) pending in the Superior Court of the District of Columbia Civil Division; and

    h)      UCC-1 Financing Statement recorded as Document Number 2024049303 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC].

**As to 4935 Nannie Helen Burroughs Avenue, NE, Washington, DC 20019**

    a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of August 29, 2019 and recorded as Document Number 2019096113 with the District of Columbia Recorder of Deeds on September 9, 2019 [TD Bank, N.A.];

    b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034749 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

    c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038506 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

    d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038507 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

    e)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2020045143 with the District of Columbia Recorder of Deeds on April 9, 2020 [DC Water & Sewer Authority];

    f)      Certificate of Delinquent Fines recorded as Document Number 2021024466 with the District of Columbia Recorder of Deeds on February 25, 2021 [Government of the District of Columbia Department of Consumer and Regulatory Affairs];

    g)      Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005983 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

    h)      Certificate of Delinquent Fines recorded as Document Number 2024037578 with the District of Columbia Recorder of Deeds on April 23, 2024 [DC Department of Buildings];

i)      Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to Cliftine Jones, as trustee, for the benefit of Theodore J. Scheve, securing an original principal balance of $18,458.27, dated August 5, 1999 and recorded August 12, 1999 as Instrument No. 9900072478. (Note: Certificate of Satisfaction dated April 28, 2000 and recorded July 24, 2000 as Instrument No. 20000066454 did not release Lot 807.);

j)      Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to Cliftine Jones, as trustee, for the benefit of Thornton Cooper, Jr., securing an original principal balance of $21,500.00, dated August 5, 1999 and recorded August 12, 1999 as Instrument No. 9900072479 (Note: Certificate of Satisfaction dated March 9, 2000 and recorded April 13, 2000 as Instrument No.20000035248 did not release Lot 807);

k)      Deed of Trust from Ahmed Zadeh and Tahereh Tavakoli, husband and wife, as grantor, to ___, as trustee, for the benefit of Homeamerican Credit, Inc. d//b/a Upland Mortgage, a Pennsylvania corporation, securing an original principal balance of $83,200.00, dated March 31, 2000 and recorded April 11, 2000 as Instrument No. 2000034657; and

l)      Notice of Lis Pendens recorded January 23, 2015 as Instrument No. 2015006119.

## As to 3968 Martin Luther King Jr. Avenue, SW, Washington, DC 20032

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of August 30, 2021 and recorded as Document Number 2021118164 with the District of Columbia Recorder of Deeds on September 1, 2021 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034745 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)       Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038498 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038499 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2020065094 with the District of Columbia Recorder of Deeds on June 3, 2020 [DC Water & Sewer Authority];

f)      Certificate of Delinquent Fines recorded as Document Number 2021022107 with the District of Columbia Recorder of Deeds on February 19, 2021 [Government of the District of Columbia Department of Consumer and Regulatory Affairs];

g)      Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2023004302 with the District of Columbia Recorder of Deeds on January 17, 2023 [DC Water & Sewer Authority];

h)      Certificate of Delinquent Fines recorded as Document Number 2023024524 with the District of Columbia Recorder of Deeds on March 23, 2023 [DC Department of Buildings];

i)      Notice of Tax Lien recorded as Document Number 2023096377 with the District of Columbia Recorder of Deeds on October 31, 2023 [DC Department of Health];

j)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2024009218 with the District of Columbia Recorder of Deeds on January 30, 2024 [DC Water & Sewer Authority];

k)      Tax Certificate sold at 2023 Tax Sale to Logan Tax Services, LLC per instrument recorded August 15, 2023 as Instrument No. 2023069926; and

l)      Certificate of Delinquent Water/Sewer Charges in the amount of $616.42, plus interest, costs and attorney fees, if any, recorded October 9, 2018 as Instrument No. 2018101636 [DC Water & Sewer Authority].

**As to 4010 9th Street, SE, Washington, DC 20032**

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of June 30, 2020 and recorded as Document Number 2020086074 with the District of Columbia Recorder of Deeds on July 17, 2020 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034748 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038504 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038505 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Notice of Tax Lien recorded as Document Number 2022095020 with the District of Columbia Recorder of Deeds on September 15, 2022 [DC Department of Health];

f)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022098893 with the District of Columbia Recorder of Deeds on September 28, 2022 [DC Water & Sewer Authority];

g)    Certificate of Delinquent Fines recorded as Document Number 2023021874 with the District of Columbia Recorder of Deeds on March 15, 2023 [DC Department of Buildings];

h)    Converted Real Property Tax Lien for Delinquent Water and Sewer Bills recorded as Document Number 2024005904 with the District of Columbia Recorder of Deeds on January 19, 2024 [DC Water & Sewer Authority];

i)    Statement of Lien recorded as Document Number 2024036925 with the District of Columbia Recorder of Deeds on April 22, 2024 [Washington Gas & Light Company];

j)    Memorandum of Lease Agreement, made as of March 15, 2022, and recorded as Document Number 2022032033 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

k)    UCC-1 Financing Statement recorded as Document Number 2024049323 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC]; and

l)    Open-End Commercial Deed of Trust, Security Agreement, and Financing Statement from 2840 Langston Pl SE LLC, a Delaware limited liability company, 2844 Langston Pl SE LLC, a Delaware limited liability company, 2850 Langston Pl SE LLC, a Delaware limited liability company, 2908 Langston Pl SE LLC, a Delaware limited liability company, and 2912-20 Langston Pl SE LLC, a Delaware limited liability company, collectively, as grantor, to Matt Brothers, as trustee, for the benefit of LYNK Investments, a Florida limited liability company, securing an original principal balance of $620,000.00, dated February 18, 2022 and recorded February 24, 2022 as Instrument No. 2022021188 (NOTE: Certificate of Satisfaction dated February 1, 2023 and recorded July 31, 2023 as Instrument No.2023064836 fails to cite the Land in said Certificate).

## As to 2440 S Street, SE, Washington, DC 20020

a)    Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of April 30, 2021 and recorded as Document Number 2021062490 with the District of Columbia Recorder of Deeds on May 6, 2021 [TD Bank, N.A.];

b)    Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034747 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)    Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038502 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)  Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038503 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)  Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022096116 with the District of Columbia Recorder of Deeds on September 20, 2022 [DC Water & Sewer Authority];

f)  Certificate of Delinquent Fines recorded as Document Number 2023022176 with the District of Columbia Recorder of Deeds on March 16, 2023 [DC Department of Buildings];

g)  Notice of Tax Lien recorded as Document Number 2023045650 with the District of Columbia Recorder of Deeds on June 1, 2023 [District of Columbia Department of Health];

h)  Certificate of Delinquent Fines recorded as Document Number 2023090377 with the District of Columbia Recorder of Deeds on October 18, 2023 [DC Department of Buildings];

i)  Notice of Tax Lien recorded as Document Number 2023096369 with the District of Columbia Recorder of Deeds on October 31, 2023 [District of Columbia Department of Health];

j)  Certificate of Delinquent Fines recorded as Document Number 2023102550 with the District of Columbia Recorder of Deeds on November 17, 2023 [DC Department of Buildings];

k)  Certificate of Delinquent Fines recorded as Document Number 2023102551 with the District of Columbia Recorder of Deeds on November 17, 2023 [DC Department of Buildings];

l)  Certificate of Delinquent Fines recorded as Document Number 2024008987 with the District of Columbia Recorder of Deeds on January 30, 2024 [DC Department of Buildings];

m)  Certificate of Delinquent Fines recorded as Document Number 2024047546 with the District of Columbia Recorder of Deeds on May 21, 2024 [DC Department of Buildings];

n)  Memorandum of Lease Agreement recorded as Document Number 2022032024 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC];

o)  Orders entered in the case *Shanta Williams v. 2440 S St SE, LLC* (Case No. 2024-CAB-000482) filed in the Superior Court of the District of Columbia Civil Division. The plaintiff in this case filed a Praecipe of Voluntary Dismissal

dismissing this case without prejudice on April 10, 2025. This case is currently closed; and

p)      UCC-1 Financing Statement recorded as Document Number 2024049312 with the District of Columbia Recorder of Deeds on May 28, 2024 [Capital Venture Trust, LLC];

q)      UCC-1 Financing Statement naming Solo Realty LLC, as debtor, and U.S. Small Business Administration, as secured party, and recorded July 8, 2020 as Instrument No. 2020082055 [U.S. Small Business Administration];

r)      UCC-1 Financing Statement naming 2440 S ST SE LLC, as debtor, and U.S. Small Business Administration, as secured party, and recorded July 28, 2020 as Instrument No. 2020090312 [U.S. Small Business Administration];

s)      Litter Control Administration Act Lien in the amount of $150.00 recorded February 5, 2025 as Instrument No. 2025012811 [Government of District of Columbia Department of Public Works Solid Waste Management Administration];

t)      Litter Control Administration Act Lien in the amount of $500.00 recorded February 5, 2025 as Instrument No. 2025012819 [Government of District of Columbia Department of Public Works Solid Waste Management Administration]; and

u)      Litter Control Administration Act Lien in the amount of $300.00 recorded February 5, 2025 as Instrument No. 2025012829 [Government of District of Columbia Department of Public Works Solid Waste Management Administration].

**As to 4400 Hunt Place, NE, Washington, DC 20019**

a)      Deed of Trust, Security Agreement and Assignment of Leases and Rents, made as of December 30, 2020, and recorded as Document Number 2021001210 with the District of Columbia Recorder of Deeds on January 5, 2021 [TD Bank, N.A.];

b)      Deed of Appointment of Substitute Trustees, made as of April 12, 2024, and recorded as Document Number 2024034743 with the District of Columbia Recorder of Deeds on April 17, 2024 [TD Bank, N.A.];

c)      Notice of Foreclosure Sale of Real Property or Condominium Unit, sent on April 24, 2024, and recorded as Document Number 2024038496 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

d)      Affidavit of Non-Residential Mortgage Foreclosure, dated April 22, 2024, and recorded as Document Number 2024038497 with the District of Columbia Recorder of Deeds on April 25, 2024 [TD Bank, N.A.];

e)      Certificate of Delinquent Water/Sewer Charges recorded as Document Number 2022094428 with the District of Columbia Recorder of Deeds on September 14, 2022 [DC Water & Sewer Authority]; and

f)      Memorandum of Lease Agreement, made and entered into as of March 15, 2022, and recorded as Document Number 2022032062 with the District of Columbia Recorder of Deeds on March 23, 2022 [MED Solar 2, LLC].

15.    <u>Executory Contracts and Unexpired Leases</u>. The Executory Contracts and Unexpired Leases provisions of Article X of the Plan are approved.

a.      With respect to the tenant leases and housing assistance payment contracts to be assumed and assigned to the Purchaser under the Plan, this Confirmation Order constitutes an order of this Court approving such assumption pursuant to Bankruptcy Code sections 365 and 1123 effective as of the Closing of the Sale of the Properties, subject to the Closing of the Sale of the Properties and the provisions in subsection (b) below.

b.      With respect to the tenant leases and housing assistance payment contracts to be assumed and assigned to the Purchaser under the Plan, the Trustee has designated a proposed cure of $0.00, and has provided adequate notice to the non-Debtor counterparties of such proposed cure in the Assumption Motion. Based on the record provided at the Confirmation Hearing and in accordance with this Court's ruling at that hearing, the Assumption Motion is granted, any objections overruled, and the cure amount with respect to each of the tenant lease and housing assistance payment contracts is determined to be $0.00.

c.      On the Effective Date, all other Executory Contracts and Leases that the Debtors executed before the Effective Date will be deemed have been rejected to the extent that these agreements constitute executory contracts or unexpired leases under Bankruptcy

Code section 365. On the Effective Date, this Order will constitute a Court order approving this rejection pursuant to section 365(a) of the Bankruptcy Code.

16.     <u>Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, the Sale of the Properties is exempt from any and all stamp, value-added, transfer, recording and other similar taxes (other than income taxes) and any transfer or recording fees or other similar costs incurred or assessed by any federal, state, local or foreign taxing authority (including interest and penalties, if any) in connection with the Sale or transfer of the Properties.

17.     <u>Payment of Real Estate Commission</u>. The previously approved real estate commission of 4% may be paid to the relator M&M at the Closing without further Order of this Court.

18.     <u>Payment of Closing Costs</u>. The Trustee is authorized to pay at Closing the ordinary, necessary and reasonable costs of Closing, including any real estate taxes, water and sewer, and other utility charges without further order of the Court from the proceeds of Sale.

19.     <u>Calculation of Quarterly U.S. Trustee Fees Upon Sale</u>. While this Plan is a joint plan, each bankruptcy estate will remain responsible for the fees owed under 28 U.S.C. § 1930, until the case is closed, converted, or dismissed, whichever occurs first. Should the Sale close at a total purchase price of $7,550,000.00 for all of the Properties, the Trustee will use the following allocation for purposes of Quarterly U.S. Trustee Fee owed for each case on account of the Sale:

| Debtor Name | Case # | Property Address | Units | Sale Price Allocation |
|---|---|---|---|---|
| 1416 EASTERN AVE NE LLC | 24-00180 | 1416 Eastern Ave., NE Washington, DC 20019 | 6 | $ 387,179.49 |
| 945 LONGFELLOW ST NW LLC | 24-00181 | 945 Longfellow St., NW Washington, DC 20011 | 13 | $ 838,888.89 |
| 2501 NAYLOR RD SE LLC | 24-00182 | 2501 Naylor Rd., SE Washington, DC 20020 | 8 | $ 516,239.32 |
| 4303-13 WHEELER RD SE LLC | 24-00183 | 4305 Wheeler Rd., SE Washington, DC 20032 | 42 | $ 2,710,256.41 |
| 4263 6TH ST SE APARTMENTS | 24-00184 | 4263-67 6th St, SE Washington, DC 20032 | 2 | $ 129,059.83 |
| 4935 NHB AVE NE LLC | 24-00185 | 4935 Nannie Helen Burroughs Ave. NE Washington, DC 20019 | 4 | $ 258,119.66 |
| 3968 MLK LLC | 24-00186 | 3968 Martin Luther King Jr Ave., SE Washington, DC 20032 | 4 | $ 258,119.66 |
| 4010 9TH ST SE LLC | 24-00187 | 4010 9th St., SE Washington, DC 20032 | 12 | $ 774,358.97 |
| 2440 S ST SE LLC | 24-00188 | 2440 S St., SE Washington, DC 20020 | 11 | $ 709,829.06 |
| 4400 HUNT PL NE LLC | 24-00189 | 4400 Hunt Pl. NE Washington, DC 20019 | 15 | $ 967,948.72 |
| | | **TOTALS:** | **117** | **$ 7,550,000.00** |

Should the Sale of the Properties close at a different price, the allocation for purposes of Quarterly Fee calculation will be adjusted accordingly.

20.     <u>Authority to Execute Documents in Connection with Sale</u>. The Trustee shall have the authority and is directed to execute all documents in connection with the sale, including, but not limited to, a deed to convey the Properties.

21.     <u>No Purchaser Liability</u>. Pursuant to sections 105, 363(f), and 1123 of the Bankruptcy Code, no lien, trade, or other creditors of the Debtors whose claims arose in connection with the Properties prior to the Closing of the Sale may assert a claim against the new owner of the properties on the basis that the Purchaser or Back-Up Bidder bought the real estate that the Debtors used to own. Neither the Purchaser nor the Back-Up Bidder will be responsible to make payments that will be owed to creditors under the Plan. The Sale is free and clear of any pre-Closing liens, claims, encumbrances, or interest of any kind. All lien, trade, or other creditors are forever barred and estopped from asserting, prosecuting or otherwise pursuing any pre-closing lien, claim, encumbrance, or interest against the new owner of the Properties on account of claims that arose against the Debtors or Bankruptcy Estates in connection with the properties prior to the Closing of the Sale. Notwithstanding the foregoing, nothing in this Paragraph 21 will release or bar any creditor claims beyond those claims that arose in connection with these Properties prior to the Closing of the Sale authorized by this Order. Nothing in this Paragraph 21 should be interpreted or construed to waive or limit the ability of any government unit to require existing housing code violations on the Properties to be abated post-Closing in accordance with applicable housing law and regulations.

22.     <u>No Successor Liability</u>. The Purchaser is not a "successor" to the Debtors or the estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed

to assume, or in any way be responsible for any liability or obligation of the Debtors or the estates including, but not limited to, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtors or against an insider of the Debtors, or similar liability except as otherwise expressly provided in the Sale Agreement.

23.    <u>Review of the Settlement Statement</u>. The Purchaser or Back-Up Bidder's title company will provide a draft of the settlement statement to T.D. Bank as soon as the statement becomes available for T.D. Bank's review and comment. In no event with the Sale be permitted to Close without T.D. Bank having the opportunity to review and approve the proposed settlement statement and disbursement of funds.

24.    <u>Binding Order re Sale</u>. This Order and the Sale Agreement shall be binding upon and govern the acts of all persons and entities, including without limitation, the Trustee, the Debtors, and the Purchaser, their respective successors and permitted assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Debtors' estates or any trustee appointed in any chapter 7 case if this cases is converted from chapter 11, all creditors of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Properties.

25.    <u>Exculpation.</u> The exculpation provision provided in Article XV(K) of the Plan is replaced and revised as follows:

> Neither the Trustee nor any of his attorneys, agents, or representatives shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of

the Plan or the property to be distributed under the Plan, from the Petition Date
through the Effective Date, except for willful misconduct or gross negligence.

The exculpation provided by the Plan, as modified by this Order, is approved in all respects as set forth in this Order.

26.    <u>Jurisdiction re Sale</u>. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order and the Sale Agreement in all respects and to decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties thereunder or any issues relating to the Sale Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Properties and the assumption and assignment of the tenant leases and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all liens, claims, encumbrances and interests or the attachment of such liens, claims, encumbrances and interests to the Sale proceeds.

27.    <u>Jurisdiction re Case</u>. The Court shall retain jurisdiction over this case to the extent provided for in the Plan.

28.    <u>Injunction Against Interference with the Plan</u>. The injunction against interference provided in Article XV(D) of the Plan is replaced and revised as follows:

To the extent permitted by 11 U.S.C. § 1141, upon the entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former affiliates, employees, agents, professionals, officers, director, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan. Notwithstanding this provision, nothing herein shall be interpreted or construed to waive any governmental unit's right to enforce a police and regulatory power.

The injunctions provided by the Plan, as modified by this Order, are approved in all respects as set forth in this Order.

29.    <u>Effectiveness of this Order</u>. Any stay of this Order including, but not limited to, approval of the Sale of the Transferred Assets provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 4001(a)(3), 6004(h), and 6006(d)) whether for fourteen (14) days or otherwise, is waived so that this Order shall be effective and enforceable immediately upon its entry by the Court.

[END OF ORDER]

CORE/3516991.0007/198993045.1

**I Ask For This:**


*/s/ Bradley D. Jones*
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel:  (202) 572-9903
Fax:  (202) 572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*


**Seen and Agreed:**


*/s/ Philip J. Collins*
Philip J. Collins
Protas, Spivok & Collins, LLC
4330 East-West Highway, Suite 900
Bethesda, Maryland 20814
Tel:  (301) 469-3604
Fax:  (301) 469-3601
*Attorneys for Michael Taylor,*
*The Successful Purchaser*


**Seen and Agreed:**


*/s/ David Lynn*
David Lynn
David E. Lynn, PC
15245 Shady Grove Road, Suite 465 N
Rockville, MD 20850
Tel: (301) 255-0100
davidlynn@verizon.net
*Counsel for Craig London,*
*The Backup Bidder*

**Seen and Agreed:**

*/s/ Michael D. Nord*
Michael D. Nord
Gebhardt & Smith LLP
One South Street
Suite 2200
Baltimore, Maryland 21202
Tel: (410) 385-5072
mnord@gebsmith.com
*Counsel for T.D. Bank, N.A.*

**Seen:**

/s/ *Stephon D. Woods*
Stephon D. Woods
Assistant Attorney General
Commercial Division, Land Acquisition & Bankruptcy Section
Office of the Attorney General for the District of Columbia
400 6th St. NW
Washington, D.C. 20001
Tel:     (202) 442-9882
Stephon.Woods@dc.gov
*Counsel for the District of Columbia*

**Seen:**

/s/ *Kristen S. Eustis*
Kristen S. Eustis
Trial Attorney
Department of Justice
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
Tel:     (703) 557-7227
Kristen.S.Eustis@usdoj.gov
*Counsel for the Acting United States Trustee*
*for Region 4*