Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**MOTION TO EXPEDITE HEARING ON AND SHORTEN TIME TO OBJECT TO
TRUSTEE'S MOTION FOR AUTHORITY TO
<u>EXEUCTE AND RECORD CONFIRMATORY DEED</u>**

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern Ave NE LLC, et al. ("Debtors"), by and through his undersigned attorneys, Stinson LLP, files this *Motion to Expedite Hearing on and Shorten Time to Object to Trustee's Motion for Authority to Execute and Record Confirmatory Deed* (the "Motion to Expedite"), with respect to

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

the *Trustee's Motion for Authority to Execute and Record Confirmatory Deed* (the "Motion"). The Motion seeks relief that is necessary to implement the court approved sale of the Property[2] by curing a clerical glitch and closing the gap in the chain of title of the Property.

**Relief Requested**

1. The Trustee requests that the Court hold a hearing on the Motion on **Thursday, June 5, 2025 at 10:00 am**.

2. Given the nature of the relief sought in the Motion, the Trustee agrees and asks that the need for any party to file a written objection or other response to the Motion, be waived and allow parties to appear and present any arguments against the Motion orally at the expedited hearing.

**The Need for Shortened Time**

3. Rule 9006(c)(1) of the Bankruptcy Rules allows the Court to shorten notice periods. Specifically, Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

4. Good cause exists to shorten the notice period and expedite the hearing pursuant to Rule 9006(c)(1), as any delay in considering the Motion may jeopardize the timely closing of the sale of the Property as required by the Confirmation Order. The Confirmation Order, entered on May 8, 2025, provides in Paragraph 6 that the sale must close within thirty (30) days—on or before June 9, 2025. To ensure compliance with that deadline and to avoid disruption to the closing process, a hearing on the Motion on June 5, 2025, is necessary so that the Court may

---

[2] All capitalized terms not otherwise defined herein shall the meanings assigned to them in the Motion.

CORE/3516991.0007/199575994.1

enter an order granting the requested relief in advance of the closing deadline.

5.  The Trustee requires the execution and recordation of a Confirmatory Deed to cure the administrative error in the April 2021 Deed to correct the inadvertent clerical error. Unless the Trustee is permitted to execute and record the Confirmatory Deed, there is a break or cloud in the chain of title for the Property, resulting in delay in the closing of the sale of the Property.

WHEREFORE, the Trustee requests that the Court grant this Motion for Expedite, hold a hearing on the Motion on June 5, 2025 at 10:00 a.m., that the Court order that the need for written objections or responses to the Motion be waived; and that the Court order such other relief as it deems appropriate and proper.

Dated: June 2, 2025                                  Respectfully submitted,

/s/ Bradley D. Jones
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Tracey M. Ohm, No. 982727
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
tracey.ohm@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for*
*Marc E. Albert, Chapter 11 Trustee*

CORE/3516991.0007/199575994.1

## CERTIFICATE OF SERVICE

      I hereby certify that I did serve a copy of the foregoing on June 2, 2025, electronically via the Court's ECF system, with a copy sent via email to all parties providing one on any filed Proof of Claim, including:

- TD Bank: felipe.lozano@td.com
- DC Government Office of Tax and Revenue: angela.coleman@dc.gov
- Lena Carter-Camara: lcamara_64@yahoo.com
- DC Water and Sewer Authority: custserv@dcwater.com
- Pepco: pepcocredit@exeloncorp.com
- Washington Gas: angela.brown@washgas.com
- Jacia Garris: misswashington73@gmail.com
- Tevin Jackson: jaquanna469@gmail.com
- Shanique Swan: sdswan77@gmail.com

                                              */s/ Bradley D. Jones*
                                              Bradley D. Jones