Bradley D. Jones, No. VA68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | )<br>)<br>) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*,[1] | ) Chapter 11 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**TRUSTEE'S EMERGENCY MOTION TO
COMPEL PINNACLE TITLE & ESCROW, INC. TO CLOSE PROPERTY
SALE AND TO AUTHORIZE THE TRUSTEE TO HOLD FUNDS IN ESCROW**

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern NE LLC, *et al.* ("Debtors"), by and through his undersigned attorneys, Stinson LLP, hereby files this emergency motion for entry of an order (i) authorizing the Trustee to proceed to the closing of the sale of properties as contemplated by the confirmed chapter 11 Plan; and (ii) authorizing the Trustee to escrow funds related to the D.C. Department of Buildings and Washington Gas, which are subject to a priority dispute with the senior secured lender, T.D. Bank, which asserts that some

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

or all of the payoff amounts are behind the Bank's security interest. In support, the Trustee states as follows:

## BACKGROUND

1.  The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. 64].

2.  The case involves ten multifamily apartment buildings in the District of Columbia that were affiliated with Ali "Sam" Razjooyan. The properties suffered significant mismanagement and have significant housing code violations affecting the safety and health of the residents.

3.  Shortly into the case, on June 20, 2024, the United States Trustee filed a Motion for the Appointment of a Chapter 11 Trustee and alternative relief. [Dkt. No. 28]. The U.S. Trustee sought a Trustee due to alleged false and fraudulent testimony allegedly made by Mr. Razjooyan, the sudden withdrawal of the Debtors' counsel in the course of a contested hearing on pending sales motions, and the U.S. Trustee's claim that the Mr. Razjooyan presented forged certificates of insurance to the Office of the United States Trustee, in addition to other improprieties.

4.  Following a contested hearing, the Court directed the appointment of a Chapter 11 Trustee. [Dkt. No. 61].

5.  On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Debtors' estates.

6.  Each of the ten jointly administered Debtors is a single asset real estate entity owning a 100 percent fee simple interest in a corresponding multifamily apartment complex

2

located in the District for Columbia. The Debtors rent apartments to low income tenants, many of whom receive housing subsidies through various federal and state voucher programs. Address for the Debtor properties are as follows:

a) 1416 Eastern Avenue Northeast, Washington, DC 20019 (6 Units)

b) 945 Longfellow Street Northwest, Washington, DC 20011 (13 units)

c) 2501 Naylor Road Southeast, Washington, DC 20020 (8 units)

d) 4301-4313 Wheeler Road Southeast, Washington, DC 20032 (42 units)

e) 4263-67 6th Street Southeast, Washington, DC 20032 (2 units)

f) 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019 (4 units)

g) 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032 (4 units)

h) 4010 9th Street Southeast, Washington, DC 20032 (12 units)

i) 2440 S Street Southeast, Washington, DC 20020 (11 units)

j) 4400 Hunt Place Northeast, Washington, DC 20019 (15 units)

(collectively, the "Properties").

7. There are limited rents and available funds for the Properties. The Trustee, through his property management company, has been able to utilize such funds to generally maintain the status of the Properties to date, but does not possess sufficient cash on hand to invest into the Properties to fully rehabilitate their condition. Maintaining the condition at the Properties is likely only achievable for a limited time. The Trustee will likely run out of available monies to maintain operations at the end of this month (June 2025).

8. On March 5, 2025, the Trustee entered into a Purchase Agreement ("Purchase Agreement") with a proposed purchaser, Craig London (the "Purchaser"), providing for a portfolio sale of all ten Properties for a proposed purchase price of $7,020,000.00. In support of that sale,

Mr. London provided a deposit of $1,200,000.00 (the "Stalking Horse Deposit"), which is being held by the Trustee.

9. On March 21, 2025, the Trustee filed a proposed chapter 11 plan (the "Plan"), under which the Properties would be sold (the "Sale"), any liens senior to T.D. Bank's lien would be paid, a carve out would be provided to pay administrative professional fees and United States Trustees fees, and the remainder of funds paid to T.D. Bank on account of its secured claim. [Dkt. No. 132].

10. The Trustee has authority to use cash collateral, but that authority expires at the end of June 2025. *See* [Dkt. No. 143-1].

11. The Trustee has had to expend significant unanticipated funds to secure and stabilize the Properties, including hiring armed security guards to discourage additional shootings on two of the Properties, as well as to install physical entry barrier to limit unauthorized access on the Properties.

12. Should the sales not timely close by the end of this month, there is a significant risk of administrative insolvency.

13. As a result of the need for an expeditious sale of the Properties, the Bankruptcy Court entered an order combining the hearing on the Disclosure Statement and Plan and expediting the applicable timelines. [Dkt. No. 140].

14. A confirmation and sale hearing was held on April 29, 2025 at 10:00 a.m. [Dkt. No. 158]. A competing bid for the purchase of the properties was provided by Michael Taylor at a total purchase price of $7,550,000.00 (the "Purchase Price") with Mr. Taylor providing a deposit of $750,000.00 (the "Purchaser Earnest Money Deposit"). Mr. Taylor testified about his ability, willingness to close, and fitness as a purchaser in support of his bid. The Trustee accepted Mr.

Taylor's bid as the highest and best bid, entitling Mr. London to a break-up fee of $250,000.00 (the "Break-Up Fee") from the proceeds of sale when the sale to Mr. Taylor closes.

15. A Confirmation Order was entered on May 8, 2025. [Dkt. No. 161].

16. The Confirmation Order "authorized and directed to sell and transfer the Properties free and clear of all Liens, Claims and Encumbrances, with such Liens, Claims and Encumbrances transferring to and attaching to the proceeds of such sale in the same priority as they attached to the Properties." [Dkt. No. 161, ¶14].

17. The Confirmation Order included deadlines and requirements to ensure the sale would close.

18. The Confirmation Order also contained a paragraph to provide T.D. Bank with the opportunity to review the settlement statement and disbursement of funds at closing. That paragraph provided:

> Review of the Settlement Statement. The Purchaser or Back-Up Bidder's title company will provide a draft of the settlement statement to T.D. Bank as soon as the statement becomes available for T.D. Bank's review and comment. In no event wi[ll] the Sale be permitted to Close without T.D. Bank having the opportunity to review and approve the proposed settlement statement and disbursement of funds.

[Dkt. No. 161, ¶23].

19. The Bankruptcy Court retained jurisdiction to resolve any disputes related to the sale and Confirmation Order. [Dkt. No. 161, ¶26].

20. The Trustee, in consultation with the Purchaser has agreed to close the sale on Friday, June 13, 2025. The Trustee is prepared to proceed to Closing.

21. The Purchaser selected Pinnacle Title & Escrow, Inc. ("Pinnacle") as its Title Company.

22. In support of the sale, Pinnacle has prepared pro forma settlement statements (the "Settlement Statements") for each of the ten Properties. Copies of the Settlement Statements, with the payments at issue in this motion highlighted in yellow, are attached as **Exhibit A**.

23. In preparing the Settlement Statements, Pinnacle has identified all payment obligations at issue with respect to the Properties and included the payoffs on the Settlement Statements.

24. However, Pinnacle was unable or uncomfortable with determining the priority of these payment obligations with respect to T.D. Bank's secured debt.

25. As a result, Pinnacle placed all of the potential payment obligations related to the Properties on the Settlement Statements regardless of whether the obligation was unsecured or lower in priority than T.D. Bank's senior security interest.

26. This is inconsistent with the Chapter 11 Plan and results in effectively subordinating T.D. Bank's secured interest to lower-priority creditors.

27. T.D. Bank will not consent to such treatment.

<u>District of Columbia Priority Issues</u>

28. The District of Columbia calculates total fines and infractions owed to the City with respect to these Properties in the amount of $1,397,537.22.

29. Amounts payable to the District of Columbia as a result of a final order imposing fines and infractions are a continuing and perpetual lien against the property of the person fined under District of Columbia Law. *See* D.C. Code § 2-1802.03(i)(1).

30. However, the priority of that lien vis-à-vis other creditors, such as the Bank here, depends on whether a notice was filed with the Recorder of Deeds. D.C. Law provides that:

> The lien shall have priority over all other liens, except liens for District taxes and District water charges. The lien shall be satisfied by payment of the amount of the

6

>   lien to the agency that issued the final order; **provided, that the lien shall not be valid as against a bona fide purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice by filing in the Recorder of Deeds**.

D.C. Code Section 2-1802.03(i)(3) (emphasis added).

31. T.D. Bank has a valid security interest. The Bankruptcy Trustee has the status of a hypothetical bona fide purchaser for value pursuant to 11 U.S.C. § 544(a)(3).

32. Here, for the vast majority of the fines and infractions issued by the Distract with respect to these Properties, the District does not appear to have filed a Notice filed with the Recorder of Deeds—though some notices were filed.

33. As a result, many of the fines and infractions at issue are not subject to a valid lien as against T.D. Bank and/or are avoidable by the Trustee.

34. The internal records of the District of Columbia reflect that a significant number of the Notices of Infraction, giving rise to the purported $1,397,537.22 liability are in fact unsecured according to the District's records. The District provided the Trustee and T.D. Bank with a spreadsheet summarizing the Department of Buildings Case Numbers related to the Properties. A true copy of the portion of the spreadsheet summarizing infractions and lien status is attached as **Exhibit B**.

35. In that spreadsheet, the Department of Buildings has identified eight DOB liens, providing the Lien Filed Date. For thirty-two other DOB case numbers, the District's spreadsheet identifies the fine or Special Assessment as "UNSECURED."

36. In addition to the identified DOB cases, the Trustee is aware that there are notices of infraction that have not been adjudicated, many of which were never served on the Trustee or the management company. Because there appear to be no DOB Case Numbers or judgments, any pending or un-adjudicated building code infractions do not appear to give rise to a lien. Under D.C.

Law before a lien can arise under D.C. Code Section 2-1802.03(i)(1), a final order imposing a civil fine must be entered by an administrative law judge or attorney examiner pursuant to D.C. Code Section 2-1802.03(e).

37. The records provided by the District of Columbia do not establish what amount of the $1,397,537.22

38. As a result, there is a genuine dispute over whether the amounts shown on the Settlement Statement are payable ahead of T.D. Bank's secured lien.

<u>Washington Gas Priority Issues</u>

39. Pinnacle's Settlement Statement includes $16,841.43 to Washington Gas with respect to the payoff of 945 Longfellow and $24,815.92 with respect to the payoff of 4010 9th Street, SE.

40. Washington Gas did file proofs of claim in the Bankruptcy Cases involving those two properties. *See* [Case No. 24-181, Claim 5-1 and Claim 6-1; Case No. 24-187; Claim 6-1]. However, Washington Gas's claims for both properties were filed as general unsecured claims.

41. As a result, there is a discrepancy between the filed proof of claim and the purported payoff, suggesting the treatment in the payoff may not be accurate.

42. A copy of a Recorded Statement of Lien for 4010 9th Street, that was shown as recorded on April 22, 2024[2] was provided to Pinnacle by Erin K. Voss as Agent for Washington Gas & Light Company to Pinnacle.

43. However, any such lien would be junior to the Secured Lien of T.D. Bank, whose debt is secured by a Deed of Trust that was recorded at the Washington D.C. Recorder of Deeds on August 31, 2022.

---

[2] The recording date is within the preference period.

8

44. As a result, there is a genuine dispute regarding whether Washington Gas is entitled to payment.

45. The Title Company is aware of the dispute but reports that, even if Washington Gas's lien is junior to T.D. Bank's lien that it is not able to close the transaction without the funds being escrowed because Washington Gas is a utility.

46. The Trustee believes the funds should be escrowed to ensure that payment to the appropriate party in the appropriate amount is made.

The Court Should Order the Disputed Amounts
Escrowed by the Trustee and Require the Sale to Close

47. The purpose of Bankruptcy is to provide for the organized, Court supervised payment of debts in accordance with the priority competing creditors are entitled to receive.

48. The Sale of the Properties need to close but the Court does not need to untangle the priority of the competing claims today.

49. The Trustee proposes that the Sale be permitted to close, the proceeds of Sale paid to the Trustee, and the disputed amounts related to the District of Columbia and Washington Gas payments will be held by the Trustee in escrow, pending further Court Order.

50. The interests of Washington Gas and the District of Columbia are adequately protected because the same amount of funds they would have received from the Sale will be held by the Trustee pending a determination of their entitlements. T.D. Bank's interest in its collateral is adequately protected because if its secured lien is in fact senior to Washington Gas or the District of Columbia in all or some of the escrowed Sales Proceeds at issue, T.D. Bank will receive these proceeds.

51. The Trustee has sought to resolve this issue consensually and will endeavor to reach an agreement with T.D. Bank, Pinnacle, the District of Columbia, and Washington Gas with

respect to this matter. The District of Columbia has advised they may have a response to the Trustee's proposal to escrow the funds by noon tomorrow. Should a consensual agreement be reached, the Trustee will promptly inform the Court.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

a. Granting the Motion;

b. Authorizing the Trustee to escrow funds shown on the Settlement Statements as owed to the D.C. Government and Washington Gas, which are subject to a priority dispute with the senior secured lender, T.D. Bank;

c. Require Pinnacle Title & Escrow, Inc. to transmit the proceeds of sale and the amounts highlighted on Exhibit A as in dispute to the Trustee and requiring the Trustee to hold the funds received in those amounts in escrow. The escrowed funds will be held pending further order of the Court or until a written agreement of the D.C. Government and/or Washington Gas is reached with respect to the escrowed funds at issue;

d. Compel Pinnacle Title & Escrow, Inc. to close the sale of the Properties in accordance with the terms of an Order.

Dated: June 12, 2025

Respectfully submitted,

*/s/ Bradley D. Jones*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Chapter 11 Trustee*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 12, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby. A copy was also served by electronic mail on the following:

Michael Nord
mnord@gebsmith.com
*Counsel for T.D. Bank, N.A.*

Nancy Alper
nancy.alper@dc.gov
Stephon Woods
stephon.woods@dc.gov
*Counsel for the District of Columbia*

Erin K. Voss
erin@naglezaller.com
Angela Brown
angela.brown@washgas.com
*Counsel for Washington Gas & Light Company*

Marie Krug
MKrug@pinnacletitle.com
Pamela Bank, Registered Agent
pamelafbanks@gmail.com
*Pinnacle Title & Escrow, Inc.*

Phillip Collins
pcollins@psclaw.net
*Counsel for the Purchaser*

David Lynn, Esq.
davidlynn@verizon.net
*Counsel for the Back-Up Bidder*

Kristen S. Eustis
Kristen.S.Eustis@usdoj.gov
*Counsel for the Acting U.S. Trustee for Region 4*

        */s/ Bradley D. Jones*
        Bradley D. Jones