Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re:<br><br>1416 Eastern Ave NE LLC, *et al.*,[1]<br><br>      Debtors. | Case No. 24-00180-ELG<br>Chapter 11<br>Jointly Administered |

**MOTION TO EXPEDITE HEARING ON AND SHORTEN
TIME TO OBJECT TO TRUSTEE'S EMERGENCY MOTION TO
COMPEL PINNACLE TITLE & ESCROW, INC. TO CLOSE PROPERTY
SALE AND TO AUTHORIZE THE TRUSTEE TO HOLD FUNDS IN ESCROW**

Marc E. Albert, the chapter 11 trustee ("Trustee") of the bankruptcy estates of 1416 Eastern Ave NE LLC, *et al.* ("Debtors"), by and through his undersigned attorneys, Stinson LLP, files this motion to expedite ("Motion to Expedite") a hearing on the Trustee's *Emergency Motion to Compel Pinnacle Title & Escrow, Inc. To Close Property Sale and to Authorize the Trustee to Hold Funds in Escrow* (the "Motion to Escrow Funds").

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

The Motion to Escrow Funds seeks relief that is necessary to implement the court approved sale of the Property[2] by escrowing from the proceeds of sale, pending resolution of a dispute regarding relative lien priorities between T.D. Bank, N.A.; Washington Gas; and the District of Columbia. Allowing the funds in dispute ("Disputed Funds") to be escrowed and requiring the parties to close will enable the Sale to be completed. This relief will also ensure that disputed funds are paid to the creditor entitled to receive the payment in accordance with their lien priority and the terms of the Confirmed Plan.

The Sale is scheduled for June 13, 2025 and the Estate will suffer irreparable harm if the Sale does not promptly close. The Bankruptcy Estate's authorization to use cash collateral expires at the end of June 2025. [Dkt. No. 143]. The costs of operating the Properties exceed the rents they are able to generate. As a result, the failure to promptly close is likely to result in an administrative insolvency or the failure of the Confirmed Plan. The Properties at issue in this case are tenanted multifamily properties with residence facing ongoing health and safety risks. The Properties have faced security challenges, which has required the Trustee to hire armed security guards to maintain order. But the Trustee does not have sufficient funds to maintain that protection further. In addition, the Trustee is holding a security deposit of $1,200,000.00 for the Back-Up Bidder. The Back-Up Bidder will be harmed if the Sale is delayed and those funds are released in connection with a prompt closing of the Sale.

**Relief Requested**

1. The Trustee requests that the Court hold a hearing on the Motion the afternoon of **Friday, June 13, 2025**. The Sale is scheduled to close on Friday, June 13, 2025.

2. Given the nature of the relief sought in the Motion, the Trustee agrees and asks

---

[2] All capitalized terms not otherwise defined herein shall the meanings assigned to them in the Motion.

2

that the need for any party to file a written objection or other response to the Motion, be waived and allow parties to appear and present any arguments against the Motion orally at the expedited hearing. The Trustee consents to a hearing by Zoom in accordance with this Court's procedures.

**The Need for Shortened Time**

3. Rule 9006(c)(1) of the Bankruptcy Rules allows the Court to shorten notice periods. Specifically, Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

4. Good cause exists to shorten the notice period and expedite the hearing pursuant to Rule 9006(c)(1), as any delay in considering the Motion may jeopardize the timely closing of the sale of the Property as required by the Confirmation Order. The Confirmation Order, entered on May 8, 2025, provides in Paragraph 6 that the sale must close within thirty (30) days—on or before June 9, 2025. To ensure compliance with that deadline and to avoid disruption to the closing process, a hearing on the Motion on June 5, 2025, is necessary so that the Court may enter an order granting the requested relief in advance of the closing deadline.

5. The Trustee requires the execution and recordation of a Confirmatory Deed to cure the administrative error in the April 2021 Deed to correct the inadvertent clerical error. Unless the Trustee is permitted to execute and record the Confirmatory Deed, there is a break or cloud in the chain of title for the Property, resulting in delay in the closing of the sale of the Property.

WHEREFORE, the Trustee requests that the Court grant this Motion for Expedite, hold a hearing on the Motion on June 5, 2025 at 10:00 a.m., that the Court order that the need for written

objections or responses to the Motion be waived; and that the Court order such other relief as it deems appropriate and proper.

Dated: June 12, 2025                                        Respectfully submitted,

*/s/ Bradley D. Jones*
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Chapter 11 Trustee*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby. A copy was also served by electronic mail on the following:

Michael Nord
mnord@gebsmith.com
*Counsel for T.D. Bank, N.A.*

Nancy Alper
nancy.alper@dc.gov
Stephon Woods
stephon.woods@dc.gov
*Counsel for the District of Columbia*

Erin K. Voss
erin@naglezaller.com
Angela Brown
angela.brown@washgas.com
*Counsel for Washington
Gas & Light Company*

Marie Krug
MKrug@pinnacletitle.com
Pamela Bank, Registered Agent
pamelafbanks@gmail.com
*Pinnacle Title & Escrow, Inc.*

Phillip Collins
pcollins@psclaw.net
*Counsel for the Purchaser*

David Lynn, Esq.
davidlynn@verizon.net
*Counsel for the Back-Up Bidder*

Kristen S. Eustis
Kristen.S.Eustis@usdoj.gov
*Counsel for the Acting
U.S. Trustee for Region 4*

　　　　　　　　　　　　　　　　　*/s/ Bradley D. Jones*
　　　　　　　　　　　　　　　　　Bradley D. Jones