Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**APPLICATION FOR APPROVAL OF
COMPENSATION FOR CHAPTER 11 TRUSTEE'S COUNSEL FOR
THE PERIOD FROM APRIL 1, 2025 THROUGH JULY 16, 2025**

Stinson LLP ("Stinson"), counsel for Marc E. Albert (the "Trustee"), the Chapter 11

Trustee for the bankruptcy estates of 1416 Eastern Ave NE LLC, *et al.* (the "Debtors"), hereby

applies for the allowance and payment of fees and expenses incurred for the period from April 1,

2025 through July 16, 2025 (the "Application Period"), and in support thereof, respectfully states

as follows:

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184- ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

## I.      BACKGROUND

The Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date").  The Debtors' cases are jointly administered, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [ECF No. 64].

Each of the Debtors is named for residential multi-family real property that it owns, and the business of each Debtor is multi-family rental housing.  The locations of the residential multi-family real property buildings for the Debtors are as follow:

- 1416 Eastern Avenue Northeast, Washington, DC 20019
- 945 Longfellow Street Northwest, Washington, DC 20011
- 2501 Naylor Road Southeast, Washington, DC 20020
- 4301-4313 Wheeler Road Southeast, Washington, DC 20032
- 4263-67 6th Street Southeast, Washington, DC 20032
- 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019
- 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032
- 4010 9th Street Southeast, Washington, DC 20032
- 2440 S Street Southeast, Washington, DC 20020
- 4400 Hunt Place Northeast, Washington, DC 20019

(collectively, the "Properties").

On July 24, 2024, this Court entered an order approving appointment of Marc E. Albert as Chapter 11 trustee of the Debtors' estates. [ECF No. 71].  Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for each of the ten Debtors' estates. The Trustee is operating the apartment rental businesses at each Property while evaluating and marketing the Properties for sale. The Trustee intends to sell the properties through a confirmed chapter 11 plan. On March 21, 2025, the Trustee filed the *Trustee's Joint Chapter 11 Plan of Liquidation* [ECF No. 132] (the "Plan") and the Disclosure Statement [ECF No. 133] (the "Disclosure Statement"). On May 8, 2025, the Court entered the *Order Approving Disclosure Statement With Respect To Trsutee's Plan of Liquidation and Confirming Trustee's Plan of Liquidation* [ECF No. 161] (the "Confirmation Order"). The sale of the Properties closed on June 24, 2025. The Trustee filed a

*Report of Sale* on June 27, 2025 [ECF No. 179]. On June 27, 2025, the Trustee filed a *Notice of Effective Date of the Trustee's Joint Plan of Liquidation* [ECF No. 180]. The Plan went into effect on June 25, 2025.

On August 8, 2024, the Trustee filed the *Application to Retain Stinson LLP as Counsel for Chapter 11 Trustee Pursuant to 11 U.S.C. § 327 and Notice of Opportunity to Object* [ECF No. 78] (the "Retention Application").

On August 27, 2024, the Court entered the *Order Granting Application to Authorize Retention of Stinson LLP as Counsel for Marc E. Albert, Trustee* [ECF No. 85] (the "Retention Order").

## II.     SERVICES RENDERED

Attorneys have continued to represent the Trustee with respect to all aspects of these jointly administered cases. During the period covered by this application, Attorneys engaged in frequent communications with the Trustee's property management company concerning the operational status of the Properties, and coordinated with the management company, the District of Columbia Office of the Attorney General, the prospective purchaser, and the secured lender regarding implementation of a security plan for the Properties.

Attorneys focused significant efforts on the confirmation process during this period, including preparing and revising the proposed confirmation order, drafting and filing the memorandum of law in support of confirmation, and preparing and filing declarations from the Trustee and the real estate brokers in support of confirmation. Attorneys also prepared witnesses and exhibits for the confirmation hearing, addressed objections and concerns raised by the District of Columbia, and successfully obtained confirmation of the Chapter 11 Plan.

Following confirmation, Attorneys assisted in facilitating the closing of the sale of the Properties. This work included reviewing the closing checklist and requirements, addressing closing-related communications, and handling an emergency motion and hearing to cure a title issue that arose shortly before the scheduled closing date. Attorneys also filed an additional emergency motion and appeared at hearing to compel the title company to proceed with the closing. After the sale successfully closed, Attorneys assisted in preparing and filing the report of sale closing and the notice of the Plan's effective date.

These services are broken down into several categories as follows:

A.    **General/Case Administration**

Attorneys represented the Trustee and assisted in general matters associated with the administration of the case. In the course of the representation, Attorneys corresponded with the Trustee regarding various aspects of the jointly administered cases and provided information to the Trustee at his request. During the application period, Attorneys coordinated with the Trustee's property management company regarding the implementation of a security plan for certain properties experiencing squatter issues. Attorneys also reviewed and compared the Properties' payables against the approved budget and provided the Trustee with an analysis to assist in financial oversight and planning.

Attorneys prepared and reviewed Monthly Operating Reports for each of the ten cases and responded to related Trustee inquiries. Additionally, Attorneys conducted an analysis of administrative fees and the Trustee's commission, prepared a comparative chart tracking these amounts against the carve-out cap, and provided the Trustee with a detailed summary.

Attorneys also handled the preparation and filing of the certificates of service for the Plan, Disclosure Statement, ballots, and related order [ECF Nos. 144, 146, and 147] and *Supplemental Certificate of Service Regarding Hand Delivery of Motion to Teant Units* [ECF No. 147]. Further,

Attorneys communicated with the secured lender to obtain cash collateral approval for necessary plumbing repairs and installation of security doors. Attorneys also coordinated the drafting of estate checks and facilitated their delivery to the Trustee for execution.

Attorneys also periodically responded to inquiries and provided updates on the status of the Properties to the Office of the U.S. Trustee, as well as other interested parties.

**B.      Asset Analysis and Recovery**

During the Application Period Attorneys assisted the Trustee with investigating the Housing Assistance Program payments and communicating related information with Greater Washington Urban League ("GWUL").

**C.      Asset Disposition/Real Estate**

Throughout these cases, the Trustee has sought to maintain, protect, and ultimately sell the Properties through a confirmed Chapter 11 Plan. During the Application Period, Attorneys focused significant efforts on supporting the Trustee in finalizing the sale and achieving a successful closing.

To help preserve estate value, Attorneys assisted the Trustee in addressing ongoing security concerns at certain properties. This included negotiating with the secured creditor to obtain approval for implementing property-specific security measures such as installing security doors and retaining security guards. Attorneys also coordinated with the Trustee's realtors and interested parties to maximize value, including filing *Trustee's Notice of Competing Bid* [ECF No.156]. Attorneys also assisted the Trustee in analyzing competing bids and determining the highest and best offer for the Properties, which ultimately formed the basis for the confirmed sale.

Following confirmation of the Chapter 11 Plan, Attorneys worked diligently to move the transaction toward closing on an expedited basis. When a title issue related to one of the Properties

surfaced just prior to the scheduled closing, Attorneys prepared and filed *Trustee's Motion for Authority to Execute and Record Confirmatory Deed* [ECF No. 168] and the *Motion to Expedite Hearing on and Shorten Tiem to Object to Trustee's Motion for Authority to Execute and Record Confirmatory Deed* [ECF No. 169]. Attorneys also worked closely with the title company to resolve the issue and keep the closing on track.

In the days leading up to closing, the title company raised concerns over how to allocate and prioritize certain payment obligations on the settlement statements, including items that were unsecured or junior in priority to the secured creditor's lien. Because the secured creditor did not consent to that treatment, Attorneys assisted the Trustee in filing *Trustee's Emergency Motion to Compel Pinnacle Title & Escrow, Inc. to Close Property Sale and Authorize the Trustee to Hold Funds in Escrow* [ECF No. 174] and the *Motion to Expedite Hearing on and Shorten Time to Object to Trustee's Emergency Motion to Compel Pinnacle Title & Escrow Inc. to Close Property Sale and to Authorize the Trustee to Hold Funds in Escrow* [ECF No. 175]. The Court granted the motions, allowing the Trustee to proceed and successfully close the sale of the Properties on June 24, 2025.

After the close of the sale, Attorneys assisted in filing the *Chapter 11 Trustee's Report of Sale* [ECF No. 179] and the *Notice of Effective Date of Trustee's Joint Plan of Liquidation* [ECF No. 180], marking a significant milestone in the administration of the estate.

### D.    <u>Employment and Fee Applications</u>

During the Application Period, Stinson prepared the *First Interim Application for Approval of Compensation for Chapter 11 Trustee's Counsel for the Period from July 22,2024 Through March 31, 2025* [ECF No. 149] (the "First Fee App") and *Trustee's First Application for Interim Allowance of Compensation* [ECF No. 150] (the "Trustee's Interim Fee App"). The Court entered

an order approving Attorneys' First Fee App [ECF No. 165] and an order approving the Trustee's Interim Fee App [ECF No. 166] on May 14, 2025.

Stinson also took time to prepare this application for compensation for its services to the Trustee.

### E.    Assumption/Rejection of Leases and Contracts

In order to facilitate sale of the Properties through the Plan to the proposed purchaser, Attorneys previously filed *Trustee's Omnibus Motion for Entry of an Order (I) Authorizing Assumption and Assignment of Residential Leases in Connection with Sale of Real Property Pursuant to 11 U.S.C. § 365, (II) Fixing Cure Amounts, and (III) Granting Related Relief,* which was filed on March 25, 2025 [ECF No. 137] (the "Assumption Motion"). During this Application Period, Attorneys prepared for and attend the hearing on this Lease Assumption Motion on April 29, 2025. The Court granted an order approving the Assumption Motion [ECF No. 161].

### F.    Other Contested Matters

During the Application Period, Attorneys prepared a stipulation with the Office of the United States Trustee regarding the calculation and payment of quarterly fees in connection with the 2501 Naylor Rd SE, LLC case (Case No. 24-00182).

### G.    Business Operations & Financing/Cash Collections

During the Application Period Attorneys engaged in a significant amount of correspondence with Noble Realty Advisors ("Noble"), the Trustee's employed property management company for the Properties, to monitor and ensure that health and safety issues were being adequately addressed and that the Trustee was being adequately informed of the operational status of the Properties. Attorney further worked to monitor and provide the Trustee with information related to the delivery of funds by the Trustee to Noble for use in the Property

operations and adherence to the parameters of the approved cash collateral budgets. Attorneys

further assisted the Trustee and Noble with monitoring and investigating the status of delivery of

Housing Assistance Payments representing a majority of the operational income for the Properties

to the Trustee and engaging in correspondence with agencies and organizations responsible for

delivering those payments.

      **H.**     **Plan and Disclosure Statement**

During the Application Period, Attorneys continued to represent the Trustee in connection

with the Chapter 11 Plan confirmation process. Attorneys filed the *Chapter 11 Ballot Summary*

[ECF No. 154] and reviewed *Objection of the District of Columbia to the Trustee's Joint Plan of*

*Liquidation* [ECF No. 152]. In response, Attorneys assisted in drafting and filing the *Trustee's*

*Memorandum in Support of Confirmation* [ECF No. 155], which included declarations from the

Trustee and the estate's realtors in support of Plan confirmation.

In preparation for the confirmation hearing, Attorneys prepared a witness and exhibit list

[ECF No. 157], coordinated with the Trustee and relevant professionals, and prepared to address

the District's outstanding concerns. Attorneys attended the confirmation hearing on April 29, 2025,

and successfully obtained confirmation of the Trustee's Chapter 11 Plan.

**III.**    **PRIOR APPLICATIONS FOR COMPENSATION**

This is the second interim application for compensation for Stinson.

**IV.**    **INFORMATION REQUIRED BY RULE 2016**

As required by Federal Rule of Bankruptcy Procedure 2016, Stinson discloses that they

have not received a retainer.[2] No other compensation was promised except for compensation on

---

[2] Although Stinson has not received a retainer and is not holding any funds in the firm's IOLTA Accounts for these cases, the Trustee has established a separate Trustee account for the jointly-administered cases to hold funds for later payment of the estates' professional fees, and has transferred funds from the Trustee's other accounts established for the individual cases into this account based on the agreed $2,500/month/case amount provided for in the Carve Out

an hourly basis for services performed as set forth herein, and limited by the terms of the negotiated

Carve Out for administrative fees with TD Bank. *See infra.*, at Sec. V.D. No compensation

received has been shared. There is no understanding between Stinson and any other entity for the

sharing of compensation received or to be received for services rendered in or in connection with

this case, except to the extent that the Carve Out provides a total cap on fees to Attorneys and

commission that may be due and payable to the Trustee.

### V.      VALUE OF SERVICES

#### A.      <u>Computation of Value</u>

The services rendered were important, necessary, valuable, constructive, positive and

reasonable, and were all rendered with the objective of assisting the Trustee in administering the

estates and assisting the Trustee to advise the Debtors in working towards confirming a workable

plan of liquidation. The expenses incurred in Stinson's representation of the Trustee were

reasonable and necessary.

The fees charged and expenses advanced by Stinson during this application period are:

| <u>Fees</u> | <u>Expenses</u> |
|---|---|
| **$196,198.50 (voluntarily reduced from $214,366.50)** | **$1,667.09** |

A summary of all services rendered by the professionals in this matter is attached hereto as

**Exhibit A.** Copies of the records of the time entries made by all of the professionals rendering

service to the Trustee are attached hereto as **Exhibit B**. Attorney time marked as "NB" has not

been billed or included in Attorneys' requested compensation.  Attorneys have voluntarily reduced

---

and the agreed cash collateral budgets, and only to the extent the existing funds in each account were, in the
Trustee's business judgment, sufficient to maintain operations. Presently, the Trustee maintains $7,614.01 in this
account.

their fees for the application period by $18,168.00, for total compensation sought in this application for Attorneys totaling $196,198.50.

### B.    Identification of Professionals Rendering Service

Services were rendered by Bradley Jones (at $575.00/hour), Joshua Cox (at $530.00/hour), Ruiqiao Wen (at $475.00/hour), Austin Diehl (at $385.00/hour), and Edward Jeong (at $385.00/hour). Stinson LLP routinely increases the hourly rates of its attorneys on December 1 of each year.

### C.    Billing Discretion

It has been the normal practice of Stinson in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although the billing records will not reflect the amounts reduced or not billed by this Application, Stinson is attempting to provide the Court with a narrative description of such items.

For example, it is rare for Stinson to bill the Trustee for any time spent reading incoming correspondence. The time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action.   Attorney time marked as "NB" has not been billed or included in Attorneys' requested compensation.  Attorneys have voluntarily reduced their fees for the application period by $18,168.00, for total compensation sought in this application for Attorneys totaling $196,198.50.

### D.    Carve Out Fee Arrangement Capping Payment

At the outset of the Trustee's involvement in these cases upon his appointment, it became clear to the Trustee that the likely sale price for the Properties would be significantly less than the

secured debt owing to TD Bank. As a result, the Trustee sought agreement with TD Bank concerning the handling of administrative expenses associated with the bankruptcy cases, including the Trustee's professional fees for Stinson as his legal counsel and the Trustee's commission pursuant to 11 U.S.C. § 326. Following a period of negotiation, the Trustee and TD Bank reached agreement providing for a carve-out by TD Bank of its secured collateral for these expenses under certain restrictions (the "Carve Out"). This Carve Out has been presented in the Trustee's Plan. *See Plan*, Sec. VI.D [ECF Dkt.132]. Under the terms of the Carve Out, the Trustee and his counsel have agreed to cap the combined payment for the Trustee's commission and the legal fees and expenses of Stinson up to a limit of $372,760.44, plus $2,500.00 for each case and Property for each month in which the Trustee is in operation of the Properties to the sale closing date ($25,000 per month across all Debtors). Thus, while Stinson is seeking approval of the full amount of the fees and expenses sought in this application as an administrative claim of the estate, payment towards any approved compensation to Stinson will be subject to the payment limitations provided for in the Carve Out.

## VI.    EVALUATION STANDARDS

Standard for evaluation of approval of services to a chapter 11 trustee is based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), and adopted in this Circuit in *In re AOV Industries, Inc.*, 797 F.2d 1004 (D.C. Cir. 1986), and based upon the "Guidelines," as discussed in detail herein below:

**A.    <u>Skill Required to Perform the Services Properly</u>:** Stinson submits that the skill and competency level required of the Chapter 11 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

B.      **Preclusion of Other Employment**:  Stinson was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

C.      **Novelty and Difficulty of Questions**:  The work performed by Stinson did not involve any truly novel or difficult questions which would warrant any variation from the "lodestar" amount.

D.      **Time and Labor Required**:  The time and labor required of Stinson in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the "lodestar" amount, derived from the hours actually billed on this matter, as reflected in Exhibit A.

E.      **The Customary Fee**:  The hourly rates charged by Attorneys for the services specified in Exhibit B are the customary rates charged by those individuals, and are "market rates" for attorneys of comparable experience and expertise. No variance from practice of billing time at an hourly rate -- *i.e.*, through "value billing," was ever undertaken or permitted by Attorneys. Stinson's practice of updating its rates for the year on December 1 is consistent with the market and Stinson's historical practice.

F.      **Fixed or Contingent**:  The fees charged by Stinson were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court, and to the extent the payment of such fees may be limited by the Carve Out.

G.      **Experience, Reputation and Ability of the Attorneys**:  Stinson has extensive experience dealing with bankruptcy and bankruptcy litigation matters before this Court (and

others). Applicant submits that Stinson is generally well-regarded among its peers, and enjoys a favorable reputation.

**H.** **Awards in Similar Cases:**  The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases under chapter 11 and 7 bearing similarity to these ten jointly administered cases.

**I.** **Time Limitations:**  Although it has been necessary for Stinson to proceed with certain aspects of these cases on an expedited timeline, Stinson was not burdened by any time limitations warranting any variation from the "lodestar" amount.

**J.** **Results Obtained:**  Stinson submits that its rendition of services to the Trustee precipitated good and economic results for the estates and their creditors. Stinson seeks no increment above the "lodestar" amount of their fees on account of the results achieved during the period covered by this Application.

**K.** **Ability to Pay**:  The estates have sufficient funds to pay for these fees and expenses from the sale proceeds of Properties and pursuant to the terms of the Carve Out provided for in the Plan.

## VII.    FURTHER APPLICATION

This is the second interim fee application of Stinson as counsel to the Chapter 11 Trustee. Attorneys may file another fee application after the $1,200,000.00 escrow reserve—held for disputed amounts potentially owed to T.D. Bank, N.A., the District of Columbia, and/or Washington Gas—is disbursed.

## VIII.   REIMBURSEMENT OF EXPENSES

Expense reimbursement is sought herein in the amount of $1,667.09. Itemized lists of the expenses are included in Exhibit B under the heading "Disbursements." Except for expenses listed

in the amount charged by the vendor of the service or time to Attorneys, each charge is in an amount reflecting Attorneys' ordinary rate of charge.

**WHEREFORE**, for all of the foregoing reasons, the Trustee requests that this Court enter an order:

a.      approving the compensation as sought herein as an approved administrative claim of the estates, with payment on such claim subject to the limitations provided for in the Carve Out established in the confirmed Trustee's Chapter 11 Plan; and

b.      granting such other and further relief as this Court may deem just, equitable and proper.

Dated:  July 24, 2025                          Respectfully submitted,

_/s/ Joshua W. Cox_____
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid upon all parties in interest entitled to notice under applicable Federal Rules of Bankruptcy Procedure.

Dated: July 24, 2025                                                  /s/ Joshua W. Cox
                                                                                    Joshua W. Cox