UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 24-00180-ELG |
| 1416 Eastern Ave NE LLC, *et al.*[1], | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**STIPULATION AND CONSENT ORDER APPROVING CONSENT MOTION TO APPROVE COMPROMISE OF CONTROVERSY PURSUANT TO FED. R. BANKR. P. 9019 BETWEEN THE TRUSTEE, THE DISTRICT OF COLUMBIA GOVERNMENT, T.D. BANK, N.A., AND WASHINGTON GAS LIGHT COMPANY**

Upon consideration of the *Consent Motion to Approve Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019 Between the Trustee, the District of Columbia Government, T.D. Bank, N.A., and Washington Gas Light Company* (the "Settlement Motion"), filed by Marc E. Albert, Chapter 11 Trustee ("Trustee") for the bankruptcy estates of 1416 Eastern Ave NE LLC,

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184-ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

et al. (the "Debtors"), for the reasons more fully set forth in the Settlement Motion; due and proper notice of the Settlement Motion having been provided to all parties in interest; and the Court having reviewed the Settlement Motion and any objection thereto and statements submitted in connection therewith; and upon a hearing conducted thereon (if any); and the Court having determined that the legal and factual bases set forth in the Settlement Motion established just cause for the relief granted herein; and the Court having determined that the agreement contained in the Settlement Motion and this Order (the "Agreement") was negotiated at arm's length and in good faith by the Parties and that such Agreement is fair, equitable, reasonable and in the best interests of the Debtors' estates; and upon all of the proceedings had before the Court and after due deliberation and good cause appearing therefor; it is, by the United States Bankruptcy Court for the District of Columbia,

**ORDERED** that the Settlement Motion is granted in its entirety, and any objections to the Settlement Motion not previously withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled with prejudice; and it is further

**ORDERED** that this Order shall represent and be enforceable as the Agreement between the Parties and, upon entry, shall be binding up on the Parties.  In the event of any inconsistency between the Settlement Motion and this Order, this Order shall control; and it is further

**ORDERED** that as agreed and stipulated by the Parties in the Settlement Motion and as more fully described in the Settlement Motion, the terms of which are expressly incorporated herein:

    a. Pursuant to the Agreement, the Parties have agreed to the following allocation of the Escrow: (i) the District shall receive $137,741.00 in full and final settlement of its claim against the Escrow; (ii) Washington Gas shall receive $18,195.47 in full

       and final settlement of its claim against the Escrow; and (iii) T.D. Bank shall receive $1,014,263.53 in full and final settlement of its claim against the Escrow;

b. T.D. Bank further agrees, subject to Court approval of the Agreement, to increase the professional fee carve-out[2] by an additional $25,000.00 to compensate the Trustee and his counsel Stinson LLP for the additional work performed in connection with the negotiation and documentation of this Agreement. The Parties agree that the Trustee and his counsel shall be paid $25,000.00 from the Escrow once the Agreement is approved by this Court;

c. The Parties also agree that the United States Trustee fees arising from the distribution of the Escrow, estimated in the amount of $4,800.00[3], shall also be paid by the Trustee;

d. The Parties have agreed that the distribution of the Escrow funds as set forth in the Agreement constitutes a full and final settlement and satisfaction of any and all claims, rights, interests, and causes of action that any Party has or may have against the Escrow or any proceeds derived from the sale of the Properties. Upon the distribution of the Escrow funds in accordance with the terms of the Agreement, each of the Parties — T.D. Bank, the District, Washington Gas, and the Trustee — shall be deemed to have irrevocably and unconditionally released, acquitted, and forever discharged each other, and each of their respective current and former officers, directors, employees, agents, representatives, attorneys, successors, and

---

[2] The Trustee and T.D. Bank's previous agreement presented in the Trustee's Plan set the total cap for the Trustee's commission and Trustee's counsel's legal fees at $647,760.44 ($372,760.44 based on the original transfer and tax savings estimate, plus $275,000 for 11 months of operating the ten properties at $2,500/month/property). *See Plan*, Sec. VI.D [Dkt. No. 132]

[3] The estimated United States Trustee fees are calculated based on 0.4% of the amounts disbursed in each case. The amount disbursed in each of the ten cases is below $999,999 although the total disbursement amount across the ten cases is $1,200,000. Therefore, the estimated total United States Trustee fees are $4,800 = 0.4%*$1,200,000.

    assigns, from any and all claims, demands, liabilities, obligations, actions, causes of action, suits, rights, or damages of any nature whatsoever, whether known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, that arise from, relate to, or are in any way connected with the Escrow, the proceeds of the sale of the Properties, or the disputes resolved by the Agreement; and

  e. For the avoidance of doubt, the Parties expressly acknowledge and agree that, upon consummation of the distribution of the Escrow contemplated by the Agreement, (a) no Party shall have any further claim or entitlement to any portion of the Escrow or to any proceeds generated from the sale of the Properties, (b) no additional amounts shall be due or payable to any Party on account of the Escrow or the sale of the Properties, and (c) such distribution and releases shall be final, binding, and conclusive upon all Parties and their respective successors and assigns.

and it is further

    **ORDERED** that the terms, provisions, and conditions contained in the Settlement Motion and this Order represent the entire understanding between the Parties with respect to the subject matter hereof and supersede any and all prior understandings, pertaining to the subject matter set forth herein and in the Settlement Motion; and it is further

    **ORDERED** that the Trustee is authorized to take any and all actions and execute any and all documents necessary and appropriate to effectuate and consummate the terms of the Settlement Motion and this Order, and it is further

    **ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order and the terms of the Parties' Agreement contained therein.

**END OF ORDER**

**WE ASK FOR THIS:**

*/s/ Bradley D. Jones*

Bradley D. Jones, No. VA68
Joshua W. Cox, No. 1033283
Ruiqiao Wen, No. 1743500
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100
Fax (202) 572-9943
brad.jones@stinson.com
joshua.cox@stinson.com
ruiqiao.wen@stinson.com
*Attorneys for Marc E. Albert, Trustee*

Copies to:

ECF Recipients.