Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,
Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>1416 Eastern Ave NE LLC, *et al.*[1],<br><br>Debtors. | Case No. 24-00180-ELG<br>Chapter 11<br>Jointly Administered |

**TRUSTEE'S FINAL REPORT
AND MOTION FOR FINAL DECREE**

Marc E. Albert, the chapter 11 trustee (the "Trustee") of the bankruptcy estates ("Bankruptcy Estates") of 1416 Eastern Ave NE LLC, *et al.* (the "Joint Debtors"), by and through his undersigned counsel, submits this Final Report and Motion for Final Decree. Contemporaneously with this report, the Trustee is also submitting a Final Account, which should be considered in evaluating the Trustee's Motion for Final Decree.

---

[1] The Debtors in these jointly administered chapter 11 cases are 1416 Eastern Ave NE LLC (Case No. 24-00180-ELG), 945 Longfellow St NW LLC (Case No. 24-00181-ELG), 2501 Naylor Rd SE LLC (Case No. 24-00182-ELG), 4303-13 Wheeler Rd SE LLC (Case No. 24-00183-ELG), 4263 6th St SE Apartments LLC (Case No. 24-00184-ELG), 4935 NHB Ave NE LLC (Case No. 24-00185-ELG), 3968 MLK LLC (Case No. 24-00186-ELG), 4010 9th St SE LLC (Case No. 24-00187-ELG), 2440 S St SE LLC (Case No. 24-00188-ELG), and 4400 Hunt Pl NE LLC (Case No. 24-00189-ELG).

1

There has been substantial consummation of the Plan confirmed in this case. The Trustee has transferred the property proposed by the Plan to be transferred and is prepared to distribute the remaining assets. The Trustee's compliance with the applicable requirements of 11 U.S.C. § 1101(2) is summarized below.

## FINAL REPORT

### A. Factual Background

1. The Joint Debtors filed their voluntary Chapter 11 petitions on May 29, 2024 (the "Petition Date"). The Joint Debtors' cases are jointly administrated, with the case of 1416 Eastern Ave NE LLC, 24-00180-ELG serving as the main case. *See Order Directing Joint Administration*, [Dkt. No. 64].

2. Each of the ten jointly administered Debtors is a single asset real estate entity that, at the time of the filing of the Bankruptcy Cases, owned a 100 percent fee simple interest in a corresponding multifamily apartment complex located in the District of Columbia. The Joint Debtors rented apartments to low-income tenants, many of whom receive housing subsidies through various federal and state voucher programs. Addresses for the Joint Debtor Properties are as follows:

   a) 1416 Eastern Avenue Northeast, Washington, DC 20019 (6 Units);
   b) 945 Longfellow Street Northwest, Washington, DC 20011 (13 units);
   c) 2501 Naylor Road Southeast, Washington, DC 20020 (8 units);
   d) 4301-4313 Wheeler Road Southeast, Washington, DC 20032 (42 units);
   e) 4263-67 6th Street Southeast, Washington, DC 20032 (2 units);
   f) 4935 Nannie Helen Burroughs Avenue Northeast, Washington, DC 20019 (4 units);
   g) 3968 Martin Luther King Junior Avenue SE, Washington, DC 20032 (4 units);
   h) 4010 9th Street Southeast, Washington, DC 20032 (12 units);
   i) 2440 S Street Southeast, Washington, DC 20020 (11 units);
   j) 4400 Hunt Place Northeast, Washington, DC 20019 (15 units);

(collectively, the "Properties").

3. On July 24, 2024, this Court entered an order approving the appointment of Marc E. Albert as Chapter 11 trustee of the Joint Debtors' estates. [Dkt. No. 71]. Marc E. Albert serves as the duly appointed and qualified chapter 11 trustee for the Joint Debtors' estates.

4. Each of the ten Properties and the rents derived therefrom, were subject to certain Deeds of Trust for the benefit of T.D. Bank, N.A. ("T.D. Bank" or "Secured Creditor").

5. On March 21, 2025, the Trustee filed a proposed chapter 11 plan (the "Plan"), under which the Properties would be sold through a combined portfolio sale (the "Sale"), any liens senior to T.D. Bank's liens would be paid, and a carve out would be provided by T.D. Bank to pay administrative professional fees and United States Trustees fees, with the remaining estate funds paid to T.D. Bank on account of its secured claims. [Dkt. 132].

6. Following the filing of the Trustee's Plan, a confirmation and sale hearing was held on April 29, 2025 at 10:00 a.m. [Dkt. No. 158]. A competing bid for the purchase of the Properties was provided by Michael Taylor at a total purchase price of $7,550,000.00 (the "Purchase Price") with Mr. Taylor providing a deposit of $750,000.00 (the "Purchaser Earnest Money Deposit"). Mr. Taylor testified about his ability, willingness to close, and fitness as a purchaser in support of his bid. The Trustee and the Court accepted Mr. Taylor's bid as the highest and best bid for the Properties, entitling the Trustee's previous stalking horse bidder to a break-up fee of $250,000.00 (the "Break-Up Fee") from the proceeds of sale when the sale to Mr. Taylor closed.

7. On May 8, 2025, the Bankruptcy Court entered an order confirming the Trustee's Plan, including approval of the sale of the Properties to Mr. Taylor upon the terms presented at the April 29, 2025 hearing (the "Confirmation Order"). [Dkt. No. 161]. The Confirmation Order further provided that the Trustee was "authorized and directed to sell and transfer the Properties free and clear of all Liens, Claims and Encumbrances, with such Liens, Claims and Encumbrances

3

transferring to and attaching to the proceeds of such sale in the same priority as they attached to the Properties." [Dkt. No. 161, ¶14].

8. Following entry of the Confirmation Order, the Trustee, in consultation with Mr. Taylor, agreed to close the Sale of the Properties with a targeted closing date of June 13, 2025. Mr. Taylor further selected Pinnacle Title & Escrow, Inc. ("Pinnacle") as its Title Company for the sale closings.

9. In the course of moving towards closing Sale of the Properties, a dispute arose in regards to the treatment of various payment obligations for the Properties including the priority of various fines and penalties owing to the District associated with Notices of Infraction issued by the Department of Buildings (or its predecessor, the Department of Consumer and Regulatory Affairs), and other unpaid fines and penalties issued by the Department of Health.

10. In an effort to resolve this dispute to the extent that the Sale could proceed to closing, the Trustee, on June 13, 2025, filed his *Trustee's Emergency Motion to Compel Pinnacle Title & Escrow, Inc. to Close Property Sale and to Authorize the Trustee to Hold Funds in Escrow* (the "Escrow Motion") [Dkt. 174]. Prior to holding a hearing on the Escrow Motion, however, the Trustee reached agreement with the District regarding the relief sought in the Escrow Motion and terms for an agreed order. As a result, on June 13, 2025, the Bankruptcy Court entered its *Order Granting Trustee' Emergency Motion to Compel Pinnacle Title & Escrow, Inc. to Close Property Sale and to Authorize the Trustee to Hold Funds in Escrow* (the "Escrow Order"). [Dkt. No. 177]. The Escrow Order provided that the Sale to Mr. Taylor would be allowed to proceed to closing, with the Trustee "authorized and directed to escrow funds in the amount of $1,200,000.00 to reserve for sums potentially owed to the D.C. Government and Washington Gas, and subject to a priority dispute with the senior secured lender, T.D. Bank," with the Trustee "required to hold the

4

escrowed funds in his fiduciary account in escrow pending further order of the Court or until agreement among the parties claiming an interest in the funds is reached." *Id.* The Escrow Order provides that nothing in the Escrow Order will change or alter the ability of the Trustee to make distributions to T.D. Bank of the proceeds of sale received by the Trustee in excess of the $1,200,000.00. The Trustee may use proceeds of the sale that are not held in escrow in accordance with the Plan, including the use of the carve out funds to pay United States Trustee Fees and approved professional fees. *Id.*

11. Following entry of the Escrow Order, the Sale of the Properties closed on June 24, 2025. The Trustee filed a *Report of Sale* on June 27, 2025 [Dkt. No. 179]. Pinnacle completed closing of Sale of the Properties to Mr. Taylor, who took title to the Properties through various single purpose entity assignees. *See Report of Sale*, [Dkt. No. 179]. As a result of completion of the Sale, on June 24, 2025, the Trustee received a wire from Pinnacle of remaining proceeds of Sale not otherwise paid or held by Pinnacle for the closing, including the agreed $1,200,000.00 in funds to be held by the Trustee in escrow pursuant to the Escrow Order (the "Escrow Funds"). The Trustee continues to hold these funds in a fiduciary account established for the Bankruptcy Cases as provided in the Escrow Order.

12. On June 27, 2025, the Trustee filed a *Notice of Effective Date of the Trustee's Joint Plan of Liquidation* [Dk.t No.180]. The Plan went into effect on June 25, 2025.

13. Following sale of the Properties, the Trustee reached agreement between the parties regarding claims to the Escrow Funds, and on October 17, 2025, the Trustee filed his *Consent Motion to Approve Compromise or Controversy Pursuant to Fed. R. Bankr. P. 9019 Between the Trustee, District of Columbia Government,, T.D. Bank, N.A., and Washington Gas Light Company* (the "Escrow Funds Settlement Motion") [ECF Dkt. No. 200] setting forth an agreed resolution

regarding distribution of such funds between T.D. Bank., the District of Columbia, and Washington Gas. The Escrow Funds Settlement motion is currently pending and has been set for a hearing on November 12, 2025.

### B. Transfer of Property

14. All or substantially all of the real properties proposed to be sold under the Plan have been transferred. Specifically, the Trustee liquidated the Joint Debtors' Properties, which comprised the primary assets of the estate, and converted those Properties to cash proceeds. The sale proceeds have been deposited into estate accounts and administered for the benefit of creditors pursuant to the confirmed Plan. Substantially all of the Plan payments have been made. Remaining funds are the $1.2 million in Escrow Funds placed in escrow by the Trustee to be distributed between T.D. Bank, the District of Columbia and Washington Gas, with certain amounts held by the Trustee for payment of various administrative charges associated with distribution of the funds including fees owing to the United States Trustee, and further agreed professional fees to the Trustee and his counsel. The Trustee requests that this Court reserve jurisdiction over any remaining proceedings that may be necessary with respect to the distribution of the Escrow Funds. Additionally, other minor amounts of funds remain from the Carve Out approved through the Plan to be distributed to certain professionals upon approval of final fee applications, and to the United States Trustee for Chapter 11 fees once those payments become due.[2] Currently the Trustee is also holding minor amounts of collected rent for the Properties, plus additional rent monies collected following completion of sale for turnover to the purchasers of the Properties as non-estate funds owing to the purchasers. The Trustee also requests that the Court

---

[2] The trustee expects to make payment for U.S. trustee fees owing for the Debtors for Q3 2025 on or before October 31, 2025.

authorize the Trustee to collect and distribute any remaining funds that may be due to the estates, to file final tax returns and take any other steps necessary to close the estates of the Joint Debtors.[3]

### C. Assumption by the Trustee of Management of Property

15.  The Trustee has assumed and continues to exercise management over the property dealt with under the Plan. In carrying out the liquidation, the Trustee oversaw the sale of the Properties, administered the sale proceeds, addressed claims issues, and maintained the estates' accounts. The Trustee has also preserved funds in escrow for disputed claims, thereby ensuring that the rights of affected parties are protected while allowing the estates to move forward toward closure.

### D. Commencement of Distributions

16.  The Trustee has commenced distributions to creditors as required by the Plan. Allowed claims have been paid or are to be paid in accordance with their priority and treatment under the confirmed Plan, and administrative expenses, including professional fees and U.S. Trustee fees, have been satisfied or reserved for payment. With the exception of the reserved Escrow Funds to be distributed pursuant to the Trustee's pending Escrow Funds Settlement Motion, final delivery of any remaining Carve Out funds, and the distribution of any remaining funds currently on hand or that may be collected by the Trustee to T.D. Bank, all plan distributions contemplated by the Plan have been made or are in process, such that the Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

---

[3] The Trustee is presently expecting a refunds and or return of funds from DC WASA and from the title company handling the sale related to escrow amounts held by the title company for DC WASA payments and certain overpayments delivered to DC WASA. The estates may also be entitled to a refund of taxes paid for the Joint Debtors for carry back losses that that the Joint Debtor's may be entitled to after filing final tax returns for the estates. Any remaining funds collected by the Trustee will be distributed to T.D. Bank towards its secured claims pursuant to the Plan.

17.     In connection with this Motion, the Trustee has prepared a Final Report and Final Accounting, a copy of which is attached as Exhibit 1 to this Motion for Entry of a Final Decree.

**Motion for Final Decree**

As demonstrated by the facts set forth above, the Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2). The Plan contemplated the liquidation of the Joint Debtors' Properties, which has been completed, and the sale proceeds have been collected and administered by the Trustee. Distributions to allowed creditors have been made or reserved in accordance with the Plan, and administrative expenses, including professional fees and United States Trustee fees, have been paid or reserved. The only remaining funds are the $1.2 million in Escrow Funds, for which the Trustee presently has a pending motion that will resolve all claims to such funds, and other minor amounts that may be collected by the Trustee for distribution to T.D. Bank's secured claims associated with previously collected rent, refunds or returns of overpayments or escrowed funds associated with sale of the Properties, and potential tax refunds that the Joint Debtors' may be able to claim upon the filing of final tax returns. Except for distribution of these remaining funds, all requirements of the Plan have been fulfilled, and the estates have been fully administered for purposes of entry of a final decree.

WHEREFORE, the Trustee respectfully moves the Court for an order approving its Final Report and granting his Motion for Final Decree by entering a Final Decree.

Dated: October 21, 2025

Respectfully submitted,

*/s/ Bradley D. Jones*
Marc E. Albert, No. 345181
Bradley D. Jones, No. VA 68
Joshua W. Cox, No. 1033283
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-572-9943
marc.albert@stinson.com
brad.jones@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert,*
*Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of (i) the Trustees Final Report and Motion for Final Decree; (ii) the Trustee's Final Account; (iii) the Proposed Final Decree; and (iv) a Notice of Motion & Hearing electronically via the Court's ECF system on all parties receiving service thereby. A copy was also mailed to all parties on the attached Service List.

*/s/ Bradley D. Jones*
Bradley D. Jones

CORE/3516991.0007/231464516.1